SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    (214) 981-3300
Facsimile:    (214) 981-3400
Email:    tom.califano@sidley.com
    rpatel@sidley.com

SIDLEY AUSTIN LLP
William E. Curtin (*pro hac vice* pending)
Patrick Venter (*pro hac vice* pending)
Anne G. Wallice (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:    (212) 839-5300
Facsimile:    (212) 839-5599
Email:    wcurtin@sidley.com
    pventer@sidley.com
    anne.wallice@sidley.com

*Proposed Attorneys for the Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION
FOR ENTRY OF AN ORDER
(I) AUTHORIZING REJECTION OF
CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES ON NONRESIDENTIAL
REAL PROPERTY, (II) APPROVING PROCEDURES
FOR FUTURE REJECTION OF ADDITIONAL EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

> **PARTIES RECEIVING THIS MOTION SHOULD
> LOCATE THEIR NAMES ON THE SCHEDULES OF
> CONTRACTS AND LEASES TO BE REJECTED ATTACHED
> HERETO AS <u>EXHIBIT 1</u> TO <u>EXHIBIT A</u>.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

1

Prospect Medical Holdings, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby submit this motion (this "Motion"), under sections 105(a), 363, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order: (i) authorizing rejection of certain executory contracts and unexpired leases as of the date hereof, (ii) approving procedures for future rejection of additional contracts and unexpired leases, and (iii) granting related relief. In further support of this Motion, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (i) authorizing the Debtors to reject certain executory contracts (the "Contracts") and unexpired leases (the "Leases" and together with the Contracts, the "Contracts and Leases") as identified on Exhibit 1 annexed to the Order, effective as of January 11, 2025 (such date, the "Rejection Date"); (ii) approving procedures for future rejection of additional executory contracts and unexpired leases; and (iii) granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested in this Motion are sections 105(a), 363, 365, and 554 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 6007, and rule

1015-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules").

4.      The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5.      The Debtors and their non-Debtor affiliates (collectively, the "Company") are significant providers of coordinated regional healthcare services in California, Connecticut, New Jersey, Pennsylvania, and Rhode Island.  The Company's business can be broadly divided into two segments: (1) hospital operations, which consist of, among other things, the ownership and operation of 16 acute care and behavioral hospitals, providing a wide range of inpatient and outpatient services spanning multiple states, and (2) physician-related services, including (a) certain owned and managed medical groups, independent physician associations, managed services organizations and risk taking entities, (b) Prospect Health Plan, Inc., a Knox-Keene licensed entity, and (c) one licensed acute hospital operating as Foothill Regional Medical Center (collectively, "PhysicianCo"). ***The PhysicianCo entities are not Debtors in these chapter 11 cases***.

6.      Beginning January 11, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

7. A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Paul Rundell in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith.[2]

## CONTRACTS AND LEASES TO BE REJECTED

8. The Debtors are party to thousands of Contracts, which include, among other agreements, real property leases, contracts with vendors for the supply of goods and services and other contracts related to the operation of the Debtors' business. During the pendency of these chapter 11 cases, the Debtors may, on a consensual or non-consensual basis, assume, assume and assign, or reject the Contracts.

9. In connection with these chapter 11 cases, the Debtors are undertaking an analysis of certain of their executory contracts and unexpired leases with respect to their medical and other general operations. As a result of this analysis, the Debtors determined, in their business judgment, that certain Leases relating to the Debtors' business activities as identified on Exhibit 1 annexed to the Order are unnecessary and burdensome to the Debtors' estates and should be rejected as of the Rejection Date. The Debtors, with the assistance of their advisors, intend to continue examining their executory contracts and unexpired leases, and, as such, may determine, in their business judgment, that additional executory contracts and unexpired leases should be rejected in the future.

10. Additionally, the Debtors intend to remove all personal property, including equipment, fixtures, furniture, and other personal property of value that may be located on, or have

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration, as applicable.

been installed in, the premises that are the subject matter of the leases (the "Premises"), prior to the Rejection Date (the "Personal Property"). The Debtors may sell or auction the Personal Property to a third party; however, if the Debtors are unable to find a party willing to purchase or auction the Personal Property, the Debtors may be forced to abandon it to the lessor. Consequently, if there is anything left at the Premises at the time the Debtors vacate the Premises, the Debtors intend to abandon it.

11. Further, the Debtors plan to pursue the sale of certain of their assets under section 363 of the Bankruptcy Code. For the avoidance of doubt, in the event such sale transactions contemplate the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases, such contracts and leases will be treated in accordance with the documentation related to such sale transaction.

**BASIS FOR RELIEF**

**I.   Rejection of the Contracts and the Leases Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

12. Section 365 of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor in possession to renounce title to and abandon burdensome property).

13. A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*,

5

762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question of whether a lease should be rejected . . . is one of business judgment.'") (quotation omitted); *see also In re Pilgrim's Pride Corp.*, 402 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citation omitted).

14. Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. *See In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

15. The Debtors believe that rejection of the Leases is well within the Debtors' business judgment and is in the best interest of their estates. The Premises related to the Leases are currently vacant. Given the rents and current market conditions associated with the Leases, the overall losses the Debtors have been incurring in connection therewith, and the lack of strategic value provided

6

by the Leases to the Debtors' go-forward strategy with respect to these Chapter 11 Cases (including any potential sale transactions related thereto), the Debtors have concluded, in consultation with their advisors, that the Leases are unlikely to generate significant value for their estates. Further, absent rejection, the Leases impose ongoing obligations on the Debtors and their estates that constitute an unnecessary drain on the Debtors' resources compared to any benefits associated therewith. Accordingly, to avoid incurring unnecessary administrative expense claims with respect to the Leases, the Debtors seek to reject the Leases, effective as of the Rejection Date. The Debtors respectfully represent that rejecting the Leases is appropriate under the circumstances and reflects the Debtors' sound business judgment.

## II. Abandonment of Personal Property Is Appropriate Under Section 554(a) of the Bankruptcy Code.

16. The abandonment of Personal Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Courts generally give a debtor in possession great deference to its decision to abandon property. *See, e.g.*, *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id*.

17. The Debtors here seek the Court's authority, but not direction, to abandon the Personal Property, which is of at most negligible value to the Debtors' estates and is no longer needed for operation of the Debtors' businesses. The added expense of retrieving, storing, selling, and/or discarding the unnecessary Personal Property is of little or no benefit to the Debtors' estates.

7

Accordingly, the Debtors have determined, in the exercise of their sound business judgment, that their decision to abandon any Personal Property is in the best interests of the Debtors and their estates.

18. To facilitate the Debtors' abandonment of the Personal Property, the Debtors also request authorization under section 362(d) of the Code, which permits a modification of the automatic stay for "cause," to the extent necessary to permit the relevant Landlords to dispose of the Personal Property without further notice or any liability to the Debtors or any third parties and without waiving any prepetition general unsecured claims against the Debtors, and to enter into new agreements with third parties.

19. Accordingly, the Debtors seek the Court's authorization, but not direction, to abandon Personal Property that the Debtors deem, in their sole discretion, to be of negligible value to the Debtors' estate and which is no longer needed for operating the Debtors' businesses.

### III. Deeming the Contracts and Leases Rejected as of the Rejection Date Is Appropriate.

20. The Debtors also respectfully submit that it is appropriate for the Court to deem the Debtors' rejection of the Leases effective as of the Rejection Date. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of the Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *see also In re Joseph C. Spiess Co.*,

145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

21. The balance of equities favors the relief requested herein. Without a retroactive date of rejection, the Debtors will be forced to incur unnecessary administrative expenses for certain of the Contracts and Leases—agreements that, as described above, provide no benefit to the Debtors' estates. *See* 11 U.S.C. § 365(d)(3). Moreover, the non-debtor parties under the Contracts and Leases being rejected as of the Rejection Date (each, a "Contract and Lease Party" and collectively, the "Contract and Lease Parties") will not be unduly prejudiced if the rejection is deemed retroactively effective. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the Contract and Lease Parties, thereby allowing each Contract and Lease Party sufficient opportunity to respond accordingly. The Debtors have sought the relief requested at the earliest practicable moment in these chapter 11 cases and do not seek to reject the Contracts and Leases retroactively due to any delay on their own part.

22. Accordingly, the Debtors respectfully submit that it is fair and equitable for the Court to authorize, but not direct, rejection of the Contracts and Leases (effective as of the Rejection Date) identified on Exhibit 1 annexed to the Order.

**IV.    This Court Should Authorize the Proposed Procedures for Future Rejection of Executory Contracts and Unexpired Leases.**

23. The Debtors are parties to many executory contracts and unexpired leases. In the months leading up to the Petition Date and as part of their efforts in these chapter 11 cases, the Debtors, together with their advisors, conducted an extensive review of their executory contracts and unexpired leases. Although the Debtors seek to reject certain Leases through this Motion, the Debtors' analysis of their executory contracts and unexpired leases remains ongoing. The Debtors, with the assistance of their advisors, intend to continue examining their executory contracts and

unexpired leases in order to — upon approval of rejection thereof — minimize post-petition expenses.

24.  Through this ongoing review process, the Debtors intend to identify any executory contracts and unexpired leases that the Debtors deem, in their business judgment, to be unnecessary for, or burdensome to, the Debtors' operations as they continue in the wind-down process. To streamline future executory contracts and unexpired leases rejections and abandonment of assets, and to avoid filing multiple individual motions, the Debtors seek authority to implement the following rejection procedures (the "Rejection Procedures") with respect to all executory contracts and unexpired leases:[3]

    a.  Rejection Notice.  The Debtors will file a notice (the "Rejection Notice") setting forth the proposed rejection of one or more executory contracts and/or unexpired leases and will serve the Rejection Notice via electronic mail or overnight mail on: (i) the counterparty to the rejected executory contract or unexpired lease (the "Counterparty"), and its counsel, if known, at the last known address available to the Debtors; (ii) with respect to unexpired leases, any known third party having an interest in personal property located in or on the leased premises (the "Leased Premises"); (iii) any party known to assert a lien in any property subject to the rejected executory contract or unexpired lease; (iv) the Debtors, Prospect Medical Holdings Inc., 3824 Hughes Ave., Culver City, CA 90232, Attn: Frank Saidara (frank.saidara@pmh.com); (v) counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Anne G. Wallice (anne.wallice@sidley.com); Sean M. Nuernberger (sean.nuernberger@sidley.com); and Charlie B. Brownstein (charlie.brownstein@sidley.com); and (vi) Office of the United States Trustee for Region 6, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Elizabeth Young (elizabeth.a.young@usdoj.gov) (collectively, the "Rejection Notice Parties").

    b.  Contents of Rejection Notice.  The Rejection Notice shall be substantially in the form attached as Exhibit 2 to **Exhibit A**. With respect to unexpired leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of the related real property; (ii) the name and address of the landlord (each a "Landlord"); (iii) the date on which the Debtors will vacate (or have vacated) the Leased Premises; (iv) whether or not the Debtors intend to abandon any property at the Leased Premises (as described further in item c, below) and a description of the same; and (v) the proposed effective date of rejection, which shall be the later of (x)

---

[3] Nothing herein is intended to prohibit the Debtors from filing, and the Debtors reserve the right to file, one or more motions to reject additional executory contracts or unexpired leases.

10

the Petition Date, and (y) the date the Debtors vacate the Leased Premises and turn over any keys or key codes to the applicable Landlord, or such date as the Debtors provide notice that the Landlord may re-let the Leased Premises, or such other date as may be agreed between the affected Landlord and the Debtors. With respect to all executory contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the executory contract to be rejected, (ii) the name and address of the Counterparty, (iii) a brief description of the executory contract to be rejected, and (iv) the proposed effective date for rejection of the executory contract, which shall not be earlier than the Petition Date. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the executory contract and/or the unexpired lease set forth on the Rejection Notice (each such order, a "Rejection Order").

      c.      Abandonment. The Debtors will specify in the Rejection Notice whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the Leased Premises as of the Rejection Date (as defined below). Absent a timely objection, any such property of the Debtors remaining after the Rejection Date shall be deemed abandoned to the Landlord without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances; provided that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state, or local law, rule, regulation or ordinance) from the Leased Premises prior to the Rejection Date. Any Landlord shall be free to dispose of any abandoned property without notice or liability to any party, and the Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the Leased Premises prior to the Rejection Date. For the avoidance of doubt, if any such personal property remains on the Leased Premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth above.

      d.      Objection Procedures. Parties objecting to a proposed rejection and/or abandonment must file and serve a written objection (an "Objection") so that the Objection is filed with the Court and is actually received by the Rejection Notice Parties no later than 14 days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"). Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection and/or abandonment.

      e.      Event of No Objection. If no Objection is filed and served by the Rejection Objection Deadline, the Debtors shall submit the proposed Rejection Order to the Court after the Rejection Objection Deadline and the Court may enter such order without a hearing. The Rejection Order shall set forth the applicable effective date of rejection for each Contract and Lease, which date shall be the date set forth in the Rejection Notice (the "Rejection Date").

  f. <u>Deadline for Filing Claims</u>.  Any Rejection Order entered by the Court will be served on the appropriate Counterparties no later than five (5) days after entry of such Rejection Order.  The deadline to file a proof of claim to assert any damages claim arising from the rejection of an executory contract or unexpired lease shall be the later of: (i) the deadline to file general unsecured proofs of claim (the "<u>Bar Date</u>") fixed by the Court; and (ii) 30 days after the entry of the applicable Rejection Order.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these chapter 11 cases.

  g. <u>Unresolved Objections</u>.  If an Objection is timely filed and not withdrawn or resolved (an "<u>Unresolved Objection</u>"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at the next scheduled omnibus hearing after the Rejection Objection Deadline, unless the Debtors and objecting party agree to a different hearing date, subject to the Court's schedule.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be: (i) the Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.  If an Objection is filed for fewer than all of the executory contracts and unexpired leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining executory contracts and unexpired leases on the Rejection Notice.

  h. <u>Treatment of Security Deposits</u>.  If the Debtors have deposited funds with a Counterparty as a security deposit or other similar arrangement, such Counterparty may not set off or otherwise use such deposit without the prior authorization of the Court or consent of the Debtors.

25. The Debtors submit that any executory contract or unexpired lease that they seek to reject pursuant to the Rejection Procedures will be an executory contract or unexpired lease that is financially burdensome and unnecessary to the Debtors' operations.  Moreover, prior to rejecting any of the executory contracts or unexpired leases, the Debtors will have ensured that such executory contracts or unexpired leases are of inconsequential value and benefit to the Debtors' estates and are unlikely to generate any net proceeds to the estates.  Accordingly, the Debtors will have determined that continued performance pursuant to the subject executory contracts and unexpired leases constitutes an unnecessary depletion of value of the Debtors' estates and, therefore, rejection of such executory contracts and unexpired leases reflects the Debtors' exercise of sound business judgment.

26. The Rejection Procedures comply with the procedural requirements of the Bankruptcy Rules. "A proceeding to assume, reject, or assign an executory contract or unexpired lease. . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that: "In a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The notice and hearing requirements for contested matters pursuant to Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances"). The Rejection Procedures provide for notice to Counterparties and an opportunity to be heard at a hearing, and thus satisfy the requirement of Bankruptcy Rules 6006(a) and 9014.

27. Pursuant to Bankruptcy Rule 6006(e), a debtor may join requests for authority to assume and assign or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f). *See* Fed. R. Bankr. P. 6006(e). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    a. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b. list parties alphabetically and identify the corresponding contract or lease;

    c. specify the terms, including the curing of defaults, for each requested assumption or assignment;

    d. specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

   e. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

   f. be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

  28. The Rejection Procedures satisfy Bankruptcy Rule 6006(f). The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of the Debtors' Contract and Lease parties. Counterparties must be able to locate their executory contracts and unexpired leases and readily determine whether their executory contracts and unexpired leases are being rejected. The Debtors will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

  29. Under the circumstances, given the number of executory contracts and unexpired leases the Debtors are party to, obtaining separate Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that would decrease the economic benefits of rejection. The Debtors, therefore, request approval of the Rejection Procedures as the most efficient and economical way for the Debtors to address rejection of their executory contracts and unexpired leases.

  30. Courts in this district have granted similar relief. *See TGI Fridays Inc., et al.*, Case No. 24-80069-sgj11 (Bankr. N.D. Tex. November 5, 2024) [Docket No. 97]; (authorizing rejection procedures with fourteen day objection deadline); *In re Tommy's Fort Worth, LLC*, Case No. 24-90000 (ELM) (Bankr. N.D. Tex. September 16, 2024) [Docket No. 469]; (authorizing rejection procedures with fourteen day objection deadline); *In re Tuesday Morning Corporation, et al.*, Case No. 23-90001 (Bankr. N.D. Tex. May 19, 2023) [Docket No. 1101] (authorizing rejection procedures with seven day objection deadline). Similar relief is also appropriate here.

## RESERVATION OF RIGHTS

31. Nothing contained herein or any action taken pursuant to relief requested is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) other than as set forth herein, in the Order, and on Exhibit 1 attached to the Order, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim.

## NOTICE

32. Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the proposed Complex Service List (as defined in the Creditor Matrix Motion filed contemporaneously herewith); and (b) counterparties to the Contracts and Leases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

33. No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: January 12, 2025
Dallas, Texas

/s/ *Thomas R. Califano*
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:   (214) 981-3300
Facsimile:    (214) 981-3400
Email:         tom.califano@sidley.com
                    rpatel@sidley.com

*and*

William E. Curtin (*pro hac vice* pending)
Patrick Venter (*pro hac vice* pending)
Anne G. Wallice (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:   (212) 839-5300
Facsimile:    (212) 839-5599
Email:         wcurtin@sidley.com
                    pventer@sidley.com
                    anne.wallice@sidley.com

*Proposed Attorneys for the Debtors
and Debtors in Possession*

**Certificate of Service**

I certify that on January 12, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Thomas R. Califano*
Thomas R. Califano