**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1] | Case No. 25-80002 (SGJ)<br>(Joint Administration Requested) |
| Debtors. | |

## ORDER
## (I) AUTHORIZING
## REJECTION OF CERTAIN
## EXECUTORY CONTRACTS AND
## UNEXPIRED LEASES OF NONRESIDENTIAL
## REAL PROPERTY, (II) APPROVING PROCEDURES FOR
## FUTURE REJECTION OF ADDITIONAL EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

Upon the motion ("Motion")[2] of Prospect Medical Holdings, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"): (i) granting the Debtors authority to reject certain Contracts and Leases identified on **Exhibit 1** annexed hereto, (ii) approving Rejection Procedures for future rejections of additional executory contracts and unexpired leases, and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Contracts and Leases set forth on **Exhibit 1** attached hereto are hereby rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the Rejection Date.

3. Counterparties to Contracts and Leases that are rejected pursuant to this Order must file a proof of claim relating to the rejection of such Contracts or Leases, if any, by the later of

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

(a) any applicable claims bar date established in these chapter 11 cases, or (b) 30 days after entry of this Order.

4.  The Debtors are authorized, but not directed, to abandon Personal Property, if any, remaining at the Premises that the Debtors determine, in their sole discretion, to be of negligible value to the Debtors' estate and which is no longer needed for operating the Debtors' businesses.

5.  Nothing in this Order is intended to waive the rights of any landlords to assert any claim, pursuant to, among other things, sections 365 or 503 of the Bankruptcy Code, for any costs or expenses that any landlords may incur in relation to any sale or abandonment of any property at their premises, with the Debtors likewise not waiving any defenses.

6.  Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under section 363 of the Bankruptcy Code.

7.  The following Rejection Procedures are hereby approved:

   a.  Rejection Notice.  The Debtors will file a notice (the "Rejection Notice") setting forth the proposed rejection of one or more executory contracts and/or unexpired leases and will serve the Rejection Notice via electronic mail or overnight mail on: (i) the counterparty to the rejected executory contract or unexpired lease (the "Counterparty"), and its counsel, if known, at the last known address available to the Debtors; (ii) with respect to unexpired leases, any known third party having an interest in personal property located in or on the leased premises (the "Leased Premises"); (iii) any party known to assert a lien in any property subject to the rejected executory contract or unexpired lease; (iv) the Debtors, Prospect Medical Holdings Inc., 3824 Hughes Ave., Culver City, CA 90232, Attn: Frank Saidara (frank.saidara@pmh.com); (v) counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Anne G. Wallice (anne.wallice@sidley.com); Sean M. Nuernberger (sean.nuernberger@sidley.com); and Charlie B. Brownstein (charlie.brownstein@sidley.com); and (vi) Office of the United States Trustee for Region 6, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Elizabeth Young (elizabeth.a.young@usdoj.gov) (collectively, the "Rejection Notice Parties").

   b.  Contents of Rejection Notice.  The Rejection Notice shall be substantially in the form attached as **Exhibit 2** to this Order.  With respect to unexpired leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of the related real property; (ii) the name and address of the landlord (each a "Landlord"); (iii) the date on which the Debtors will vacate (or have vacated) the Leased Premises; (iv) whether or not the Debtors intend to abandon any

3

property at the Leased Premises (as described further in item c, below) and a description of the same; and (v) the proposed effective date of rejection, which shall be the later of (x) the Petition Date, and (y) the date the Debtors vacate the Leased Premises and turn over any keys or key codes to the applicable Landlord, or such date as the Debtors provide notice that the Landlord may re-let the Leased Premises, or such other date as may be agreed between the affected Landlord and the Debtors. With respect to all executory contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the executory contract to be rejected, (ii) the name and address of the Counterparty, (iii) a brief description of the executory contract to be rejected, and (iv) the proposed effective date for rejection of the executory contract, which shall not be earlier than the Petition Date. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the executory contract and/or the unexpired lease set forth on the Rejection Notice (each such order, a "Rejection Order").

        c.      Abandonment. The Debtors will specify in the Rejection Notice whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the Leased Premises as of the Rejection Date (as defined below). Absent a timely objection, any such property of the Debtors remaining after the Rejection Date shall be deemed abandoned to the Landlord without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances; provided that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state, or local law, rule, regulation or ordinance) from the Leased Premises prior to the Rejection Date. Any Landlord shall be free to dispose of any abandoned property without notice or liability to any party, and the Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

        With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the Leased Premises prior to the Rejection Date. For the avoidance of doubt, if any such personal property remains on the Leased Premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth above.

        d.      Objection Procedures. Parties objecting to a proposed rejection and/or abandonment must file and serve a written objection (an "Objection") so that the Objection is filed with the Court and is actually received by the Rejection Notice Parties no later than 14 days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"). Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection and/or abandonment.

        e.      Event of No Objection. If no Objection is filed and served by the Rejection Objection Deadline, the Debtors shall submit the proposed Rejection Order to the Court after the Rejection Objection Deadline and the Court may enter such order without a hearing. The Rejection Order shall set forth the applicable effective date of rejection for each Contract and Lease, which date shall be the date of the filing of the Motion (the "Rejection Date").

  f. <u>Deadline for Filing Claims</u>.  Any Rejection Order entered by the Court will be served on the appropriate Counterparties no later than five (5) days after entry of such Rejection Order.  The deadline to file a proof of claim to assert any damages claim arising from the rejection of an executory contract or unexpired lease shall be the later of: (i) the deadline to file general unsecured proofs of claim (the "<u>Bar Date</u>") fixed by the Court; and (ii) 30 days after the entry of the applicable Rejection Order.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these chapter 11 cases.

  g. <u>Unresolved Objections</u>.  If an Objection is timely filed and not withdrawn or resolved (an "<u>Unresolved Objection</u>"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at the next scheduled omnibus hearing after the Rejection Objection Deadline, unless the Debtors and objecting party agree to a different hearing date, subject to the Court's schedule.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be: (i) the Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.  If an Objection is filed for fewer than all of the executory contracts and unexpired leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining executory contracts and unexpired leases on the Rejection Notice.

  h. <u>Treatment of Security Deposits</u>.  If the Debtors have deposited funds with a Counterparty as a security deposit or other similar arrangement, such Counterparty may not set off or otherwise use such deposit without the prior authorization of the Court or consent of the Debtors.

8. The form of Rejection Notice attached hereto as **Exhibit 2** is hereby approved.

9. The Debtors are authorized to send the Rejection Notice to the Counterparties to the executory contracts and unexpired leases in accordance with the Rejection Procedures.

10. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Order") and any budget in connection with any such post-petition debtor-in-possession financing or use of cash collateral authorized herein.  To the extent there is any inconsistency between the terms of

5

the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

11. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) other than as set forth in the Motion, herein, and on <u>Exhibit 1</u> attached to this Order, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rules 6004(a), 6006, and 6007, and the Bankruptcy Local Rules are satisfied by such notice.

13. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

14. If the Debtors have deposited funds with a landlord to any of the Leases, any such landlord may not set off such deposits without prior authority of the Court or written agreement of the Debtors (with email consent from counsel to the Debtors deemed sufficient).

15. The Debtors are not required to comply with any termination procedures set forth in the Contracts or the Leases, or any documents related thereto, and are relieved of any and all payments or performance obligations due under the Contracts or Leases incurred after the Petition Date.

16. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this order.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

### # # # END OF ORDER # # #

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:     (214) 981-3300
Facsimile:     (214) 981-3400
Email:         tom.califano@sidley.com
               rpatel@sidley.com

*and*

William E. Curtin (*pro hac vice* pending)
Patrick Venter (*pro hac vice* pending)
Anne G. Wallice (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839-5300
Facsimile:     (212) 839-5599
Email:         wcurtin@sidley.com
               pventer@sidley.com
               anne.wallice@sidley.com

*Proposed Attorneys to the Debtors
and Debtors in Possession*

# **EXHIBIT 1**

**Contracts and Leases to Be Rejected as of the Rejection Date**

**Contracts and Leases to Be Rejected as of the Rejection Date**[1]

| Address of Subject Property | Landlord Name and Address | Description of Abandoned Property | Effective Date of Rejection |
|---|---|---|---|
| 2100 Keystone Avenue, Suites 700 and 707, Drexel Hill, PA, 19026 | ET SUB-DCMH Limited Partnership, L.L.P., 353 North Clark Street, Suite 3300, Chicago, IL 60654 | Any remaining personal property, including inventory, furniture, fixtures, equipment, and/or other material at the Leased Premises as of the Rejection Date. | Petition Date |
| 1324 MacDade Boulevard, Woodlyn, PA 19094 | Woodlyn MacDale Blvd, LLC, 7248 Morgan Road PO Box 220 Liverpool, NY 13088 | Any remaining personal property, including inventory, furniture, fixtures, equipment, and/or other material at the Leased Premises as of the Rejection Date. | Petition Date |

---

[1] The inclusion of an agreement on this list does not constitute an admission as to the executory or non-executory nature of the agreement, or as to the existence or validity of any claims held by the counterparty. For the avoidance of doubt, reference to an agreement herein is as supplemented, modified or subsequently amended in addendums, amendments or side letters. References to agreements and documents are only summaries and are not intended to be full descriptions of such agreements and documents.

**EXHIBIT 2**

**Rejection Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br>(Joint Administration Requested) |

### NOTICE OF REJECTION OF EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on January 11, 2025 (the "Petition Date"), Prospect Medical Holdings, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, each commenced with the United States Bankruptcy Court for the Northern District of Texas (the "Court") a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on [●], 2025, the Court entered an order [Docket No. [●]] (the "Rejection Procedures Order"),[2] approving, among other things, procedures (the "Rejection Procedures") for the rejection of executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, the Debtors hereby provide notice (this "Notice") of their intent to reject the below-referenced contracts and leases. Pursuant to the terms of the Rejection Procedures Order, unless a written objection is filed and served in accordance with the terms of the Rejection Procedures Order, the following contracts and leases will be rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the date on which the Motion was filed (the "Rejection Date"):

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein have the meaning given to them in the Rejection Procedures Order.

**EXECUTORY CONTRACTS
OTHER THAN UNEXPIRED REAL PROPERTY LEASES**

| Title / Description of Contract | Counterparty Name and Address | Effective Date of Rejection |
|---|---|---|
|  |  |  |

**UNEXPIRED REAL PROPERTY LEASES**

| Address of Subject Property | Landlord Name and Address | Description of Abandoned Property | Effective Date of Rejection |
|---|---|---|---|
|  |  |  |  |

**PLEASE TAKE FURTHER NOTICE** that any personal property including inventory, furniture, fixtures, equipment or other materials remaining at the premises subject to the unexpired real property leases as of the Rejection Date shall be deemed abandoned by the Debtors to the applicable Landlord.

**PLEASE TAKE FURTHER NOTICE** that with respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the Leased Premises prior to the Rejection Date. If any such personal property remains on the Leased Premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth in the Rejection Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Court and actually received by the following parties no later than 14 days after the date of service of this Notice (the "Rejection Objection Deadline"): (i) the counter party to the rejected contract or lease (the "Counterparty"), and its counsel, if known, at the last known address available to the Debtors; (ii) with respect to leases, any known third party having an interest in personal property located in or on the leased premises (the "Leased Premises"); (iii) any party known to assert a lien in any property subject to the rejected contract or lease; (iv) the Debtors, Prospect Medical Holdings Inc., 3824 Hughes Ave., Culver City, CA 90232, Attn: Frank Saidara (frank.saidara@pmh.com); (v) counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Anne G. Wallice (anne.wallice@sidley.com); Sean M. Nuernberger (sean.nuernberger@sidley.com); and Charlie B. Brownstein (charlie.brownstein@sidley.com); and (vi) Office of the United States Trustee for Region 6, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Elizabeth Young (elizabeth.a.young@usdoj.gov) (collectively, the "Rejection Notice Parties"). Each Objection must state, with specificity, the grounds for objection to the proposed contract or lease rejection or abandonment of personal property remaining on the Leased Premises.

**PLEASE TAKE FURTHER NOTICE** that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the contracts and leases set forth in the Notice (the "Rejection Order"), and the Bankruptcy Court may enter such order without a hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if no Objection is properly filed and served in compliance with the foregoing, the rejection of each contract and/or lease shall become effective as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection to this Notice is properly filed and served in compliance with the foregoing, a hearing will be scheduled to consider the Objection. If the Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Objection have agreed; or (iii) such other date as determined by the Court. If an Objection is filed for fewer than all of the contracts and/or leases included on this Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining contracts and/or leases on this Notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited funds with a Counterparty as a security deposit or pursuant to some other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of the Court or agreement of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, any Rejection Order shall be served on the appropriate Counterparties no later than five (5) days after entry of such order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, the deadline to file a proof of claim to assert any damages arising from the rejection of a contract or lease shall be the later of: (i) the deadline to file general unsecured proofs of claim fixed by the Court; and (ii) 30 days after the entry of the Rejection Order. If you do not timely file such proof of claim, you shall be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced contracts and leases and from participating in any distributions that may be made in connection with these chapter 11 cases unless otherwise ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that a copy of all pleadings filed in these chapter 11 cases, including the Rejection Procedures Order [Docket No. [●]], is available for free at https://omniagentsolutions.com/Prospect or for a fee via PACER at https://ecf.txnb.uscourts.gov/.

Dated: January 12, 2025
Dallas, Texas

/s/ *Thomas R. Califano*
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
rpatel@sidley.com

*and*

William E. Curtin (*pro hac vice* pending)
Patrick Venter (*pro hac vice* pending)
Anne G. Wallice (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: wcurtin@sidley.com
pventer@sidley.com
anne.wallice@sidley.com

*Proposed Attorneys for the Debtors
and Debtors in Possession*