## **Exhibit D**

**Potential Assumption and Assignment Notice**

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>Thomas R. Califano (24122825)<br>Rakhee V. Patel (00797213)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br>Email: tom.califano@sidley.com<br>rpatel@sidley.com | SIDLEY AUSTIN LLP<br>William E. Curtin (admitted *pro hac vice*)<br>Patrick Venter (admitted *pro hac vice*)<br>Anne G. Wallice (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br>Email: wcurtin@sidley.com<br>pventer@sidley.com<br>anne.wallice@sidley.com |

*Proposed Attorneys for the Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered) |

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

**You are receiving this notice (the "Cure Notice") because you may be a Counterparty to an executory contract or unexpired lease of the Debtors that may be assumed and assigned to the Purchaser or as otherwise contemplated in the Sale Transaction (each, an "Executory Contract"). If you fail to respond to this Cure Notice, you shall be deemed to have consented to the assumption by the Debtors and assignment to the Purchaser of the Executory Contract.**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On [●], 2025, the Debtors filed a motion [Docket No. [●]] (the "Sale Motion"),[2] pursuant to sections 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), seeking entry of an order (the "Sale Order")

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Sale Motion.

2

approving, among other things, the sale of the Assets to [●] (the "Purchaser"), free and clear of all liens, claims and encumbrances (such transaction, the "Sale Transaction").

The Debtors may assume and assign to the Purchaser one or more of those executory contracts and unexpired leases listed on **Exhibit A** annexed hereto (collectively, the "Potentially Assigned Agreements" and each, a "Potentially Assigned Agreement"), pursuant to section 365 of the Bankruptcy Code.

Each of the Executory Contracts that may be assumed and assigned in connection with the Sale Transaction and the Debtors' calculation of the Cure Amounts with respect thereto are set forth on **Exhibit A** hereto. The Cure Amounts are the only amounts proposed to be paid upon the assumption and assignment of the Executory Contracts.

The inclusion of any contract or lease on **Exhibit A** shall not constitute or be deemed a determination or admission by the Debtors that such contract or other document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved). If you disagree with the proposed Cure Amounts, you must file an objection in accordance with the instructions below.

## Objections

**A. Cure Objections**

Any objection to the potential assumption, assignment, or designation of an Executory Contract identified on **Exhibit A**, the subject of which objection is the Debtors' proposed Cure Amounts, if any, must (i) be in writing, (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (iii) state, with specificity, the legal and factual basis thereof, including, what Cure Amounts the objecting party believes are required, (iv) include any appropriate documentation in support thereof, (v) be filed with the Court by no later than **[●], 2025 at 4:00 p.m. (prevailing Central Time)**, and (vi) served on (a) Prospect Medical Holdings, Inc., 3824 Hughes Ave., Culver City, CA 90232; (b) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Thomas R. Califano (tom.califano@sidley.com), William E. Curtin (wcurtin@sidley.com), Anne G. Wallice (anne.wallice@sidley.com) and Sean M. Nuernberger (sean.nuernberger@sidley.com)); (c) the Office of the United States Trustee for the Northern District of Texas; (d) counsel to any statutory committee that has been appointed in the chapter 11 cases; (d)     the Attorney General's office for the Commonwealth of Pennsylvania; the Commonwealth of Pennsylvania; and (f) counsel to the Purchaser, Stradley Ronon Stevens & Young, LLP, 2005 Market Street, Suite 2600, Philadelphia, PA 19103 (Attn: William Sasso (WSasso@stradley.com), Thomas Xi (TIX@stradley.com) and Julie Murphy (Jmmurphy@stradley.com)).

**IF NO ASSIGNMENT OBJECTION IS TIMELY FILED WITH RESPECT TO AN EXECUTORY CONTRACT: (I) THE COUNTERPARTY TO SUCH EXECUTORY CONTRACT SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION BY THE DEBTORS AND ASSIGNMENT TO THE PURCHASER OF THE EXECUTORY CONTRACT, AND BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO SUCH ASSUMPTION AND ASSIGNMENT (INCLUDING,**

3

**WITHOUT LIMITATION, WITH RESPECT TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY THE PURCHASER); (II) ANY AND ALL DEFAULTS UNDER THE EXECUTORY CONTRACT AND ANY AND ALL PECUNIARY LOSSES RELATED THERETO SHALL BE DEEMED CURED AND COMPENSATED PURSUANT TO SECTION 365(B)(1)(A) AND (B) OF THE BANKRUPTCY CODE UPON PAYMENT OF THE CURE AMOUNT SET FORTH IN THE APPLICABLE POTENTIAL ASSUMPTION AND ASSIGNMENT NOTICE FOR SUCH EXECUTORY CONTRACT; AND (III) THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OTHER CLAIMS RELATED TO SUCH EXECUTORY CONTRACT AGAINST THE DEBTORS AND THEIR ESTATES OR THE PURCHASER, OR THE PROPERTY OF ANY OF THEM, THAT EXISTED PRIOR TO THE ENTRY OF THE ORDER RESOLVING THE CURE OBJECTIONS AND THE SALE ORDER (AS DEFINED BELOW).**

**B. Adequate Assurance Objections**

Any objection to adequate assurance is preserved and can be submitted in writing, in a manner consistent with the procedures set forth above with respect to cure objections, on or prior to **[●], 2025 at 4:00 p.m. (prevailing Central Time).**

### Cure Objection Hearing

Cure Objections that cannot be resolved by the parties will be heard by the Court on **[●], 2025 at [●] [a.m./p.m.] (prevailing Central Time)** or as soon thereafter as counsel may be heard.

[*Remainder of Page Intentionally Left Blank.*]

Dated: [●], 2025  
Dallas, Texas

*/s/ [DRAFT]*
_____
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:     (214) 981-3300
Facsimile:      (214) 981-3400
Email:            tom.califano@sidley.com
                      rpatel@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839-5300
Facsimile:      (212) 839-5599
Email:            wcurtin@sidley.com
                      pventer@sidley.com
                      anne.wallice@sidley.com

*Proposed Attorneys to the Debtors*
*and Debtors in Possession*

## Exhibit A

**EXECUTORY CONTRACTS**

| Counterparty or Landlord Name / Address | Description of Contract or Address of Subject Property | Cure Amount |
|---|---|---|
| | | |