| | |
|---|---|
| SIDLEY AUSTIN LLP<br>Thomas R. Califano (24122825)<br>Rakhee V. Patel (00797213)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone:   (214) 981-3300<br>Facsimile:    (214) 981-3400<br>Email:          tom.califano@sidley.com<br>                     rpatel@sidley.com | SIDLEY AUSTIN LLP<br>William E. Curtin (admitted *pro hac vice*)<br>Patrick Venter (admitted *pro hac vice*)<br>Anne G. Wallice (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:   (212) 839-5300<br>Facsimile:    (212) 839-5599<br>Email:          wcurtin@sidley.com<br>                     pventer@sidley.com<br>                     anne.wallice@sidley.com |

*Proposed Attorneys for the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered)<br>(Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION**
**FOR ENTRY OF AN ORDER (I)(A) ENFORCING**
**THE AUTOMATIC STAY AGAINST ECHN;**
**(B) REMITTING THE GARNISHED PAYMENTS TO THE**
**DEBTORS; (C) AWARDING ACTUAL AND PUNITIVE DAMAGES**
**TO THE DEBTORS; AND (II) GRANTING RELATED RELIEF**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

> **Emergency relief has been requested. Relief is requested not later than 2:30 p.m. prevailing Central Time on February 6, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on the matters set forth in this motion on February 6, 2025, at 2:30 p.m. prevailing Central Time in Courtroom #1, 14th Floor, Earle Cabell Federal Building, 1100 Commerce Street, Suite 1254, Dallas, Texas 75242. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 650.479.3207. The meeting code is 2304 154 2638. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page. Click the settings icon in the upper right corner and enter your name under the personal information setting. WebEx hearing instructions may be obtained from Judge Jernigan's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/chief-judgejernigans-hearing-dates.**
>
> **Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jernigan's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases, file this motion (this "<u>Motion</u>"). In support of this Motion, the Debtors state as follows:

## PRELIMINARY STATEMENT[2]

1. The automatic stay is one of the fundamental protections that the Bankruptcy Code provides a debtor. It has several crucial purposes central to achieving the goals of chapter 11: giving the debtor a breathing spell to deal with its creditors, stopping a "race to the courthouse" by creditors, and ensuring that similarly-situated creditors receive *pro rata* distributions.

2. Due to unsuccessful litigation against ECHN in Connecticut state court, the state court ordered certain Debtors to pay certain prepetition amounts to ECHN for attorneys' fees under a prevailing-party provision. ECHN was notified of the Debtors' chapter 11 filing via Notice of

---

[2] Capitalized terms used in the Preliminary Statement shall have the meanings ascribed thereto in the Motion.

2

Commencement and when a notice was filed in the Connecticut state court case. ECHN's recourse is to file a proof of claim and receive the treatment provided by the Bankruptcy Code.

3.  Instead, ECHN took matters into its own hands. To secure repayment of its prepetition claim (ahead of other similarly-situated claimants), ECHN continued to garnish amounts owed by Anthem to certain Debtors for their hospital services. This continuing garnishment violates the automatic stay and the principles underpinning the Bankruptcy Code, and threatens the Debtors' ability to conduct stable operations, as they have not been receiving the full amounts of their accounts receivable from Anthem.

4.  The Debtors' accounts receivable are indisputably property of the estate. And, pursuant to section 362 of the Bankruptcy Code, creditors are prohibited from seeking to collect their prepetition debts from property of the estate. The Debtors attempted to resolve the issue by conversation and letter through counsel, but ECHN, now with full and complete notice of its violations, has continued to refuse to return the Garnished Payments to the Debtors. This is a quintessential knowing and willful violation of the automatic stay.

5.  For these reasons, the Debtors were forced to file this Motion. Specifically, the Debtors hereby seek an order enforcing the automatic stay against ECHN, remitting the Garnished Payments, and awarding actual and punitive damages for ECHN's continued multiple violations of the automatic stay.

**RELIEF REQUESTED**

6.  By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (I)(a) enforcing the automatic stay against ECHN; (b) remitting the Garnished Payments (as defined below) to the Debtors; (c) awarding actual and punitive damages to the Debtors; and (II) granting related relief.

3

**JURISDICTION AND VENUE**

7. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The legal predicates for the relief requested in this Motion are sections 105(a), 362, and 541 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Procedures for Complex Cases in the Northern District of Texas.

9. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

10. The Debtors and their non-Debtor affiliates (collectively, the "Company") are significant providers of coordinated regional healthcare services in California, Connecticut, Pennsylvania, and Rhode Island. The Company's business can be broadly divided into two segments: (1) hospital operations, which consist of, among other things, the ownership and operation of 16 acute care and behavioral hospitals, providing a wide range of inpatient and outpatient services spanning multiple states, and (2) physician-related services, including (a) certain owned and managed medical groups, independent physician associations, managed services organizations and risk taking entities, (b) Prospect Health Plan, Inc., a Knox-Keene

4

licensed entity, and (c) one licensed acute hospital operating as Foothill Regional Medical Center (collectively, "PhysicianCo"). *The PhysicianCo entities are not Debtors in these chapter 11 cases*.

11. Beginning on January 11, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases. On January 29, 2025, the Office of the United States Trustee established the Official Unsecured Creditors' Committee.

12. A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Paul Rundell in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [Docket No. 41].[3]

### ECHN'S VIOLATION OF THE AUTOMATIC STAY

13. On September 5, 2019, PMH and certain of its affiliates filed a lawsuit in Connecticut state court against Legacy ECHN, Inc. f/k/a Eastern Connecticut Health Network, Inc. ("ECHN") concerning the ownership of approximately $10 million of charitable funds bequeathed to a hospital that PMH had purchased from ECHN pursuant to an asset purchase agreement (the "APA"). *See generally Prospect Medical Holdings, Inc.* v. *Eastern Connecticut Health Network, Inc.*, NO. X03-CV-19-6116665-S, 2023 WL 4397307 (Conn. Sup. Ct. June 30, 2023). ECHN asserted a counterclaim for certain amounts allegedly owed to it by the plaintiffs under the APA.

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration, as applicable.

5

*Id.* After trial, the Connecticut court ruled in ECHN's favor on all counts. *Id.*, 2023 WL 4397307, at *34.

14. On April 16, 2024, the Connecticut court granted ECHN's application for a prejudgment remedy in connection with ECHN's application for attorneys' fees in connection with the dispute, and permitted ECHN to attach or garnish approximately $2.7 million against PMH and the other plaintiffs, pending the court's ruling on dueling motions for attorneys' fees. *See* Exhibit A to the Writ of Garnishment (the Writ of Garnishment, along with its exhibits, is attached hereto as **Exhibit B)**. The Connecticut court granted ECHN's motion for attorneys' fees on November 12, 2024, and granted an award of attorneys' fees (and post-judgment attachment) in the amount of $2,493,392,55. *See* Exhibit B to the Writ of Garnishment. Thereafter, on December 17, 2024, ECHN served a Writ and Direction for Attachment and Garnishment (attached hereto as **Exhibit B**) ordering Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem") to freeze the funds it owed to PMH and its affiliates up to the value of $1,819,946,30.

15. On the Petition Date (January 11, 2025), the Debtors filed these chapter 11 cases in this Court. ECHN received prompt notice of the Debtors' chapter 11 filing via their counsel, Dana & Wiggins. *See Affidavit of Service* [Docket No. 62] at 5 (Exhibit A). On January 14, 2025, the Debtors filed a Notice of Bankruptcy to stay the proceedings in the Connecticut state court case between Debtors and ECHN. Notice of Bankruptcy, *Prospect Medical Holdings, Inc.* v. *Eastern Connecticut Health Network, Inc.*, NO. X03-CV-19-6116665-S [Docket No. 405].

16. Nonetheless, after the Petition Date and being notified through two different channels about the pending chapter 11 cases, ECHN continued to levy garnishments against one or more of the Debtors (the "Garnished Payments"):

6

| Date | Prospect Manchester Hospital, Inc. (Acute) | Prospect Manchester Hospital, Inc. (Psych) | Prospect Rockville Hospital, Inc. |
|---|---|---|---|
| 1/22/2025 | $42,659.00 | - | $4,688.74 |
| 1/23/2025 | $1,052,568.00 | $30,490.88 | $178,379.00 |
| 1/24/2025 | $16,065.00 | - | $15,195.00 |
| 1/27/2025 | $95,785.00 | - | - |
| 1/28/2025 | $11,641.00 | - | - |
| 1/29/2025 | $663,242.44 | $94,423.78 | $173,714.64 |
| TOTAL: $2,378,852.48 | | | |

17.     When the Debtors realized that ECHN was still garnishing amounts owed to them after the Petition Date, Debtors' counsel sent ECHN's counsel a letter (the "Stay Violation Letter"), a copy of which is attached hereto as **Exhibit C**, informing ECHN of its violations of the automatic stay by continuing to levy garnishments against the Debtors and demanding ECHN's compliance with the automatic stay.  The Debtors further demanded that ECHN promptly remit all garnished funds by January 27, 2025.

18.     On January 27, 2025, ECHN responded to the Debtors by email (the "Response") acknowledging receipt of the Stay Violation Letter.  In the Response, ECHN denied "engag[ing] in post-petition affirmative acts to enforce its judgment against the Debtors or collect on any writs of garnishment relating thereto."  In addition, ECHN denied that it had any legal obligation to obtain a postpetition release of funds subject to garnishment by creditors.  A copy of the Response is attached hereto as **Exhibit D**.

19.     On January 31, 2025, ECHN further responded to the Debtors (the "Supplemental Response").  In the Supplemental Response, ECHN continued to deny engaging in any "post-petition affirmative actions" that would violate the automatic stay, and cited assorted case law (that is discussed below).  ECHN also claimed that the Debtors failed to identity funds held by ECHN as a result of alleged stay violation, which would have been impossible for the Debtors to do

7

without access to ECHN's books and records. ECHN stated it did not become aware of the Garnished Payments until receiving the Stay Violation Letter on January 24, but did not deny that it had notice of the Debtors' bankruptcy. Lastly, ECHN stated that it intends to request a stay of the Writ of Garnishment. A copy of the Supplemental Response is attached hereto as **Exhibit E**.

20. In total, the Garnished Payments amount to approximately $2.4 million, which (combined with a prior garnishment of Debtor accounts at TD Bank of approximately $675,000) is well in excess of the amounts that the Connecticut state court ordered. More importantly, all of the Garnished Payments were garnished after ECHN was notified about the bankruptcy, and most of the Garnished Payments were received after ECHN received an explicit demand from the Debtors to honor the automatic stay and remit payments.

21. As of the filing of this Motion, ECHN has failed to remit payment Garnished Payments and has not confirmed whether it will comply with the automatic stay going forward (although ECHN has stated that it will request a stay of the Writ of Garnishment). In fact, ECHN's counsel (wrongly) asserted that ECHN's actions did not violate the automatic stay. For these reasons, the Debtors were forced to file this Motion seeking intervention from the Court.

## BASIS FOR RELIEF REQUESTED

**I. The Court Should Enforce the Automatic Stay Against ECHN With Respect to the Garnishments**

22. Upon the filing of a bankruptcy petition, "an automatic stay operates as a self-executing injunction" that prevents creditors from pursuing collection efforts against the debtor or the property of the debtor's estate for pre-petition debts. *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354–55 (5th Cir. 2008). The purpose of the automatic stay is to "protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*,

8

768 F.2d 711, 716 (5th Cir. 1985); *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990) (same).

23. In particular, the automatic stay prohibits "any act to obtain possession of . . . or to exercise control over property of the estate . . . .", 11 U.S.C. § 362(a)(3), or "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title", *id.* § 362(a)(6). Notably, the stay is implemented against any and all actions "against the debtor or third parties that seeks to obtain or exercise control over the property of the debtor." *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987). Given its fundamental importance to a debtor's bankruptcy case, courts broadly construe the Bankruptcy Code's automatic stay provisions. *See In re Padilla*, 379 B.R. 643, 658 (Bankr. S.D. Tex. 2007).

24. Section 541(a)(1) broadly defines property of the estate as "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). Significantly, the definition is "all-encompassing, and Congress meant for it to be construed commensurately." *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1274 (5th Cir. 1983). "An account receivable of the debtor is property of the estate." *Georgia Pacific Corp. v. Signa Service Co.*, 712 F.2d 962, 967–68 (5th Cir. 1983); *In re Nat'l Center for the Employment of the Disabled*, 157 B.R. 291, 295–96 (Bankr. W.D. Tex. 1993); *Bankruptcy Estate of B.J. McAdams, Inc. v. Ralston Purina Co.*, 154 B.R. 809, 811 (N.D. Ga. 1993).

25. "[A] garnishing creditor has an affirmative duty to stop garnishment proceedings when notified of the automatic stay." *In re Roberts*, 175 B.R. 339 (B.A.P. 9th Cir. 1994). A party violates the automatic stay by garnishing payments of the debtor without seeking or obtaining relief from the automatic stay. *See, e.g., In re Bruner-Halteman*, No. 12-32429-HDH-13, 2016 WL 1427085, at *1 (Bankr. N.D. Tex. Apr. 8, 2016) ("This case involves a clear-cut violation of

9

the automatic stay. The defendant . . . garnished the wages of [the plaintiff] thirty-seven times during the pendency of her bankruptcy case without ever seeking or obtaining relief from the automatic stay").

26. In its Supplemental Response, ECHN cited the Supreme Court's 2021 *Fulton* decision and argued that ongoing post-petition garnishments do not constitute an "act" that would violate the automatic stay. *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 161–62 (2021) (holding that a city did not violate the automatic stay by retaining possession of a debtor's car that had been repossessed pre-petition). *Fulton* does not shield ECHN's actions. In *Fulton*, the Supreme Court's held that Chicago did not need to affirmatively relinquish the debtor's property that it had acquired prepetition. However, the Supreme Court specifically noted that section 362(a)(3) "prohibits collection efforts outside the bankruptcy proceeding that would change the status quo." *Id.* at 160.

27. Under *Fulton*, the Debtors could not force ECHN to relinquish its prepetition judgment or any judgment lien that it has, which it had acquired prior to the petition, just like a debtor cannot force a secured creditor to release a lien on the debtor's property under the automatic stay (unless avoidable under chapter 5 of the Bankruptcy Code). In contrast, ECHN's **post-petition** garnishments, which are "collection efforts outside the bankruptcy proceeding that would change the status quo" by paying its pre-petition claim before the pre-petition claims of other similarly-situated creditors, do violate the automatic stay. *See Fulton*, 592 U.S. at 160.

28. Therefore, *Fulton* is entirely consistent with *Roberts* and *Bruner-Halteman*, which require all ongoing garnishments to cease as of the bankruptcy filing in order to preserve the debtor's estate to ensure *pro rata* treatment for similarly-situated creditors, a fundamental policy of the Bankruptcy Code. *Cf. Ragone v. Stefanik & Christie, LLC* (*In re Ragone*), No. 20-8013, 2021 WL 1923658, at *4 (6th Cir. B.A.P. May 13, 2021) (holding that post-discharge garnishments violated the discharge injunction of section 524(a), which prohibits any "act, to collect, recover or

10

offset any [discharged] debt as a personal liability of the debtor"). For this reason, the other cases ECHN cited are unavailing, as they all involve actions taken pre-petition. *See In re Stuart*, 632 B.R. 531 (B.A.P. 9th Cir. 2021) (no violation of the automatic stay for not releasing amounts garnished ***pre-petition***).[4]

29. *In re Namen*, decided after *Fulton*, is particularly instructive. 649 B.R. 603 (Bankr. M.D. Fla. 2023). The court in *Namen* in that case held that the creditor violated the automatic stay by garnishing payments intended to a debtor from a garnishee, after the debtor filed for bankruptcy. *Id.* at 604-06, 613. The *Namen* court distinguished *Fulton* by noting that *Fulton* only held that a creditor retaining the debtor's property received prepetition does not violate the automatic stay because it maintains the status quo, whereas postpetition garnishments materially alters a debtor's position. *Id.* at 611. The court in *Namen* also distinguished the case from *Stuart* by noting that not only did *Stuart* only involve prepetition garnishments, the court in *Stuart* also acknowledged that the case would have "likely be[en] different" had the case involved postpetition garnishments. *Id.* at 611–12 (citing *In re Stuart*, 632 B.R. at 543 n.12).

30. Here, there is no question that ECHN violated the automatic stay. ECHN was aware of the filing of these bankruptcy cases through multiple channels, and despite this, levied garnishments against the Debtors at least five times since the Petition Date, even after being specifically instructed by Debtors' counsel to cease and desist. Without further order of the Court, it appears as though ECHN will continue to improperly seize on Debtor funds and violate the protections afforded to the Debtors by the filing of these chapter 11 cases, and will continue to hold the property of the estate that the Debtors need to ensure adequate liquidity.

---

[4] *See also In re Kipps*, 2022 WL 997795, at *7 (Bankr. M.D. Pa. Mar. 31, 2022) (no violation of automatic stay for not releasing amounts frozen pre-petition, and where creditor did not gain any advantage with respect to property of the estate); *In re Margavitch*, 2021 WL 4597760, at * (Bankr. MD. Pa. Oct. 6, 2021) (no violation of automatic stay for refusing to withdraw pre-petition attachment lien).

31. As described above, ECHN's reliance on *Fulton* and *Stuart* is baseless. Like the creditor in *Namen*, ECHN garnished post-petition payments intended for the Debtors. *Fulton* does not justify ECHN's actions because ECHN's postpetition garnishments are affirmative acts that altered the status quo by hurting the Debtors' financial position and elevating ECHN's claim above claims held by similarly-situated claimants.

32. Therefore, the Debtors request that the Court enforce the automatic stay against ECHN.

II. **The Debtors are Entitled to the Recovery of Attorneys' Fees and Costs, and the Debtors Seek Recovery of Actual and Punitive Damages for ECHN's Continued Stay Violations**

33. Given ECHN's willful violation of the automatic stay, this Court should order ECHN to remit the Garnished Payments and award actual and punitive damages to the Debtors.

34. The Bankruptcy Code provides that a debtor "injured by any *willful violation* of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (emphasis added). "To recover, the moving party must demonstrate that the actions of the party accused were a violation of the automatic stay, that the actions were willful, and that the debtor suffered actual damage arising from the actions that were taken." *In re Medina*, 413 B.R. 583, 590 (Bankr. W.D. Tex. 2009); *see also Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355 (5th Cir. 2008). While Section 362(k) of the Bankruptcy Code provides that "an individual . . . shall recover" damages for a violation of the automatic stay, a minority of courts hold that "'individual' includes other entities, such as corporations." *In re Nash Phillips/Copus, Inc.*, 78 B.R. 798, 803 (Bankr. W.D. Tex. 1987); *see also Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (4th Cir. 1986) ("[Section] 362([k]) must be read in conjunction with the rest of § 362 and . . . its sanctions are not limited to the relief of an 'individual' in the literal sense.").

35. In any event, the Debtors are entitled to damages under section 105(a) of the Bankruptcy Code. *See* 3 Collier on Bankruptcy ¶ 362.12[2] ("A violation of the stay is punishable as contempt of court. Most courts will impose contempt sanctions for a knowing and willful violation of a court order, and the automatic stay is considered as equivalent to a court order. If the conduct is willful, even if based upon advice of counsel, contempt is an appropriate remedy.").

36. Willfulness is present when the offending party "knew of the automatic stay and . . . the defendant's actions which violated the stay were intentional." *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005) (quoting *In re Taylor*, 884 F.2d 478, 482 (9th Cir. 1989)). Specific intent is not required. *In re Wright*, 578 B.R. 570, 587 (Bankr. S.D. Tex. 2017) (citing *In re Small*, 486 F. App'x 436, 439 (5th Cir. 2012)).

37. The Response clearly shows that ECHN willfully violated the automatic stay. ECHN knew of the Debtors' chapter 11 cases and the existence of the automatic stay when it received notice via the Affidavit of Service and in the Connecticut case. ECHN's intent is evident by its continuous denial of levying postpetition garnishments against the Debtors, despite the evidence plainly showing otherwise. In addition, ECHN's denial of any legal obligation to seek relief from the automatic stay is unreasonable in light of well-settled law (as discussed herein) stating that garnishments are subject to the automatic stay. Moreover, ECHN's denial of notice of the Debtors' bankruptcy filings until receipt of the Stay Violation Letter is unfounded, as the *Affidavit of Service* indicates that ECHN received prompt notice of the chapter 11 filings from their counsel. Therefore, ECHN knowingly and willfully violated the automatic stay, and without further order of the Court, it appears it will continue to violate the automatic stay.

38. These knowing and willful violations have caused, and will continue to cause, rapidly escalating injury to the Debtors. By levying garnishments against the Debtors' estate,

ECHN has and will continue to deplete the Debtors of funds necessary to the administration of the Debtors' bankruptcy. In addition, the Debtors have incurred unnecessary legal and professional fees to recover the Garnished Payments and enforce the automatic stay against ECHN. These funds could have been better used to the benefit of the Debtors' patients and employees.

39. The Debtors are therefore entitled to damages. The Debtors seek the remittance of the Garnished Payments, actual damages (including attorneys' fees and costs associated with enforcing the automatic stay against ECHN), and punitive damages due to ECHN's knowing and willful violation of the automatic stay.

## EMERGENCY CONSIDERATION

40. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations and significantly impact the Debtors' ability to swiftly and efficiently move forward with a value-maximizing process. Accordingly, the Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## RESERVATION OF RIGHTS

41. Nothing contained herein or any action taken pursuant to relief requested is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in

interest's rights under the Bankruptcy Code or any other applicable law, including to seek turnover of the Garnished Payments pursuant to 11 U.S.C. § 524; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim.

## NOTICE

42. Notice of this Motion has been provided by email, facsimile, or overnight courier to the Complex Service List (as defined in the Creditor Matrix Order [Docket No. 123]) and counsel to ECHN. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

43. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of the page intentionally left blank*]

WHEREFORE, the Debtors request entry of an order substantially in the forms attached hereto granting the relief requested herein and granting such other relief as is just and proper.

Dated: January 31, 2025
Dallas, Texas

/s/ *Thomas R. Califano*
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
rpatel@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: wcurtin@sidley.com
pventer@sidley.com
anne.wallice@sidley.com

*Proposed Attorneys for the Debtors
and Debtors in Possession*

## Certificate of Service

I certify that on January 31, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Thomas R. Califano*
Thomas R. Califano

## **Certificate of Conference**

The undersigned hereby certifies that, on January 24, 2025, at 4:38 p.m. (CT), he communicated via telephone and email correspondence with counsel to ECHN, requesting consent to the relief sought by the Motion.

Counsel to ECHN responded via email correspondences on January 27, 2025 and subsequently on January 31, 2025 that they did not consent to the relief sought by the Motion.

*/s/ Thomas R. Califano*
Thomas R. Califano