# Exhibit C

**Debtors' Stay Violation Letter**

# SIDLEY

SIDLEY AUSTIN LLP
2021 MCKINNEY AVENUE
SUITE 2000
DALLAS, TX 75201
+1 214 981 3300
+1 214 981 3400 FAX

TOM.CALIFANO@SIDLEY.COM

January 24, 2025

**By Email**

Kevin M. Smith
Wiggin and Dana LLP
One Century Tower
265 Church St.
New Haven, CT 06510
ksmith@wiggin.com

    Re:    <u>*In re Prospect Medical Holdings, Inc., et al.*</u>, Case No. 25-80002 (SGJ)

Mr. Smith,

    I am writing in response to the attachment and garnishment that your client, Legacy ECHN, Inc. f/k/a Eastern Connecticut Health Network, Inc., ("ECHN") has continued to levy on amounts due and payable from Anthem Health Plans Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut ("Blue Cross") to Prospect Medical Holdings, Inc. and its affiliates, pursuant to the Writ and Direction for Attachment and Garnishment dated December 17, 2024, attached hereto as <u>Exhibit A</u>.

    My firm represents Prospect Medical Holdings, Inc., and its debtor affiliates (the "Debtors") in their chapter 11 cases (the "Chapter 11 Cases"), which you are aware were filed on January 11, 2025 (the "Petition Date") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). The Chapter 11 Cases are pending under the caption, *In re Prospect Medical Holdings, Inc., et al.*, Case No. 25-80002 (SGJ).

    Immediately upon the commencement of a chapter 11 case, section 362(a) of the Bankruptcy Code imposes an automatic stay prohibiting, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). "A garnishing creditor has an affirmative duty to stop garnishment proceedings when notified of the automatic stay." *Franchise Tax Bd. v. Roberts* (*In re Roberts*), 175 B.R. 339, 343 (9th Cir. B.A.P. 1994); *see also Olsen v. Fin. Auth. of Me.* (*In re Olsen*), No. EP 16-058, 2017 Bankr. LEXIS 2402, at *37 (1st Cir. B.A.P. July 19, 2017) (same).

Sidley Austin (TX) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

      We have been made aware of several garnishments that ECHN has levied against amounts payable to one or more of the Debtors.  On January 14, 2025, ECHN garnished $7,623.60 from payments made to Prospect Manchester Hospital, Inc.  On January 17, 2025, ECHN garnished $898,031.02 from payments made to Prospect Manchester Hospital, Inc.  On January 17, 2025, ECHN garnished $175,390.80 from payments made to Prospect Rockville Hospital, Inc.  And on January 22, 2025, ECHN garnished $67,875.31 from payments made to Prospect Manchester Hospital, Inc.  These garnishments are shown on <u>Exhibit B</u> hereto.

      These actions, taken after the Petition Date to collect or recover the prepetition claims of your client, directly violate the automatic stay.  Your firm is aware of the Chapter 11 Cases, but your client proceeded to levy and garnish payments after the Petition Date nonetheless.  <u>The Debtors demand that you remit all garnished funds to the Debtors promptly, and in any event by Monday, January 27, 2025.</u>  If you do not remit the funds, we reserve the right to seek an order from the Bankruptcy Court.

      Further, the Debtors expect that your firm and ECHN will immediately and unequivocally honor and abide by the automatic stay pursuant to 11 U.S.C. § 362(a).  If your client takes any further action to collect or recovery its claims against the Debtors, the Debtors reserve all rights to seek an order enforcing the automatic stay, recovering all costs and fees, and potentially imposing sanctions against you and your firm.  11 U.S.C. § 362(k)(1); *see also Young v. Repine* (*In re Repine*), 536 F.3d 512, 519 (5th Cir. 2008).  ECHN's appropriate recourse in this instance is to pursue a claim through the Chapter 11 Cases.

      The Debtors reserve all of their rights and defenses in connection with any alleged claims and the Letter including the right to seek enforcement of the automatic stay from the Bankruptcy Court.  This relief may include a request for sanctions, fines and/or punitive damages should your firm or ECHN continue to violate the stay.

      Best regards,

*/s/ Thomas R. Califano*
Thomas R. Califano

cc:    Jim Ducayet, Sidley Austin LLP
        Frank Saidara, General Counsel
        Paul Rundell, Chief Restructuring Officer

Enclosures