## **Exhibit E**

**ECHN's Supplemental Response**

**WIGGIN**
WIGGIN AND DANA

Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Kevin M. Smith
203.498.4579
203.782.2889 fax
ksmith@wiggin.com

**VIA ELECTRONIC MAIL**

January 31, 2025

Thomas R. Califano
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
tom.califano@sidley.com

Re:  Your Letter Dated January 24, 2025

Dear Attorney Califano:

This serves as a supplemental response to your letter, alleging violations of section 362 of the Bankruptcy Code by our client Legacy ECHN, Inc. ("Legacy") in connection with the chapter 11 cases of Prospect Medical Holdings, Inc. et al. (collectively, "Prospect" or the "Debtors"). As set forth below and consistent with our original response, Legacy has not violated the automatic stay in the Debtors' chapter 11 cases.

As you are aware, Prospect and Legacy are parties to that certain litigation in the Superior Court of Connecticut, Judicial District of Hartford (the "CT Court"), styled as *Prospect Medical Holdings, Inc. v. Eastern Connecticut Health Network, Inc. n/k/a Legacy ECHN, Inc.*, Docket No. HHD-CV-19-6116665-S (the "CT Litigation"). Legacy prevailed at a trial on Prospect's claims in the CT Litigation resulting in Legacy's contractual right to recover related legal fees and expenses. *See id.*, 2023 WL 4397307 (June 30, 2023). On August 21, 2023, Legacy filed its Motion for Attorneys' Fees and Costs [Dkt. No. 342.00]. On August 24, 2023, Legacy filed its Application for Prejudgment Remedy [Dkt. No. 347.00] seeking security for the probable ultimate award of legal fees and expenses in connection with the CT Litigation. By order dated April 16, 2024, the CT Court issued an order granting the Application for Prejudgment Remedy [Dkt. No. 347.86], which authorized Legacy to attach or garnish certain of Prospect's assets up to a value of $2,689,772.05 (the "PJR Order").  On November 12, 2024, the CT Court entered a Memorandum of Decision on Motions for Attorney's Fees, granting Legacy's Motion for Attorneys' Fees and Costs in the amount of $2,493.392.55 (and therefore also reducing the PJR Order's permissible security to $2,493.392.55) (the "Fees Order"). *See id.*, 2024 WL 4866659 (Nov. 12, 2024). On December 2, 2024, Prospect filed an appeal of the Fees Order.

In accordance with the PJR Order, as modified by the Fees Order, on December 18, 2024, Legacy issued and served a Writ and Direction for Attachment and Garnishment (the "Writ of Garnishment") on Anthem Health Plans, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem"). On January 11, 2025, the Debtors commenced the chapter 11 cases in the United States Bankruptcy Court for the Northern District of Texas.

January 31, 2025
Page 2

Since the filing of the bankruptcy cases, Legacy has not engaged in any acts to enforce the Writ of Garnishment; nor has it received funds from Anthem relating thereto. Indeed, it was not until your January 24th letter that Legacy became aware of Anthem's post-petition garnishment of funds from Prospect (although the letter and its attachments are unclear whether such post-petition garnished amounts are specifically related to the Writ of Garnishment and not the actions of other Prospect creditors).

As you are further aware, section 362(a)(6) of the Bankruptcy Code prohibits "any **act** to collect, assess or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6) (emphasis added). Thus, only affirmative post-petition acts by Legacy against property of the Debtors' estate would violate the automatic stay. *See City of Chicago, Illinois v. Fulton*, 141 S. Ct. 585, 592 (2021) (finding in the context of section 362(a)(3) of the Bankruptcy Code, the automatic stay applied to acts by a non-debtor party that would change the status quo with respect to estate property); *see also In re Stuart*, 632 B.R. 531 (B.A.P. 9th Cir. 2021) (finding creditor did not violate the automatic stay where it did not request a release of funds garnished pursuant to a pre-petition writ of garnishment, did not hold garnished funds or take any further actions after the filing of the bankruptcy case); *In re Kipps*, Case No. 5:19-01662-MJC, 2022 WL 997795 at * 7 (Bankr. M.D. Pa. Mar. 31, 2022) (finding no violation of automatic stay where creditor did not take post-petition action to control accounts frozen pre-petition pursuant to pre-petition writ, and did not gain any advantage with respect to Debtor or estate property); *In re Margavitch*, Case No. 5:19-05353-MJC, 2021 WL 4597760 (Bankr. M.D. Pa. Oct. 6, 2021) (finding creditor had not violated automatic stay where it did not take post-petition affirmative acts to collect on writ of attachment, but refused to withdraw pre-petition attachment lien or otherwise release funds in debtor's bank accounts subject to attachment).

Notwithstanding the Debtors' contentions that Legacy is violating the automatic stay, your letter fails to (i) detail any post-petition affirmative actions taken by or on behalf of Legacy supporting those contentions, (ii) identify amounts held by Legacy as a result of any alleged stay violation, or (iii) offer any detail directly connecting the amounts garnished by Anthem to the Writ of Garnishment. Nevertheless, to ensure that the status quo is preserved with respect to estate property and avoid further unwarranted threats by Prospect, please be advised that Legacy intends to promptly request a stay of the Writ of Garnishment.

January 31, 2025
Page 3

Please do not hesitate to contact me if you would like to discuss this matter further. All rights are reserved.

Sincerely,

*/s/ Kevin M. Smith*
Kevin M. Smith

KMS;as

26235\12\4936-3892-4821.v1