IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1] | : | Case No. 25-80002 (SGJ) |
| | : |     (Jointly Administered) |
| Debtors. | : | Related to Doc. Nos. 48, 57, 101, 102 |
| | : | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
FISHER HEALTHCARE TO DEBTORS' EMERGENCY MOTIONS
FOR ENTRY OF INTERIM AND FINAL ORDERS FOR USE OF CASH COLLATERAL
AND TO OBTAIN DIP FINANCING, AND (IV) GRANTING RELATED RELIEF**

Fisher Healthcare, an unincorporated division of Fisher Scientific Company LLC ("**Fisher**"), through its undersigned counsel, Tucker Arensberg, P.C., files the within Limited Objection and Reservation of Rights (the "**Objection**") to the *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) Postpetition Financing and (B) the Use of Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Doc. No. 48] and *Debtors' Emergency Motion For Entry Of Interim And Final Orders (I) Authorizing (A) Postpetition ABL Financing And (B) The Use Of Cash Collateral, (II) Granting Liens And Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection To Prepetition Lenders, (IV) Modifying The Automatic Stay, (V) Scheduling A Final Hearing, And (VI) Granting Related Relief* [Doc. No. 57], and states as follows.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

1

1.   On January 11, 2025 (the "**Petition Date**"), Prospect Medical Holdings, Inc. and certain of its subsidiaries (collectively, the "**Debtor**") filed voluntary chapter 11 proceedings in the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"), jointly consolidated at Case No. 25-80002 (the "**Bankruptcy Case**").

2.   On January 13, 2025, the Debtors filed their Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) Postpetition Financing and (B) the Use of Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (IV) Granting Related Relief and  [Doc. No. 48], and Debtors' Emergency Motion For Entry Of Interim And Final Orders (I) Authorizing (A) Postpetition ABL Financing And (B) The Use Of Cash Collateral, (II) Granting Liens And Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection To Prepetition Lenders, (IV) Modifying The Automatic Stay, (V) Scheduling A Final Hearing, And (VI) Granting Related Relief [Doc. No. 57] (collectively the "**Motions**")

3.   On January 14, 2025, the Bankruptcy Court granted the Motions, providing, among other relief, interim approval for Debtors to use cash collateral, access new money term loans (including a roll-up of prepetition debt) and authorized DIP financing from, respectively, JMB Capital Partners Lending, LLC. and eCapital Healthcare Corp. [Doc. Nos. 101, 102].

4.   Both prior to and, on a limited basis after, the Petition Date, the Debtors became indebted to Fisher in connection with the provision of goods by Fisher to the Debtors pursuant to a proprietary agreement among Debtor, a third party and Fisher (as amended, the "**Contract**").

5.   Fisher timely submitted to the Debtors a reclamation demand for product sold and delivered to the Debtors within the 45 days prior to the Petition Date, in the total amount of

$311,174.85. Of that amount, $119,304.80 was provided to the Debtors within 20 days of the Petition Date and is entitled to administrative expense status under 11 U.S.C. § 503(b)(9).

6. Per the Motions granting request for superpriority status of the liens in favor of DIP Lenders (including the DIP ABL Lender)[2] proposed by the Motions, the DIP Lenders would be granted a claim, interest, or lien on the goods subject to reclamation.

7. Because the Debtors have not yet filed their Schedules or Statements of Financial Affairs, the value and extent of the Debtors' assets are unknown at this time, and in turn, the value and extent of Fisher's rights in the goods delivered within the reclamation period are unknown.

8. The Motions also propose that the DIP Lenders be granted allowed superpriority administrative expense claims against each of the Debtors, with recourse to *all* prepetition and postpetition property of the Debtors.

9. Additionally, the DIP Obligations are entitled to senior secured priming liens and superpriority claim status with priority over any and all secured liens, administrative expense claims, and unsecured claims, *of any kind or of any nature whatsoever*, both prepetition and postpetition. *See* Motions, Doc. 48 at ¶ 13 and Doc. 57 at ¶ 12 (Charts Summarizing Material Terms of DIP Facility).

10. The Motions also seek to grant certain Prepetition Secured Lenders automatically perfected liens, security interests, and other adequate protection for any diminution in value of their respective interests in applicable Prepetition Collateral, including Cash Collateral. *See* Motions, at Doc. 48 at ¶ 6(vi), Doc. 57 at ¶ 5(vi).

11. The Motions both assert that the priming of the liens of certain Prepetition Secured Lenders is necessary to, among other things, allow the Debtors to continue to operate, which in

---

[2] All capitalized terms utilized but not defined herein shall be ascribed the meaning given to them in the Motion.

3

turn will inure to the benefit of the Prepetition Secured Lenders by providing them with "significantly higher recoveries."

12. Fisher objects to the displacement of Fisher's claims and rights.

13. Fisher's reclamation claim, to the extent valid, should keep its priority and Fisher's reclamation rights should remain intact and enforceable.

14. Regardless of the priority status of the DIP liens, Fisher holds an administrative expense claim under section 503(b)(9) of the Bankruptcy Code for goods provided to the Debtors within 20 days of the Petition Date. Any order that would subordinate Fisher's administrative claim to the potential multi-million-dollar administrative expense claim of the DIP Lender could wipe out that administrative claim.

15. Fisher does not object to the financing generally, but Fisher objects to the entry of final orders granting the Motions to the extent that it would displace Fisher's reclamation rights and administrative expense claim rights. Fisher believes that its rights relative to the almost miniscule amount of its claims relative to the financing arrangements generally should at a minimum be preserved and reserved in the final Orders, as has been done in other financing orders in larger bankruptcy cases in this and other Districts, by including a paragraph in each Final Order that provides as follows:

> **Fisher Matters**. Notwithstanding any language to the contrary in this Final Order, this Final Order does not affect, subordinate or impair any rights, interests, remedies or priority of liens or claims that Fisher Scientific and its divisions and subsidiaries has or may have (a) in relation to reclamation claims, to the extent valid under applicable law pertaining to any equipment or goods sold, delivered or otherwise supplied to the Debtors by Fisher prior to the Petition Date, (b) to assert an administrative expense claim against the Debtors under any applicable provision of the Bankruptcy Code including for goods delivered to the Debtors in the 20 days prior to the Petition Date, or (c) in respect of any executory contracts between Fisher and the Debtors. Any such rights and remedies, if any, are preserved and reserved; provided, however, that the rights of the Debtors and all other parties in interest to oppose and object to Fisher's assertion of any such rights or remedies, if any, and to

4

seek any related relief, are preserved and the rights of Fisher to seek additional adequate protection and/or other relief are reserved and preserved.

16. Fisher reserves all its rights with respect to all goods supplied prepetition, and their ongoing rights with respect to any goods supplied postpetition and with respect to any contractual rights against Debtors or related to the supply of goods by Fisher to the Debtors.

17. Fisher reserves the right to amend or supplement the foregoing objections, to join in other objections filed and to further revise and/or amend the foregoing, including, *inter alia,* to supplement the legal or factual arguments set forth in this Objection; or to respond to any reply of the Debtors or any other party in interest; and/or to seek further adequate protection or relief from stay, an administrative expense claim, or to enforce other rights and remedies under applicable law, or otherwise authorized by the Court.

WHEREFORE, Fisher respectfully requests that this Honorable Court condition the entry of any order on the Motion on the preservation and reservation of the rights, claims and priorities of Fisher Healthcare, an unincorporated division of Fisher Scientific Company LLC related to, *inter alia*, (i) the goods supplied to the Debtors prepetition and postpetition, (ii) any of Fisher's rights to an administrative expensive claim, and (iii) any executory contract rights that may be applicable, and grant such other relief as the Court deems just and proper.

Dated: February 3, 2025                  Respectfully Submitted,

*/s/ Beverly Weiss Manne*
Beverly Weiss Manne (PA 34545)
(admitted pro hac)
Maribeth Thomas (PA 208376)
(admitted *pro hac vice*)
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
(412)594-5525
(412) 594-5619
bmanne@tuckerlaw.com

and
Kyle Woodard
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street, Suite 5200
Dallas, Texas 75202
(214-777-4296)
kwoodard@krcl.com

*Counsel for Fisher Healthcare, an unincorporated division of Fisher Scientific Company LLC*

TADMS:20692260-2:019761-204276