| | |
|---|---|
| John D. Cornwell | Matthew J. Ochs |
| MUNSCH HARDT KOPF & HARR, P.C. | HOLLAND & HART LLP |
| 700 Milam St., Suite 800 | 555 Seventeenth Street, Suite 3200 |
| Houston, TX 77002 | P.O. Box 8749 |
| Telephone: (713) 222-4066 | Denver, CO  80201-8749 |
| E-mail: jcornwell@munsch.com | Telephone: 303.295.8299 |
| | Email: mjochs@hollandhart.com |

*Counsel to Global Healthcare Exchange, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**GLOBAL HEALTHCARE EXCHANGE, LLC'S LIMITED OBJECTION AND
RESERVATION OF RIGHTS IN RESPONSE TO THE DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER (I) APPROVING AND AUTHORIZING
(A) THE ASSET PURCHASE AGREEMENT AND THE PRIVATE SALE OF THE
PENNSYLVANIA HOSPITALS FREE AND CLEAR OF INTERESTS, (B) THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (C) THE SETTLEMENT BY AND AMONG THE
DEBTORS, THE PENNSYLVANIA ATTORNEY GENERAL, SAMUEL LEE,
AND DAVID TOPPER, PURSUANT TO BANKRUPTCY RULE 9019;
<u>AND (II) GRANTING RELATED RELIEF</u>**

**[Relating to Docket No. 332]**

Global Healthcare Exchange, LLC ("<u>GHX</u>"), a creditor in the above jointly administered cases, files this limited objection (this "<u>Limited Objection</u>") to the *Emergency Motion for Entry of an Order (I) Approving and Authorizing (A) the Asset Purchase Agreement and the Private Sale of the Pennsylvania Hospitals Free and Clear of Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Settlement by and Among the Debtors,*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.omniagentsolutions.com/?clientId=3725

*the Pennsylvania Attorney General, Samuel Lee, and David Topper, Pursuant to Bankruptcy Rule 9019; and (II) Granting Related Relief* [Doc. 332] (the "Sale Motion"), filed by Prospect Medical Holdings, Inc., *et al.* (the "Debtors"), and in support states as follows:

## SUMMARY OF LIMITED OBJECTION

1. GHX files this Limited Objection for the purpose of protecting its interests with respect to any GHX Agreements (defined below) between GHX and the Debtors, including system-wide agreements by which the Debtors continue to utilize GHX services essential to their operations. GHX does not, generally, object to the proposed sale of the Debtors' hospitals, provided (a) any GHX Agreements are assumed in their entirety, (b) the Debtors cure and pay to GHX all amounts due and owing under any GHX Agreements at the time of assumption and assignment, (c) GHX receives adequate assurance of future performance, and (d) any assignment of GHX Agreements is subject to GHX's consent rights with respect to its intellectual property. Here, however, neither the asset purchase agreement nor the settlement agreement were filed with the Sale Motion, and GHX has no reasonable method to determine whether its rights are affected by the proposed sale. GHX files this Limited Objection with information on hand, and reserves all rights to supplement this objection, including at the sale hearing.

## CONTRACTUAL RELATIONSHIP

2. GHX contracts with several Debtor and non-debtor affiliates[2] through certain agreements, including a master agreement known as a United States Purchaser User Agreement (as amended and supplemented, and together with all addendums, amendments, schedules, exhibits, attachments, and statements of work, the "User Agreement") (the User Agreement and

---

[2] GHX is still reconciling the number of Debtor and non-debtor affiliates, and the corresponding GHX Agreements, implicated by these bankruptcy cases.

any other agreements between GHX and one or more Debtor and non-debtor affiliates are the "GHX Agreements").[3]

3.  Debtor Prospect Medical Holdings, Inc. and each of its affiliates named in the User Agreement are parties to the User Agreement. The system-wide User Agreement allows the Debtors to use GHX's services to, among other things, facilitate the real-time transfer of information, goods, and services in the medical and healthcare equipment, products, services, and supplies markets between suppliers of such information, goods, and services, and their customers (collectively, the "Services"). The Services, which GHX continues to provide, are vital to the daily operation of all Debtor and affiliate hospitals named in the User Agreement.

## LIMITED OBJECTION

4.  GHX files this Limited Objection to the Sale Motion to preserve its rights under any GHX Agreements applicable to the Debtors' hospitals and under the Bankruptcy Code, and to ensure that any sale is subject to (a) the User Agreement and any other applicable GHX Agreements being assumed in their entirety—not just with respect to any one sale of the Debtors' hospitals, (b) the Debtors cure and pay to GHX all amounts due and owing under the User Agreement and any other applicable GHX Agreements at the time of assumption, (c) GHX receiving adequate assurance of future performance from the unidentified buyer of any of the Debtors' hospitals, and (d) any assignment of the User Agreement and other applicable GHX Agreements being subject to GHX's consent rights with respect to intellectual property, including the license granted to the Debtors by GHX under the User Agreement.

---

[3] It is unknown which agreements are implicated in the proposed sale. GHX and the Debtors are parties to the User Agreement and other agreements, including inventory services agreements. GHX reserves its rights to identify and enforce its rights under any of the GHX Agreements between the Debtors and GHX, in addition to the User Agreement.

      *a.    The system-wide User Agreement and any other relevant GHX Agreements must be assumed by all contracting Debtors in their entirety.*

5.      An executory contract must be assumed or rejected in its entirety. *See* 11 U.S.C. § 365(f); *see also Anytime Fitness, L.L.C. v. Thornhill Bros. Fitness, L.L.C. (In re Thornhill Bros. Fitness, L.L.C.),* 85 F.4th 321, 325-26 (5th Cir. 2023). Where an executory contract contains several agreements, the debtor may not choose to reject some agreements within the contract and not others. *Id*. A debtor cannot use section 365 to create a different deal than the one it had originally. *Id*. Here, the User Agreement constitutes a single agreement between GHX and multiple Debtor and non-debtor affiliates, not just with any one hospital. If the Debtors seek to assume and assign the User Agreement or any other applicable GHX Agreements in connection with the sale of any hospitals, they must do so for all of their affiliates who are identified as parties under the User Agreement or other GHX Agreement, and in their entirety.

      *b.    All defaults under applicable GHX Agreements must be cured.*

6.      A debtor must cure any existing defaults under an executory contract prior to assumption. *See* 11 U.S.C. § 365(b)(1); *see also Thornhill Bros. Fitness*, 85 F.4th at 325. GHX continues to reconcile the amounts due from the Debtors, but at present, the Debtors owe GHX in excess of $750,000 as of the petition date, and amounts continue to accrue (pro-rated daily). Each Debtor affiliate is jointly and severally liable for the amounts owed under the User Agreement.

      *c.    GHX must receive adequate assurance of future performance.*

7.      If the Debtors propose to assume and assign the User Agreement or any of the GHX Agreements, they are required to provide adequate assurance of future performance. *See* 11 U.S.C. § 365(b)(i)(C). The Debtors have not disclosed any buyer or whether any GHX Agreements are proposed to be assumed and assigned, and GHX thus has not received any information or assurance

regarding the financial wherewithal of any buyer and its ability to perform under the terms of the User Agreement or any other GHX Agreements the buyer may seek to assume. Until such information is provided, GHX objects to the assumption of any GHX Agreements.

### d. *Assignment of licenses in GHX Agreements are subject to GHX's consent.*

8. Section 365(c)(1) provides that an executory contract may not be assumed or assigned "if applicable law excuses the [creditor] from accepting performance from an assignee and if the [creditor] does not consent to assignment." *Pension Benefit Guaranty Corp. v. Braniff Airways, Inc. (In re Braniff Airways)*, 700 F.2d 935, 943 (5th Cir. 1983). A debtor may not assume and assign a non-exclusive license without the licensor's consent—the right to use the intellectual property under a non-exclusive license is personal to the licensee. Here, the User Agreement contains a non-exclusive license of GHX's intellectual property to the applicable Debtor affiliates. The intellectual property is embedded in "the Exchange" (as defined in the User Agreement) which provides the functionality for the Services received by the Debtors. Accordingly, the User Agreement cannot be assumed or assigned unless GHX consents.

## RESERVATION OF RIGHTS

9. GHX reserves all rights as to any proposed sale by the Debtors, including with respect to the proposed assumption, or proposed assumption and assignment, of any executory contracts between the parties that Debtors may propose to assume, and GHX reserves the right to amend, modify, or supplement this Limited Objection at any time. Nothing in this Limited Objection constitutes a waiver by GHX of its rights under the Bankruptcy Code and Rules, or applicable non-bankruptcy law, or any of GHX's procedural, substantive, or other rights, privileges, and remedies in connection with the GHX Agreements, all of which are reserved.

## **CONCLUSION**

10.    GHX respectfully requests that any order granting the Sale Motion and approving the sale of any of the Debtors' affiliate hospitals (a) contain a reservation of GHX's rights under the GHX Agreements and the Bankruptcy Code as set forth in this Limited Objection, (b) require the Debtors to satisfy their obligations under any GHX Agreements and the Bankruptcy Code in connection with any assumption and assignment of any GHX Agreement, and (c) grant GHX such other and further relief as this Court deems necessary and appropriate.

Dated: February 6, 2025

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ John D. Cornwell*
John D. Cornwell
Texas Bar No. 24050450
700 Milam Street, Suite 800
Houston, TX 77002
Telephone: (713) 222-1470
jcornwell@munsch.com

-and-

**HOLLAND & HART LLP**
Matthew J. Ochs (admitted *pro hac vice*)
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

***Counsel for Global Healthcare Exchange, LLC***

## CERTIFICATE OF SERVICE

I certify that on February 6, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for United States Bankruptcy Court for the Northern District of Texas.

>*/s/ John D. Cornwell*
> John D. Cornwell

4936-7314-3575v.3