Bradley C. Knapp (Bar No. 24060101)
**TROUTMAN PEPPER LOCKE LLP**
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Email: brad.knapp@troutman.com

*Counsel for Associates in Anesthesia, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PROSPECT MEDICAL HOLDINGS, ) | Case No. 25-80002 (SGJ) |
| INC., *et al.*,[1] ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

**OBJECTION AND RESERVATION OF RIGHTS OF ASSOCIATES IN ANESTHESIA, INC. TO (1) DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING AND AUTHORIZING (A) THE ASSET PURCHASE AGREEMENT AND THE PRIVATE SALE OF THE PENNSYLVANIA HOSPITALS FREE AND CLEAR OF INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) THE 9019 SETTLEMENT BY AND AMONG THE DEBTORS, THE PENNSYLVANIA ATTORNEY GENERAL, SAMUEL LEE, AND DAVID TOPPER, PURSUANT TO BANKRUPTCY RULE 9019; AND (II) GRANTING RELATED RELIEF AND (2) STIPULATION AND AGREED ORDER AUTHORIZING THE DEBTORS TO ENTER INTO THE RECEIVER AGREEMENT WITH THE COMMONWEALTH OF PENNSYLVANIA AND THE ATTORNEY GENERAL'S OFFICE FOR THE COMMONWEALTH OF PENNSYLVANIA**

Associates in Anesthesia, Inc. ("**Associates**"), by and through its undersigned counsel, hereby files this limited objection (the "**Objection**") to the *Debtors' Emergency Motion for Entry of an Order (I) Approving and Authorizing (A) the Asset Purchase Agreement and the Private Sale of the Pennsylvania Hospitals Free and Clear of Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Settlement by and Among the Debtors,*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3284 Hughes Ave., Culver City, CA 90232.

*the Pennsylvania Attorney General, Samuel Lee, and David Topper, Pursuant to Bankruptcy Rule 9019; and (II) Granting Related Relief* [D.I. 332] (the "**Emergency Sale Motion**") and the *Stipulation and Agreed Order Authorizing the Debtors to Enter into the Receiver Agreement with the Commonwealth of Pennsylvania and the Attorney General's Office for the Commonwealth of Pennsylvania* [D.I. 429] (the "**Stipulation**"). In support of this Objection, Associates respectfully states the following:

## PRELIMINARY STATEMENT

Less than a week ago, the Debtors indicated that they had identified a potential, not for profit buyer for the Pennsylvania Hospitals (as defined below). While the proposed sale process was on an extremely expedited timeframe, it appeared to follow the typical framework under Sections 363 and 365 of the Bankruptcy Code and provide creditors and contract counterparties the safeguards afforded under provisions of the Bankruptcy Code. Leading up to the proposed sale hearing, Associates had no information about this potential buyer or the proposed treatment of its contract. Then, in the early morning hours of February 6, 2025, the situation appears to have further deteriorated. Now it seems there is no buyer, but rather FTI Consulting, Inc., will be acting as a receiver for the Pennsylvania Hospitals in conjunction with the Commonwealth of Pennsylvania. (*See* D.I. 429). With this shape shift, it appears that the hospitals are one degree removed from shutdown. Based on the language of the Stipulation, the Debtors seek to have Associates and other critical providers keep the Pennsylvania Hospitals running without (i) payment of any pre-petition obligations under the approved critical vendor motion or (ii) any financial commitment that go-forward services will be paid by the proposed receiver, the Commonwealth of Pennsylvania, or the Debtors' estates. Indeed, the Debtors have made it clear they no longer have cash to fund the Pennsylvania Hospitals losses, and the Stipulation contains no specific dollar commitments from the Commonwealth of Pennsylvania. For these reasons,

307784926v.7

Associates files this limited objection and reservation of rights to preserve its rights and remedies under the Agreement (as defined below) and appliable law.

## BACKGROUND

1.    The Debtors commenced these bankruptcy cases under chapter 11 of the Bankruptcy Code on January 11, 2025 (the "**Petition Date**"). As of the Petition Date, the Debtors owned and/or were operating 16 hospitals in four states.

2.    Both prior and subsequent to the Petition Date, Associates has provided vital anesthesiology services to the Debtors' Pennsylvania Hospitals (as defined in the Emergency Sale Motion) pursuant to that certain Anesthesiology Group Services Professional Services Agreement, dated as of November 1, 2021, by and between Associates and Debtors Prospect CCMC, LLC and Prospect DCMH, LLC (the "**Agreement**").

3.    The Debtors are currently over $1.2 million in arrears for anesthesiology staff and related services provided by Associates pursuant to the Agreement.

4.    The Debtors filed the Emergency Sale Motion on January 31, 2025. In the Emergency Sale Motion, the Debtors seek approval of an expedited private sale of the Pennsylvania Hospitals to an unnamed non-profit entity formed for this purpose. Emergency Sale Motion, p. 6.

5.    The asset purchase agreement (the "**APA**") for the sale of the Pennsylvania Hospitals was not filed with the Emergency Sale Motion. Additionally, the Debtors' Potential Assumption and Assignment Notice (as defined in the Emergency Sale Motion) does not include the schedule of executory contracts to be assumed and assigned, nor does the Emergency Sale Motion include the form of proposed sale order. Emergency Sale Motion, Exhibit D.

6.    Additionally, the Debtors filed the *Stipulation and Agreed Order Authorizing the Debtors to Enter into the Receiver Agreement with the Commonwealth of Pennsylvania and the*

*Attorney General's Office for the Commonwealth of Pennsylvania* [D.I. 429] late in the evening of February 5, 2025 (the "**Stipulation**"). Under the Stipulation, FTI Consulting, Inc. (the "**Receiver**") would take over operation of the Pennsylvania Hospitals. Stipulation, p. 3. Additionally, the Receiver would not take over any obligations of the Debtors and would not have "responsibility for any liens, interests or claims of the Debtors or their estate arising before the Receiver Appointment Date." *Id.*

7. At the Debtors' request, the Court has scheduled an emergency hearing on the Emergency Sale Motion on February 6, 2025, at 2:30 p.m. CST.

## **OBJECTION AND RESERVATION OF RIGHTS**

8. Through the Emergency Motion, Debtors seek to transfer the Pennsylvania Hospitals to an undisclosed new operator, on undisclosed terms, and without any detail as to the effect of the transfer on third parties, including Associates.

9. As an anesthesiology provider to the Pennsylvania Hospitals, Associates represents a critical vendor of the Debtors. However, Associates cannot be sure where it stands because the Debtors have not filed an APA or disclosed any other details pertaining to the sale of the Pennsylvania Hospitals. It is not clear whether the Debtors seek to affect the rights and claims of Associates via the Emergency Sale Motion or the Potential Assumption and Assignment Notice.

10. However, Associates notes that the proposed sale process under the Emergency Motion, although expedited, appeared to follow Sections 363 and 365 of the Bankruptcy Code regarding the assumption, rejection and cure of executory contracts. Emergency Motion, pp. 21-24.

11. Associates is concerned that the filing of the Stipulation and the appointment of the Receiver have further obfuscated the status of the sale process and that Associates and other critical vendors will be expected to keep the Pennsylvania Hospitals running without a clear source of

payment. Additionally, the Stipulation does not state whether there is still a third-party not-for-profit buyer or whether any of the executory contracts will be assumed by the Receiver. The Stipulation and appointment of the Receiver have put Associates and other contract counterparties in a precarious financial position.

12. Consequently, Associates files this Objection to preserve its rights, claims, and interests with respect to the Debtors, the potential, undisclosed purchaser, and the Receiver.

13. Associates reserves all rights pending a full disclosure of the terms of the proposed transaction and the full relief sought to allow Associates to review and confirm that the proposed transaction does not prejudice Associates' rights.

14. Associates reserves all rights, including the right to argue whether the Agreement is subject to rejection, assumption, or assumption and assignment under Section 365 of the Bankruptcy Code as it relates to the Pennsylvania Hospitals.

15. In the event that the Agreement is designated for assumption and assignment in connection with the proposed sale of the Pennsylvania Hospitals, Associates reserves all rights in connection with the cure amount necessary under Section 365(b) of the Bankruptcy Code to assume or assume and assign the Agreement.

16. Associates likewise reserves the right to demand adequate assurance of future performance by the as yet unknown assignee in the event that the Agreement is designated for assumption and assignment in connection with the sale of the Pennsylvania Hospitals, as it is currently uncertain whether the buyer would be capable of performing under the terms of the Agreement.

17. Associates reserves all rights to update this Objection and reservation of rights, including, but not limited to, in response to the filing of the APA.

307784926v.7

## CONCLUSION

WHEREFORE, Associates objects and reserves all rights as set forth herein and respectfully requests that (i) any order approving the sale of the Pennsylvania Hospitals reflect a reservation of rights of Associates as may be appropriate pursuant to this Objection, and (ii) that the Court grant such other and further relief as it may deem just and appropriate under the circumstances.

Dated:  February 6, 2025                **TROUTMAN PEPPER LOCKE LLP**

 */s/ Bradley C. Knapp*
Bradley C. Knapp (TX ID No. 24060101)
601 Poydras Street
Suite 2660
New Orleans, LA 70130
Tel: (504) 558-5210
Fax: (504) 558-5200
Email: brad.knapp@troutman.com

*- and –*

David L. Swanson (TX ID No. 19554625)
Troutman Pepper Locke LLP
2200 Ross Avenue Suite 2800
Dallas, TX 75201
Tel: (214) 740-8514
Fax: (214) 740-8800
Email: david.swanson@troutman.com

- and –

Matthew R. Brooks (*pro hac vice* pending)
875 Third Avenue
New York, NY 10022
Tel: (212) 704-6047
Fax: (212 704-6288
Email: matthew.brooks@troutman.com

*Counsel for Associates in Anesthesia, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2025, a true and correct copy of the foregoing Objection was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case.

>　　　　　　　　　　　　　　*/s/ Bradley C. Knapp*
>　　　　　　　　　　　　　　Bradley C. Knapp

307784926v.7