Jeffrey Rosenthal
MANDELBAUM BARRETT PC
3 Becker Farm Road Suite 105
Roseland, NJ 07068
Phone: (973)-396-8378
jrosenthal@mblawfirm.com

J. Brian Vanderwoude
Texas Bar No. 24047558
Dorsey & Whitney LLP
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 953-9900 Phone
(214) 953-9901 Facsimile
vanderwoude.brian@drosey.com

Attorneys for Jones Medical Building LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered) |

## MOTION OF JONES MEDICAL BUILDING LLC FOR
## AN ORDER COMPELLING IMMEDIATE PAYMENT
## OF POST-PETITION RENT PURSUANT TO 11 U.S.C. §365(d)(3)

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON MARCH 17, 2025, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

**MOTION OF JONES MEDICAL BUILDING LLC FOR AN ORDER COMPELLING IMMEDIATE PAYMENT OF POST-PETITION RENT PURSUANT TO 11 U.S.C. §365(D)(3) – PAGE 1**

Jones Medical Building LLC ("**Jones Medical Building**"), by and through its counsel, hereby moves this Court for an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), compelling the immediate payment of post-petition rent (Stub Rent) in accordance with section 365(d)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

## JURISDICTION

1. The United States Bankruptcy Court for the Northern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested in this Motion are sections 361, 363(e), 365(d)(3), 503(b), and 1112(b) of the Bankruptcy Code.

3. The Jones Medical Building confirms its consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**A. The Lease with Jones Medical Building**

4. On March 21, 2013, Prospect CCMC, LLC ("**Prospect**" or the "**Debtor**") entered into a lease with Jones Medical Building, as amended by the Amendment of Lease dated as of April 30, 2013, the COVID-19 Interim Rent Relief Lease Amendment dated as of April 21, 2020, and the Omnibus Lease Amendment dated March 1, 2024 (collectively, the "**Lease**") in connection

with the property located at 1 Bartol Avenue, Delaware County, Pennsylvania (the "**Property**"). Under the Lease, Jones Medical Building is the Landlord and Prospect is the Tenant.

5. Since the Petition Date, Prospect has continued to occupy and receive benefits from use of the Property. However, the pre-petition base rent has not been paid under the Lease from the period of December 1, 2024, through the Petition Date, and neither has the post-petition rent from the Petition Date through January 31, 2025.

6. The initial monthly base rent under the Lease is $51,832.00 plus additional amounts due under the Lease, which amount is not contingent, unliquidated, or disputed by the Debtors.

**B. The Debtors' Chapter 11 Cases**

7. On January 11, 2025 (the "**Petition Date**"), Prospect Medical Holdings, Inc., and their affiliated Debtors (the "**Prospect**") filed a voluntary petition for relief under chapter 11 title 11 of the United State Code, 11 U.S.C. §§101-1532 (the "**Bankruptcy Code**") with this Court, thereby commencing these Chapter 11 cases (the "**Chapter 11 Cases**").

8. The Debtors and their non-Debtor affiliates are providers of coordinated regional healthcare service in Pennsylvania, California, Connecticut, and Rhode Island.

9. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**C. The Post-Petition Rent (Stub Rent) Currently Due and Owing**

10. The Debtors have not paid rent under the Lease for the period from the Petition Date through January 31, 2025, in the amount of $33,440.00 (the "**Stub Rent**").

11. The failure of the Debtors to pay post-petition rent compels Jones Medical Building to file this Motion. Accordingly, the Debtors currently owe no less than $33,440.00 from the

Petition the Date through the date of the Objection (the "**Post Petition Rent**"). There are also undetermined amounts due for taxes and electricity for bills that have not yet been received.

## LEGAL ARGUMENT

I. **THE COURT SHOULD COMPEL THE IMMEDIATE PAYMENT OF STUB RENT**

    A. **The Jones Medical Building is Entitled to the Immediate Payment of the Stub Rent**

12. From the Petition Date through the date of this Motion, the Debtors have enjoyed the use and benefit of the Property (and will continue to enjoy the use and benefit of these premises through the date of any assumption, or assumption and assignment, or rejection of the applicable lease). Therefore, Jones Medical Building is entitled to immediate payment of all outstanding Post-Petition Rent including management fees, late fees, and any other obligations provided for in the Lease.

13. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) if this title.

14. This Post-Petition Rent calculation does not necessarily reflect the actual Post-Petition Rent - namely, the amount currently due and owing to the Jones Medical Building, or which may become due to the Jones Medical Building, or which may remain unpaid, as of the effective date of any assumption, or assumption and assignment, or rejection of the Lease.

15. Congress specifically chose to protect real property lessors because "[u]nlike other creditors who could simply choose to stop doing business with the debtor post-petition, landlords were stuck with the debtor while it decided whether to assume or reject the lease, during which time

the debtor was not paying rent and the landlord could not re-let the space." *In re Imperial Beverage Group, LLC*, 457 B.R. 490, 497 (Bankr. N.D. Tex. 2011). Thus, the clear intent of intent of section 365(d)(3) is "to assure that landlords not be compelled to furnish current services without being compensated on a current basis." *In re Food City, Inc.*, 95 B.R. 451, 455 (Bankr. W.D. Tex. 1988).

16. Accordingly, section 365(d)(3) requires a debtor to pay lease obligations as they come due, thereby balancing the debtor's decision to retain the leasehold, and the captive landlord's inability to evict the debtor during the section 365(d)(4) period. *See Montgomery Ward*, 268 F.3d at 209 (holding that Congress, in adopting § 365(d)(3), intended a debtor to perform all leasehold obligations as they came due); *El Paso Props. Corp. v. Gonzalez (In re Furr's Supermarkets, Inc.)*, 283 B.R. 60, 69 (Bankr. 10th Cir. 2002).

17. It is also well established that "counterparties are entitled to an administrative claim when obligations under § 365(d)(5) are not performed." *In re Erin Energy Corp.*, No. 18-32106, 2024 WL 3616731, at *4 (Bankr. S.D. Tex. July 31, 2024) (citing *In re Bella Logistics LLC*, 583 B.R. 674, 677-82 (Bankr. W.D. Tex. 2018). As a result, "a lessor has an administrative expense claim for unpaid post-petition lease obligations that occur before the lease is rejected, either by the trustee, or due to the time limitations of § 365(d)(4), and a landlord need not establish its claim for administrative status under section 503(b)(1)(A)." *In re Amber's Stores, Inc.*, 193 B.R. 819, 825 (Bankr. N.D. Tex. 1996). Hence, "[i]n order to qualify as an 'actual and necessary cost under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the Trustee that benefitted the estate." *In re Jack/Wade Drilling, Inc.,* 258 F.3d 385, 387 (5th Cir. 2001) (internal citation omitted). The fact that Debtor occupied the leasehold is sufficient to establish that payment for such occupancy is a necessary and actual expense of preserving the Debtor's estate.

*In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 614 (Bankr. D. Del. 2008) (citing *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990)).

18. There is no dispute that the Debtors have not complied with section 365(d)(3), and that they have failed to pay the Jones Medical Building, the Post-Petition Rent that is due and owing pursuant to the terms of the Lease. This is the involuntary creditor situation that section 365(d)(3) was intended to prevent. Thus, the Jones Medical Building respectfully requests an order compelling the Debtors not only to make immediate payment of the Post-Petition Rent obligations, but also to make all future post-petition rental obligations that will become due and owing to the Jones Medical Building, pursuant to section 365(d)(3) through the date of any assumption, or assumption and assignment, or rejection of the Lease.

B. **The Jones Medical Building is Entitled to Recover Late Fees and Interest under Section 365(d)(3) of the Bankruptcy Code**

19. Paragraph 11 of the Lease provides that Prospect is to indemnify "defend and save the Landlord harmless from all claims and liability for losses of or damage to property…." Additionally, pursuant to Paragraph 6, Section 4 of the Lease, Prospect is required to pay as Additional Rent all reasonable attorney's fees, late charges, damage charges and all other expenses incurred by Jones Medical Building in enforcing any of the obligations under this Lease.

20. Accordingly, because the Post Petition Rent described herein is required to be paid pursuant to section 365(d)(3), the Jones Medical Building respectfully requests an order compelling the Debtors to immediately pay the Post-Petition Rent, plus interest, late charges provided for in the Lease associated with preparing and prosecuting this Motion.

### C. The Jones Medical Building is Entitled to Adequate Protection in the Form of Immediate Payment under Section 361 and Section 363(e) of the Bankruptcy Code

21. In addition, the Jones Medical Building is entitled to adequate protection under sections 361 and 363(e) of the Bankruptcy Code due to Prospect's continuing use of the Property. 11 U.S.C. §§ 361; 363(e). Section 363(e) of the Bankruptcy Code provides, in pertinent part, that:

> [A]t any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

22. As such, real property lessors are entitled to adequate protection. *See, e.g., Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 783 F.2d 1283, 1286-87 (5th Cir. 1986) (recognizing landlord's right to adequate protection); *P.J. Clarke's Restaurant*, 265 B.R. at 404 (noting that a "landlord's right to adequate protection seems to follow clearly from the language of § 363(e) . . . ."); *In re Ernst Home Ctr., Inc.*, 209 B.R. 955, 966 (Bankr. W.D. Wash. 1997) (real property lessors have the right to request adequate protection). Moreover, section 363(p)(1) places the burden of proving adequate protection on the Debtor. Critically, the mere allowance of an administrative priority claim for unpaid post-petition rent and charges *cannot constitute adequate protection* under the plain language of section 361(3). 11 U.S.C. § 361(3) ("When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by granting such other relief, *other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense . . . .*" (emphasis added)). Accordingly, this Court should order Debtors to make timely cash payments of accruing Post-Petition Rent, including management fees, late fees, and any other obligations provided for in the Lease as well as to provide the Jones Medical

**MOTION OF JONES MEDICAL BUILDING LLC FOR AN ORDER COMPELLING IMMEDIATE PAYMENT OF POST-PETITION RENT PURSUANT TO 11 U.S.C. §365(D)(3) – PAGE 7**

Building with expedited relief on five (5) days' notice to the Court and the Debtors in the event timely payments are not made as required by section 365(d)(3) of the Bankruptcy Code.

## CONCLUSION

**WHEREFORE,** the Jones Medical Building respectfully requests that the Court enter an order:

(i)(a) directing the Debtors to immediately pay all outstanding amounts due and owing to the Jones Medical Building, including the payment of Post-Petition Rent, as well as management fees, late fees, and any other obligations provided for in the Lease; and

(b) providing the Jones Medical Building with adequate protection in the form of Prospect's performance of its lease obligations regarding the Property including the timely cash payments provided for in the Lease and provide the Jones Medical Building with expedited relief on five (5) days' notice to the Court and the Debtors in the event timely payments are not made as required by section 365(d)(3) of the Bankruptcy Code; or, in the alternative,

(ii) granting such other and further relief to the Jones Medical Building as is just and proper.

Dated: February 24, 2025.

Respectfully submitted,

*/s/ Jeffrey Rosenthal*
Jeffrey Rosenthal
**MANDELBAUM BARRETT PC**
3 Becker Farm Road Suite 105
Roseland, NJ 07068
Phone: (973)-396-8378
Email: jrosenthal@mblawfirm.com

J. Brian Vanderwoude
Texas Bar No. 24047558
Dorsey & Whitney LLP
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile
vanderwoude.brian@dorsey.com

*Attorneys for Jones Medical Building LLC*