**GREENBERG TRAURIG, LLP**

| | |
|---|---|
| Jared Robert Weir (SBN 24075253) | Nancy A. Peterman (admitted *pro hac vice*) |
| 2200 Ross Avenue, Suite 5200 | 77 West Wacker Drive, Suite 3100 |
| Dallas, Texas 75201 | Chicago, Illinois 60601 |
| Telephone: (214) 665-3600 | Telephone: (312) 456-8400 |
| Facsimile: (214) 665-3601 | Facsimile: (312) 456-8435 |
| Email: Jared.Weir@gtlaw.com | Email: PetermanN@gtlaw.com |

*Proposed Counsel to Suzanne A. Koenig,*
*in her capacity as Patient Care Ombudsman*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

## EMERGENCY MOTION FOR STATUS CONFERENCE
## REGARDING THE PENNSYLVANIA HOSPITALS

Suzanne A. Koenig, solely in her capacity as the Patient Care Ombudsman (the "Ombudsman") for the sixteen (16) acute care and behavioral hospitals (collectively, the "Hospitals") that are part of the chapter 11 cases of Prospect Medical Holdings, Inc. (collectively, the "Debtors"), files this *Emergency Motion for Status Conference Regarding the Pennsylvania Hospitals* (the "Emergency Motion"). In support of this Emergency Motion, the Ombudsman respectfully represents as follows:

1. Pursuant to Section 333(b)(3) of the Bankruptcy Code, if the Ombudsman determines that the quality of patient care provided to patients of the Debtors "is declining significantly or *is otherwise being materially compromised,*" the Ombudsman shall file a motion

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

with notice to the parties in interest immediately upon making such determination. 11 U.S.C. § 333(b)(3) (emphasis added). Here, the Ombudsman is seeking an emergency status conference due to concerns that patient care may be materially compromised at the Pennsylvania hospitals based on developments that were not disclosed to the Court during the March 19, 2025 status conference and developments that appear to have occurred prior to, during and immediately after that status conference. The Ombudsman is concerned, given these events, that the Pennsylvania hospitals are at risk of closure in the very near term.

2. Specifically, the following events occurred prior to, during and immediately after the March 19th status conference before this Court, during which the Debtors and the Office of the Attorney General for the Commonwealth of Pennsylvania provided the Court with an update on discussions regarding a long-term solution to keep the Pennsylvania hospitals open and counsel for The Foundation for Delaware County (the "Foundation") provided comments suggesting that progress was being made:

- At 10:20 a.m. (prevailing Eastern Time) on March 19, 2025, a complaint was filed in the Court of Common Pleas of Delaware County, Pennsylvania (the "State Court") by Donald Delson, a donor, against the Foundation seeking an injunction preventing the Foundation from transferring any funds to the Debtors and other persons. A copy of the complaint is attached hereto as **Exhibit B**.

- Upon information and belief, Mr. Delson is a board member of the Foundation.

- Upon information and belief, counsel to Mr. Delson is a board member of the Foundation.

- In the complaint, Mr. Delson stated that he donated money to the Foundation with the specific condition and/or expectation that such money be used solely in furtherance of the Foundation's stated charitable purposes. Based on public filings

2

only approximately $2.4 to $2.5 million of the donations received by the Foundation are restricted. *See* Form 990 attached hereto as **Exhibit C**.

- At 10:30 a.m. (prevailing Eastern Time) on March 19, 2025 (*i.e.*, only ten minutes after the complaint was filed), an answer was filed by attorney Rocco P. Imperatrice, III, on behalf of the Foundation, admitting all allegations in the complaint. A copy of this answer is attached hereto as **Exhibit D**, and a copy of the State Court docket is attached hereto as **Exhibit E**. Mr. Imperatrice attended the Sunday, March 9th in-person negotiation session ordered by this Court and held in Pennsylvania and was an active participant in that negotiation session representing the Foundation.

- Sometime before 3:31 p.m. (prevailing Eastern Time) on March 19, 2025, the State Court entered a Judgment Order that permanently enjoined the Foundation "from transferring any funds to Prospect Medical Holdings, Inc., Prospect Crozer, LLC, any Prospect-related entity, FTI Consulting, Inc. or *to any other entity for the operation of any hospital or hospital services, or for supplies and/or any other related expense is contrary to and violates the terms of Plaintiff's conditional donation*." This Judgment Order references a joint motion for judgment on the pleadings by the Plaintiff, Donald Delson, and the Defendant, the Foundation, which is not found on the docket.

- In accordance with the Judgment Order, the Foundation's bankruptcy counsel filed that Judgement Order with the Bankruptcy Court on March 19, 2025. S*ee* Bankruptcy Court Docket No. 1253.[2]

---

[2] Given the injunction's impact on the Debtors and the Pennsylvania hospitals, query whether a stay violation has occurred and whether the Judgment Order is void.

3

ACTIVE 708848394v1

3. The Ombudsman brings these issues to the Court's attention given that there appears to be gamesmanship occurring with respect to the Pennsylvania hospitals – hospitals that provide critical care to their communities and if closed, will have a direct impact on the access to patient care in those communities. It is disappointing that these events were occurring during today's hearing and were disclosed through a notice filed with the Court.

4. Given that the Pennsylvania hospitals' survival is now in question, the Ombudsman respectfully requests that (a) the Court set an emergency status conference regarding the Pennsylvania hospitals as soon as possible and (b) require that all parties involved appear before this Court to provide an update – specifically (i) Mr. Delson and his counsel, (ii) the Foundation, including Frances Sheehan, the president, and the Foundation's counsel Mr. Imperatrice and Mr. Cousins, (iii) the Debtors and their counsel, (iv) counsel to the Pennsylvania Attorney General, and (v) the Ombudsman and her counsel.

## BASIS FOR EMERGENCY RELIEF

5. Rule 9006 of the Bankruptcy Rules provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Additionally, section 105(a) of the Bankruptcy Code provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6. The exigencies of this matter justify considering approval of this Emergency Motion on an emergency basis. The Ombudsman is concerned that the closure of the Pennsylvania hospitals could begin in the next few days. Not only would their closure have a devasting impact on the surrounding communities, but worse, a sudden and unorderly closure of these hospitals

would be catastrophic to patient safety and care. Based on the foregoing, the Ombudsman believes the circumstances require scheduling a status conference on an emergency basis.

## CONCLUSION

**WHEREFORE**, based upon the foregoing, the Ombudsman respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, (a) setting an emergency status conference to be attended by the parties set forth in Paragraph 4 of the Emergency Motion; and (b) granting such other and further relief as this Court may deem just and proper.

Date:  March 19, 2025
       Dallas, Texas

By: */s/ Jared R. Weir*
Jared R. Weir (SBN 24075253)
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: Jared.Weir@gtlaw.com

– and –

Nancy A. Peterman (admitted *pro hac vice*)
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: PetermanN@gtlaw.com

***Proposed Counsel for Suzanne A. Koenig, in her capacity as the Patient Care Ombudsman***

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

By: */s/ Jared R. Weir*
Jared R. Weir