SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
Email:  tom.califano@sidley.com
            rpatel@sidley.com

SIDLEY AUSTIN LLP
William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:  wcurtin@sidley.com
            pventer@sidley.com
            anne.wallice@sidley.com

*Attorneys for the Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR
ENTRY OF AN ORDER EXTENDING THE
DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov no more than twenty-four (24) days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (24) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on the matters set forth in this motion on May 8, 2025, at 2:30 p.m. prevailing Central Time in Courtroom #1, 14th Floor, Earle Cabell Federal Building, 1100 Commerce Street, Suite 1254, Dallas, Texas 75242.**
>
> **You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at 650.479.3207. The meeting code is 2304 154 2638. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page. Click the settings icon in the upper right corner and enter your name under the personal information setting. WebEx hearing instructions may be obtained from Judge Jernigan's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/chief-judgejernigans-hearing-dates.**
>
> **Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance , click the "Electronic Appearance" link on Judge Jernigan's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases, file this motion (this "<u>Motion</u>"). In support of this Motion, the Debtors state as follows:

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order*, *substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"), granting the Debtors a ninety (90)-day extension, through and including August 11, 2025, [2] of the deadline for the Debtors to assume or reject each of the leases, subleases, and other agreements under which any of the Debtors is a lessee and that may be considered unexpired leases of non-residential real property under applicable law (collectively, the "<u>Real Property Leases</u>").

---

[2] Ninety days from May 12, 2025 is Sunday, August 10, 2025. Pursuant to Bankruptcy Rule 9006, the Debtors request Monday, August 11, 2025 as the new lease assumption and rejection deadline.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested in this Motion are sections 105(a) and 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 7007-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules"), and the Procedures for Complex Cases in the Northern District of Texa*s* (the "Complex Case Procedures").[3]

4. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. The Debtors and their non-Debtor affiliates (collectively, the "Company") are significant providers of coordinated regional healthcare services in California, Connecticut,

---

[3] Section N of the Complex Case Procedures (as defined below) provides that, unless otherwise specified in the Bankruptcy Code, Bankruptcy Rules, Local Rules, or Court order, the time for taking any action before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, or Local Rules is automatically extended until the Court rules on the motion. Such automatic extension under Section N does not require the issuance or entry of an order extending the time. The hearing on this Motion is set for May 8, 2025, four days prior to the expiration of the Lease Assumption and Rejection Periods on May 12, 2025. In the case of such hearing being adjourned, Section N shall bridge the Lease Assumption and Rejection Periods until the Court can provide ruling on this Motion.

3

Pennsylvania, and Rhode Island. The Company's business can be broadly divided into two segments: (1) hospital operations, which consist of, among other things, the ownership and operation of 16 acute care and behavioral hospitals, providing a wide range of inpatient and outpatient services spanning multiple states, and (2) physician-related services, including (a) certain owned and managed medical groups, independent physician associations, managed services organizations and risk taking entities, (b) Prospect Health Plan, Inc., a Knox-Keene licensed entity, and (c) one licensed acute hospital operating as Foothill Regional Medical Center (collectively, "PhysicianCo"). ***The PhysicianCo entities are not Debtors in these chapter 11 cases***.

6. Beginning on January 11, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases. On January 29, 2025, the Office of the United States Trustee appointed the Official Unsecured Creditors' Committee [Docket No. 295] (the "Committee").

7. A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Paul Rundell in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 41] (the "First Day Declaration").[4]

8. On March 19, 2025, the Debtors filed the *Notice of Filing of Revised Bidding Procedures Order* [Docket No. 1236], which included the revised bidding procedures (the "Bid

---

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

4

Procedures"). On March 19, 2025 the Court entered the *Order (I)(A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Selection of Stalking Horse Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling Auction(s) and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, (II)(A) Authorizing the Sale of the Assets Free and Clear of All Encumbrances, and (B) Approving the Assumption and Assignment of the Assumed Contracts, and (III) Granting Related Relief* [Docket No. 1264] (the "Bid Procedures Order").

9. Pursuant to the Bid Procedures, the Debtors received approval from the Court for an orderly process to market and sell the California and Connecticut Assets.[5] The deadline for the Stalking Horse Agreements is on May 15, 2025. Bids, as they relate to both the CA Sale Transaction and the CT Sale Transaction, must be received by late May 2025. The Debtors plan to hold an Auction not later than June 3, 2025, and conduct a Sale Hearing on June 5, 2025. As such, the Debtors anticipate that the CA Sale Transaction and CT Sale Transaction will close after May 12, 2025, the current deadline by the Debtors must elect to either assume or reject the Real Property Leases.

10. In addition to the above-mentioned sales of the California and Connecticut assets, the Debtors prior filed, on February 12, 2025, the *Debtors' Motion for Entry of an Order (I) Approving and Authorizing (A) Assumption of Purchase Agreement, Entry Into Releases on Behalf of the Sellers and their Affiliates, and Entry Into Transaction Documents, (B) Sale of Assets and Equity Interests Free and Clear of Interests, (C) Procedures Governing the Assumption and*

---

[5] Capitalized terms used in this paragraph but not defined herein shall have the meaning ascribed to such terms in the Bid Procedures [Docket No. 1236].

*Assignment of Certain Executory Contracts and Unexpired Leases, (D) Assignment of Certain Permits and Contracts; (II) Dismissing the PHS RI Chapter 11 Case Effective as of the Closing Date; and (III) Granting Related Relief* [Docket No. 590] (the "<u>Astrana Sale Motion</u>"), in which the Debtors seek approval of a private sale of certain Debtor assets, as more fully described in the Astrana Sale Motion, to Astrana Health, Inc.  The Astrana Sale Motion is set to be heard on April 30, 2025 at 1:30 p.m. (prevailing Central Time).

## BASIS FOR RELIEF

11. An unexpired lease of nonresidential property under which a debtor is the lessee deemed rejected if the debtor does not assume or reject such lease by the earlier of 120 days after the petition date or the date of an order confirming a plan.  11 U.S.C. § 365(d)(4)(A).  The Court may extend this period for an additional 90 days "for cause" and may grant subsequent extensions with the lessors consent.  *See id.* § 365(d)(4)(B); *Chapman Inv. Assocs. v. Am. Healthcare Mgmt. (In re Am. Healthcare Mgmt., Inc.)*, 900 F.2d 827, 830 (5th Cir. 1990) (noting that "upon adequate demonstration of cause, bankruptcy courts may grant lessees extensions of time in which to assume or reject").

12. The term "cause" is not defined in section 365(d)(4) of the Bankruptcy Code.  In determining whether cause exists for an extension of the section 365(d)(4) deadline, courts have considered several factors, including:  (i) whether the debtor is paying for the use of the property; (ii) whether the debtor's continued occupation could damage the lessors beyond compensation available to it under the Bankruptcy Code; (iii) whether the lease is the debtor's primary asset; (iv) whether the debtor has had sufficient time to formulate a plan of reorganization; (v) the complexity of the case facing the debtor; and (vi) the number of leases that the debtor must evaluate.  *See South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); *see also Vt. Partners, Ltd. v. Thaler (In re Poseidon Pool & Spa*

6

*Recreational, Inc.*), 377 B.R. 52, 61 (E.D.N.Y. 2007); *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987) (discussing factors relevant to consideration of "cause" to extend time under section 365(d)(4) of the Bankruptcy Code).

13. Here, cause exists to extend the deadline for the Debtors to assume or reject the Real Property Leases, as the foregoing factors weigh in favor of granting the requested extension. The Real Property Leases are vital assets of the Debtors, and the Debtors at this time are evaluating all Real Property Leases, not otherwise already rejected or assumed, on an ongoing basis. The Debtors have contemporaneously herewith filed a request of the Court to extend the exclusive periods for the filing and solicitation of a plan, and the Debtors are evaluating their assets, including the Real Property Leases, in terms of the formulation of a potential plan and any negotiations therewith.

14. Further, the Debtors' chapter 11 cases are complex and involve a large number of Real Property Leases. Because of the complexity of the cases, the Debtors have not had sufficient time to evaluate all of their unexpired leases of nonresidential real property and determine whether certain leases will be needed on a go-forward basis. The Debtors' chapter 11 cases have been pending for a little over three months, during which time the Debtors have worked diligently on a number of time-sensitive matters critical to the maximization of the Debtors' assets. The Debtors and their professionals have focused their attention on, among other things, stabilizing their business operations, preparing the schedules of assets and liabilities and statement of financial affairs for each of the Debtors, obtaining approval of the debtor-in-possession financing facilities, negotiating and obtaining approval of a global settlement with Medical Properties Trust, Inc., responding to the Committee's informal diligence requests and formal discovery requests,

attempting to stabilize operations in Pennsylvania in coordination with FTI Consulting, Inc. as receiver, and, importantly, the marketing and sale of the Debtors' assets.

15. The Debtors further submit that the rights of any party to the unexpired nonresidential real property leases will not be prejudiced by the requested extension. Instead of damaging the other parties to the leases, the Debtors' continued operations ensure that there is no disruption to the business of the other lease parties. The Debtors' sale efforts are designed to continue the operation of the assets in the ordinary course, which would inure to the benefit of the lessors subject to the section 365(d)(4) deadline extension. Any failure to grant the extension would require the rejection of these leases, which would inhibit the Debtors' ability to preserve the going concern value of the assets being sold and create negative consequences for the lessors. In addition, other than for those Pennsylvania entities for which the Debtors have been evaluating closure, rent has been timely paid, and will continue to be timely paid, during the extension period contemplated herein.

16. For the reasons set forth above, extending the deadline for the Debtors to assume or reject the Real Property Leases through and including August 11, 2025 is necessary, prudent, and in the best interests of the Debtors and their estates.

## **NOTICE**

17. Notice of this Motion has been provided by email, facsimile, or first class mail to: (a) the Complex Service List (as defined in the Creditor Matrix Order [Docket No. 123]);[6] and [(b)

---

[6] See *Order (I) Authorizing the Debtors to File (A) a Consolidated Creditor Matrix and (B) a Consolidated List of the 30 Largest Unsecured Creditors; (II) Authorizing (A) the Debtors to Redact Certain Personally Identifiable Information, and (B) the Implementation of Procedures to Protect Confidential Patient Information; (III) Establishing a Complex Service List; (IV) Approving Form and Manner of Notice of Commencement; and (V) Granting Related Relief* (the "Creditor Matrix Order").

applicable parties in interest for motion]. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PREVIOUS REQUEST**

18. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of the page intentionally left blank*]

WHEREFORE, the Debtors request entry of an order substantially in the form attached hereto granting the relief requested herein and granting such other relief as is just and proper.

Dated: April 12, 2025
Dallas, Texas

/s/ *Thomas R. Califano*
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:　(214) 981-3300
Facsimile:　(214) 981-3400
Email:　　　tom.califano@sidley.com
　　　　　　rpatel@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:　(212) 839-5300
Facsimile:　(212) 839-5599
Email:　　　wcurtin@sidley.com
　　　　　　pventer@sidley.com
　　　　　　anne.wallice@sidley.com

*Attorneys to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on April 12, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Thomas R. Califano*
Thomas R. Califano

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered)<br>Rel. to Dkt. No. [●] |

**ORDER EXTENDING THE
DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

Upon the motion ("Motion")[2] of Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") granting the Debtors an extension, through and including August 11, 2025, of the deadline for the Debtors to assume or reject the Real Property Leases, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the deadline for the Debtors to assume or reject any Real Property Leases is hereby extended through and including August 11, 2025.

3. This Order shall be without prejudice to the Debtors' rights to seek further extensions of the period to assume or reject unexpired leases with the consent of any affected lessors.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

6. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

8. This Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:     (214) 981-3300
Facsimile:      (214) 981-3400
Email:            tom.califano@sidley.com
                      rpatel@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839-5300
Facsimile:      (212) 839-5599
Email:            wcurtin@sidley.com
                      pventer@sidley.com
                      anne.wallice@sidley.com

*Attorneys to the Debtors*
*and Debtors in Possession*