**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al*.,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF
PAUL RUNDELL IN SUPPORT OF
THE DEBTORS' OBJECTION TO MOTION OF FIFTH THIRD SECURITIES, INC
FOR ADMINISTRATIVE EXPENSES CLAIM UNDER  11 U.S.C. § 503(b)**

I, Paul Rundell, pursuant to section 1746 of title 28 of the United States Code hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am the Chief Restructuring Officer of Prospect Medical Holdings, Inc. (together with its debtor affiliates in the above captioned chapter 11 cases as debtors and debtors in possession, the "Debtors" and, the Debtors and their non-Debtor affiliates, collectively, the "Company" or "Prospect") and a Managing Director of Alvarez & Marsal North America, LLC ("Alvarez & Marsal"), a turnaround management consulting firm.  I have served as the Chief Restructuring Officer of the Debtors since January 11, 2025.

2.      As Chief Restructuring Officer of the Debtors, I am familiar with and knowledgeable about the Debtors' day-to-day operations, business and financial affairs, and books and records, as well as the circumstances leading to the commencement of these Chapter 11 Cases (as defined below).

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.  The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

3.      Prior to the filing of these chapter 11 cases, in my capacity as Managing Director of Alvarez & Marsal, I acted as Financial Advisor to the Debtors.  I assumed that role in early October 2024.  As Financial Advisor, my duties were substantially similar to those I am now performing as Chief Restructuring Officer.

4.      I submit this declaration (this "Declaration") in support of the *Debtors' Objection to the Motion of Fifth Third Securities, Inc. For Allowance of Administrative Expense Claim under 11 USC §503(b)* (the "Objection"),[2] filed contemporaneously herewith.

5.      Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors, my opinion based on experience, knowledge, and information concerning the Debtors' operations and financial condition, or from my discussions with the Debtors' advisors.  If called upon to testify, I would and could testify competently to the facts set forth in this Declaration.

6.      The Debtors engaged Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as Investment Banker to the Debtors pursuant to application to employ filed in this case on January 29, 2025 [Docket no. 307].  That application was granted by the Court on February 19, 2025 [Docket No. 727].  As set forth in the application to employ Houlihan Lokey, Houlihan Lokey also acted as investment banker for the Debtors prepetition.  The scope of Houlihan Lokey's engagement included the sale of the Rhode Island hospitals.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Objection.

7.    I am familiar with the sale of the Debtors' Rhode Island hospitals to Centurion Foundation, Inc. ("Centurion") which sale was approved by this Court pursuant to Order entered on February 12, 2025 [Docket no. 606].

8.    As originally documented in the Asset Purchase Agreement dated November 18, 2022, between Prospect and Centurion the transaction contemplated therein could not be closed due to, among other things, numerous conditions imposed on the Seller by various regulatory agencies whose consent to and approval of the transaction was required.  These conditions required increasing liquidity, hiring additional staff, and improving hospital conditions, all of which required significant cash outlays that Prospect could not afford.  In fact, Prospect estimated that in order to close the transaction as conditions existed in December 2024, it would have to (i) contribute approximately $15 Million, (ii) retain certain material liabilities; and (iii) continue to fund operating losses through the date of closing.   As a result of these factors the transaction between Prospect and Centurion required significant renegotiation culminating in the approval by this Court of the Amended and Restated Asset Purchase Agreement (the "Centurion Transaction"). These renegotiations and amendments were undertaken by Houlihan Lokey, Sidley and the Debtors.  These discussions took weeks to complete and resulted in a renegotiated transaction which is expected to yield positive consideration to these Estates, as well as sufficient proceeds to fund the Hospital Fund required by the Attorney General for the State of Rhode Island. Fifth Third Securities Inc. was not a participant in those negotiations nor in the amendments and modifications to the terms of the Asset Purchase Agreement required to get the Centurion Transaction to a point where it was approved by the Court.

9.    Further, Houlihan Lokey continues to provide the Debtors with support necessary following execution and approval of the Amended and Restated Asset Purchase Agreement

through among things preparation of closing statements, preparing schedules required by the agreement and continuing discussions regarding the Centurion Transaction and the closing thereof.

10.    During both my entire tenures, as Financial Advisor and Chief Restructuring Officer of the Debtor, I have not communicated with any individual from Fifth Third Securities, Inc. regarding the Debtors or their business or the sale of the Debtors Rhode Island Hospitals. I have not sought services from them or requested any work product from them. I am not aware of any of the Debtors nor their other professionals who have sought such services from them during those time periods.

11.    The Debtors determined it was in the best interests of these Estates to reject the prepetition agreement with Fifth Third Securities, Inc., because the services included in the scope of the agreement with Fifth Third were duplicative of those services being provided by Houlihan Lokey and further, not rejecting the agreement would subject these Estates to liabilities that would be unduly burdensome and harmful to them. As I have testified to previously in hearings before this Court in these cases, the Debtors operate on extremely thin margins and an additional payment to a professional the Debtors elected not to employ in these cases and whose contract is sought to be rejected would be extremely detrimental to these Estates.

[*Remainder of the page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: April 13, 2025

*/s/ Paul Rundell*
Paul Rundell
Chief Restructuring Officer