# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF
ANDREW TURNBULL IN SUPPORT OF
THE DEBTORS' OBJECTION TO MOTION OF FIFTH THIRD SECURITIES, INC
FOR ADMINISTRATIVE EXPENSES CLAIM UNDER  11 U.S.C. § 503(b)**

I, Andrew Turnbull, pursuant to section 1746 of title 28 of the United States Code hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director of Houlihan Lokey Capital, Inc. ("Houlihan Lokey") Investment Banker for Prospect Medical Holdings, Inc. (together with its debtor affiliates in the above captioned chapter 11 cases as debtors and debtors in possession, the "Debtors" and, the Debtors and their non-Debtor affiliates, collectively, the "Company" or "Prospect").

2. I submit this declaration (this "Declaration") in support of the *Debtors' Objection to the Motion of Fifth Third Securities, Inc. For Allowance of Administrative Expense Claim under 11 USC §503(b)* (the "Objection"),[2] filed contemporaneously herewith.

3. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors and my colleagues at Houlihan Lokey, my opinion based on experience,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.  The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Objection.

knowledge, and information concerning the Debtors' operations and financial condition, or from my discussions with the Debtors' advisors. If called upon to testify, I would and could testify competently to the facts set forth in this Declaration.

4. The Debtors engaged Houlihan Lokey as Investment Banker to the Debtors pursuant to the application to employ filed in this case on January 29, 2025 [Docket no. 307]. That application was granted by the Court on February 19, 2025 [Docket No. 727]. As set forth in the foregoing application to employ Houlihan Lokey, Houlihan Lokey also acted as investment banker for the Debtors prepetition. The scope of Houlihan Lokey's engagement included the sale of the Rhode Island hospitals.

5. I am familiar with the sale of the Debtors' Rhode Island hospitals to Centurion Foundation, Inc. ("Centurion") which sale was approved by this Court pursuant to an Order entered on February 12, 2025 [Docket no. 606].

6. As originally documented in the Asset Purchase Agreement dated November 17, 2022, between Prospect and Centurion, the transaction contemplated therein contained numerous conditions imposed on the Seller by Centurion and various regulatory agencies whose consent to and approval of the transaction was required, that jeopardized the Company's ability to close the sale. These conditions required significant cash outlays or use of transaction proceeds that Prospect could not afford. In fact, Prospect estimated that in order to close the transaction as conditions existed in December 2024, it would have to (i) contribute approximately $15 million, (ii) retain certain material liabilities; and (iii) continue to fund operating losses through the date of closing. As a result of these factors the transaction between Prospect and Centurion required significant renegotiation culminating in the approval by this Court of the Amended and Restated Asset Purchase Agreement (the "Centurion Transaction"). These renegotiations and amendments

were undertaken by Houlihan Lokey, Sidley and the Debtors. These discussions took weeks to complete and resulted in a renegotiated transaction which is expected to yield positive consideration to these Estates, as well as sufficient proceeds to fund the Hospital Fund required by the Attorney General for the State of Rhode Island. Fifth Third Securities Inc. was not a participant in those negotiations nor in the amendments and modifications to the terms of the Asset Purchase Agreement required to get the Centurion Transaction to a point where it was approved by the Court.

7. Further, Houlihan Lokey continues to provide the Debtors with support necessary following execution and approval of the Amended and Restated Asset Purchase Agreement through among things preparation of closing statements, preparing schedules required by the agreement, continuing discussions regarding the Centurion Transaction, working with the Debtors to address transaction issues with Centurion and the closing of the sale.

8. Since starting all of this work on the Centurion transaction neither I, nor to the best of my knowledge has anyone else at Houlihan Lokey, has communicated with any individual from Fifth Third Securities, Inc. regarding the Debtors or their business or the sale of the Debtors' Rhode Island Hospitals or the Centurion Transaction. I have not sought services from Fifth Third or requested any work product from them.

9. The Debtors determined it was in the best interests of these Estates to reject the prepetition agreement with Fifth Third Securities, Inc., because the services included in the scope of the agreement with Fifth Third were duplicative of some of the services being provided by Houlihan Lokey and further, not rejecting the agreement would subject these Estates to liabilities that would be unduly burdensome and harmful to them. The Debtors operate on extremely thin

margins and an additional payment to a professional that the Debtors elected not to employ in these cases and whose contract is sought to be rejected, would be detrimental to these Estates.

[*Remainder of the page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: April 13, 2025

*/s/Andrew Turnbull*
Managing Director
Houlihan Lokey Capital, Inc.