SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:   (214) 981-3300
Facsimile:    (214) 981-3400
Email:         tom.califano@sidley.com
                   rpatel@sidley.com

SIDLEY AUSTIN LLP
William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:   (212) 839-5300
Facsimile:    (212) 839-5599
Email:         wcurtin@sidley.com
                   pventer@sidley.com
                   anne.wallice@sidley.com

*Attorneys for the Debtors
and Debtors in Possession*


KIRK T. MANHARDT
MARY A. SCHMERGEL
JAE WON HA
United States Department of Justice
Civil Division
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 598-5383
Fax: (202) 514-9163
Email: jae.won.ha@usdoj.gov

*Attorneys for the United States*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS AND THE UNITED STATES OF AMERICA EXTENDING TIME TO TAKE ACTION TO DETERMINE THE DISCHARGEABILITY OF A DEBT OWING TO GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. § 523(c)**

This stipulation and agreed order (this "Stipulation") is entered into this April 20, 2025, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the United States of America (the "United States" and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**WHEREAS**, on January 11, 2025, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court");

**WHEREAS**, section 1141(d)(6) of the Bankruptcy Code, provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit." 11 U.S.C. § 1141(d)(6)(A);

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

**WHEREAS**, section 523(a)(2) of the Bankruptcy Code addresses the dischargeability of debts owed by individual debtors and provides that debts "obtained by . . . false pretenses, a false representation, or actual fraud" are non-dischargeable.  11 U.S.C. § 523(a)(2)(A);

**WHEREAS**, section 523(c) of the Bankruptcy Code provides, in relevant part, that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section." 11 U.S.C. § 523(c);

**WHEREAS**  pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, a complaint to determine whether a debt is dischargeable under section 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a) (the "<u>523(c) Deadline</u>");

**WHEREAS**, the meeting of creditors required by section 341 of the Bankruptcy Code was scheduled and commenced on February 20, 2025. *See Notice of Chapter 11 Bankruptcy Case* [Docket No. 114]. Accordingly, to the extent applicable, the 523(c) Deadline would be April 21, 2025;

**WHEREAS**, notwithstanding any language contained herein, nothing contained in this Stipulation constitutes any determination or admission that any such claim under section 523(a) or section 1141(d)(6) exists against the Debtors; and

**WHEREAS**, to the extent that the filing of a nondischargeability complaint may be necessary, the United States, by this proposed Stipulation, seeks an extension of the 523(c) Deadline through and including May 22, 2025.

3

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS ORDERED AS FOLLOWS:**

1. The above recitals are fully incorporated herein and made an express part of this Stipulation.

2. The deadline by which the United States may file a complaint in these chapter 11 cases to determine the dischargeability of a debt pursuant to section 523(c) of the Bankruptcy Code, shall be extended to May 22, 2025, without prejudice to the United States's right to seek further extensions of such deadline or to argue that such deadline should not apply in these chapter 11 cases, and without prejudice to the Debtors' rights, objections, defenses, or other assertions related thereto.

3. Nothing in this Stipulation constitutes a determination that Section 523(c) of the Bankruptcy Code and/or Rule 4007 of the Federal Rules of Bankruptcy Procedure applies, or that any deadline exists to seek a determination of dischargeability under Section 1141(d)(6) of the Bankruptcy Code. Nothing in this Stipulation constitutes a determination on whether Section 1141(d)(6) is self-executing, and all rights are reserved in that regard.

4. The terms and conditions of this Stipulation will be immediately effective and enforceable upon its entry.

5. This Stipulation shall constitute the entire agreement between the Parties hereto regarding the matters addressed herein. No extrinsic or parol evidence may be used to vary any of the terms herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

### # # # END OF ORDER # # #

Dated: April 20, 2025
Dallas, Texas

*/s/ Thomas r. Califano*

SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
rpatel@sidley.com

SIDLEY AUSTIN LLP
William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: wcurtin@sidley.com
pventer@sidley.com
anne.wallice@sidley.com

*Attorneys for the Debtors
and Debtors in Possession*

-and-

*/s/ Jae Won Ha*

KIRK T. MANHARDT
MARY A. SCHMERGEL
JAE WON HA
United States Department of Justice
Civil Division
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 598-5383
Fax: (202) 514-9163
Email: jae.won.ha@usdoj.gov

*Attorneys for the United States*

**Certificate of Service**

      I certify that on April 20, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                          */s/ Thomas R. Califano*
                                          Thomas R. Califano