# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1], | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered)<br>Related to Docket No. [●] |

**ORDER AUTHORIZING EXAMINATION PURSUANT TO
RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the motion ("Motion")[2] of Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") requiring CICL to provide documents and testimony concerning the matters described herein pursuant to Bankruptcy Rule 2004, and any further relief the Court deems

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

appropriate under the circumstances, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. This Order is subject to Rule 30 and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The Debtors may examine CICL in accordance with Bankruptcy Rule 2004(b) and, if necessary, seek to compel CICL's compliance under Bankruptcy Rules 2004(c) and (d), as applicable.

4. CICL is directed to produce to the Debtors all documents within its respective possession, custody, or control that are responsive to the categories set forth on **Exhibit B**, attached to the Motion on a rolling basis following service of a subpoena appending **Exhibit B**, with production completed no later than fourteen (14) days after such service.

5. The corporate designee with information regarding the Examination Topics set forth on **Exhibit B** attached to the motion shall appear to be examined, under oath, by the Debtors no later than twenty-one days after service of the above-referenced subpoena at (a) the office of **Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019**, or on such other date and location as mutually agreed upon by the parties in accordance with the requirements set forth in Rule 45 of the Federal Rules of Civil Procedure.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances, and the requirements of the Bankruptcy Rules and the local rules for the Bankruptcy Court for the Northern District of Texas are satisfied by such notice.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
rpatel@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Jon W. Muenz (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: wcurtin@sidley.com
jmuenz@sidley.com
pventer@sidley.com
anne.wallice@sidley.com

*Attorneys to the Debtors*
*and Debtors in Possession*