# **EXHIBIT B**

## **Requests and Examination Topics**

## **DEFINITIONS**

1. COMMUNICATION. The term "COMMUNICATION" means any contact, transmission, or exchange of information between two or more persons, orally or in writing (including, but not limited to, any conversation or discussion, whether by chance or prearranged, formal or informal, face-to-face or by telephone, telegraph, telex, telecopier, electronic mail or other media).

2. DOCUMENT. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

3. PROSPECT. The term "PROSPECT" means Prospect Crozer, LLC, along with any of the officers, managers, agents, representatives, employees, attorneys, assigns, predecessors in interest, or any other person acting or purporting to act on its behalf.

4. CKHS. The term "CKHS" shall mean Crozer-Keystone Health System.

5. CICL. The term "CICL" shall mean Cassatt Insurance Company, Ltd.

6. SHAREHOLDER AGREEMENT. The term "SHAREHOLDER AGREEMENT" shall mean the Consolidated and Amended Shareholders' Agreement, effective November 16, 2011, by and among the Institutional Shareholders of Cassatt Insurance Company, Ltd.

7. INSTITUTIONAL SHAREHOLDERS. The term "INSTITUTIONAL SHAREHOLDERS" shall have the meaning ascribed to it in the SHAREHOLDER AGREEMENT.

8. FINAL SHAREHOLDER EQUITY BALANCE. The term "FINAL SHAREHOLDER EQUITY BALANCE" shall have the meaning ascribed to it in the SHAREHOLDER AGREEMENT.

9. REQUESTS FOR PRODUCTION. The term "REQUESTS FOR PRODUCTION" means the requests for production presented herein.

10. YOU/YOUR. The terms "YOU" and "YOUR" shall mean CICL and any party acting on the behalf of or under the control of CICL, including any attorney professionals, officers, directors, employees, agents, representatives, sub-contractors, parents, subsidiaries, affiliates, predecessors, or successors.

## GENERAL INSTRUCTIONS

11. Each REQUEST FOR PRODUCTION shall be answered fully, in writing and under oath, unless it is objected to, in which event, YOU shall state the reason(s) for objection and shall answer the REQUEST FOR PRODUCTION to the extent the REQUEST FOR PRODUCTION is not objected to.

12. The following rules of interpretation shall apply to these REQUESTS FOR PRODUCTION: (a) the terms "all" and "any" shall each be construed as encompassing any and all; (b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these REQUESTS FOR PRODUCTION all responses that might otherwise be construed to be outside of its scope; (c) the term "concerning" shall be construed to mean relating to, referring to, describing, evidencing, or constituting; (d) the term "including" shall be construed to mean including, but not limited to; and (e) the term "person" shall refer to any natural person or legal entity, including without limitation any business or governmental entity or association.

13. If a claim of privilege is asserted in objecting to any REQUEST FOR PRODUCTION, or sub- part thereof, YOU shall furnish the following information with respect to that portion of the REQUEST FOR PRODUCTION as to which the claim of privilege is asserted:

3

(a) the basis on which the privilege is claimed; (b) the type of information withheld; and (c) the general subject matter of the information withheld.

14. The responses to these REQUESTS FOR PRODUCTION are to be signed by the person making them, and the objections are to be signed by the attorney making them.

15. All grounds for an objection to a REQUEST FOR PRODUCTION shall be stated with specificity.

16. YOU shall promptly amend or supplement the answers to these REQUESTS FOR PRODUCTION.

17. These REQUESTS FOR PRODUCTION are continuing in nature. If after answering the REQUESTS FOR PRODUCTION, YOU obtain or become aware of any information or answers which are responsive to these REQUESTS FOR PRODUCTION, supplementary responses are required.

18. If YOU cannot answer the following REQUESTS FOR PRODUCTION in full after exercising due diligence to secure the full information to do so, state an answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder, and stating whatever information or knowledge YOU have concerning the unanswered portion.

19. YOU shall produce the requested DOCUMENTS that are in your possession, custody or control, including DOCUMENTS in the possession of advisors, agents or other persons acting on YOUR behalf. If no DOCUMENT exists that is responsive to one or more of the following requests, please so indicate. If any of the requested DOCUMENTS are no longer within YOUR possession, custody or control, please so indicate and set forth the location of such DOCUMENT, if known.

20. If a DOCUMENT is available in both English and another language, both versions must be produced.

21. With respect to electronically stored information, corresponding metadata shall be produced to the extent that such metadata exists and can be extracted using standard processing tools.

## **DOCUMENT REQUESTS**

1. All DOCUMENTS and COMMUNICATIONS in YOUR possession, custody or control regarding YOUR calculation of CKHS's FINAL SHAREHOLDER EQUITY BALANCE for the years 2016, 2017, 2018, 2019, 2020, and 2021.

2. ALL DOCUMENTS supporting YOUR calculation of CKHS's FINAL SHAREHOLDER EQUITY BALANCE for the years 2016, 2017, 2018, 2019, 2020, and 2021, including, but not limited to, paid claims data for CKHS.

3. All DOCUMENTS and COMMUNICATIONS concerning any meeting of CICL's Board during the years 2016, 2017, 2018, 2019, 2020, and 2021.

4. All DOCUMENTS and COMMUNICATIONS concerning YOUR assertion that any approval was necessary from the Bermuda Monetary Authority with respect to any power of attorney provided to Prospect by CKHS.

5. CICL's audited, year-end financial statements for the years 2016, 2017, 2018. 2019, 2020, and 2021.

6. All DOCUMENTS and COMMUNICATIONS concerning any request by PROSPECT or CKHS for information relating to the SHAREHOLDER AGREEMENT or the FINAL SHAREHOLDER EQUITY BALANCE.

7. All DOCUMENTS and COMMUNICATIONS concerning any amounts that CICL claims are owed to it by CKHS.

## **EXAMINATION TOPICS**

1. YOUR calculation of CKHS's FINAL SHAREHOLDER EQUITY BALANCE for the years 2016, 2017, 2018, 2019, 2020, and 2021 and the basis for such calculation.

2. YOUR assertion that any approval was necessary from the Bermuda Monetary Authority with respect to any power of attorney provided to Prospect by CKHS.

3. CICL's audited, year-end financial statements for the years 2016, 2017, 2018. 2019, 2020, and 2021.

4. Any request by PROSPECT or CKHS for information relating to the SHAREHOLDER AGREEMENT or the FINAL SHAREHOLDER EQUITY BALANCE.

5. Any amounts that CICL claims are owed to it by CKHS.

Dated: May 6, 2025
Dallas, Texas

/s/ *Thomas R. Califano*
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:   (214) 981-3300
Facsimile:   (214) 981-3400
Email:   tom.califano@sidley.com
         rpatel@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Jon W. Muenz (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:   (212) 839-5300
Facsimile:   (212) 839-5599
Email:   wcurtin@sidley.com
         jmuenz@sidley.com
         pventer@sidley.com
         anne.wallice@sidley.com

*Attorneys for the Debtors and Debtors in Possession*