# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**SUMMARY COVER SHEET FOR THE FIRST INTERIM FEE APPLICATION OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 12, 2025 THROUGH AND INCLUDING MARCH 31, 2025**

First Interim Fee Application of: Sheppard, Mullin, Richter & Hampton, LLP

**Capacity:** Special Counsel for the Debtors  **Time Period:** Jan. 12, 2025 – Mar. 31, 2025

**Bankruptcy Petition Filed on:** Jan. 11, 2025

**Date of Entry of Retention Order:** Feb. 12, 2025    **Status of Case:** Pending

| **Amount Requested:** | | **Reductions:** | |
|---|---|---|---|
| Fees: | $ 649,799.00 | Voluntary fee reductions: | $ |
| Expenses: | $ 232,125.27 | Expense reductions: | $ |
| Other: | $ 0.00 | **Total Reductions:** | $ |
| **Total:** | $ 881,924.27 | | |
| **Draw Down Request:** | | **Expense Detail:** | |
| Retainer Received: N/A | $ N/A | Copies - Per Page Cost / Total: | $ .10 pp/$ |
| Previous Draw Down(s): | $ N/A | Fax - Per Page Cost / Total: | $ NA |
| Remaining Retainer (now): | $ N/A | Computer Research: | $ 0.00 |
| Requested Draw Down: | $ N/A | Other: | $ |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

| **Hourly Rates** | **Attorney** | **Paralegal** |
|---|---|---|
| Highest Billed Rate: | $ 1,535.00 | $ 435.00 |
| Total Hours Billed: | 832.10 | 20.40 |
| Blended Rate: | $ 772.54 | $ 341.72 |

**PRIOR MONTHLY FEE STATEMENTS**

| Period Covered | Requested | | Approved | | Outstanding | |
|---|---|---|---|---|---|---|
| | Fees ($) | Expenses ($) | Fees ($) | Expenses ($) | Fees ($) | Expenses ($) |
| 1/12/2025 –1/31/2025 | $137,338.40 (80% of 171,673.00) | $90,644.00 | $137,338.40 | $90,644.00 | $34,334.60 | $0.00 |
| 2/1/2025 – 2/28/2025 | $137,059.60 (80% of $171,324.50) | $79,235.12 | $137,059.60 | $79,235.12 | $34,264.90 | $0.00 |
| 3/1/2025 – 3/31/2025 | $245,441.20 (80% of $306,801.50) | $62,246.15 | Pending | Pending | $306,801.50 | $62,246.15. |

**SUMMARY OF TOTAL FEES AND HOURS
BY ATTORNEYS AND PARAPROFESSIONALS**

| Name | Position/Area of Expertise | Year of Admission/ Years of Experience | Hourly Rate | Total Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Alexandria G. Lattner | Associate Finance & Restructuring | 2017 | $795.00 | 18.60 | $14,787.00 |
| Alexandria M. Foster | Associate Corporate & Securities | 2023 | $780.00 | 35.20 | $27,456.00 |
| Chenxi Li | Associate RE/Land Use/Environmental | 2021 | $655.00 | 9.60 | $6,288.00 |
| Christina M. Nguyen | Associate Corporate & Securities | 2017 | $605.00 | 35.20 | $21,296.00 |
| Jami Fogelhut | Associate Corporate & Securities | 2022 | $605.00 | 18.10 | $10,950.50 |
| Kendall Kohlmeyer | Associate Corporate & Securities | 2022 | $605.00 | 2.20 | $1,331.00 |
| Krysten Thomas | Associate Corporate & Securities | 2023 | $605.00 | 68.40 | $41,382.00 |
| Megan Miller | Associate Corporate & Securities | 2023 | $560.00 | 13.00 | $7,280.00 |
| Michael H. Weisshar | Associate Tax/Employee Benefits/T&E | 2015 | $795.00 | 1.40 | $1,113.00 |
| Nina Orteza | Associate Business Trial | 2023 | $655.00 | 32.60 | $21,353.00 |
| Tracey G. Toll | Associate Corporate & Securities | 2015 | $750.00 | 0.20 | $150.00 |
| Mackenzie Wortley | Associate Corporate & Securities | 2018 | $750.00 | 21.70 | $16,275.00 |
| Maximillian Fuery | Associate Maximillian Fuery | 2024 | $520.00 | 64.90 | $33,748.00 |
| Sylvia Waghorne | Associate Business Trial | 2023 | $605.00 | 57.60 | $34,848.00 |

| Name | Position/Area of Expertise | Year of Admission/ Years of Experience | Hourly Rate | Total Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Babak Yousefzadeh | Partner Labor & Employment | 2005 | $910.00 | 4.20 | $3,822.00 |
| Carly E. Hoinacki | Partner Corporate & Securities | 2011 | $965.00 | 44.90 | $43,328.50 |
| Carolyn V. Metnick | Partner Corporate & Securities | 2003 | $945.00 | 1.60 | $1,512.00 |
| Danielle Vrabie | Partner Business Trial | 2010 | $965.00 | 19.30 | $18,624.50 |
| Edward W. Musharbash | Partner RE/Land Use/Environmental | 2016 | $795.00 | 22.60 | $17,967.00 |
| Eric A. Klein | Partner Corporate & Securities | 1986 | $1,200.00 | 0.40 | $480.00 |
| Jared P. Nagley | Partner Governmental | 2002 | $1,240.00 | 0.70 | $868.00 |
| Jordan E. Grushkin | Partner Corporate & Securities | 2015 | $905.00 | 6.10 | $5,520.50 |
| Judy Suwatanapongched | Partner Business Trial | 2009 | $905.00 | 1.60 | $1,448.00 |
| Keith R. Gercken | Partner Tax/Employee Benefits/T&E | 1987 | $1,535.00 | 7.00 | $10,745.00 |
| Margia Corner | Partner Governmental | 2010 | $975.00 | 3.70 | $3,607.50 |
| Matthew J. Goldman | Partner Corporate & Securities | 2012 | $910.00 | 0.70 | $637.00 |
| Megan R. Rooney | Partner Corporate & Securities | 2006 | $895.00 | 2.30 | $2,058.50 |
| Michael Chan | Partner Tax/Employee Benefits/T&E | 2002 | $1,290.00 | 4.10 | $5,289.00 |
| Nioura F. Ghazni | Partner Corporate & Securities | 2012 | $910.00 | 71.90 | $65,429.00 |
| Olivier F. Theard | Partner RE/Land | 2001 | $855.00 | 1.20 | $1,026.00 |

| Name | Position/Area of Expertise | Year of Admission/ Years of Experience | Hourly Rate | Total Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| | Use/Environmental | | | | |
| Richard K. Rifenbark | Partner Corporate & Securities | 2001 | $910.00 | 7.40 | $6,734.00 |
| Robert S. Friedman | Partner Business Trial | 1990 | $1,125.00 | 43.30 | $48,712.50 |
| Shawn D. Fabian | Partner Labor & Employment | 2007 | $910.00 | 1.50 | $1,365.00 |
| Timothy J. Reimers | Partner RE/Land Use/Environmental | 2001 | $1,010.00 | 5.60 | $5,656.00 |
| David S. Sanson | Special Counsel Business Trial | 2005 | $765.00 | 11.70 | $8,950.50 |
| Joshua Schlenger | Special Counsel Business Trial | 2011 | $860.00 | 108.80 | $93,568.00 |
| Kanasha S. Herbert | Special Counsel Corporate & Securities | 2007 | $695.00 | 66.60 | $46,287.00 |
| Malika Levarlet | Special Counsel Governmental | 2007 | $745.00 | 0.50 | $372.50 |
| Stephanie P. Calnan | Special Counsel Business Trial | 2017 | $750.00 | 11.60 | $8,700.00 |
| Michelle M. Wisniewski | Staff Attorney Intellectual Property | 2004 | $725.00 | 1.10 | $797.50 |
| Bradley M. Rank | Assistant General Counsel | 2005 | $355.00 | 3.00 | $1,065.00 |
| Peña-Emilia Williams | Paralegal | 37 years | $340.00 | 18.60 | $6,324.00 |
| Maria J. Emmert | Assistant Managing Clerk | 14 years | $265.00 | 0.80 | $212.00 |
| Michael Munroe | Practice Technology & eDiscovery Project Manager | 18 years | $435.00 | 1.00 | $435.00 |
| | | | Total | 852.50 | $649,799.00 |
| | | | Blended Rate | | $762.23 |

**SUMMARY OF LEGAL FEES AND EXPENSES BY PROJECT CATEGORY**

| Task Description | Total Hours | Total Fees ($) |
|---|---|---|
| **B130 – Asset Disposition / 363 Sale** | 502.10 | $377,846.50 |
| **B190 – Relief from Stay / Adequate Protection** | 350.40 | $271,952.50 |
| **Total** | **852.50** | **$649,799.00** |

## EXPENSE SUMMARY

| Category | Amount |
|---|---|
| Delivery Services / Messenger | $475.84 |
| Deposition Expenses | $28,773.43 |
| Electronic E-Discovery Platform Hosting Fees | $185,491.81 |
| Filing Fees | $754.90 |
| Professional Services/Specialists (includes CT Corporation, and related corporate services) | $16,629.29 |
| TOTAL | **$232,125.27** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[2] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**FIRST INTERIM FEE APPLICATION OF
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM JANUARY 12, 2025 THROUGH AND INCLUDING MARCH 31, 2025**

---

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov no more than twenty-four (24) days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (24) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on the matters set forth in this motion on June 10, 2025 at 1:30 pm, (prevailing Central Time) in Courtroom #1, 14th Floor, Earle Cabell Federal Building, 1100 Commerce Street, Suite 1254, Dallas, Texas 75242. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 650.479.3207. The meeting code is 2304 154 2638. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page. Click the settings icon in the upper right corner and enter your name under the personal information setting. WebEx hearing instructions may be obtained from Judge Jernigan's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/chief-judgejernigans-hearing-dates.**

**Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jernigan's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

SMRH:4924-4983-7889.2                                -7-

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief,* entered on February 12, 2025 (the "Interim Compensation Procedures Order") [Docket No. 608], Sheppard Mullin Richter & Hampton, LLP ("Sheppard"), special projects counsel for the above-captioned debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 cases, hereby submits its first interim fee application (this "Application") for entry of an order (the "Order"), substantially in the form attached to this Application as **Exhibit A**, granting interim allowance of compensation for professional services to the Debtors during the period from January 12, 2025 to and including March 31, 2025 (the "Interim Fee Period") in the amount of $ 649,799.00 and reimbursement of 100% of the actual and necessary expenses incurred by Sheppard during the Interim Fee Period, in the amount of $ 232,125.27. In support of this Application, Sheppard respectfully represents as follows:

## STATUS OF CASE AND JURISDICTION

1. The Debtors and their non-Debtor affiliates (collectively, the "Company") are services organizations and risk taking entities, (a) Prospect Health Plan, Inc., a Knox-Keene licensed entity, and (b) one licensed acute hospital operating as Foothill Regional Medical Center (collectively, "PhysicianCo").

2. Beginning on January 11, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtors continue to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases. On January 29, 2025, the Office of the United States Trustee appointed the Official Unsecured Creditors' Committee [Docket No. 295] (the "Committee").

3. A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Paul Rundell in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 41] (the "First Day Declaration").

4. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, Local Rule 2016-1, and the Interim Compensation Procedures Order. This Application also substantially complies with the requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses by Attorneys in Larger Chapter 11 Cases, Effective as of November 1, 2013* (the "Guidelines"), and the Complex Case Procedures.

6. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. The Debtors retained Sheppard as its special projects counsel effective as of the

Petition Date pursuant to the *Order Granting Application for Entry of an Order Authorizing the Retention and Employment of Sheppard, Mullin, Richter & Hampton LLP as Special Projects Counsel to the Debtors* [Dkt. No. 622] (the "Retention Order"). The Retention Order authorized Sheppard's litigation team to continue to represent the Debtors in connection with the pre-petition litigation pending in Connecticut titled *Yale New Haven Health Services Corporation vs. Prospect Medical Holdings Inc., et al.* (Case No. HHD-CV24-6184328-S), and related matters (the "Litigation Matters"), and Sheppard's healthcare and regulatory team to continue to serve as transaction and regulatory counsel to the Debtors with respect to the sale of the Debtors' various hospital assets, including providing antitrust and healthcare regulatory and operational advice (the "Transactions, Regulatory and Operational Matters"). The Retention Order authorizes the Debtors to compensate and reimburse Sheppard subject to allowance of such compensation and reimbursement by the Court.

## SHEPPARD'S PRIOR FEE STATEMENTS

8. The detailed statement of Sheppard's hours expended and fees incurred during the Interim Fee Period is attached hereto as **Exhibit C**. A detailed statement of Sheppard's out-of-pocket expenses incurred during the Interim Fee Period is attached hereto as **Exhibit D**.

9. In addition to establishing procedures for the submission of Monthly Fee Statements, the Interim Compensation Procedures Order provides that, beginning with the period from the Petition Date to and including March 31, 2025, and continuing at regular intervals thereafter during the pendency of these chapter 11 cases, each professional shall file with the Court an application for interim approval and allowance of any outstanding compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Statements filed during such period.

10. A summary of the Monthly Fee Statements is set forth in the chart below:

| Period Covered | Requested | | Approved | | Outstanding | |
| --- | --- | --- | --- | --- | --- | --- |
| | Fees ($) | Expenses ($) | Fees ($) | Expenses ($) | Fees ($) | Expenses ($) |
| 1/12/2025 –1/31/2025 Dkt. No. 828 | $137,338.40 (80% of 171,673.00) | $90,644.00 | $137,338.40 | $90,644.00 | $34,334.60 | $0.00 |
| 2/1/2025 – 2/28/2025 Dkt. No. 1446 | $137,059.60 (80% of $171,324.50) | $79,235.12 | $137,059.60 | $79,235.12 | $34,264.90 | $0.00 |
| 3/1/2025-3/31/2025 Dkt. No. 1855 | $245,441.20 (80% of $306,801.50) | $62,246.15 | Pending | Pending | $306,801.50 | $62,246.15 |

**RELIEF REQUESTED**

11. By this Application, Sheppard respectfully requests entry of an order (a) granting allowance and approval of (i) compensation for Sheppard's services to the Debtors for the Interim Fee Period in the amount of $649,799.00 and (ii) reimbursement of expenses that Sheppard incurred during the Interim Fee Period in the amount of $232,125.27, and (b) authorizing and directing payment of such sums not previously paid to Sheppard pursuant to the Interim Compensation Procedures Order.

**FEES EARNED DURING THE INTERIM FEE PERIOD**

**I.    Customary Billing Disclosures**

12. Sheppard's hourly rates are set at a level designed to compensate Sheppard fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates charged by Sheppard in these chapter 11 cases were billed in

accordance with Sheppard's rates and procedures in effect during the Interim Fee Period and in accordance with the Retention Order. As described in the Retention Application, the rates Sheppard charges for the services of its attorneys and paraprofessionals in these chapter 11 cases are consistent with the rates Sheppard charges other comparable chapter 11 clients, regardless of the location of the case. Moreover, Sheppard's rate structure is consistent with the rates that Sheppard charges for non-bankruptcy representations or the rates that other comparable counsel would charge to perform substantially similar services.

13. Sheppard has received no payment or promises of payment from any source other than the Debtors for services rendered in these chapter 11 cases. There is no agreement or understanding between Sheppard and any other entity or person, other than members of the firm, for the sharing of compensation to be received for services rendered in or in connection with these chapter 11 cases. All professional and paraprofessional services for which Sheppard is requesting compensation were rendered solely on behalf of the Debtors.

**II.    Supporting Documentation**

14. In accordance with paragraph C of the Guidelines and the Complex Case Procedures, the following information is prefixed to this Application:

(a) a cover sheet summarizing the contents of this Application;

(b) schedules identifying all Sheppard attorneys and paraprofessionals who provided services to the Debtors during the Interim Fee Period, including, with respect to each attorney and paraprofessional, as applicable, his or her position and area of expertise, date of admission or years of experience, hourly rate, hours billed, and total fees charged;

(c) a summary of Sheppard's compensation by project matter category for services provided to the Debtors during the Interim Fee Period; and

(d) a summary of the actual and necessary expenses that Sheppard

incurred during the Interim Fee Period in connection with its professional services to the Debtors.

15. In addition: (a) the Declaration of Robert S. Friedman is attached hereto as **Exhibit B**; (b) Sheppard's disclosures of customary and comparable compensation, including blended hourly rates, for the Interim Fee Period is attached hereto as **Exhibit E**.

## SUMMARY OF SERVICES

16. Attached hereto as **Exhibit C** is a detailed statement of Sheppard's hours expended and fees incurred during the Interim Fee Period. Sheppard attorneys and paraprofessionals expended a total of 852.50 hours comprised of 350.40 hours in connection with the Litigation Matters and 502.10 in connection with the Transactions, Regulatory and Operational Matters during the Interim Fee Period. All services for which Sheppard is requesting compensation were performed for or on behalf of the Debtors.

17. The services rendered by Sheppard during the Interim Fee Period can be grouped into the categories set forth below. Sheppard attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.

**A. B130 – Asset Disposition – The Transactions, Regulatory and Operational Matters**

Interim Fee Period: 502.10 Hours; $377,846.50

18. This matter category includes time spent by Sheppard attorneys and paraprofessionals providing services related to the marketing, sale and disposition of the Debtors' assets in Pennsylvania, Rhode Island, Connecticut and California, including, along with Debtors' general restructuring counsel, exhausting all options to avoid the closure of the Debtors' hospitals in Pennsylvania. Sheppard attorneys have worked on (i) conducting due diligence, (ii) analyzing issues related to assumption, assignment, and cure related to the sales;

(iii) negotiating with potential bidders, (iv) addressing potential bidders' due diligence requests, and (v) and attending hearings as needed.

### B. B190 – Other Contested Matters – The Litigation Matters

Interim Fee Period: 350.40 Hours; $271,952.50

19. This matter category includes time spent by Sheppard attorneys and paraprofessionals providing services in connection with litigating and advising the estate with respect to the pre-petition litigation *Yale New Haven Health Services Corporation vs. Prospect Medical Holdings Inc., et al.* (Case No. HHD-CV24-6184328-S), and related matters, whether litigated in Connecticut, Texas, or any other state court. [3]

### ACTUAL AND NECESSARY EXPENSES

20. Attached hereto as **Exhibit D** is a detailed statement of Sheppard's out-of-pocket expenses incurred during the Interim Fee Period, totaling $232,125.27. These expenses include, but are not limited to, filing fees and service charges, transcript and other deposition expenses, and electronic discovery data hosting fees.

### SHEPPARD'S REQUESTED COMPENSATION AND EXPENSE REIMBURSEMENT SHOULD BE ALLOWED

21. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also establishes the following non-exclusive criteria to determine the amount of reasonable compensation to be awarded:

---

[3] On January 22, 2025, the Debtor-defendants (lead by Sheppard) filed a Notice of Removal, removing the Connecticut Action to the United Stated District Court for the District of Connecticut, currently pending under Case No.: 3:25-cv-00105. On January 27, 2025, the Debtors further filed a motion to transfer venue requesting that the Connecticut Action be transferred to this Court to be tried as an adversary proceeding. On January 28, 2025, the plaintiff filed a motion to remand. The District Court has yet to rule on either motion.

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered towards the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> 11 U.S.C. § 330(a)(3).

22. Sheppard respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Debtors and were rendered to assist the Debtors in discharging its statutory duties during the pendency of these chapter 11 cases. Sheppard further believes that its services to the Debtors during the Interim Fee Period were performed efficiently and in an expert manner and ultimately benefitted the Debtors. Sheppard submits that the compensation requested herein is reasonable in light of the nature, extent, and value of Sheppard's services to the Debtors. Accordingly, the Application should be approved.

## **RESERVATION OF RIGHTS**

23. Sheppard reserves the right to modify, amend, or supplement this Application at

any time before the hearing on this Application.

## NOTICE

24. Pursuant to the Interim Compensation Procedures Order, the Application is being served upon the Application Recipients (as defined in the Interim Compensation Procedures Order) and notice of the hearing on this Application is being served upon all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases. Sheppard submits that, in light of the nature of the relief requested, no other or further notice need be given.

a. WHEREFORE, Sheppard respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) approving the Application; (b) awarding Sheppard compensation for professional services rendered to the Debtors during the Interim Fee Period in the amount of $649,799.00; (c) awarding Sheppard reimbursement of expenses incurred during the Interim Fee Period in the amount of $232,125.27; (d) authorizing payment of such sums to Sheppard; and (e) granting such other and further relief as the Court may deem just and proper.

Dated: May 15, 2025

    Respectfully submitted,

    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Dwight M. Francis*
    DWIGHT M. FRANCIS
    Texas Bar No. 00785877
    2200 Ross Avenue, 20th Floor
    Dallas, Texas 75201
    Tel. (469) 391-7400
    Fax (469) 391-7401
    dfrancis@sheppardmullin.com

    ALAN H. MARTIN (admitted *pro hac vice*)
    ALEXANDRIA LATTNER (admitted *pro hac vice*)
    650 Town Center Drive, 10th Floor
    Costa Mesa, California 92626-1993
    Tel. (714) 513-5100
    Fax (213) 620-1398
    amartin@sheppardmullin.com
    alattner@sheppardmullin.com

    SPECIAL PROJECTS COUNSEL TO THE DEBTORS

## **CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                                    */s/ Dwight M. Francis*
                                                    Dwight M. Francis