# Exhibit B

**Revised Proposed Claims Resolution Procedures Order Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered)<br>Rel. to Dkt. No. 1712 |

**ORDER (I) APPROVING AND AUTHORIZING MANDATORY
CLAIMS RESOLUTION PROCEDURES TO RESOLVE PROFESSIONAL
LIABILITY AND GENERAL LIABILITY CLAIMS; AND (II) ~~REQUIRING THE
DEBTORS' INSURERS TO SATISFY THEIR OBLIGATIONS UNDER
THE APPLICABLE POLICIES; AND (III)~~ GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Order") (i) approving mandatory claims resolution procedures (the "Claims Resolution Procedures") to resolve pre-petition professional liability and general liability claims against the Debtor entities or the employees of one of the Debtor entities who are insured or indemnified by a Debtor (the "PL/GL Claims") (ii) requiring the Debtors' insurers to fulfill their obligations under the applicable policies; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.   The relief requested in the Motion is GRANTED as set forth herein.

2.   All PL/GL Claimants who hold unliquidated PL/GL Claims against Debtors will be subject to the Claims Resolution Procedures and that no PL/GL Claimant shall be allowed to seek a recovery on account of any PL/GL Claim asserted against the Debtors, or any of the Debtors' assets, or ~~the Debtors' insurance,~~ employees, ~~affiliates or parties~~ indemnified by the Debtors~~)~~[3] unless they have first complied, in good faith, with the Claims Resolution Procedures.

---

[3]   If the employee, or affiliate, ~~or indemnified party~~ has its own insurance unrelated to the Debtors, the PL/GL Claimant shall not be enjoined by the Claims Resolution Injunction from proceeding to recover from that

I. **Claims Resolution Injunction**

3. Upon service of the Claims Resolution Notice (as defined below) ~~on a PL/GL Claimant, such~~, the PL/GL Claimant (and any other person or entity asserting an interest in the relevant PL/GL Claim) shall be enjoined (the "Claims Resolution Injunction") from commencing or continuing any action or proceeding in any manner (including claims solely against ~~insurance and~~ employees~~, affiliates and parties~~ indemnified by the Debtors) or any place, including in this Court, seeking to lift the automatic stay, establish, liquidate, collect on, or otherwise enforce the PL/GL Claim(s) identified in the Claims Resolution Notice other than ~~(1)~~ through these Claims Resolution Procedures~~, or (2) pursuant to a plan confirmed in the Debtors' Chapter 11 Cases.~~; *provided*, however, that: (i) the Debtors shall be authorized (without further Court order) to lift the automatic stay to permit certain actions (including the addition of parties and removal to federal court) to be taken related to PL/GL Claims to effectuate the Claims Resolution Procedures; and (ii) the PL/GL Claimant shall be authorized to respond to any such action (including, but not limited to, by seeking remand of any action removed to federal court). Pursuant to 11 U.S.C. § 108(c), any applicable non-bankruptcy statutes of limitation or other time-based filing deadlines with respect to the PL/GL Claims shall be tolled for the duration of the Claims Resolution Injunction, and such tolling shall continue through the conclusion of the Claims Resolution Procedures or further order of the Court.

4. Notwithstanding the ~~forgoing,~~ foregoing, neither the Debtors nor the PL/GL Claimants, in each case in consultation with the Committee, shall ~~not~~ be precluded from seeking

---

Claimant shall not be enjoined by the Claims Resolution Injunction from proceeding to recover from that insurance and are not enjoined by the Claims Resolution Injunction or section 362 of the Bankruptcy Code from taking discovery of employees, affiliates, indemnified parties, and non-debtor defendants in any pending case or proceeding where such discovery would be appropriate to discover if such parties have their own insurance unrelated to the Debtors.

to estimate any PL/GL Claim in connection with confirmation or consummation of a plan in the Debtors' Chapter 11 Cases~~, or preclude~~ and the PL/GL ~~Claimant from seeking estimation of its PL/GL Claim solely for voting purposes in connection with confirmation of a plan in the Debtors' Chapter 11 Cases~~Claimants shall not be precluded from opposing same.  The Claims Resolution Injunction shall expire with respect to a PL/GL Claim only when that PL/GL Claim has been resolved or after the Claims Resolution Procedures have been completed as to that PL/GL Claim.  The expiration of the Claims Resolution Injunction shall not extinguish, limit, or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar injunction that may be imposed upon the confirmation or effectiveness of a plan in the Debtors' Chapter 11 Cases (a "<u>Plan Injunction</u>").

II.     **Initial Offer and Exchange**

5.      In the first stage of the Claims Resolution Procedures, the parties will exchange settlement offers and seek to resolve the PL/GL Claim on a consensual basis without any further proceedings by the parties (the "<u>Offer Exchange Procedures</u>").  <u>The Debtors' professionals shall provide counsel to the Committee with a monthly report of all settlement offers made or received.</u>  Rule 408 of the Federal Rules of Evidence (and any similar state evidentiary rule) shall apply to the Claims Resolution Procedures.

<u>A.</u>      *<u>Designation of PL/GL Claims, Settlement Offer, and Response Deadline</u>*

6.      At any time following the entry of this Order, the Debtors may designate a PL/GL Claim for resolution through the Claims Resolution Procedures by serving upon (i) the PL/GL Claimant, (ii) any counsel of record for such PL/GL Claimant, (iii) ~~any applicable insurance~~

<u>4</u>

~~carriers~~the Insurance Carriers[4], and (iv) ~~such insurers' reinsurers (if and when practicable),~~counsel to the Committee the following materials (collectively, the "Claims Resolutions Materials"): (i) a notice that the PL/GL Claim has been submitted to the Claims Resolution Procedures (a "Claims Resolution Notice"),[~~3~~5] and (ii) a copy of the Claims Resolution Procedures. A PL/GL Claimant may designate a PL/GL Claim for resolution through the Claims Resolution Procedures by serving notice on the Debtors of its designation, and the Debtors will designate the PL/GL Claim for resolution, serve the Claims Resolution Materials, and commence the Offer Exchange Procedures.

7. The Claims Resolution Notice will (i) advise the PL/GL Claimant that their PL/GL Claim (including claims against ~~insurance,~~ employees~~, affiliated entities or parties~~ indemnified by the Debtors) against Debtors has been submitted to the Claims Resolution Procedures; (ii) request that the PL/GL Claimant verify, or as needed, correct, clarify, or supplement, certain information regarding the PL/GL Claim (including the addresses for notices under the Claims Resolution Procedures); and (iii) include an offer by the Debtors and/or Debtors' ~~insurance carriers~~Insurance Carriers to settle the PL/GL Claim (a "Settlement Offer").

B.   The PL/GL Claimant's Response

8. The PL/GL Claimant must sign and return the Claims Resolution Notice along with the PL/GL Claimant's response to the Debtors so that it is received by the Debtors no later than ~~twenty~~thirty (~~20~~30) days after ~~the mailing~~receipt of the Claims Resolution Notice (the "Settlement Response Deadline"). If the PL/GL Claimant fails to sign and return the Claims

---

[4] "Insurance Carriers" shall mean any applicable insurer or reinsurers (including CHIC and RRG), the MCare Fund, and/or their respective authorized representatives, as the context may require.

[~~3~~5] The form of the Claims Resolution Notice is attached to the Motion as **Exhibit B**. The Debtors reserve the right to modify the Claims Resolution Notice consistent with the terms of the Claims Resolution Procedures.

Resolution Notice with PL/GL Claimant's response by the Settlement Response Deadline, (i) the Offer Exchange Procedure will be deemed terminated with respect to the PL/GL Claim and (ii) the PL/GL Claim will be submitted to mediation.

9. The only permitted responses to a Settlement Offer (the "PL/GL Claimant's Response") are (i) acceptance of the Settlement Offer, or (ii) rejection of the Settlement Offer coupled with a counteroffer (the "Counteroffer").

10. The Counteroffer shall (i) provide ~~all~~ information to substantiate the PL/GL Claim sufficient for the Debtors and ~~insurance carrier~~Insurance Carrier to evaluate the validity and amount of the PL/GL Claim; (ii) provide ~~all~~ documents that the PL/GL Claimant contends support the PL/GL Claim; (iii) state the dollar amount of the PL/GL Claim (the "Proposed Claim Amount"), which may not be greater in amount or priority than the PL/GL Claimant's most recent timely filed proof of claim or amended proof of claim, with an explanation of the calculation and basis for the Proposed Claim Amount;[6] and (iv) provide the name and address of counsel representing the PL/GL Claimant with respect to the PL/GL Claim, unless the PL/GL Claimant is appearing without counsel.  Counsel to the PL/GL Claimant may request additional limited information from the Debtors that is necessary to support the PL/GL Claim.

   C.   *The Debtors' Response to a Counteroffer*

11. The Debtors, in coordination with their ~~insurance carriers~~Insurance Carriers, must respond to any Counteroffer within twenty (20) days after their receipt of the Counteroffer (the "Response Deadline"), by returning a written response (the "Response Statement").  The Response Statement shall indicate that the Debtors and/or ~~insurance carrier~~Insurance Carrier (a)

---

[6] PL/GL Claimants who have indicated on their proofs of claims that their claims are unliquidated shall not be barred from submitting a liquidated amount for the claim.

6

accept the Counteroffer; or (b) reject the Counteroffer, with or without making a revised Settlement Offer (a "Revised Settlement Offer").  If the Debtors reject the Counteroffer without making a Revised Settlement Offer, the PL/GL Claim will be submitted to Mediation.

12. If the Debtors fail to respond to the Counteroffer by the Response Deadline, (i) the Counteroffer will be deemed rejected by the Debtors; (ii) the Offer Exchange Procedures will be deemed terminated with respect to the PL/GL Claim; and (iii) the PL/GL Claim will be submitted to mediation.

13. If the Debtors and/or ~~insurance carrier~~Insurance Carrier make a Revised Settlement Offer by the Response Deadline, the PL/GL Claimant may accept the Revised Settlement Offer by providing the Debtors with a written statement of acceptance no later than fifteen (15) days after the date of service of the Revised Settlement Offer (the "Revised Settlement Offer Response Deadline").  If the PL/GL Claimant does not accept the Revised Settlement Offer by the Revised Settlement Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the PL/GL Claim will be submitted to mediation.  The Debtors and PL/GL Claimant can extend the Offer Exchange Procedures and continue to exchange additional Revised Settlement Offers and Counteroffers for as long as the Debtors and PL/GL Claimant mutually agree.  If either the Debtors or PL/GL Claimant does not agree to an extension, then the PL/GL Claim will be submitted to mediation.

14. The Debtors may request additional information from the PL/GL Claimant to assist in a good faith evaluation of any PL/GL Claim.  If the Debtors request additional information or documentation by the Response Deadline, the PL/GL Claimant shall respond with information or documentation sufficient to permit the Debtors and applicable ~~insurance carrier~~Insurance Carrier to evaluate the basis for the PL/GL Claim so that it is received by the

7

Debtors within ~~fifteen~~twenty (~~15~~20) days after such request. If the PL/GL Claimant timely responds, the Debtors and/or ~~insurance carrier~~Insurance Carrier, shall have fifteen (15) days to provide an amended Response Statement, which may include a Revised Settlement Offer. If the Debtors do not provide an amended Response Statement within this period, or if the PL/GL Claimant fails to provide the requested information or documentation within the time allotted, the PL/GL Claim will be submitted to mediation.

15. The PL/GL Claimant may request limited information from the Debtors and the applicable Insurance Carriers that is necessary for a good faith evaluation of any Debtor offer. If the PL/GL Claimant requests additional information or documentation by the Response Deadline, the Debtors and the applicable Insurance Carriers shall respond with information or documentation sufficient to permit the PL/GL Claimant to evaluate the basis for the Debtors' offer so that it is received by the PL/GL Claimant within fifteen (15) days after such request. If the Debtors and the applicable Insurance Carriers timely respond, the PL/GL Claimant shall have fifteen (15) days to provide an amended Statement, which may include a Revised Settlement Counteroffer. If the PL/GL Claimant does not provide an amended Response Statement within this period, or if the Debtors and/or applicable Insurance Carriers fail to provide the requested information or documentation within the time allotted, the PL/GL Claim will be submitted to mediation.

16. Any PL/GL Claimant may opt out of the Initial Offer and Exchange Portion of these procedures and go straight to Mediation, as long as that such PL/GL Claimant states in its Mediation Notice that it does not desire to participate in the Initial Offer and Exchange and desires to proceed directly to Mediation.

### III. Mediation

~~15~~17.    If the Debtors, their ~~insurance carriers~~Insurance Carriers, and the PL/GL Claimant do not settle the PL/GL Claim through the offer exchange process, the PL/GL Claimant opts out of the Initial Offer and Exchange, or if the Debtors and the PL/GL Claimant agree, such PL/GL Claim will be deemed by this Order to be referred by the Court to mediation (the "Mediation"). By agreement of the Debtors, the PL/GL Claimants, and other non-debtor defendants (the "Non-Debtor Defendants"), Non-Debtor Defendants may also participate in the mediation. The Debtors' professionals shall provide counsel to the Committee with a monthly report of all PL/GL Claims that have been submitted to Mediation.

    *A.*    *Mediation Notice*

~~16~~18.    At the direction of the Mediator (as defined below), the Debtors will serve notice of the date, time and location of the individual Mediation Sessions (as defined below) (the "Mediation Notice")~~4~~7 upon (i) the PL/GL Claimant, (ii) any counsel of record for such PL/GL Claimant, (iii) any applicable ~~insurance carriers, and (iv) such insurers' reinsurers (if and when practicable~~Insurance Carriers, (iv) the Committee, and (v) any applicable Non-Debtor Defendants. The Mediation may be conducted virtually by video, in the area of the PL/GL Claimant's counsel, or in such other area that the Mediator determines is appropriate and is consented to by the parties (such consent not to be unreasonably conditioned, delayed, or withheld). The Mediation Notice shall also contain the procedures applicable to the individual Mediation Session, including the time for submission of any documents or statements by the parties. The Mediator, the PL/GL Claimant, the Debtors, ~~and~~ the Debtors' ~~insurance carriers and~~

---

~~4~~7    The form of the Mediation Notice is attached hereto as **Exhibit C**. The Debtors reserve the right to modify the Mediation Notice consistent with the terms of the Claims Resolution Procedures.

~~reinsurers~~Insurance Carriers, and any applicable Non-Debtor Defendants will be allowed sixty (60) days from the date of the Mediation Notice within which to complete the Mediation, subject to extension by the Mediator at the Mediator's sole discretion.  ~~No~~Other than the exchange of information permitted pursuant to the Offer and Exchange Procedures, no party in interest shall be allowed to conduct any discovery related to a PL/GL Claim prior to the initial Mediation Session.  Any discovery allowed after the initial Mediation Session shall be determined by the Mediator in their sole discretion.

  B. *Location and Appointment of the Mediator*

  ~~17~~19.  The Debtors shall, in ~~their sole discretion~~consultation with the Committee and certain counsel to PL/GL Claimants, select a mediator or mediators (the "Mediator(s)"), from a panel of mediators that has been approved by the Court, who shall serve for an initial term of six (6) months from the date of this Order, which term can thereafter be extended by Order of this Court.  ~~The Debtors' selection will occur in advance of the hearing to consider this Order.~~

  C. *Mediation Rules*

   a. *Conduct of Mediation*

  ~~18~~20.  As soon as practicable after the entry of this Order and the appointment of the Mediator, the Mediator shall confer with representatives of the Debtors, the Debtors' ~~insurers and reinsurers~~Insurance Carriers, and the applicable PL/GL Claimant, and any applicable Non-Debtor Defendants to discuss and establish procedural issues applicable to the mediation process.  The Mediator shall have the duty and authority to establish the time for all mediation activities, including the mediation session or sessions with respect to each particular claim (the "Mediation Sessions") and the submission and exchange of relevant documents.  The Mediator shall select the order in which PL/GL Claims will be presented to the Mediator, including the

date, time and location of each Mediation Session, with a preference for virtually by video or in the area of the PL/GL Claimant's counsel.  In all cases, the Mediator shall have authority to establish the procedures for Mediation, provided that such procedures are reasonable and practicable.

b. *Fees and Costs of Mediation*

~~19~~21.  The Mediator's fees and expenses incurred in connection with each Mediation Session (the "Mediation Costs") are to be borne as follows: (a) the Debtors, the ~~applicable insurance carrier (and/or reinsurer)~~Insurance Carrier, and each PL/GL Claimant shall each be responsible for one-third (33.33%) of the Mediation Costs for such PL/GL Claimant's Mediation Sessions~~:~~; *provided*, however, that the PL/GL Claimant's share of the Mediation Costs shall be payable only from a distribution on account of their PL/GL Claim, unless the Court orders otherwise; and (b) each party shall bear its own legal and other professional fees and expenses~~; (c) if a PL/GL Claimant (or representative thereof) or a representative of the Debtors fails to appear for any scheduled Mediation Session without giving written notice, to be received at least 24 hours prior to the scheduled Mediation Session to (i) the Mediator and (ii) counsel to the opposing party, if any, the party failing to appear will be responsible for one hundred percent (100%) of the Mediation Costs for that Mediation Session, including attorney fees and costs for opposing counsel.~~.

c. *Settlement Conferences*

~~20~~22.  Any party may be represented by legal counsel at its own cost and expense, although the participation of legal counsel shall not be required ~~for the~~to conduct ~~of~~ the Mediation.  The Mediator shall meet with the parties or their representatives, individually and jointly, for a conference or series of conferences as determined by the Mediator.  The PL/GL

11

Claimant ~~and~~, the Debtors ~~or~~, the appliable Insurance Carrier, any applicable Non-Debtor Defendants, or their respective representatives must be present at the Mediation. The Mediator shall report any willful failure to attend or participate in good faith in the Mediation Sessions to the Court. Such failure may result in the imposition of sanctions by the Court. The Mediator will have the authority to establish a deadline for the ~~PL/GL Claimants~~participants to act upon a proposed settlement or upon a settlement recommendation from the Mediator.

    D.    *Confidentiality*

~~21~~23. With regard to confidentiality, the following shall apply: (a) any statements made by the Mediator, the PL/GL Claimants, the Debtors, any applicable Non-Debtor Defendants, and their respective representatives, or by others during the Mediation process, shall not be divulged by any of the participants in the Mediation (or their agents or representatives) or by the Mediator to this Court or to any third party; (b) all records, reports, or other documents received or made by the Mediator while serving in such capacity shall be confidential and shall not be provided to this Court, unless they would be otherwise admissible at any hearing or trial in connection with any PL/GL Claim; and (c) the Mediator shall not be compelled to divulge such records or to testify in regard to the Mediation in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court in connection with any PL/GL Claim.

**IV.**    **Post-Mediation Procedures**

~~22~~24. Promptly upon conclusion of any Mediation Session, the Mediator shall file a final report (the "<u>Final Report</u>") with the Court ~~showing~~reporting (a) compliance or noncompliance with the Mediation Order and (b) ~~the results of the Mediation~~whether the PL/GL Claim settled or not. Upon receipt of a Final Report, a Mediation Session shall be deemed terminated.

A. *Approval of Settlements*

~~23~~25. With regard to any settlements reached in connection with Mediation, the following shall apply: (a) the Mediator shall have no obligation to make written comments or recommendations; *provided*, however, that the Mediator may furnish the parties with a written or oral settlement recommendation, which shall remain confidential and not be filed with this Court; (b) if the parties reach an agreement regarding the disposition of the matter, the Debtors will prepare and submit to this Court a stipulated order or motion for approval of a settlement (as appropriate, in the discretion of the Debtors), within twenty (20) days of the conclusion of a Mediation Session; (c) any such stipulated order or order approving the motion, as applicable, shall contain, among other things, appropriate releases by the PL/GL Claimant against the Debtors' estate and to the extent relevant, Debtors' ~~employees, insurance carriers, and reinsurers~~Insurance Carriers, and any applicable Non-Debtor Defendants and in the event the settlement includes a payment to the PL/GL Claimant, the amount of the payment to be made, by whom the payment will be made, and when it will be made; and (d) absent such a stipulated order, no party will be bound by any statement made or action taken during the Mediation.

B. *Additional PL/GL Claims*

~~24~~26. The Debtors shall have the right to submit additional PL/GL Claims to Mediation without further order of this Court including, without limitation, in the event additional PL/GL Claims, if any, are authorized to be filed by the Court ~~or are filed post-petition against the Debtors~~, which additional PL/GL Claims shall be subject to all of the terms and conditions contained herein.

13

**V.     Failure to Resolve a Designated Claim Through Claims Resolution Procedures**

~~25~~27.  With respect to PL/GL Claims not resolved through the Claims Resolution Procedures, the Debtors and the Committee reserve all rights with respect to such PL/GL Claim, including whether the claim should be estimated individually or in the aggregate~~,~~ and whether pretrial proceedings should take place in this Court~~, and whether~~.  The Debtors, the Committee, and the PL/GL Claimants reserve the right to lift the automatic stay ~~should be lifted~~to allow the PL/GL Claimant to liquidate their PL/GL Claim and pursue available insurance and non-debtor funds in a forum other than this Court (including with a direct action against the Debtors' insurers), subject to the Debtors' right to request that the action be heard in federal district court pursuant to 28 U.S.C. § 157(b)(5)~~.~~ and the PL/GL Claimant's right to oppose same.  The Debtors, the Committee, and the PL/GL Claimants reserve all rights with respect to the forum in which PL/GL Claims may be adjudicated

**VI.    Failure to Comply with the Claims Resolution Procedures**

~~26~~28.  If a PL/GL Claimant or the Debtors fail to comply with the Claims Resolution Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the Claims Resolution Procedures, this Court may, after notice and a hearing, find such conduct to be in violation of the Order or, with respect to a PL/GL Claimant, an abandonment of or failure to prosecute the PL/GL Claim, or both.  Upon such findings, this Court may, among other things, disallow and expunge the PL/GL Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party.

14

VII. ~~Obligations of Insurers and Reinsurers for Judgments and Settlements Exceeding Deductibles or SIR~~**Miscellaneous**

~~27. For CHIC's policies and any policies that contain language that is substantially similar to CHIC's "Clause D", the applicable insurers and reinsurers remain obligated for any judgments and settlements (that otherwise satisfy the terms of the policy) that exceed the applicable deductible or SIR.~~

29. Insurers (other than CHIC, RRG, and the Pennsylvania MCare Fund), reinsurers, and any person or governmental unity that had inadequate notice and opportunity to object to the Motion may file an objection to the Motion no later than June 8, 2025. The Court will conduct a hearing on any such objections as well as to consider the relief requested in the Motion related to non-satisfaction of self-insured retentions, on June 10, 2025 at 1:30 p.m. (prevailing Central Time).

~~28~~30. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Orders") and any budget in connection with any such post-petition debtor-in-possession financing or use of cash collateral authorized herein. To the extent there is any inconsistency between the terms of the DIP Orders and any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

31. Notwithstanding anything to the contrary herein, this Order shall not apply to or enjoin any claims asserted by the State of Connecticut against the Debtors or any of their non-debtor employees or affiliates, and all parties' rights are reserved as to any such claims.

32. All references in this Order to the "Committee" refers to the unsecured creditors' committee that is appointed pursuant to section 1102 of the Bankruptcy Code. If the Committee is dissolved pursuant to the Bankruptcy Code, then all rights and obligations in this Order with respect to the Committee shall become null and void.

~~29~~33. Nothing in the Motion or this Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.

~~30~~34. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

~~31~~35. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # # END OF ORDER # # #

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:     (214) 981-3300
Facsimile:      (214) 981-3400
Email:            tom.califano@sidley.com
                       rpatel@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839-5300
Facsimile:      (212) 839-5599
Email:            wcurtin@sidley.com
                       pventer@sidley.com
                       anne.wallice@sidley.com

*Attorneys to the Debtors*
*and Debtors in Possession*

| Summary report: Litera Compare for Word 11.11.0.158 Document comparison done on 5/20/2025 7:12:33 PM ||
|---|---|
| **Style name:** Sidley Default ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** nd://4920-9411-5645/1/Prospect - Claims Resolution Motion - Proposed Order.docx ||
| **Modified filename:** Prospect - Claims Resolution Motion - Proposed Order-4920-9411-5645-v10.docx ||
| **Changes:** ||
| Add | 102 |
| Delete | 86 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 188 |