| | |
|---|---|
| SIDLEY AUSTIN LLP | SIDLEY AUSTIN LLP |
| Thomas R. Califano (24122825) | William E. Curtin (admitted *pro hac vice*) |
| Rakhee V. Patel (00797213) | Patrick Venter (admitted *pro hac vice*) |
| 2021 McKinney Avenue, Suite 2000 | Anne G. Wallice (admitted *pro hac vice*) |
| Dallas, Texas 75201 | 787 Seventh Avenue |
| Telephone: (214) 981-3300 | New York, New York 10019 |
| Facsimile: (214) 981-3400 | Telephone: (212) 839-5300 |
| Email: tom.califano@sidley.com | Facsimile: (212) 839-5599 |
| rpatel@sidley.com | Email: wcurtin@sidley.com |
| | pventer@sidley.com |
| | anne.wallice@sidley.com |

*Attorneys for the Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**DEBTORS' FIRST OMNIBUS
OBJECTION TO CERTAIN AMENDED CLAIMS**

**\*\*\*CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE
THEIR NAMES AND CLAIMS IN THE SCHEDULE ATTACHED
TO THE PROPOSED ORDER FOR THIS OBJECTION\*\*\***

**\*\*\*CLAIMS OBJECTED TO HEREIN ASSERT A CLAIM AMOUNT THAT HAS
BEEN STATED ON A SUBSEQUENT CLAIM. THE AMOUNT ATTACHED TO THE
"SURVIVING CLAIM" REMAINS ON THE CLAIMS REGISTER\*\*\***

**A COPY OF YOUR CLAIM(S) IS (ARE) AVAILABLE ONLINE AT
http://omniagentsolutions.com/Prospect**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no more than thirty-one (31) days after the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk and filed on the docket no more than thirty-one (31) days after the date this objection was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **If necessary, a hearing will be conducted on the relief requested in this Omnibus Objection on August 20, 2025, at 1:30 p.m. prevailing Central Time in Courtroom #1, 14th Floor, Earle Cabell Federal Building, 1100 Commerce Street, Suite 1254, Dallas, Texas 75242. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 650.479.3207. The meeting code is 2304 154 2638. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page. Click the settings icon in the upper right corner and enter your name under the personal information setting. WebEx hearing instructions may be obtained from Judge Jernigan's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/chief-judgejernigans-hearing-dates.**
>
> **Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jernigan's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby state as follows in support of this objection (this "Objection"):

## RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), disallowing and expunging each claim identified on **Schedule 1** to the Order (collectively, the "Amended Claims") because each such claim asserts a claim amount that has been stated on a subsequent claim (with the claim indicated in the "Surviving Claim Number" column remaining on the Claims Register).

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding

2

within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested in this Objection are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 3007-1 and 3007-2 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules"), and Section M of the Procedures for Complex Cases in the Northern District of Texas.

4. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Objection in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. The Debtors and their non-Debtor affiliates (collectively, the "Company") are significant providers of coordinated regional healthcare services in California, Connecticut, Pennsylvania, and Rhode Island. The Company's business can be broadly divided into two segments: (1) hospital operations, which consist of, among other things, the ownership and operation of 16 acute care and behavioral hospitals, providing a wide range of inpatient and outpatient services spanning multiple states,[2] and (2) physician-related services, including (a) certain owned and managed medical groups, independent physician associations, managed services organizations and risk taking entities, (b) Prospect Health Plan, Inc., a Knox-Keene

---

[2] As more fully detailed in this Court's *Order (I) Approving the Closure of Certain of the Pennsylvania Hospitals; (II) Approving the Pennsylvania Asset Sale Procedures; and (III) Granting Related Relief* [Docket No. 1613], the Debtors are in the process of closing certain of the Pennsylvania facilities.

3

licensed entity, and (c) one licensed acute hospital operating as Foothill Regional Medical Center (collectively, "PhysicianCo").

6. Beginning on January 11, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases. On January 29, 2025, the Office of the United States Trustee appointed the Official Unsecured Creditors' Committee.

7. A detailed description of the Debtors and their business, and the facts and circumstances supporting this Objection and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Paul Rundell in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 41] (the "First Day Declaration").[3]

8. On February 21, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim; (II) Approving Form and Manner for Filing Proofs of Claim, (III) Approving the Notice of Bar Dates, and (IV) Granting Related Relief* [Docket No. 763] (the "Bar Date Motion").

9. The general bar date was set for April 18, 2025 at 4:00 p.m. (prevailing Central Time) (the "General Bar Date"). The bar date for all governmental units holding claims against the Debtors that arose (or are deemed to have arisen) before the Petition Date was set for July 10, 2025 at 4:00 p.m. (prevailing Central Time) (the "Governmental Bar Date").

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

4

10. On March 13, 2025, the Debtors filed their statements of financial affairs [Docket No. 1051] and schedules of assets and liabilities [Docket No. 1108] (together, the "Schedules and Statements").

11. To date, over 8,900 proofs of claim have been filed against the Debtors in these chapter 11 cases.

## OBJECTION TO CLAIMS

12. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which includes when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they duplicate other claims" or "they have been amended by subsequently filed proofs of claim" or "they have been filed in the wrong case." Fed. R. Bankr. P. 3007(d).

13. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). However, a proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *See id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant."

5

*In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

14. As set forth herein and in the declaration of Richard Niemerg, (the "Niemerg Declaration"), filed contemporaneously herewith, the Court should modify or disallow and expunge the Amended Claims. If the Amended Claims are not formally modified or disallowed and expunged as requested herein, the potential exists for the applicable claimants to receive recoveries they are not entitled to, to the detriment of the Debtors' other stakeholders. Thus, the relief requested herein is necessary to prevent the inappropriate distribution of estate funds and to facilitate the efficient administration of the claims allowance process.

**I.  Amended Claims**

15. The Debtors object to the Amended Claims identified on **Schedule 1** to the Order because each such claim has been superseded by an amended claim. Failure to disallow and expunge the originally-filed proofs of claim would result in the applicable claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors and claimants.

16. Accordingly, the Debtors request that the Court enter an order disallowing and expunging the Amended Claims identified on **Schedule 1** to the Order.

**RESPONSES TO OBJECTIONS**

17. To contest an objection, a claimant must file and serve a written response to this Objection (each, a "Response") so that it is received no later than **July 11, 2025 at 5:00 p.m. (prevailing Central Time)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the Northern District of Texas (Dallas Division), Earle Cabell Federal Building, 1100 Commerce Street, Suite 1254, Dallas, TX

75242 and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

| | |
|---|---|
| **SIDLEY AUSTIN LLP**<br>Thomas R. Califano<br>Rakhee V. Patel<br>2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone:    (214) 981-3300<br>Facsimile:    (214) 981-3400<br>Email:    tom.califano@sidley.com<br>           rpatel@sidley.com | **SIDLEY AUSTIN LLP**<br>Patrick Venter<br>Veronica Courtney<br>Dylan Yan<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:    (212) 839-5300<br>Facsimile:    (212) 839-5599<br>Email:    pventer@sidley.com<br>           vcourtney@sidley.com<br>           dylan.yan@sidley.com |

18.   Every Response to this Objection must contain, at a minimum, the following information:

   a.   a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of the objection to which the Response is directed;

   b.   the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

   c.   the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   d.   any supporting documentation (to the extent it was not included with the proof of claim previously filed with the clerk of the Court or the Debtors' claims agent, Omni Agent Solutions, Inc. ("Omni")) upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

   e.   the name, address, telephone number, email address, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtor should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the amended claim on behalf of the claimant.

19.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors will present to the Court an appropriate order disallowing such claimant's claim, as set forth in **Exhibit A**, without further notice to the claimant.

## REPLIES TO RESPONSES

20.     Consistent with 3007-2(a)(4) of the Local Bankruptcy Rules, the Debtors may, at their option, file and serve a reply to a Response by no later than 5:00 p.m. (prevailing Central Time) three (3) days prior to the hearing to consider the Objection.

## SEPARATE CONTESTED MATTER

21.     To the extent that a Response is filed regarding any claim listed in this Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

22.     The Debtors hereby reserve the right to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims. The Debtors also reserve the right to object in the future to any other claim filed by a claimant whose claim is subject to this Objection.

23.     Notwithstanding anything contained in this Objection or the attached schedules or exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to exercise rights of setoff against the holders of such claims.

## NOTICE

24.     Notice of this Objection has been provided by email, facsimile, or first class mail to: (a) the Complex Service List [Docket No. 2190]; and (b) each of the claimants whose claim is subject to this Objection.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## COMPLIANCE WITH LOCAL BANKRUPTCY RULES

25.     This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Objection.  The Debtors object to no more than 100 proofs of claim herein.  The Debtors' have served notice of this Objection on those persons whose names appear in the signature blocks on the proofs of claim and in accordance with Bankruptcy Rule 7004.  Moreover, the Debtors have notified claimants that a copy of their claim may be obtained from the Debtors upon request.  Accordingly, the Debtors submit that this Objection satisfies Local Bankruptcy Rule 3007-2.

[*Remainder of the page intentionally left blank*]

WHEREFORE, the Debtors request entry of an order substantially in the form attached hereto granting the relief requested herein and granting such other relief as is just and proper.

Dated: June 10, 2025
Dallas, Texas

*/s/ Thomas R. Califano*
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
rpatel@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: wcurtin@sidley.com
pventer@sidley.com
anne.wallice@sidley.com

*Attorneys for the Debtors*
*and Debtors in Possession*

10

**Certificate of Service**

I certify that on June 10, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                                  */s/ Thomas R. Califano*
                                                  Thomas R. Califano