IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
JUN 16 2025
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In re:

PROSPECT MEDICAL HOLDINGS, INC., et al.,
      Debtors.

Chapter 11

Case No. 25-80002 (SGJ)

(Jointly Administered)

## MOTION TO INTERVENE

Proposed Intervenor, Carlton Vose, *pro se*, hereby moves, under Fed. R. Civ. P. 24(a) to intervene as of right, or, in the alternative, for permissive intervention under Fed. R. Civ. P. 24(b).

**I.    Introduction.**

Proposed Intervenor seeks to intervene solely for purposes of submitting a Lift Stay Motion in order to proceed with a federal intentional tort claim in Rhode Island District Court. The Debtor (Case No. 25-80051 in this Court) does not currently owe the Proposed Intervenor a debt, however there is potential civil liability in the future, for an intentional tort claim that accrued prior to the filing of the instant bankruptcy, which is a nondischargeable debt under 11 U.S.C. § 523(a)(6).

Intervenor has filed a Section 1983 civil rights suit against Debtor PROSPECT CHARTERCARE SJHSRI, LLC (d/b/a "Fatima Hospital") in United States District Court for the District of Rhode Island (case number 1:25-cv-00168) seeking damages for intentional, malicious, and fraudulent torts resulting in the kidnapping and murder of his mother, and in the malicious prosecution of the Proposed Intervenor.

1

The instant case is a Chapter 11 bankruptcy proceeding to restructure debt, thus there are no parties to the bankruptcy proceeding who can adequately defend or represent Proposed Intervenor's interest in this action. Defending the Proposed Intervenor's rights in the tort claims in Rhode Island District Court is not the responsibility of the parties to this proceeding.

If the Proposed Intervenor's motion to intervene is granted, then he asks this Court to accept his Lift Stay Motion, allowing his civil rights action in Rhode Island District Court to proceed against Prospect CharterCare SJHSRI, LLC (hereafter "Fatima Hospital").

## II. **Background**

Proposed Intervenor filed a federal civil rights action against Prospect CharterCare SJHSRI, LLC (hereafter "Fatima Hospital"), a Debtor in this case, in federal district court in Rhode Island on April 21, 2025. The causes of action against Fatima Hospital accrued prior to the date that the instant bankruptcy case was filed. The claims include submission of fraudulent documents, tortious interference with contractual rights, federal kidnapping, and federal felony murder / wrongful death, all for the purpose of furthering the goal of a criminal enterprise (federal RICO charge) whose purpose is to maliciously prosecute and falsely imprison the Proposed Intervenor.

As a result of the actions of Fatima Hospital, Proposed Intervenor was maliciously prosecuted for theft in state court. Those state charges were dismissed in favor of the Proposed Intervenor on October 1, 2024, thereby establishing the Proposed Intervenor's date of accrual for his Section 1983 claims against Fatima Hospital.

2

### III. Grounds for Intervention.

The Movant has a direct and significant interest in the outcome of this bankruptcy case because he is seeking millions of dollars in damages from the Debtor. Specifically, the value of the Intervenor's interest in the Debtor's property may be impaired or impeded by the continuation of the automatic stay. The existing parties to this case, including the Debtor and the trustee, may not adequately represent the Intervenor's interests in protecting the assets of the Debtor.

### IV. Discussion.

#### a. **Proposed Intervenor requests to intervene as a matter of right**.

##### i. *Proposed Intervenor's motion is timely*.

Three criteria determine whether a motion to intervene is timely: (1) "how far the underlying suit has progressed," (2) the "prejudice" that granting the motion would cause to the other parties; and (3) the reason for the delay—if any—in filing the motion. *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014).

Proposed Intervenor did not delay in filing this motion. His civil rights claim was filed on April 21, 2025; he was notified of the Section 362(a) automatic stay by the Debtor via email on June 6, 2025 and via certified mail on or about June 10, 2025. This motion is being mailed on or about June 12, 2025, less than a week after receiving notice of this bankruptcy proceeding.

Granting this motion simply allows the civil rights case in Rhode Island to proceed; it does not affect the progress of this case at all, thus there is no prejudice to the parties to this case, which is the reason for the timeliness requirement. *Cf. Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001) ("The purpose of the [timeliness] requirement is to prevent a tardy intervenor

from derailing a lawsuit within sight of the terminal."), rev'd on other grounds, *Devlin v. Scardelletti*, 536 U.S. 1 (2002).

### ii. *Proposed Intervenor has a significantly protectable interest.*

To satisfy Rule 24(a), Proposed Intervenors' interest in the subject of this suit must be "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). Proposed Intervenor has a significantly protectable interest in seeking justice and damages for the kidnapping and murder of his mother, and for his own malicious prosecution. The effect of discharging the Debtor's liability for those acts would be to allow them to escape justice for criminal misconduct, which would be antithetical to the purpose of the existence of courts of law.

### iii. *The Court's disposition of this case might impair Proposed Intervenor's significantly protectable interest.*

Intervention is required under Rule 24(a) where "the disposition of a case would, as a practical matter, impair the applicant's ability to protect his interest." *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980). The disposition of the present case could impair Proposed Intervenors' interest in holding the Debtor liable for damages owed as a result of their actions as alleged in the civil rights complaint in Rhode Island District Court. If intervention is denied, Proposed Intervenor would be unable to proceed with his civil claims against Debtor, and thus will be denied justice.

### iv. *The existing parties will not adequately protect the Proposed Intervenor's significantly protectable interest.*

Intervention typically requires bearing only a "minimal" burden of showing inadequacy of representation by an existing party. *United Guar. Residential Ins. Co. v. Phila. Sav. Fund Soc'y*, 819 F.2d 473, 475 (4th Cir. 1987) (*quoting Trbovich v. United Mine Workers*, 404 U.S.

4

528, 538 n.10 (1972)). The parties in this bankruptcy proceeding have no obligation to defend the rights of the Proposed Intervenor, nor do they have any interest whatsoever in the proceedings in Rhode Island District Court, thus the interests Proposed Intervenor are not being protected by anyone in this matter.

### b. Intervenor alternatively requests leave for permissive intervention.

If this Court does not conclude that intervention is permitted as of *right*, then the Proposed Intervenor respectfully requests *permissive* intervention. Proposed Intervenor's civil action in Rhode Island District Court will not delay or prejudice the adjudication of the original parties' rights in this action. The Proposed Intervenor does not seek to become involved in this bankruptcy proceeding in any way. The two actions can proceed in parallel without delay. The Proposed Intervenor's case in Rhode Island District Court does not affect the rights of the parties in this matter, as any debt owed by the Debtor that may be created by the civil proceedings in Rhode Island is already not dischargeable in Chapter 11 proceedings, per 11 U.S.C. § 523(a)(6).

### V. Accompanying Pleadings

Attached hereto as Exhibit A is the Intervenor's proposed Lift Stay Motion, setting forth the reasons that Intervenor believes entitle him to the relief being sought. The Lift Stay Motion is the Proposed Intervenor's "pleading which sets out the claim for which intervention is sought" for purposes of satisfying Fed.R.Civ.P. 24(c).

**VI.   Conclusion.**

For the foregoing reasons, the Court should grant Proposed Intervenor's motion to intervene.

Date:  June 12, 2025                                                          Respectfully submitted,

*[signature]*

Carlton Vose, *pro se*
11067 Percheron Dr
Jacksonville, FL 32257
carltonvose@gmail.com
904-755-4641

## CERTIFICATION

Proposed Intervenor is a *pro se* filer and does not have access to the ECF system for this Court.

I hereby certify that this document was sent via U.S. mail on June 12, 2025 to the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division at the Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496.

A copy of this Motion has been emailed to Brian Wong, Esq., counsel for Prospect Medical Holdings, Inc., at Bryan.Wong@altacorp.com on June 12, 2025; and also mailed to the address 3824 Hughes Ave, Culver City, CA 90232 by U.S. mail on June 12, 2025.

Pursuant to Fed. R. Bankr. P. 2018(e) the Proposed Intervenor will await this Court's Order regarding which other Debtors must be noticed and which documents they must receive.

*/s/ Carlton Vose*
Carlton Vose

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: PROSPECT MEDICAL HOLDINGS, INC., et al.,<br>　　　　Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered) |

## LIFT STAY MOTION

Comes now, Intervenor Carlton Vose, pursuant to 11 U.S.C. § 362(d)(1), and requests a lift of the Section 362(a) automatic stay of Intervenor's federal civil rights suit against Debtor PROSPECT CHARTERCARE SJHSRI, LLC (Case No. 25-80051) in the United States District Court for the District of Rhode Island (1:25-cv-00168).

## AUTHORITY

The statutory predicate for Intervenor's Lift Stay Motion is 11 U.S.C. § 362(d) which states that, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay, for cause, including the lack of adequate protection of an interest in property of such party in interest.

The Intervenor's civil rights claims against the Debtor are based on fraud, intentional, and malicious misconduct, and as such they are not dischargeable debt, per 11 U.S.C. § 523(a)(6) which states that a discharge under Chapter 11 does not discharge a debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

Exhibit A – 4 pages

1

The Intervenor seeks to lift the stay for cause, including an Order that the debt that may ultimately be created by the Intervenor's civil suit in Rhode Island is not dischargable. Additionally, the Intervenor is seeking millions of dollars in damages, and the Debtor has not provided adequate protection of the Intervenor's rights. The issue of "adequate protection" on which stay relief depends is a bankruptcy law issue. In re Payam, Inc., 642 B.R. 365 (Bankr. S.D.N.Y. 2022).

## THE CIVIL RIGHTS CLAIMS IN RHODE ISLAND DISTRICT COURT

11 U.S.C. § 523(a)(6) states that a discharge under Chapter 11 does not discharge the Debtor (PROSPECT CHARTERCARE SJHSRI, LLC, d/b/a "Fatima Hospital" in Rhode Island) from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

In the civil rights case at 1:25-cv-00168 in United States District Court for the District of Rhode Island, Intervenor alleges that Debtor has willfully and maliciously conspired with co-defendants in that case, to maliciously prosecute the Intervenor in violation of 42 U.S.C. § 1983 and in violation of federal RICO statutes 18 U.S.C. §§ 1961-1968 with predicate offenses including kidnapping (18 U.S.C. § 1201), felony murder (18 U.S.C. § 1111), and obstruction of justice (18 U.S.C. § 1503) for which a civil remedy is provided by 18 U.S.C. § 1964. Additionally, Intervenor alleges fraud under Rhode Island state statute R.I.Gen.L. § 11-18-1, for which R.I.Gen.L. § 9-1-2 provides a civil remedy. Additionally, Intervenor alleges that the Debtor's actions caused a wrongful death under R.I.Gen.L §§ 10-7-1 through 10-7-14.

Intervenor alleges that, during the conspiracy to maliciously prosecute the Intervenor, Debtor Fatima Hospital did intentionally and maliciously prepare fraudulent guardianship

2

paperwork for the purpose of effecting a secret, illegal guardianship over the Intervenor's mother, in a probate court which lacked jurisdiction over the Intervenor's mother.

The purpose of establishing the illegal guardianship over the Intervenor's *mother* was to allow a guardian to get access to the Intervenor's financial statements, which were then forwarded to the state attorney general, who was working with Fatima Hospital's *law firm* to frame the Intervenor for theft. Once Fatima established access to the Intervenor's *joint* checking accounts, the Intervenor was falsely arrested for theft - from his own checking account. The theft charges were ultimately dismissed in Intervenor's favor – after they were left pending against the Intervenor for seven years. However, the illegal guardianship established by debtor Fatima Hospital was in fact a federal criminal kidnapping, and during the kidnapping, the Intervenor's mother was killed, elevating her death to a felony murder / wrongful death.

## DATE OF ACCRUAL OF INTERVENOR'S CLAIMS

(a) The wrongful death claim accrued on April 30, 2022 (date of death of Intervenor's mother).

(b) The civil rights claims accrued on October 1, 2024 (the date the malicious prosecution terminated in Intervenor's favor).

(c) The instant bankruptcy case was filed January 11, 2025.

(d) Intervenor filed his federal civil lawsuit in Rhode Island on April 21, 2025.

(e) Intervenor was notified by the Debtor of this bankruptcy proceeding via email on June 6, 2025 and via certified U.S. mail on June 10, 2025.

Intervenor is seeking damages for the wrongful death of his mother; his own financial damages; punitive damages for willful civil rights violations and conscience-shocking behavior;

3

and treble damages for federal RICO violations. Because Intervenor alleges that the malicious and intentional actions of the Debtor resulted in the kidnapping and killing of his mother, Intervenor is seeking damages in the millions of dollars.

## RELIEF REQUESTED

WHEREAS, Intervenor respectfully requests that the Court:

Enter an Order:

(i) Granting Intervenor relief from the automatic stay to permit him to exercise any and all state and federal law rights and remedies against PROSPECT CHARTERCARE SJHSRI, LLC in case 1:25-cv-00168 in the United States District Court for the District of Rhode Island, or alternatively, requiring the Debtor to provide adequate protection to Intervenor.

(ii) Excluding from discharge in these bankruptcy proceedings, any damages award obtained by the Intervenor in case 1:25-cv-00168 against Debtor; and

(iii) Waiving expiration of the stay period as set forth in rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

(iv) Granting Intervenor such additional relief as it may be entitled to under the facts and applicable law.

Date: June 12, 2025

Respectfully submitted,

Carlton Vose, *pro se*
11067 Percheron Dr
Jacksonville, FL 32257
carltonvose@gmail.com
904-755-4641

# CARLTON VOSE

11067 Percheron Dr
Jacksonville, FL 32257

Telephone: 904-755-4641                                                       Email: carltonvose@gmail.com

06/12/2025

Clerk of the Court
U.S. Bankruptcy Court
Northern District of Texas
Dallas Division
1100 Commerce St., Rm. 1254
Dallas, TX 75242-1496

Re: Case No. 25-80002 / In re Prospect Medical Holdings, Inc.

Dear Clerk,

I am a *pro se* filer seeking to intervene in this bankruptcy case solely for the purpose of submitted a Lift Stay Motion.

From what I can glean from the court's website, there is no fee to file the motion to *intervene*, but if that motion is granted, then it appears that there may be a fee associated with the Lift Stay Motion? I am not sure, but please let me know if there is such a fee and I will pay it.

Thank you,

Carlton Vose