Paul E. Heath (Texas Bar No. 09355050)
William L. Wallander (Texas Bar No. 20780750)
Matthew D. Struble (Texas Bar No. 24102544)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
pheath@velaw.com; bwallander@velaw.com
mstruble@velaw.com

Thomas E. Patterson (admitted *pro hac vice*)
Nir Maoz (admitted *pro hac vice*)
**KTBS LAW LLP**
1801 Century Park East, 26th Floor
Los Angeles, CA  90067
Tel:  310.407.4000
tpatterson@ktbslaw.com; nmaoz@ktbslaw.com

Emil A. Kleinhaus (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 W. 52nd Street
New York, NY  10019
Tel:  212.403.1332
eakleinhaus@wlrk.com; arwolf@wlrk.com;
akherring@wlrk.com; mhcassel@wlrk.com

**ATTORNEYS FOR MEDICAL PROPERTIES
TRUST, INC. AND CERTAIN OF ITS
AFFILIATES**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **PROSPECT MEDICAL HOLDINGS, INC.,** | § | **Case No. 25-80002-sgj11** |
| ***et al.*,[1]** | § | |
| | § | **(Jointly Administered)** |
| Debtors. | § | **Re:  Docket No. 2688** |

## MEDICAL PROPERTIES TRUST, INC.'S
## MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Medical Properties Trust, Inc. and certain of its affiliated companies (collectively, "**MPT**")

file this *Motion for Leave to File Documents Under Seal* (the "**Motion**"), and respectfully shows

as follows.

### I.    BACKGROUND

1.    The bases for the relief requested herein are sections 105(a) and 107(b) of the

United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 9018 of the Federal

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://cases.omniagentsolutions.com/Prospect.  The Debtors' mailing
address is 3824 Hughes Ave., Culver City, CA 90232.

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9077-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

2.      On January 11, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  An order jointly administering these cases was entered on January 14, 2025.  No trustee or examiner has been appointed in these cases.  The Debtors continue to manage their assets as debtors and debtors in possession.  The Official Unsecured Creditors' Committee was appointed on January 29, 2025.

3.      On July 26, 2025, the Debtors' filed their *HCo Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) Postpetition Financing and (B) the Use of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Prepetition Lenders; and (IV) Granting Related Relief* [Dkt. 2629] (the "**New DIP Motion**").

4.      An emergency hearing to consider approval of the New DIP Motion on an interim basis is scheduled for August 4, 2025 at 1:30 p.m. (Prevailing Central Time) (the "**New DIP Hearing**").

5.      On February 28, 2025, the Court entered a *Stipulated Protective Order* [Docket No. 821] (the "**Protective Order**") governing discovery in these chapter 11 cases.  The Protective Order authorizes parties producing documents to designate certain produced materials as "Confidential."  MPT may seek to use a certain produced document with this designation as an exhibit at the New DIP Hearing.

6.      On August 1, 2025, MPT filed its *Witness and Exhibit List for Hearing Scheduled for August 4, 2025 at 1:30 p.m. (Prevailing Central Time)* [Dkt. 2688].  Out of an abundance of

caution, MPT has filed Exhibits 3, 5, 6, 7, 8, and 9, each of which is a draft of the Debtors' Proposed Revised DIP Budget, which were produced by the Debtors and marked "Confidential" under the Protective Order, under seal (the "**Sealed Exhibits**").

7.     MPT will consult with the Debtors and other parties in interest as appropriate concerning making such exhibits, or portions thereof, public to the extent feasible.

## II.     RELIEF REQUESTED

8.     By way of this Motion and in accordance with applicable law, MPT requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) authorizing MPT to file under seal the Sealed Exhibits to be used in connection with the New DIP Hearing; and (b) granting related relief.

## III.     CONFIDENTIAL INFORMATION

9.     As evidentiary support at the New DIP Hearing, MPT may rely on the Sealed Exhibits, which MPT understands that the Debtors may contend contain sensitive data and information that could cause harm if disclosed and that are entitled to protection from disclosure under applicable law.  Accordingly, MPT seeks authority to file the Sealed Exhibits under seal as provided herein.

## IV.     BASIS FOR RELIEF

10.     Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code, in turn, provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b).  Specifically, section 107(b) provides that on request of a party in interest, the bankruptcy court, among other things, "shall . . . (1) protect an entity with

3

respect to a trade secret or confidential research, development, or commercial information . . . ."
11 U.S.C. § 107(b).

11.      Bankruptcy Rule 9018 defines the procedures by which a party may move for relief
under section 107(b) and provides, in relevant part, that "on motion or its own initiative . . . the
court may make any order which justice requires . . . to protect an entity with respect to a trade
secret or confidential research, development, or commercial information." FED. R. BANKR. P.
9018.  Additionally, Local Rule 9077-1 provides, in relevant part, that "a party may file a document
under seal only on motion and by permission of the Presiding Judge."

12.      Unlike its counterpart in Federal Rule of Civil Procedure 26(c), section 107(b) of
the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate
"good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion
Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal
(In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, the movant need
only demonstrate that the material to be protected satisfies a category identified in section 107(b)
of the Bankruptcy Code.

13.      Though not required under the Bankruptcy Code or Bankruptcy Rules, MPT
submits that good cause exists to grant this Motion.  Specifically, MPT submits that the Sealed
Exhibits, which contain non-public financial projections and/or analysis, may fall within the scope
of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the
Bankruptcy Code and Bankruptcy Rule 9018.  For that reason, and pending further order of the
Court, MPT believes that provisional filing under seal is appropriate.

14.      Likewise, the Protective Order authorizes producing parties to designate materials
as "Confidential" if:   "(i) such Discovery Material (A) constitutes or contains nonpublic

proprietary or confidential technical, business, financial, personal or other information of a nature

that can be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or

by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a

preexisting obligation to a third-party to treat such Discovery Material as confidential." Protective

Order ¶5(a). The Protective Order further directs that, unless otherwise agreed by the party

producing the material, any materials designated as "Confidential" "shall be filed under seal in

accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual

practice rules of the Judge." Protective Order ¶13.

15.     MPT submits that the Sealed Exhibits may meet the criteria for "Confidential"

designation under the Protective Order, and therefore are required to be filed under seal. For that

additional reason, MPT believes that provisional filing under seal is appropriate.

## V.     NOTICE

16.     This Motion has been provided to (i) the Debtors and counsel for the Debtors;

(ii) the Office of the United States Trustee for the Northern District of Texas; and (iii) the

Committee and counsel for the Committee. MPT respectfully submits that no further notice of

this Motion is required.

WHEREFORE, MPT respectfully requests that the Court enter the Proposed Order,

substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and

such other relief as the Court deems appropriate under the circumstances.

Dated:  August 1, 2025
Dallas, Texas

/s/  *Paul E. Heath*

**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
William L. Wallander (TX 20780750)
Matthew D. Struble (TX 24102544)
2001 Ross Avenue, Suite 3900
Dallas, TX  75201
Tel:  214.220.7700
Email:  pheath@velaw.com
      bwallander@velaw.com
      mstruble@velaw.com

**KTBS LAW LLP**
Thomas E. Patterson (admitted *pro hac vice*)
Nir Maoz (admitted *pro hac vice*)
1801 Century Park East, 26th Floor
Los Angeles, CA  90067
Tel:  310.407.4000
Email: tpatterson@ktbslaw.com
     nmaoz@ktbslaw.com

**ATTORNEYS FOR MEDICAL
PROPERTIES TRUST, INC. AND
CERTAIN OF ITS AFFILIATES**

**WACHTELL, LIPTON, ROSEN & KATZ**
Emil A. Kleinhaus (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Angela Herring (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
51 W. 52nd Street
New York, NY  10019
Tel:  212.403.1332
Email: eakleinhaus@wlrk.com
     arwolf@wlrk.com
     akherring@wlrk.com
     mhcassel@wlrk.com

## CERTIFICATE OF SERVICE

I certify that on August 1, 2025 I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Paul E. Heath*
One of Counsel

**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[2] | § | Case No. 25-80002-sgj11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

ORDER GRANTING MEDICAL PROPERTIES TRUST, INC.'S
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Upon consideration of the *Medical Properties Trust, Inc's Motion for Leave to File Documents Under Seal* (the "**Motion**")[3] filed by Medical Properties Trust, Inc. and certain of its affiliated companies (collectively, "**MPT**") for entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9077-1, authorizing MPT to file under seal certain exhibits listed in its *Witness and Exhibit List for Hearing Scheduled for August 4, 2025 at 1:30 p.m. (Prevailing Central Time)* [Dkt. 2688]; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having found that due and proper notice of the Motion was provided under the particular circumstances and that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    MPT is authorized to file the Sealed Exhibits under seal.

---

[2]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.omniagentsolutions.com/Prospect.  The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[3]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      MPT shall provide unredacted copies of the Sealed Exhibits to the Debtors.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      MPT is authorized to take all actions necessary to effectuate the relief granted in this Order.

6.      This Court shall retain jurisdiction with respect to any and all matters arising from or related to the implementation or interpretation of this Order.

# # # End of Order # # #