IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered)<br>Related to Dkt. No. 3247 |

**DECLARATION OF PAUL RUNDELL
IN SUPPORT OF THE DEBTORS' EMERGENCY MOTION
FOR ENTRY OF AN ORDER (I) APPROVING A SETTLEMENT
AGREEMENT WITH YALE NEW HAVEN HEALTH SERVICES
CORPORATION AND MPT PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019 AND (II) GRANTING RELATED RELIEF**

I, Paul Rundell, pursuant to section 1746 of title 28 of the United States Code hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Chief Restructuring Officer ("CRO") of Prospect Medical Holdings, Inc. ("PMH") and its current hospital-related debtor affiliates (collectively, the "HCo Debtors"), together with PHP Holdings, LLC ("PHPH") and its physician-related debtor affiliates (collectively, the "PCo Debtors"), and together with Chamber Inc., Ivy Holdings Inc., and Ivy Intermediate Holding Inc. (collectively, the "TopCo Debtors," and together with the HCo Debtors and PCo Debtors, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, and a Managing Director of Alvarez & Marsal North America, LLC ("A&M"), a turnaround management consulting firm. I have served as the CRO of the HCo Debtors since January 11, 2025 and as the CRO of the PCo Debtors since July 7, 2025.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

1

2. As CRO of the Debtors, I am familiar with and knowledgeable about the Debtors' day-to-day operations, business and financial affairs, and books and records, as well as the circumstances leading to the commencement of these chapter 11 cases. I submit this declaration (this "Declaration") in support of the *Debtors' Emergency Motion for Entry of an Order (I) Approving a Settlement Agreement With Yale New Haven Health Services Corporation and MPT Pursuant to Federal Rule of Bankruptcy Procedure 9019 and (II) Granting Related Relief* (the "YNHH Settlement Motion")[2] filed contemporaneously herewith, which seeks approval of an order approving the Settlement Agreement between (i) the Debtors, (ii) Yale New Haven Health Services Corporation ("YNHH"), and (iii) Medical Properties Trust, Inc., MPT of Manchester PMH, LLC, MPT of Rockville PMH, LLC, and MPT of Waterbury PMH, LLC (collectively, "MPT," and together with the Debtors and YNHH, the "Parties").

3. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors, my opinion based on experience, knowledge, and information concerning the Debtors' operations and financial condition, or from my discussions with the Debtors' advisors. If called upon to testify, I would and could testify competently to the facts set forth in this Declaration.

## THE SETTLEMENT AGREEMENT SHOULD BE APPROVED

4. I believe that the terms of the Settlement Agreement are fair and reasonable and the benefits of the Settlement Agreement outweigh the costs the Debtors' estates of pursuing the claims and defenses against the YNHH. Specifically, the Settlement Agreement results in a $45

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the YNHH Settlement Motion.

million cash payment that will be available for distribution to the Debtors' estates, providing immediate and certain value that would otherwise be subject to the risks, delays, and expense of litigation, thereby preserving estate value.

5. The Settlement Agreement is the product of arm's-length negotiations among the Parties and I believe it 1) is well within the range of reasonableness for the Debtors to enter into the Settlement Agreement, 2) represents a sound exercise of the Debtors' business judgment and 3) is in the best interests of the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: September 26, 2025

*/s/ Paul Rundell*
Paul Rundell
Chief Restructuring Officer