Keith M. Aurzada (24009880)
Dylan T.F. Ross (24104435)
Haley B. Bray (24143584)
**REED SMITH LLP**
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
Phone:  469.680.4200
Fax:  469.680.4299
Email: kaurzada@reedsmith.com
dylan.ross@reedsmith.com
hbray@reedsmith.com

*Attorneys for Siemens Healthcare Diagnostics Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | § | Case No. 25-80002 (SGJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## LIMITED OBJECTION OF SIEMENS HEALTHCARE DIAGNOSTICS INC. TO DEBTORS' SUPPLEMENTAL NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE COSTS
**[Relates to Docket No. 3179]**

Siemens Healthcare Diagnostics Inc. ("**SHDI**") hereby submits this *Limited Objection* (the "**Objection**") to the *Supplemental Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Costs* dated September 18, 2025 [Docket No. 3179] (the "**Supplemental Assumption Notice**")[2] filed by Prospect Medical Holdings, Inc. ("**Prospect**") and its affiliated co-debtors (collectively, the "**Debtors**"). In particular, SHDI objects to the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Supplemental Assumption Notice.

Supplemental Assumption Notice on the grounds that: 1) the Proposed Cure Amount (defined below) is insufficient to cure the contracts the Debtors seek to assume and assign; and 2) the Debtors cannot separate the Master Contract (as defined below) to assume and assign certain Facilities (as defined below) being sold pursuant to the sale of the Debtors' Connecticut assets, but must assume and assign the Master Contract *in toto*. In support of this Objection, SHDI respectfully states as follows:

## I. BACKGROUND

### A. SHDI Contracts with the Debtors

1. SHDI is a market leader in medical diagnostics technology. SHDI and the Debtors have a lengthy professional relationship and are party to numerous contracts under which SHDI provides goods and services to the Debtors, including those necessary to perform coagulation and hemostasis laboratory services.

2. SHDI provides hemostasis systems (the "***Equipment***") to hospitals and other medical sites, which are used to analyze blood coagulation. Pursuant to numerous purchase, equipment placement, and service agreement contracts (collectively, the "***Contracts***"), SHDI provides the Debtors with the Equipment and the Debtors purchase the products needed to use and maintain the equipment from SHDI (collectively, the "***Products***"). In connection with these Contracts, SHDI also provides the necessary services and training to operate the Equipment (collectively, the "***Services***"). Among other things, the Contracts provide minimum annual purchase requirements for the Products and Services.

### B. The Debtors' Bankruptcy Cases

3. On January 11, 2025 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United

States Bankruptcy Court for the Northern District of Texas (the "*Court*"). The cases are jointly administered under Lead Case No. 25-80002.

4. On March 19, 2025, the Court entered the *Order (I)(A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) the Selection of Stalking Horse Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling Auction(s) and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, (II)(A) Authorizing the Sale of the Assets Free and Clear of All Encumbrances, and (B) Approving the Assumption and Assignment of the Assumed Contracts, and (III) Granting Related Relief* [Docket No. 1264] (the "**Bidding Procedures Order**"), which approved certain procedures (the "**Bidding Procedures**") in connection with the sale of substantially all of the Debtors' assets in California (such assets, the "*CA Assets*" and such sale, the "*CA Sale*") and in Connecticut (such assets, the "*CT Assets*" and together with the CA Assets, the "*Assets*" and such sale, the "*CT Sale*" and together with the CA Sale, the "*Sales*").

5. On September 18, 2025, the Debtors filed the Supplemental Assumption Notice, which lists executory contracts that the Debtors intend to assume and assign as part of the Sales. SHDI is listed as the contractual counterparty to two (2) contracts identified in the Supplemental Assumption Notice as part of the CT Sale:

| Item # | Debtor | Counterparty | Description of Contract | Cure Amount (current AP) |
|---|---|---|---|---|
| 475 | PROSPECT MEDICAL HOLDINGS, INC. | SIEMENS HEALTHCARE DIAGNOSTICS INC 115 NORWOOD PARK SOUTH NORWOOD, MA 02062 | VENDOR PRICING AGREEMENTS DATED: 03/01/2019 | $196 |
| 476 | PROSPECT MEDICAL HOLDINGS, INC. | SIEMENS HEALTHCARE DIAGNOSTICS INC 115 NORWOOD PARK SOUTH NORWOOD, MA 02062 | VENDOR PRICING AGREEMENTS DATED: 05/22/2020 | ^ |

6. The first contract listed is that certain *IDN Master Agreement* between SHDI and Debtor Prospect Medical Holdings, LLC, dated March 1, 2019 (the "*Master Contract*"). The

second contract listed is that certain *Amendment to the Prospect IDN Master Agreement* between SHDI and Prospect Medical Holdings, Inc., dated June 15, 2020 (the "**Master Contract Amendment**" and together, with the Master Contract, collectively the "**Proposed Assumed Contracts**").[3]

7. The Master Contract placed Equipment in one hundred and eleven (111) Prospect-affiliated medical facilities (the "**Facilities**"), including many Facilities that are not a part of the CT Sale. In connection with the Master Contract, SHDI provides the Facilities with various Equipment, and the necessary Products and Services required to operate this Equipment at a standard pricing rate. Collectively, the Debtors propose a $196.00 blanket cure amount for both Proposed Assumed Contracts (the "**Proposed Cure Amount**").

## II.  LIMITED OBJECTION

8. While SHDI does not oppose the proposed assumption and assignment of the Proposed Assumed Contracts in principle, SHDI hereby objects to the Supplemental Assumption Notice on the basis that (i) the Proposed Cure Amount is insufficient to cure the proposed Assumed Contracts and (ii) under Fifth Circuit precedent, the Master Contract is not severable, thus the Debtors cannot assume and assign the Master Contract in piecemeal as part of the CT Sale, without also assuming and assigning the Master Contract as to all of the Facilities covered by its terms.

    A.    **The Supplemental Assumption Notice is Insufficient to Identify the Proposed Assumed Contracts.**

9. The Code requires that "[i]f there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract . . ., the trustee . . . cures, or provides adequate assurance that the trustee will promptly

---

[3] The Proposed Assumed Contracts contain confidential and proprietary information and, therefore, have not been attached hereto. The Debtors should have copies of the Proposed Assumed Contracts; however, copies of the same may be made available upon request made to SHDI by the Debtors.

- 4 -

cure, such default . . ." 11 U.S.C. § 365(b)(1)(A). A debtor must make the other party to the executory contract whole by curing all material defaults in past performance and by showing that the proposed assignee can perform under the contract following assumption. *Lifemark Hosp., Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters.)*, 304 F.3d 410, 438–39 (5th Cir. 2002); *In re Kemeta, LLC*, 470 B.R. 304, 324–25 (Bankr. D. Del. 2012). A debtor must ordinarily cure both monetary and non-monetary defaults in an executory contract. *In re Patriot Place, Ltd.*, 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013).

10. The Debtors have not met their cure obligations under § 365(b).

11. SHDI is amenable to working with the Debtors to reconcile any such amounts due; however, SHDI objects to the Proposed Cure Amount to the extent it seeks to cure the defaults of *all Facilities* covered under the Master Contract. If the Debtors intend for the Buyer to assume the Master Contract, then all amounts due and owing for all Facilities covered by the Master Contract must be paid in full prior to assumption as required by 11 U.S.C. § 365. SHDI objects to the assumption of the Master Contract based upon any Proposed Cure Amount that does not include the total amount due and owing as of the date of assumption for all one hundred and eleven (111) Facilities covered by the Master Contract.

12. The Master Contract governs aggregated pricing for Products and Services across all covered Facilities and furnishes Equipment to one hundred and eleven (111) separate Facilities. Many of these Facilities are not included within the CT Assets that are being sold pursuant to the CT Sale and are subject to other ongoing sales of the Debtors' assets. Since the Supplemental Assumption Notice was filed, SHDI has endeavored to determine the precise cure amount for the Master Contract across all Facilities, including for each facility that will likely be part of the CT

Sale; however, without clarity of which Facilities are included in the Debtors' proposed assumption as part of the CT Sale, SHDI cannot determine exactly what cure amounts are owed.[4]

13. In light of the foregoing, the Debtors cannot propose to cure the Master Contract in its entirety for only $196.00.

### B. The Master Contract Must be Assumed and Assigned in its Entirety.

14. Debtors must assume an executory contract in its entirety. *See Anytime Fitness, L.L.C. v. Thornhill Bros. Fitness, L.L.C. (In re Thornhill Bros. Fitness, L.L.C.)*, 85 F.4th 321, 325 (5th Cir. 2023) ("When it comes to *assuming* an executory contract, we have been clear that it's all or nothing: '[a]n executory contract must be assumed or rejected in its entirety.'") (quoting *Matter of Provider Meds, LLC*, 907 F.3d 845, 851 (5th Cir. 2018)). The same is true for assignments under § 365(f). *See id.* at 326 ("…assignments are likewise all-or-nothing."). If partial § 365(f) assignments were allowable, debtors could strategically divide up contracts to circumvent undesirable burdens and change the very nature of the contracted-for obligations *See id.*

15. The Debtors have not explicitly stated whether their intent is to assume the Master Contract as a whole, or only to assume and assign the Master Contract with regard to the Facilities that are included in the CT Sale as part of the CT Assets. Pursuant to the Supplemental Assumption Notice, the Debtors propose to assume and assign the Master Contract as part of the *CT Sale*, and have not moved to assume or assign the Master Contract as part of the sales of its Pennsylvania, California, or Rhode Island assets. However, the hundred and eleven (111) Facilities are located throughout Pennsylvania, California, Connecticut, and Rhode Island.

16. Allowing the Debtors to assume and assign the Master Contract as part of the CT Sale alone circumvents the policy and law of the Fifth Circuit and should not be permitted in these

---

[4] Notwithstanding SHDI's work to calculate cure claims for each of the Facilities, SHDI asserts that the Master Contract must be assumed and assigned *in toto*. *See infra* Section II(B).

cases. The Debtors must assume and assign the Master Contract in its entirety and not only those Facilities that will be part of the CT Sale.

### III. RESERVATION OF RIGHTS

17. Nothing in this Objection is intended to be, or should be construed as, a waiver by SHDI of any of its rights under the Contracts, the Bankruptcy Code, or applicable law. SHDI expressly reserves all such rights, including, without limitation, the right to: (i) supplement this Objection or make such other and further objections to the proposed assumption and assignment on any and all grounds; (ii) modify the cure amount as additional amounts are determined to be owed under the Proposed Assumed Contracts; (iii) amend this objection to include cure amounts owed under any additional Contracts between SHDI and the Debtors that may be identified; and (iv) assert any further objections as SHDI deems necessary and appropriate.

### IV. CONCLUSION

18. SHDI respectfully requests that the Court enter an order (i) conditioning the relief requested in the Cure Notice on the payment of a Cure Amount that is representative of all amounts due and owing under the entirety of the Master Contract and Amendment to Master Contract; (ii) requiring the Debtors to assume and assign the Master Contract in its entirety; and (iii) granting such further relief as the Court deems appropriate.

Dated: October 1, 2025  
  Dallas, TX

Respectfully submitted,

**REED SMITH LLP**

By:  */s/ Keith M. Aurzada*  
Keith M. Aurzada  
Dylan T.F. Ross  
Haley B. Bray  
2850 N. Harwood Street, Suite 1500  
Dallas, TX 75201  
Telephone: (469) 680-4200  
Facsimile: (469) 680-4299  
E-mail: kaurzada@reedsmith.com

dylan.ross@reedsmith.com
hbray@reedsmith.com

*Attorneys for Siemens Healthcare Diagnostics Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in these cases on October 1, 2025. I further certify that a correct copy of the foregoing document was also served on the parties listed below via email and U.S. Mail First Class pursuant to the Supplemental Assumption Notice:

Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, Teas 75201
Anne G. Wallice (anne.wallice@sidley.com)
Parker E. Embry (parker.embry@sidley.com)
William H. Calix (William.calix@sidley.com)

*Counsel to the Debtors*

United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
Attn: Elizabeth A.Young (elizabeth.a.young@usdoj.gov)

*United States Trustee for the Northem District of Texas*

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Kris Hansen (krishansen@paulhastings.com)
Erez Gilad (erezgilad@paulhastings.com)
Gabe Sasson (gabesasson@paulhastings.com)

*Counsel to the Official Committee of Unsecured Creditors*

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street,
New York, NY 10019
Attn: Emil A. Kleinhaus (EAKleinhaus@wlrk.com)

-and-

KTBS Law LLP

1801 Century Park East, 26th Floor
Los Angeles, CA 90067
Attn: Thomas E. Petterson (tpatterson@ktbslaw.com)

*Counsel to MPT*

                              */s/ Keith M. Aurzada*
                              Keith M. Aurzada