# Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

## ORDER GRANTING EMERGENCY MOTION
## FOR RELIEF FROM AUTOMATIC STAY FILED BY DEBTORS

Upon the motion ("Motion")[2] of Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) modifying the automatic stay to permit all MLS Movants[3] to liquidate their

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3] "MLS Movants" means all parties who have filed a motion to lift the automatic stay as to their PL/GL Claim.

PL/GL Claims to final judgment or settlement, including any appeal, and to collect against any available insurance coverage provided by the Debtors' insurers and reinsurers; and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Rundell Declaration and the Rundell Automatic Stay Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The relief requested in this Motion is GRANTED on a final basis as set forth herein.

2. The automatic stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay") shall be modified to a limited extent to permit the MLS Movants, as identified on **Schedule 1** attached hereto, to adjudicate and liquidate the PL/GL Claims and pursue or initiate state or federal court actions to final judgment or settlement, including any appeal, and to collect such final judgment or settlement solely from any available insurance, excluding any of the Debtors' directors and officers insurance policies. Any amounts of such PL/GL Claims that remain unrecovered, and only such amounts upon a final judgment or settlement or as allowed by the

Court, may be treated as a general unsecured claim, pursuant to the *Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and its Debtor Affiliates* [Docket No. 2986], which shall be the sole remedy as against the Debtors' estate.

3. Any PL/GL Claimant not included on **Schedule 1** may file a notice to lift the automatic stay in the form attached hereto as **Exhibit 1** (a "Supplemental Lift Stay Notice") as to their PL/GL Claim seeking to be subject to the relief authorized in this Order. The request shall be granted, without further hearing, if the Debtors do not object to the Supplemental Lift Stay Notice within five (5) business days of filing.

4. Nothing in this Agreement shall constitute or be deemed to constitute a finding, representation, admission or determination as to the existence of coverage or the applicability of any insurance policies (the "Policies"), including, without limitation, the Policies.

5. The Debtors make no representations regarding the availability of any proceeds under the Policies.

6. The Debtors reserve all rights with respect to the proceeds under the Policies, and nothing in the Motion or this Order shall be deemed to modify, impair, or otherwise affect the Debtors' rights as to the insurers or reinsurers.

7. Entry of this Order hereby supersedes the *Order (I) Approving and Authorizing Mandatory Claims Resolution Procedures to Resolve Professional Liability and General Liability Claims and (II) Granting Related Relief* [Docket No. 2181].

8. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

Order submitted by:

**The Law Office of Vincent P. Slusher**
Vincent P. Slusher (00785480)
2121 N. Akard St., Suite 250
Dallas, Texas 75201
Telephone: (214) 478-5926
Email: vince.slusher@proton.me

*Conflicts Counsel for the HCo and PCo Debtors
and Debtors in Possession*

# Schedule 1

# List of MLS Movants

| Lift Stay Docket No. | Claimant | Court | Case No. |
|---|---|---|---|
| 893 | Tanisha L Sutton, individually and as Administratrix of Estate of Gertrude R Clarke, deceased | Pennsylvania Court of Common Pleas – Delaware County | CV-2021-002645 |
| 893 | Mary Lou Glenn, individually and as Executrix of Estate of Carol Ann Gumiela, deceased | Pennsylvania Court of Common Pleas – Philadelphia County | 2404054525 |
| 893 | Amanda Brooks, individually & as Admin. of the Estate of Michael Brooks, dec'd. | Pennsylvania Court of Common Pleas – Delaware County | CV-2021-006118 |
| 893 | Cierra L Johnson, as parent and natural guardian of S.J., a minor | N/A[4] | N/A |
| 893 | Mary Louise Bell, individually and as Executrix of the Estate of Clarence Bell, Jr., Deceased | Pennsylvania Court of Common Pleas – Delaware County | CV-2017-010725 |
| 893 | Shirley Harvey | Pennsylvania Court of Common Pleas – Delaware County | CV-2023-000374 |
| 893 | Lorraine Vesci | N/A | N/A |
| 893 | Harold Keeler, Individually, and as Exec. of the Estate of Marian A. Keeler, Deceased | Pennsylvania Court of Common Pleas – Delaware County | CV-2024-05981 |
| 893 | Kendra R. Cox | Pennsylvania Court of Common Pleas – Philadelphia County | 230602830 |
| 893 | William D Bevan, as the Administrator of the Estate of Theodora Bevan, deceased | Pennsylvania Court of Common Pleas – Delaware County | CV-2017-007600 |
| 893 | Frederick M. Nice, Esquire as Limited Guardian of T.J., a minor | N/A | N/A |
| 893 | Estate of Beverly White | Pennsylvania Court of Common Pleas – Philadelphia County | 230101359 |
| 893 | Estate of Gregory Brigerman | Pennsylvania Court of Common Pleas – Delaware County | CV-2019-003814 |

---

[4] Certain claims listed in this Schedule do not have an associated court or case number. This may be because the proof of claim only asserts a claim or potential claim against insurance and no litigation was filed, or because the Debtors do not have a record of the claim's court or case number.

| | | | |
|---|---|---|---|
| 893 | Estate of Emerson Studevan | Pennsylvania Court of Common Pleas – Philadelphia County | 221201292 |
| 893 | Estate of Sharon Williams | Pennsylvania Court of Common Pleas – Philadelphia County | 241000124 |
| 893 | Estate of Calvin Vann | New Jersey Superior Court, Law Division – Essex County | ESX-L-003113-18 |
| 893 | Thomas McFall | Pennsylvania Court of Common Pleas – Delaware County | CV-2019-009047 |
| 893 | Estate Of Erik Tyree Carlo a/k/a Erik Carlo, Erik T. Carlo, Deceased, by and through Brian Curran, Public Administrator of Nassau County, New York, as Temporary Administrator of the Estate of Erik Tyree Carlo a/k/a Erik Carlo, Erik T. Carlo, Deceased | Pennsylvania Court of Common Pleas – Philadelphia County | 220200860 |
| 893 | Kira McMillan | Pennsylvania Court of Common Pleas – Philadelphia County | 220200866 |
| 893 | M.R.C., a Minor by Megan Murnane, Her Parent and Natural Guardian | Pennsylvania Court of Common Pleas – Philadelphia County | 220200860 |
| 893 | Karen Fleet, as Administratrix of the Estate of Brandon Fleet, deceased | Pennsylvania Court of Common Pleas – Delaware County | CV-2022-003033 |
| 893 | James Hastings and Dawn Hastings | Pennsylvania Court of Common Pleas – Delaware County | CV-2021-001360 |
| 893 | Muhammad Saifee | N/A | N/A |
| 893 | Brodie Watson | Pennsylvania Court of Common Pleas – Delaware County | CV-2022-001313 |
| 893 | Rosalind Orlando | Pennsylvania Court of Common Pleas – Delaware County | CV-2022-00430 |
| 893 | Thelma Palace | N/A | N/A |
| 893 | Shaniya Holloway & Teddy Holloway, as the parents & natural guardians of M.H., a minor | N/A | N/A |

| | | | |
|---|---|---|---|
| 893 | Tina Jones, Individually and as Administratrix of the Estate of Bruce Bellinger, Jr | Pennsylvania Court of Common Pleas – Delaware County | CV-2024-005815 |
| 893 | Justice & Juliana Hagan as Parents & Natural Guardian for K.H., a minor | N/A | N/A |
| 893 | Ronald Temple, as Executor of Estate of Geraldine Ann Temple | Pennsylvania Court of Common Pleas – Philadelphia County | 240801617 |
| 893 | George K. Kammerle, Individually and as Administrator to the Estate of Anne Marie Kammerle, deceased | N/A | N/A |
| 893 | Michael Carroll | N/A | N/A |
| 1144 | Yvonne Gathers and Malcolm Flamer, Ind. and Admins of the Estate of E.A.F. | Pennsylvania Court of Common Pleas – Delaware County | CV-2023-001855 |
| 1144 | Kimberly A. Weeks, Individually, and as the Administratrix of the Estate of Maryellen A. Weeks, and Kristen Neff | Pennsylvania Court of Common Pleas – Delaware County | CV-2020-004246 |
| 1144 | Felix Martinez Casalez | Pennsylvania Court of Common Pleas – Philadelphia County | 231203099 |
| 1144 | Kevin Okum, Parent and Natural Guardian of B.O. | United States District Court for the Eastern District of Pennsylvania | 2:24-cv-03310 |
| 1144 | Cameron Weaver | Pennsylvania Court of Common Pleas – Delaware County | CV-2022-003567 |
| 1144 | Richard L. Martorell, Executor of the Estate of Tiffany Winslow | Pennsylvania Court of Common Pleas – Philadelphia County | 240201441 |
| 1203 | Oumar Keita, Administrator of the Estate of Mariama Conde, Deceased | Pennsylvania Court of Common Pleas – Philadelphia County | 240803555 |
| 1205 | Lakeina Shorts, Individually and as Administrator of the Estate of Joziah Shorts, Deceased | Pennsylvania Court of Common Pleas – Delaware County | CV-2020-006668 |
| 1207 | Shanera Raison, Administrator of the Estate of Robert J. Walker, Deceased | Pennsylvania Court of Common Pleas – Delaware County | CV-2022-002901 |

| | | | |
|---|---|---|---|
| 1209 | Jennifer and Brian Chapis | Pennsylvania Court of Common Pleas – Delaware County | CV-2022-006404 |
| 1467 | Gina St. Onge in her capacity as the Administratrix of the Estate of Fred P. Candora Jr | Rhode Island Superior Court – Providence/Bristol County | PC-2021-07475 |
| 1498 | Rita Mangan | Pennsylvania Court of Common Pleas – Philadelphia County | 230400868 |
| 1525 | Lillian Michaels in and through her guardian ad litem John Michael | California Superior Court – Los Angeles County | 24STCV01900 |
| 1728 | Louis Mele, individually and as successor-in-interest to Barbara J. Mele, Deceased | California Superior Court – Los Angeles County | 24NWCV00626 |
| 2342 | Estate of Berta Diaz | California Superior Court – Los Angeles County | 23STCV02696 |
| 2343 | Teresa Sokol, indiviudally and as representative of estate of Lester Dale Biles | California Superior Court – Los Angeles County | 22STCV31694 |
| 2406 | Jayme L Pires, as Administratix of the Estate of Peter Pires, Jr | Connecticut Superior Court – Hartford Judicial Division | HHD-CV-22-6155675-S |
| 2406 | Michael Quadrato | Connecticut Superior Court – Waterbury Judicial Division | UWY-CV24-6081580-S |
| 2406 | Sean Boyle | N/A | N/A |
| 2406 | Amy Dunn, as Executor of the Estate of Stephen Otis Shepardson | N/A | N/A |
| 2406 | Leah Pineau, as Administrator of the Estate of Patricia Hart | N/A | N/A |
| 2406 | Lynn Matthews, as Administratrix of the Estate of Edward Matthews | N/A | N/A |
| 2406 | Anthony Manuel | N/A | N/A |
| 2406 | Chelsea Teasdale, as Parent and Guardian of Kyle J. Teasdale, a minor | N/A | N/A |
| 2406 | Carley Gorcenski, on behalf of the Estate of Griffin Gorcenski | N/A | N/A |
| 2406 | Valerie Carignan, on behalf of the Estate of Anthony Cocchiola | N/A | N/A |

| | | | |
|---|---|---|---|
| 2406 | Golden Jo Elizabeth Grace, as Administrator of the Estate of Mary Grace | N/A | N/A |
| 2406 | Katie O'Connor, as Administrator of the Estate of Stephen M. O'Connor | N/A | N/A |
| 2406 | Ashley Pedro, as Parent & Guardian of Brooks Pedro, a minor | Connecticut Superior Court – Hartford Judicial Division | HHD-CV25-6197304-S |
| 2406 | Hitesh Shah, as Administrator of the Estate of Meghna Shah | Connecticut Superior Court – Hartford Judicial Division | HHD-CV22-6154304-S |
| 2406 | Robert P. Matusz, as Administrator of the Estate of Angela R. Matusz | Connecticut Superior Court – Waterbury Judicial Division | UWY-CV22-6065748-S |
| 2406 | Aerielle St John and Andrew St John as Parents and Guardians of TSJ a Minor | N/A | N/A |
| 2406 | Pamela Dorn, as Administratix of the Estate of Robert F Dorn | N/A | N/A |
| 2406 | Earl Bueno | Connecticut Superior Court – Waterbury Judicial Division | UWY-CV-23-6072577-S |
| 2406 | Carlos Anthony Varela, as Estate Examiner of the Estate of Iris Rivera | N/A | N/A |
| 2406 | Kelisha Martinez Morales, as Parent and Guardian of Kelimar Santiago Martinez, a minor | N/A | N/A |
| 2891 | Brandon Daniels | California Superior Court – Los Angeles County | 24VECV01480 |

# Exhibit 1

**Supplemental Lift Stay Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered)<br>Rel. to Dkt. No. [●] |

## SUPPLEMENTAL LIFT STAY NOTICE

Claimant(s):

Debtor Defendant(s):

Court, if applicable:

Case No., if applicable:

Proof of Claim Number(s):

Amount(s) Stated in Proof(s) of Claims:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

Pursuant to the *Order Granting Emergency Motion for Relief from Automatic Stay Filed by Debtors* [Docket No. [●]] (the "Lift Stay Order") previously filed by Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the United States Bankruptcy Court for the Northern District of Texas (the "Court"), I respectfully request the following relief:

Subject to the terms of the Lift Stay Order, by this notice (this "Supplemental Lift Stay Notice"), I respectfully request that the automatic stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay") be modified to a limited extent to permit adjudication and liquidation of my above-identified prepetition professional liability and general liability claim(s) ("PL/GL Claim(s)") and pursue or initiate state or federal court actions to final judgment or settlement, including any appeal, and to collect such final judgment or settlement solely from any available insurance, excluding any of the Debtors' directors and officers insurance policies. Any amounts of my PL/GL Claim(s) that remain unrecovered, and only such amounts upon a final judgment or settlement or as allowed by the Court, may be treated as a general may be treated as a general unsecured claim, pursuant to the *Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and its Debtor Affiliates* [Docket No. 2986] and as ordered by the Lift Stay Order, which shall be the sole remedy as against the Debtors' bankruptcy estate.

Subject to the terms of the Lift Stay Order, **this request shall be granted, without further hearing, if the Debtors do not object to this Supplemental Lift Stay Notice within five (5) business days of filing.**

Subject to the terms of the Lift Stay Order, I understand and agree that nothing in this Supplemental Lift Stay Notice nor the Lift Stay Order shall constitute or be deemed to constitute a finding, representation, admission or determination as to the existence of coverage or the applicability of any insurance policies (the "Policies"), including, without limitation, the Policies.

Subject to the terms of the Lift Stay Order, I understand and agree that the Debtors make no representations regarding the availability of any proceeds under the Policies.

Subject to the terms of the Lift Stay Order, I understand and agree that entry of the Lift Stay Order supersedes the *Order (I) Approving and Authorizing Mandatory Claims Resolution Procedures to Resolve Professional Liability and General Liability Claims and (II) Granting Related Relief* [Docket No. 2181].

Subject to the terms of the Lift Stay Order, I understand and agree that the Debtors are authorized to take all such actions as are necessary or appropriate the implement the terms of the Lift Stay Order and this Supplemental Lift Stay Notice.

Subject to the terms of the Lift Stay Order, I understand and agree that this Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of the Lift Stay Order and this Supplemental Lift Stay Notice.

Date: _____ (month, day, year)

Address: _____

_____

_____

_____

Signature: _____

Printed Name: _____