**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF VINCENT P. SLUSHER
IN SUPPORT OF THE DEBTORS' EMERGENCY MOTION
FOR ENTRY OF AN ORDER (I) MODIFYING THE AUTOMATIC STAY TO
PERMIT MLS MOVANTS TO LIQUIDATE THEIR PL/GL CLAIMS AND TO
COLLECT AGAINST THE DEBTORS' AVAILABLE INSURANCE COVERAGE
AND (II) GRANTING RELATED RELIEF**

I, Vincent P. Slusher, being duly sworn, state the following under penalty of perjury:

1. I am a partner of the Law Office of Vincent P. Slusher, located at 2121 North Akard, Suite 250, Dallas, Texas 75201 (the "Firm"). I am the lead attorney from the Firm working as conflicts counsel in the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of Texas, and I have been admitted to practice in the Northern District of Texas. There are no disciplinary proceedings pending against me.

2. I am duly authorized to make this declaration (the "Declaration") in support of the *Debtors' Emergency Motion for Entry of an Order (I) Modifying the Automatic Stay to Permit MLS Movants to Liquidate Their PL/GL Claims and to Collect Against the Debtors' Available Insurance Coverage and (II) Granting Related Relief* (the "Motion").[2]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Motion.

3. The facts set forth in this Declaration are based upon my personal knowledge, or discussions with other Firm attorneys. I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

**A.    The Claims Resolution Procedures.**

4. In response to the Lift Stay Motions, and to establish an orderly framework to facilitate the efficient mediation and resolution of the substantial volume of PL/GL Claims, on April 29, 2025, the HCo Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving and Authorizing Mandatory Claims Resolution Procedures to Resolve Professional Liability and General Liability Claims; (II) Requiring the Debtors' Insurers to Satisfy Their Obligations under the Applicable Policies; and (III) Granting Related Relief* [Docket No. 1712] (the "Claims Resolution Procedures Motion"), seeking approval of mandatory claims resolution procedures and requiring insurers to satisfy their obligations under the applicable policies.

5. On June 4, the Court entered the *Order (I) Approving and Authorizing Mandatory Claims Resolution Procedures to Resolve Professional Liability and General Liability Claims; and (II) Granting Related Relief* [Docket No. 2181] (the "Claims Resolution Order"), whereby the Court, among other things, approved the Claims Resolution Procedures.

6. Following entry of the Claims Resolution Order, the Debtors promptly began implementing the Claims Resolution Procedures, including selecting and appointing mediators in coordination with JAMS. The Debtors filed proposed mediator selections for the Pennsylvania,

2

New Jersey, and California claims, with the mediator lists reflecting input from various parties in interest, including the Ad Hoc Insured Claims Counsel.[3]

7. I engaged extensively in settlement negotiations with insurers and reinsurers in an effort to secure funding. Despite these efforts, as of late August—three months into discussions—the reinsurers remained unwilling to reach any form of settlement or agreement that would allow the Claims Resolution Procedures to proceed with sufficient funding.[4]

**B.    The Post-Confirmation Claims Resolution Process.**

8. As a result of the lack of progress made with respect to the Claims Resolution Procedures, the Debtors pivoted to the PCCRP. As further described in the *Disclosure Statement for the Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and its Debtor* [Docket No. 2987] (the "Disclosure Statement"), the Debtors intended to create a trust (the "Insurance Trust") where funds from the reinsurers would be deposited for disbursement to holders of the PL/GL Claims. The Insurance Trust would be administered by a trustee (the "Insurance Trustee") and unresolved claims would be sent to mediation pursuant to the PCCRP.[5] Additionally, under the PCCRP, holders of PL/GL Claims would retain the option to pursue their claims through litigation if they did not wish to utilize the Insurance Trust.

9. Following significant discussions with counsel for the holders of the PL/GL Claims during the hearing on August 28, 2025, the Debtors committed to an October 1, 2025, deadline for

---

[3] *See Notice of Proposed Mediators for Pennsylvania and New Jersey Claims* [Docket No. 2414]; *Notice of Proposed Mediators for California Claims* [Docket No. 3007]; *and Notice of Proposed Additional Mediators for Claims Resolution* [Docket No. 3008]. The Debtors have also been in active conversations with JAMS and the Ad Hoc Insured Claims Counsel regarding the appointment of Connecticut and Rhode Island mediators.

[4] *See* Aug. 20, 2025 Hr'g Tr. at 45, 58-59.

[5] While not finalized, the Debtors intended to model the PCCRP largely based off the Claims Resolution Procedures already approved by the Court. *See Chapter 11 Plan* [Docket No. 2986] Art. I.215 (PCCRP to conform to Claims Resolution Procedures with only necessary Plan-related modifications).

3

approval of insurance settlements.[6]  Since then, the Debtors maintained ongoing dialogue with the insurers and reinsurers, emphasizing the October 1, 2025, deadline and the potential cost-saving benefits of the PCCRP.  Unfortunately, as of the filing of this Motion and despite the Debtors' significant efforts, the insurers and reinsurers have remained unwilling to reach any settlement with the Debtors and have failed to deposit any funds into the Insurance Trust.[7]

10.    The refusal of reinsurers to negotiate in good faith has left the Debtors with no alternative options but to seek modification of the automatic stay to permit all MLS Movants to pursue their PL/GL Claims against the Debtors for the sole purpose of liquidating their PL/GL Claims to final judgment or settlement, and to collect against any available insurance coverage provided by the Debtors' insurers and reinsurers.

11.    Accordingly, I submit that the Motion should be granted, as it is currently the only viable solution for resolving PL/GL Claims.

[*Remainder of the page intentionally left blank*]

---

[6]    Aug. 28, 2025 Hr'g Tr. at 9:15.

[7]    *See* Sept. 18, 2025 Hr'g Tr. at 3–5.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

| | |
|---|---|
| Dated: October 6, 2025 | */s/ Vincent P. Slusher* <br> Vincent P. Slusher <br> The Law Office of Vincent P. Slusher |