Trey A. Monsour
Tex. Bar No. 14277200
FOX ROTHSCHILD LLP
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX  75201
Telephone: (214) 231-5796
Facsimile: (972) 404-0516
E-mail:  tmonsour@foxrothschild.com

*Attorneys for Claimants*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: <br><br> PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-80002 (SGL) <br><br> (Jointly Administered) |

**EMERGENCY MOTION OF ROSA MORALES, OLIVIA PAONE,
COURTNEY LISA CONLEY, RONALD JOSEPH DELSESTO, PHYLLIS BOURQUE,
AND JANICE WELLS FOR RELIEF FROM THE STAY
TO PERMIT THE COMMENCEMENT AND CONTINUATION OF
<u>PERSONAL INJURY LITIGATION AND TO PURSUE INSURANCE PROCEEDS</u>**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

> **Emergency relief has been requested. Relief is requested not later than 9:30 a.m. prevailing Central Time on October 10, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on the matters set forth in this motion on October 10, 2025, at 9:30 a.m. a.m. prevailing Central Time in Courtroom #1, 14th Floor, Earle Cabell Federal Building, 1100 Commerce Street, Suite 1254, Dallas, Texas 75242. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 650.479.3207. The meeting code is 2304 154 2638. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page. Click the settings icon in the upper right corner and enter your name under the personal information setting. WebEx hearing instructions may be obtained from Judge Jernigan's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/chief-judgejernigans-hearing-dates.**
>
> **Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jernigan's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Rosa Morales, Olivia Paone, Courtney Lisa Conley, Ronald Joseph DelSesto, Phyllis Bourque, and Janice Wells (the "Claimants") hereby file this motion (the "Motion") for relief from the automatic stay imposed by 11 U.S.C. § 362 to permit them to commence and continue personal injury litigation, liquidate their claims in their respective pending state court proceedings, and pursue the proceeds of applicable insurance coverage. In support of this Motion, Claimants state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §1334. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G). The statutory basis for the relief sought is section 362 of the Bankruptcy Code.

2. Venue of this proceeding and this Motion is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein is Section 362 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On or about January 11, 2025 (the "Petition Date"), Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned jointly administered Chapter 11 cases, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

5. The Claimants are comprised of plaintiffs in medical malpractice actions pending or likely to be filed in Rhode Island state court against defendants that include certain Debtors. **Exhibit A** hereto sets forth the lawsuit (or pending claim) of each of the Claimants, as plaintiffs, the Debtor defendant in each lawsuit (or claim), and the state court where each lawsuit (or claim) is pending.

6. Claimants initiated or planned to initiate their personal injury lawsuits to recover damages for personal bodily injuries and other damages caused by each named defendant Debtor's negligent provision of medical care. A jury trial was (or would be) demanded by each Claimant in their personal injury litigation. However, the filing of these chapter 11 cases have stalled or halted Claimants' ability to pursue their respective relief in their desired forum.

7. On April 29, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving and Authorizing Mandatory Claims Resolution Procedures to Resolve Professional Liability and General Liability Claims; (II) Requiring the Debtors' Insurers to Satisfy Their Obligations under the Applicable Policies; and (III) Granting Related Relief* [Docket No. 1712] (the "Claims Resolution Procedures Motion"), seeking approval of mandatory claims resolution procedures and requiring insurers to satisfy their obligations under the applicable policies. The Claimants were actively involved in negotiations with the Debtors during the Debtors' approval process of the Claims Resolution Procedures Motion.

8. On June 4, the Court entered the *Order Approving and Authorizing Mandatory Claims Resolution Procedures to Resolve Professional Liability and General Liability Claims; (II) Requiring the Debtors' Insurers to Satisfy Their Obligations under the Applicable Policies; and (III) Granting Related Relief* [Docket No. 2181] (the "Claims Resolution Order"), whereby the Court approved the Claims Resolution Procedures.

9. Since the entry of the Claims Resolution Order, there has been little progress on the insurers and reinsurers' willingness to engage in the Claims Resolution Procedures. Accordingly, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Modifying the Automatic Stay to Permit MLS Movants to Liquidate their PL/GL Claims and to Collect Against the Debtors' Available Insurance Coverage and (II) Granting Related Relief* [Docket No. 3335] (the "Debtors' Stay Motion").

10. The Claimants had not, as a result of the Claims Resolution Order and the ongoing negotiations with the Debtors, filed this Motion. Now, in light of the failed negotiations with the insurers and reinsurers and the Debtors' Stay Motion, the Claimants felt that it was imperative, to

4
177852838.1

protect their rights, to file this Motion so that it may be a part of the relief requested in the Debtors' Stay Motion.

11. Moreover, Claimants are in a different procedural position than many other personal injury claimants as Rhode Island has a direct action statute, R.I.G.L. § 27-7-2.4, that authorizes a party to file directly against a liability insurer if the alleged tortfeasor files for bankruptcy. Claimants are seeking relief to proceed not only against the Debtors insurers, through litigation against the Debtors, but Claimants intend to use this statute to pursue all applicable insurance if the automatic stay is lifted.

## RELIEF REQUESTED

12. By this Motion, Claimants seek the entry of an Order modifying the automatic stay to permit Claimants to continue pursuing their state court actions and/or commence state court actions to the extent of the recovery of available insurance proceeds, only to the extent of the applicable limits under the applicable policies.

## BASIS FOR RELIEF SOUGHT

13. Section 362(a) of the Bankruptcy Code defines the scope of the automatic stay in relevant part:

> [A] petition filed under . . . this title . . . operates as a stay . . . of
>
> > (1) The commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> >
> > . . .
> >
> > (3) Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> > . . .

177852838.1

> (6) Any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a).

14. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Accordingly, the bankruptcy court "shall" lift the automatic stay for "cause." *Id.*

15. While the Bankruptcy Code does not specify what constitutes "cause" to grant relief from the stay other than "lack of adequate protection," the legislative history to the provision provides some guidance:

> Subsection (d) requires the court, on request of a party in interest, to grant relief from the stay, such as by terminating, annulling, modifying, or conditioning the stay, for cause. The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause.... [A] a desire to permit an action to proceed to completion in another tribunal may provide another cause. … The facts of each request will determine whether relief is appropriate under the circumstances. *H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 343–44 (1977)*.

Quoted in *In re Fowler*, 259 B.R. 856, 858 (E.D. Tex. 2001).

16. The "legislative history indicates that cause may be established by a single factor such as 'a desire to permit an action to proceed . . . in another tribunal.'" *Izzarelli v. Rexene Products Co. (In re Rexene Products)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300). Specifically, Section 362(d)(1) recognizes that it "will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court

from any duties that may be handled elsewhere." *Rexene Products*, 141 B.R. at 576 (citing H.R. Rep. No. 595, 95th Cong., 1st. Sess., 341 (1977)); *see also In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) (noting that cause to permit litigation in another forum exists when liquidating a personal injury claim, particularly where insurance is covering the defense costs and the harm to the debtor is reduced).

17. Claimants seek relief from the automatic stay for cause to continue prosecuting and/or commence prosecuting their state court personal injury litigation, liquidate their claims against the Debtors, seek recovery up to the limits of applicable insurance coverage and collect against the proceeds of applicable insurance and applicable state funds. *See In re Edgeworth*, 993 F.2d 51, 53–54 (5th Cir. 1993) ("In the liability insurance context, of course, a tort plaintiff must first establish the liability of the debtor before the insurer becomes contractually obligated to make any payment.").

18. Claimants do not seek to prosecute the personal injury litigation in order to collect on a judgment against the Debtors, reorganized debtors, or the bankruptcy estates at this time. Rather, Claimants understand that there is applicable insurance coverage that would cover their claims. For example, Exhibit B to the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Maintain Their Insurance Policies, Surety Bonds, and Letters of Credit, (B) Honor All Obligations Related Thereto, and (C) Amend, Renew, Supplement, Extend, or Replace Existing Coverage; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* [Docket No. 7] lists insurance policies that are administered by various third-party insurance carriers, including policies established by a non-Debtor subsidiary captive insurance company, as well as reinsurance coverage and several layers of excess liability coverage, that potentially cover Claimants' personal injury claims.

177852838.1

19. Health care providers and hospitals may purchase excess insurance coverage to pay claims for losses or damages in medical malpractice claims. Claimants believe that the Debtors purchased layers of insurance in excess of the state required minimums to pay losses and damages in medical malpractice claims.

20. Accordingly, Claimants seek to continue their personal injury litigation and/or commence personal litigation against the Debtors named in **Exhibit A** as a nominal party in each lawsuit for the purpose of establishing liability only, to liquidate the amount of Claimants' claims to be allowed in the Debtors' bankruptcy cases, and to collect any judgment or settlement from basic primary coverages and excess insurance policies purchased by and/or otherwise available, to pay the losses and damages arising from the Claimants' medical malpractice claims.

21. Ultimately, the granting of relief from the automatic stay is left to the discretion of the Bankruptcy Court and decided on a case-by-case basis. *Fowler*, 259 B.R. at 858; *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). "Cause" is a broad concept that is intentionally flexible so that courts may respond to different or unique circumstances. *Mooney v. Gill*, 310 B.R. 543, 546–47 (N.D.Tex.2002) (quoting *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr.W.D.Tex.1988)).

22. In appropriate cases, factors may include whether there is a lack of connection with or interference with the bankruptcy case, whether prejudice to the bankruptcy estate results, or whether the unsecured creditor seeking relief intends to recover from non-estate property. *Fowler*. at 858. "The easiest ground for determining that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from non-estate property, such as under an insurance or indemnity agreement." *In re Borbidge*, 81 B.R. 332, 335 (Bankr. E.D. Pa. 1988). *See also Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 507 (7th Cir.1982) (affirming bankruptcy

court's lifting of the stay to allow a personal injury suit against the debtor and defended by insurance to proceed to judgment but prohibiting claimant from attempting to collect any judgment against the debtor).

23. Further,

> Courts have allowed tailoring of the 11 U.S.C. § 362 stay to permit the continuance of a civil suit with a debtor where two conditions were met. These conditions are that: (a) No 'great prejudice' to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and (b) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.

*Matter of McGraw,* 18 B.R. 140, 142 (Bankr. W.D. Wisc. 1982) (citations omitted). Indeed, the decision to lift the stay may be upheld on judicial economy grounds alone. *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); *In re United States Brass Corp.,* 176 B.R. 11, 13 (Bankr.E.D.Tex.1994), citing *In re Kemble,* 776 F.2d 802, 807 (9th Cir.1985).

24. In *In re Terry*, 12 B.R. 578, 583 (Bankr. E.D. Wis. 1981), the court reasoned that no damage would result to the debtor from lifting the stay because the claimant had stipulated it sought recovery only from the other co-defendants, not the debtor. Similarly, in the instant case, Claimants seek only to collect against insurance coverage, not against the Debtors.

25. Courts have found it appropriate to let claims proceed in their own jurisdiction:

> …Congress recognized that in some instances the stay against judicial proceedings should be lifted: '[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. (*Id*. at 341; S.Rep. 989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978 at 5836).'

*In re Honosky,* 6 B.R. 667, 669 (Bankr. S.D.W. Va. 1980). In *Honosky*, the court lifted the stay to allow the civil suit to proceed where the debtor had liability insurance, the insurance would

absorb the costs of his defense, the continuation of the suit would not result in great prejudice to the debtor or the estate, and where not lifting the stay would effectively preclude plaintiff from any recovery for her alleged injuries. *Honosky*, 6 B.R. at 669. *See also In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) (Court found lifting the stay would not interfere with the administration of the debtor's estate, have an impact on any property of the estate, result in no prejudice to the debtor or the estate, or compromise the Trustee's powers.)

26. The same principles apply here, with the Claimants' medical malpractice suits. On information and belief, the defendant Debtors have insurance that will absorb the cost of defense, and the Claimants seek only to recover against insurance; therefore, there is no risk of material loss to the Debtors' bankruptcy estates. Here, the Claimants have a strong interest in continuing their personal injury litigation in their original tribunals. Cause exists to grant Claimants the relief requested. Allowing Claimants' state court actions to proceed will resolve the issues in their cases, allowing Claimants to liquidate their claims and those claims may be paid in full by the insurance. While the applicable test here is whether there would be any "***great*** prejudice" to the Debtors' estates, they will not be prejudiced at all by granting the relief requested in this Motion. Any recovery by Claimants will be from applicable insurance coverage and limited by applicable policy limits. As a result, the Debtors' estates will not be prejudiced by granting Claimants relief to proceed with their personal injury litigation. In addition, Claimants are entitled to a trial by jury of their personal injury litigation, and they do not consent to a jury trial in this Court on their claims.

27. By comparison, Claimants will be severely prejudiced if they are prevented from pursuing their claims, particularly since Claimants' injuries in many cases occurred years ago and they commenced litigation on those injures long ago to seek redress for same. Claimants have

177852838.1

expended significant resources in their personal injury litigation, not including Claimants' personal suffering and damages.

WHEREFORE, PREMISES CONSIDERED, Claimants respectfully request the Court enter an order (i) granting their request for relief from the automatic stay of 11 U.S.C. § 362 to permit them to proceed with their personal injury litigation set forth in **Exhibit A** against applicable insurance coverage, that any order granting this Motion waive the requirements of Rule 4001(a)(3), (ii) permitting Claimants to proceed directly against the Debtors' insurers and reinsurers as set forth in R.I.G.L. § 27-7-2.4; and (iii) and grant Claimants such other and further relief as the Court may deem just and proper.

Dated: October 7, 2025

/s/ *Trey A. Monsour*
Trey A. Monsour, Esq. (Tex. Bar No. 14277200)
Fox Rothschild LLP
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 231-5796
Facsimile: (972) 404-0516
2727 Revere Street #2048
Houston, TX 77098
Mobile: (713) 927-7469
E-mail: tmonsour@foxrothschild.com
*Attorneys for Claimants*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Bankruptcy Rule 4001-1, counsel for Claimants conferred with Debtors' counsel to discuss the foregoing Motion and attempt to reach an agreement on the requested relief on October 7, 2025. In light of the Debtors' Stay Motion, the Debtors do not oppose the relief sought in this Motion.

*/s/ Trey A. Monsour*
Trey A. Monsour

## CERTIFICATE OF SERVICE

I certify that on October 7, 2025, a true and correct copy of the foregoing document was duly served via CM/ECF on all parties registered to receive such notice.

*/s/ Trey A. Monsour*
Trey A. Monsour

177852838.1