

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed October 10, 2025**

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(HCo Debtors and PCo Debtors' Cases Jointly Administered)<br>(Joint Administration of TopCo Debtors' Cases Requested)<br><br>Rel. to Dkt. No. 3320 |

**ORDER (I) APPROVING THE ABANDONMENT OF
SPRINGFIELD HOSPITAL AND RELATED PROPERTY;
(II) APPROVING THE SALE OF SPRINGFIELD HOSPITAL AND
RELATED PROPERTY; AND (III) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of Prospect Medical Holdings, Inc. ("PMH") and its hospital-related debtor affiliates, as debtors and debtors in possession in the above-captioned

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

chapter 11 cases (collectively, the "HCo Debtors"), together with PHP Holdings, LLC ("PHPH") and its physician-related debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "PCo Debtors"), and together with Chamber Inc., Ivy Holdings Inc., and Ivy Intermediate Holding Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "TopCo Debtors," and together with the HCo Debtors and the PCo Debtors, the "Debtors"), for entry of an order (this "Order") (i) approving the abandonment of the Burdensome Springfield Property, thereby resolving the claims of the authorities to whom the Debtors owe outstanding tax obligations with respect to Springfield Hospital (such authorities, the "Springfield Taxing Authorities"); (ii) authorizing, but not directing, the Debtors to continue pursuing the sale of the Burdensome Springfield Property pursuant to previously established sales procedures; and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The relief requested in this Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pursue the sale of all of the Debtors' interests in the property comprising Springfield Hospital ("Springfield"), pursuant to the procedures set forth in the *De Minimis* Sale Order and the Closure/Sale Order.[3] Should the Debtors fail to consummate the sale of Springfield for any reason, the Debtors are authorized to immediately abandon the Burdensome Springfield Property (as defined below), pursuant to the terms of this Order. The Debtors shall file a notice of the effective date of such abandonment with the Bankruptcy Court.

3. Following the consummation of the sale of Springfield as set forth in paragraph 2 hereof, Delaware County and Springfield School District shall each release, waive, or otherwise forfeit any right to priority treatment under § 507 of the Bankruptcy Code with respect to any claims they may have in the Debtors' chapter 11 cases arising from taxes owed on account of the Springfield but shall preserve their general unsecured claims for such taxes.

4. Following the sale of Springfield, any parties holding claims secured by Springfield will retain any and all liens against the proceeds of the sale of Springfield resulting from any liens of such parties that were validly perfected as of the HCo Petition Date; *provided, however*, such liens will attach only to the sales proceeds and will be subject to any applicable priming liens, including the liens of any postpetition secured lenders to the extent such lenders received liens against Springfield. The liens retained by such parties shall not be attached to any other assets of the Debtors.

---

[3] The *De Minimis* Sale Order means the *Revised Order Approving Procedures for the Sale, Transfer, and/or Abandonment of De Minimis Assets* [Docket No. 1563]. The Closure/Sale Order means the *Order (I) Approving the Closure of Certain of the Pennsylvania Hospitals; (II) Approving the Pennsylvania Asset Sale Procedures; and (III) Granting Related Relief* [Docket No. 1613].

3

5. Subject to paragraphs 2 through 4 hereof, the Debtors are authorized, but not directed, to abandon Springfield, as set forth in **Schedule 1** annexed to this Order, as well as any remaining personal property located within Springfield that the Debtors determine is not necessary for their restructuring and too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would be outweighed by the attendant costs (together with Springfield, the "Burdensome Springfield Property"). Concurrently with such abandonment, the Debtors are authorized to release and relinquish any and all claims and interests in the Burdensome Springfield Property except as set forth herein.

6. Local, state, and federal regulators and the Debtors shall cooperate with each other in good faith to effectuate the abandonment of the Burdensome Springfield Property, and the Debtors shall have no liability to any governmental entity for effectuating the abandonment of the Burdensome Springfield Property as approved by this Order. Immediately upon entry of this Order, the Debtors shall identify an individual or individuals whom any Springfield Taxing Authority can contact to obtain access to the abandoned Burdensome Springfield Property.

7. The Debtors reserve the right to (a) reject contracts or leases pursuant to the *Order (I) Authorizing Rejection of Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property, (II) Approving Procedures for Future Rejection of Additional Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 605] or a separate motion approved by the Court, or (b) sell or abandon assets pursuant to any order entered in connection with the *Debtors' Motion for Entry of an Order Approving Procedures for the Sale, Transfer, and/or Abandonment of De Minimis Assets* [Docket No. 818] or a separate motion approved by the Court.

8. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion, to abandon the Burdensome Springfield Property free and clear of any interests of any party, subject to proper notice of such abandonment being given, except as otherwise set forth herein; *provided*, that if the Debtors are abandoning assets which may contain personal or confidential information about the Debtors' employees or patients (the "Confidential Information"), the Debtors shall remove the Confidential Information from such assets before such abandonment, and retain such Confidential Information until further order of the Court. Any Springfield Taxing Authority shall be free, notwithstanding the automatic stay, to dispose of Burdensome Springfield Property without notice or liability to any party and without further notice or order of the Court. Notwithstanding anything herein to the contrary, the equipment leased under the Master Lease Agreement, dated as of April 13, 2020, and its Equipment Schedule No. 1, by and between certain of the Debtors and Stonebriar Commercial Finance LLC shall not be deemed Burdensome Springfield Property.

9. The Debtors may not abandon any medical waste, pharmaceuticals, or toxic or hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) material, if any, at Springfield, and must remove all such materials from Springfield prior to its abandonment.

10. Upon the abandonment of Springfield, the automatic stay is terminated with respect to Springfield such that any lien or interest holder thereon, including any applicable Springfield Taxing Authority, may exercise any and all of their rights with respect to Springfield, including foreclosure; *provided* that any such lien or interest holder shall not retain any deficiency claim or any other secured or unsecured claim against the Debtors on account of or any claim previously secured by the Springfield except as set forth herein.

5

11. Upon the abandonment of Burdensome Springfield Property, the Springfield Taxing Authorities shall not be permitted to assert any claims against the Debtors or their estates with respect to any claim on account of or previously secured by abandoned Burdensome Springfield Property; *provided*, *however,* the Springfield Taxing Authorities shall be permitted to assert general unsecured claims against the Debtors and their estates for taxes relating to or secured by Springfield.

12. No further advances on any debtor-in-possession financing approved by this Court, including any priming financing, shall give rise to any further encumbrance or lien on the abandoned Burdensome Springfield Property. For the avoidance of doubt, future advances on post-petition financing and any increases in the amount of post-petition financing approved by this Court will not give rise to additional amounts secured by the abandoned Burdensome Springfield Property.

13. The Debtors shall maintain the fire suppression system and commercially reasonable security at Springfield until the earlier of a sale of such real property or the effective date of a chapter 11 plan.

14. Within twenty-one days of entry of this Order, the Debtors, the buyer, all tenants under any ground lease (if applicable and agreed to by such tenants), and the Springfield Taxing Authorities shall prepare and file (where appropriate) stipulations or other appropriate papers resolving all purchase price allocation and transfer tax issues, and all pending appeals (including assessment and exemption appeals) before, as applicable, the Board of Assessment, the Court of Common Pleas of Delaware County, Pennsylvania, the Commonwealth Court of Pennsylvania, and/or the Supreme Court of Pennsylvania. The stipulations contemplated herein shall include, but shall not be limited to, the following terms:

a. (i) stipulate that effective January 1, 2025 for the 2025 municipal/county tax year and effective July 1, 2025 for the 2025-2026 school tax year, Springfield Condominium Units A and D (as set forth in **Schedule 1** annexed to the Order) shall respectively be assessed based on the final purchase price of the Springfield sale and the Delaware County assessment on Springfield shall be decreased accordingly and in compliance with the applicable Common Level Ratios issued by the Pennsylvania State Tax Equalization Board for the 2025 and 2026 tax years, (the "Settled Assessment"), and (ii) include an agreement not to appeal the Settled Assessment appeals for such periods;

b. waive and dismiss with prejudice all outstanding assessment, exemption, and other appeals for any periods prior to and including the closing date for a sale of Springfield (such date, the "Springfield Closing Date");

c. waive with prejudice any and all claims for unpaid real estate taxes, penalties, and/or interest for all periods prior to and including the Springfield Closing Date;

d. confirm that the real estate taxes due for the balance of the respective current fiscal years of all Springfield Taxing Authorities shall be based upon the Settled Assessment;

e. acknowledge that state and local realty transfer taxes applicable to the sale of Springfield shall be based upon the Purchase Price; and

f. confirm that the Debtors, their agents, successors, and assigns waive any and all claims for refunds from the Springfield Taxing Authorities for any and all tax years.

15. Following abandonment of Springfield, the Debtor shall waive notice required for the Springfield Taxing Authorities to pursue state court remedies against such abandoned property, including to proceed to judicial sale of such abandoned property.

16. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be deemed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim.

17. Nothing in this Order shall impair the right of any Springfield Taxing Authority to exercise any right of setoff or recoupment against any claim of any Debtor against such Springfield Taxing Authority.

18. Notice of the Motion is adequate under Bankruptcy Rule 6004(a), Bankruptcy Rule 6007, and the Local Bankruptcy Rules.

19. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # **END OF ORDER** # # #

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Maegan Quejada (24105999)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
rpatel@sidley.com
mquejada@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: wcurtin@sidley.com
pventer@sidley.com
anne.wallice@sidley.com

*Attorneys to the HCo Debtors and the PCo Debtors and Debtors in Possession*

*Proposed Attorneys to the TopCo Debtors and Debtors in Possession*

**Schedule 1**

**Proposed Burdensome Springfield Real Property**

|  | Hospital | Parcel Name | Address | Parcel Number |
|---|---|---|---|---|
| 1. | Springfield | Springfield Hospital Condominium Unit A | 190 W. Sproul Road Springfield, Delaware County, PA 19064 | 42-00-06625-01 |
| 2. | Springfield | Springfield Hospital Condominium Unit D (Parking Garage) | 190 Sproul Road Springfield, Delaware County, PA 19064 | 42-00-06624-70 |