## **Exhibit A**

**Proposed ECHN Asset Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered)<br>Rel. to Dkt. Nos. 1264 & [•] |

**ORDER (I) AUTHORIZING**
**THE SALE OF THE ECHN ASSETS**
**FREE AND CLEAR OF ALL ENCUMBRANCES, (II) APPROVING**
**THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED**
**CONTRACTS, AND (III) GRANTING RELATED RELIEF**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect.  The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

Upon consideration of the Motion[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Sale Order"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules"), and Section E of the *Procedures for Complex Chapter 11 Cases in the Northern District of Texas* (the "Complex Case Procedures"), authorizing and approving (a) the Debtors' sale of certain of their property free and clear of liens, claims, encumbrances, and interests on the terms set forth in that certain *Asset Purchase Agreement*, dated as of September 12, 2025, by and among ECHN Holdings, Inc., as Purchaser, and Prospect Medical Holdings, Inc. and each entity set forth on Schedule A to the ECHN APA, as Sellers (the "ECHN APA"), attached hereto as **Exhibit A**; (b) the assumption and assignment of the Assigned Contracts (as defined in the ECHN APA) in connection with the ECHN Sale Transaction, including the Cure Costs; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having previously entered the *Order (I)(A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Selection of Stalking Horse Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling Auction(s) and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, (II)(A) Authorizing the Sale of the Assets Free and Clear*

---

[2]   Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to such terms in (a) the *Debtors' Motion for Entry of an Order (I)( A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Selection of Stalking Horse Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling Auction(s) and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, (II)(A) Authorizing the Sale of the Assets Free and Clear of All Encumbrances, and (B) Approving the Assumption and Assignment of the Assumed Contracts, and (III) Granting Related Relief* [Docket No. 708] (the "Motion") or (b) the ECHN APA, as applicable.

of All Encumbrances, and (B) Approving the Assumption and Assignment of the Assumed

Contracts, and (III) Granting Related Relief [Docket No. 1264] (the "Bidding Procedures Order");

and the Debtors having filed the *Notice of Successful Bidder for the ECHN Sale Transaction*

[Docket No. [•]] (the "ECHN Sale Notice"), pursuant to the Bidding Procedures Order, and

selected ECHN Holdings, Inc., (the "Purchaser") as the highest or otherwise best bidder for the

Transferred Assets (as defined in the ECHN APA) pursuant to the ECHN APA and as from time

to time may be amended in accordance with this Sale Order or further order of this Court, including

by the ECHN APA, pursuant to which the Debtors have agreed, among other things, to (i) sell the

Transferred Assets to the Purchaser, including the Assigned Contracts that will be assumed and

assigned to the Purchaser on the terms and conditions set forth in the ECHN APA inclusive of the

Purchase Price (as defined below) and (ii) facilitate the transfer of the MPT Real Property (as

defined in the ECHN APA and, together with the Transferred Assets, the "ECHN Sale Transaction

Assets") to the Purchaser ((i) and (ii) together, the "ECHN Sale Transaction"); and the Debtors

having filed the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and*

*Unexpired Leases and (II) Cure Amounts* [Docket No. 1571] (the "Initial Cure Notice"), the

*Supplemental Notice of (I) Potential Assumption and Assignment of Executory Contracts and*

*Unexpired Leases and (II) Cure Amounts* [Docket No. 2781], the *Supplemental Notice of*

*(I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and*

*(II) Cure Amounts* [Docket No. 3171], the *Supplemental Notice of (I) Potential Assumption and*

*Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Docket

No. 3179], the *Supplemental Notice of (I) Potential Assumption and Assignment of Executory*

*Contracts and Unexpired Leases and (II) Cure Amounts* [Docket No. 3213], and the *Supplemental*

*Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases*

*and (II) Cure Amounts* [Docket No. 3352],  (each, a "<u>Supplemental Cure Notice</u>," and together

with the Initial Cure Notice, the "<u>Cure Notices</u>") and will serve the *Assigned Contracts and Cure*

*Amounts*  (the "<u>Assignment Notice</u>") in accordance with the Bidding Procedures Order and the

ECHN APA; and this Court having conducted the hearing to consider approval of the ECHN Sale

Transaction (the "<u>Sale Hearing</u>"), at which time all interested parties were offered a reasonable

opportunity to be heard with respect to the ECHN Sale Transaction; and this Court having

reviewed and considered (i) the Motion and the exhibits thereto, (ii) the First Day Declaration

[Docket No. 41], (iii) and the *Declaration of Andrew Turnbull in Support of the ECHN Sale*

*Transaction* [Docket No. [•]], and the arguments and representations of counsel made, and the

evidence proffered or adduced at the Sale Hearing; and it appearing that due and proper notice of

the Motion, the ECHN APA, the Cure Notices, the Assignment Notice, the Bidding Procedures

Order, and this Sale Order having been provided in accordance with the Bidding Procedures Order;

and all objections, if any, to approval of the ECHN Sale Transaction having been withdrawn,

resolved (including by separate agreement between the objecting party and the Debtors),

adjourned, or overruled as provided in this Sale Order; and it appearing entry of this Sale Order

and consummation of the ECHN Sale Transaction are in the best interests of the Debtors, their

estates and creditors, and all parties in interest in these chapter 11 cases; and upon the record of

the Sale Hearing and these chapter 11 cases; and after due deliberation thereon; and sufficient

cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    **<u>Fed. R. Bankr. P. 7052</u>**.  The findings and conclusions set forth herein constitute

this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made

applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following

findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  All findings of fact and conclusions of law announced by this Court at the Sale Hearing in relation to the Motion are incorporated herein by reference as though fully set forth in this Sale Order.  To the extent of any conflict between the Sale Order and the Court's findings of fact and conclusions of law, the Court's oral rulings shall control.

B.    **Jurisdiction and Venue**.  This Court has jurisdiction over the Motion and the ECHN Sale Transaction described therein and in the ECHN APA, including, without limitation, the sale and/or transfer, as applicable, of the ECHN Sale Transaction Assets, pursuant to 28 U.S.C. §§ 157 and 1334.  Venue for these chapter 11 cases is proper pursuant to 28 U.S.C. § 1408.  This Court may enter a final order consistent with Article III of the United States Constitution.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

C.    **Statutory Predicates**.  The statutory authorization for the relief granted herein is found in sections 105(a), 363, and 365 of the Bankruptcy Code; Bankruptcy Rules 2002 and 6004; Rules 6004-1 and 9013-1 of the Local Bankruptcy Rules; and Section E of the Complex Case Procedures.

D.    **Final Order; Waiver of Stay**.  This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Time is of the essence in closing the ECHN Sale Transaction referenced herein, and the Debtors and the Purchaser intend to close the ECHN Sale Transaction as soon as practicable in accordance with the ECHN APA, and there is no just reason for delay in the implementation of this Sale Order.  Specifically, the ECHN Sale Transaction must be approved and consummated promptly in accordance with the ECHN APA to preserve the viability of the business in the hands of the Purchaser as a going concern, and to maximize the

value to the Debtors, their estates, their creditors, and all other parties in interest.  Notwithstanding

Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014

and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule

7054, the Court expressly finds that there is no just reason for delay in the implementation of this

Sale Order in accordance with the ECHN APA, waives any stay, and expressly directs entry of

judgment as set forth herein.

       E.    **Incorporation By Reference**.  Findings of fact and conclusions of law in the

Bidding Procedures Order are incorporated herein by reference.

       F.    **Marketing Process**.  The Debtors and their professionals adequately marketed the

Transferred Assets to all Potential Bidders (as defined in the Bidding Procedures, attached as

Exhibit 1 to the Bidding Procedures Order) in accordance with the Bidding Procedures Order.  The

sale process set forth in the Bidding Procedures Order afforded all Potential Bidders a full, fair,

and reasonable opportunity to submit a higher or otherwise better offer to purchase the Transferred

Assets and participate in the sale process.  No other person, or group of persons, has offered to

purchase the Transferred Assets for an amount that would give greater value to the Debtors than

the value provided by the Purchaser pursuant to the ECHN APA, which reflects the final bid in the

amount of $86,100,000, *minus the* Insurance Credit, *minus* the Final Working Capital Shortfall,

where applicable, or *plus* the Final Working Capital Surplus, where applicable, *plus* or *minus* the

prorations set forth in section 2.14 of the ECHN APA (the "Purchase Price").  The Purchase Price

constitutes the highest or otherwise best bid for the Transferred Assets.  The marketing process

was robust and sufficiently tested the market to determine the highest and best offer for the

Transferred Assets.

G.      **MPT Real Property**.  In connection with the ECHN Sale Transaction, the Debtors, specifically the current lessees of the MPT Real Property, have demonstrated good, sufficient, and sound business purposes and justifications for (i) their purchase and assumption of all of MPT's right, title and interest in and to the MPT Real Property concurrently with the Closing of the ECHN APA and (ii) the transfer of the MPT Real Property by MPT directly to the Purchaser at the Closing in accordance with the MPT Agreement, attached hereto as **Exhibit B**.

H.      **Sale Hearing**.  This Court conducted the Sale Hearing on October 24, 2025, at which time this Court considered the Motion, the evidence and testimony presented, and the statements and argument of counsel, as applicable, in support of the Motion, the ECHN APA, and the ECHN Sale Transaction.  Except as otherwise expressly provided in this Sale Order, all objections to the ECHN Sale Transaction and the relief requested in the Motion, whether timely or untimely and whether written or made orally at the Sale Hearing, if any, were heard and considered by this Court.  All such objections, if any, were either overruled by this Court, are resolved by the terms hereof or by separate agreement between the objecting party and the Debtors, or were adjourned or withdrawn as a result of an agreement between the objecting party and the Debtors.

I.      **Sound Business Purpose**.  The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for consummation of the ECHN Sale Transaction pursuant to the ECHN APA, the Related Documents (including, but not limited to, the MPT Agreement), and all other agreements, instruments, certificates, and other documents to be entered into or delivered by any party in connection with the ECHN Sale Transaction, including, without limitation, any assumption and assignment agreements entered into in connection therewith (collectively, the "Transaction Documents"), outside of the ordinary course of business and in

accordance with the requirements of section 363(b) of the Bankruptcy Code. Consummation of the ECHN Sale Transaction prior to and not as part of a chapter 11 plan is (i) justified under the circumstances, (ii) an appropriate exercise of the Debtors' business judgment, (iii) in the best interests of the Debtors, their estates, and their creditors, and (iv) constitutes a proper exercise of the fiduciary duties of the Debtors and their directors, managers, and officers.

J.      **Highest or Otherwise Best Offer**. Following a robust prepetition marketing process, and together with the postpetition marketing process consistent with the Bidding Procedures Order, the ECHN APA and the Purchase Price constitute the highest or otherwise best offer for the ECHN Sale Transaction Assets. No other person, or group of persons, has offered to purchase the ECHN Sale Transaction Assets for an amount that would give greater value to the Debtors than the value provided by the Purchase Price. The ECHN Sale Transaction is the best means available to the Debtors to maintain continuity of care for their patients, maximize the return to their creditors, and limit the losses to counterparties to the Assigned Contracts. No alternative to the ECHN Sale Transaction exists that would provide a greater value to the Debtors, their creditors, or other parties in interest.

K.      **Necessity and Importance of Transaction Approval**. Approval of the ECHN Sale Transaction is necessary to maximize the value the Debtors' estates will receive for the ECHN Sale Transaction Assets. It is important to the Debtors' employees, patients and suppliers that the transition of (i) the Transferred Assets from the Debtors to the Purchaser and (ii) the MPT Real Property from MPT to the Purchaser occurs smoothly and without unnecessary delay (and in the case of the MPT Real Property, concurrent with the Closing of the sale of the Transferred Assets contemplated under the ECHN APA), so that any potential issues may be minimized. It is also important that the ECHN Sale Transaction be consummated as expeditiously as possible to

maintain patient care, minimize employee turnover, and ultimately preserve the value of the ECHN Sale Transaction Assets.  Accordingly, the sale and transfer, as applicable, of the ECHN Sale Transaction Assets pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code upon the terms and conditions set forth in the ECHN APA is the optimal means to create value for the benefit of the Debtors' estates.  The ECHN Sale Transaction maximizes the value of the ECHN Sale Transaction Assets because the ECHN Sale Transaction Assets are being sold as part of a going concern, thereby preserving the continuity and remaining goodwill value associated with the ECHN Sale Transaction Assets.  Unless the sale is concluded expeditiously, as provided for in the Motion and the ECHN APA, creditor recoveries may be substantially diminished.

L.     **Fair Purchase Price**.  The Purchase Price provided by the Purchaser (i) is fair, reasonable, and adequate; (ii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia (including the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and similar laws); and (iii) will provide an equal or greater recovery for the Debtors' creditors than would be provided by any other available alternative.  The terms of the ECHN APA, the MPT Agreement, the Transaction Documents, and the ECHN Sale Transaction are fair and reasonable under the circumstances of the Debtors' chapter 11 cases, and the Debtors' determination to proceed with such transaction constitutes a valid and sound exercise of the Debtors' business judgment.

M.     **Adequate and Reasonable Notice**.  As evidenced by the affidavits of service filed with this Court [Docket Nos. 815, 860, 1369, 3528, and [●]], and based upon the record of the Sale Hearing, and as previously determined by this Court in the Bidding Procedures Order, (i) due, proper, timely, adequate, and sufficient notice of the Motion, ECHN Sale Notice, the Sale Hearing,

the ECHN APA, and the ECHN Sale Transaction has been provided to all parties in interest, including those third parties set forth on Schedule 6.4 to the ECHN APA and from whom third-party Consents are to be sought, with reasonable and adequate opportunity to object, (ii) such notice was and is good, sufficient, and appropriate under the circumstances, and reasonably calculated to reach and apprise all holders of Interests (as defined herein), including, without limitation, rights or claims based on any successor, transferee, derivative, or vicarious liabilities, and was provided in accordance with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Complex Case Procedures, and the procedural due process requirements of the United States Constitution, and (iii) no other or further notice of the Motion, the Sale Hearing, the ECHN APA, the ECHN Sale Transaction, or of the entry of this Sale Order is necessary or shall be required.

N.    **Cure Notices**.  In accordance with the Bidding Procedures Order, the Debtors filed with this Court and served the Cure Notices, containing (i) the list of all Assigned Contracts to potentially be assigned in connection with the ECHN Sale Transaction, (ii) information necessary and appropriate to provide notice of the relevant proposed assumption and assignment of Potentially Assigned Contracts (as defined in the Cure Notices) and rights thereunder, (iii) Cure Costs, where applicable, and (iv) the procedures for objecting thereto, on all counterparties to such Potentially Assigned Contracts and any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Rule 2002 Notice List"), and caused such notices to be published on the website of the Debtors' noticing agent, Omni Agent Solutions, Inc. [Docket Nos. 1571, 2781, 3171, 3179, 3213, and 3352].  The Cure Notices (a) included the Debtors' good faith calculation of the Cure Costs with respect to each Potentially Assigned Contract; (b) stated that assumption or assignment of any Potentially Assigned Contract is not guaranteed and is subject to this Court's approval; and

(c) prominently displayed the deadline to file a Cure Objection (as defined herein).  The service and provision of the Cure Notices were good, sufficient, and appropriate under the circumstances, and no other or further notice need be given.

O.     **Assignment Notices**.  In accordance with the Bidding Procedures Order, the Debtors will serve the Assignment Notice on the counterparties to the Assigned Contracts, which will contain (i) the list of Assigned Contracts selected by the Purchaser, (ii) information necessary and appropriate to provide notice of the relevant proposed assumption and assignment of the Assigned Contracts and rights thereunder, and (iii) the Cure Costs.  The service and provision of the Assignment Notice is good, sufficient, and appropriate under the circumstances, and no other or further notice need be given in connection with the assumption and assignment of the Assigned Contracts.

P.     **Opportunity to Object**.  A reasonable opportunity to object and to be heard with respect to the sale and/or transfer of the ECHN Sale Transaction Assets, the assumption and assignment of the Assigned Contracts, and the determination of defaults and Cure Costs related thereto, as well as the ECHN APA and the entry of this Sale Order, has been given to all interested Persons.

Q.     **Good Faith Purchaser**.  The Debtors, the Purchaser, and their respective principals, counsel, and advisors have negotiated, proposed, and entered into the Transaction Documents (including the ECHN APA and the MPT Agreement), and each of the transactions contemplated therein in good faith, without collusion and from arm's-length bargaining positions.  The Purchaser is a "good faith purchaser" and is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in connection with the ECHN Sale Transaction and, as such, is entitled to all the protections afforded thereby.  The Purchaser has proceeded in good faith

in all respects.  The terms of the ECHN Sale Transaction, including the Purchase Price, were not controlled by any agreement among Potential Bidders and neither the Debtors nor the Purchaser have engaged in collusion or any conduct that would cause or permit the ECHN APA to be challenged, avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code or any other law of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law.  The ECHN Sale Transaction, which includes (i) the sale of the Transferred Assets pursuant to the ECHN APA and all covenants in and conditions thereto and (ii) the transfer of the MPT Real Property to the Purchaser (which is a Closing condition under the ECHN APA) pursuant to the MPT Agreement, is an integrated transaction, meaning that each component is an essential part of every other component and that the ECHN Sale Transaction can be consummated only if all of the components, including, but not limited to, the transfer of the MPT Real Property, are consummated.   Accordingly, each component of the ECHN Sale Transaction, including the sale of the Transferred Assets and the transfer of the MPT Real Property, is subject to, and is protected by, the provisions of section 363(m) of the Bankruptcy Code.

R.      **No Fraudulent Transfer**.  The total consideration provided by the Purchaser pursuant to the Transaction Documents constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and any other applicable law, and may not be avoided under section 363(n) of the Bankruptcy Code or any other applicable law. The Transaction Documents were not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under laws of the United States, any state, territory, or possession, or the District of Columbia, or any other applicable law.  Neither the

Debtors nor the Purchaser, as applicable, have/has entered into the Transaction Documents, or are/is consummating the ECHN Sale Transaction with any fraudulent or other improper purpose.

S.    **No Fraudulent Purpose**. The Purchaser and the Debtors are not entering into the Transaction Documents or consummating the ECHN Sale Transaction for the fraudulent purpose of escaping liability for the Debtors' obligations or to defraud creditors in any way.

T.    **Insider Status**.  The Purchaser is not an "insider" or "affiliate" of any of the Debtors, as those terms are defined in section 101(31) of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Purchaser and the Debtors.

U.    **Sale Free and Clear under Section 363(f)**.  The Purchaser would not have entered into the ECHN APA and would not consummate the ECHN Sale Transaction without entry of this Sale Order approving the ECHN Sale Transaction "Free and Clear" (as defined in the ECHN APA) pursuant to section 363(f) of the Bankruptcy Code.  Except as expressly provided otherwise in the ECHN APA or this Sale Order, the Debtors have satisfied the standard set forth in section 363(f) of the Bankruptcy Code for selling the Transferred Assets and transferring the MPT Real Property free and clear of (other than Permitted Liens and Assumed Liabilities) all of the following (collectively, "Interests"): liens, claims (including, but not limited to, those that constitute a "claim" as defined in section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, pledges, security interests, charges, demands, deeds of trust, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, rights of use, easements, royalties, hypothecations, preferences, debts, encroachments, suits, licenses, rights of recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, Taxes

(including foreign, federal, state, and local taxes or related tax liability, including, among others, provider taxes, income taxes, employment taxes, franchise taxes, and property taxes), employee retention credit obligations, covenants, any restriction on transfer or use, indentures, instruments, leases, claims for reimbursement or subrogation, contribution, indemnity or exoneration, encumbrances, or interests (including, but not limited to, as that term is used in section 363(f) of the Bankruptcy Code) of any kind or nature whatsoever against the Debtors or any of the ECHN Sale Transaction Assets, including, without limitation, any debts arising under or out of, in connection with, or in any way relating to, any acts or omissions, obligations, demands, guaranties, rights, contractual commitments, restrictions, mechanics', carriers', workers', repairers', materialmans', or similar Liens or claims, fixture or equipment lien claims, product liability claims, environmental liabilities, employment or labor law claims or liabilities, employee pension or benefit plan claims, multiemployer benefit plan claims, retiree healthcare or life insurance claims or claims for taxes of or against the Debtors or against any property of the Debtors, claims arising under state or federal antitrust laws, any indemnification claim or liabilities relating to any act or omission of the Debtors or any other person prior to the Closing Date or any Excluded Liabilities, any derivative, vicarious, transferee or successor liability claims, alter ego claims, de facto merger claims, rights or causes of action (whether known or unknown, foreseen or unforeseen, legal or equitable, matured or unmatured, contingent or non-contingent, disputed or non-disputed, direct or indirect, liquidated or unliquidated, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, allowed or disallowed, noticed or unnoticed, recorded or unrecorded, material or non-material, statutory or non-statutory, and asserted or unasserted), whether arising prior to or subsequent to the commencement of the Debtors' chapter 11 cases (other than the Assumed Liabilities), whether imposed by agreement, understanding, law,

equity or otherwise, including without limitation (i) those Interests that purport to give to any party

a right or option to effect a setoff against or any forfeiture, modification, or termination of the

Debtors' interests in the ECHN Sale Transaction Assets, or any similar rights, if any, (ii) those

Interests arising under all mortgages, deeds of trust, security interests, conditional sale or other

title retention agreements, pledges, hypothecations, liens, judgments, demands, encumbrances,

rights of first refusal or charges of any land or nature, if any, (iii) those Interests that are Excluded

Liabilities as set forth in the ECHN APA, and (iv) those Interests arising under or out of, in

connection with, or in any way related to the Debtors or any of the Debtors' predecessors,

Affiliates, or representatives, any of the Debtors' interests in the ECHN Sale Transaction Assets,

or the operation of any of the Debtors' businesses before the applicable Closing Date, including,

without limitation, Interests based on successor liability, transferee liability, derivative liability,

vicarious liability, de facto merger, continuation or continuity, or any similar theories under

applicable state or federal law or otherwise.  Each holder of an Interest in the ECHN Sale

Transaction Assets (a) has, subject to the terms and conditions of this Sale Order, consented or

shall be deemed to have consented to the relief requested in the Motion and with respect to the

ECHN Sale Transaction, (b) could be compelled in a legal or equitable proceeding to accept money

satisfaction of such Interest, or (c) otherwise falls within the provisions of section 363(f) of the

Bankruptcy Code.  Those holders of Interests that did not object to, or withdrew their objections,

if any, to, the relief requested in the Motion, the ECHN APA, the MPT Agreement, the ECHN

Sale Transaction, or the Assignment Notice are deemed to have consented to the relief requested

in the Motion, including, without limitation, the sale of the Transferred Assets, the assumption and

assignment of the Assigned Contracts to the Purchaser, and the transfer of the MPT Real Property

to the Purchaser, pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of Interests

that did object that have an Interest in the ECHN Sale Transaction Assets could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest pursuant to section 363(f)(5) of the Bankruptcy Code or fall within one or more of the other subsections of 363(f) of the Bankruptcy Code and, therefore, are adequately protected by having their Interests that constitute interests in the ECHN Sale Transaction Assets, if any, attach solely to the proceeds of the ECHN Sale Transaction ultimately attributable to the property in which they have an Interest, in the same order of priority and with the same validity, force, and effect that such holders had prior to the ECHN Sale Transaction, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable, in addition to any limitations on the use of such proceeds pursuant to any provision of this Sale Order, the Settlement Order,[3] the Interim Amended Junior DIP Order,[4] and the Final Amended Junior DIP Order;[5] *provided*, *however*, that Purchaser shall have a valid administrative claim for the Bid Protections if the Purchaser is entitled to payment of the Bid Protections as set forth in the ECHN APA.

V.    **Excluded Liabilities**.  Except as expressly provided otherwise in the ECHN APA or this Sale Order, neither the Purchaser nor any of the Purchasers' Affiliates (including any subsidiary of the Purchaser, any person or entity that could be treated as a single employer with the Purchaser pursuant to Section 4001(b) of the Employee Retirement Income Security Act of

---

[3]    The *Order (A) Approving Settlement with MPT and Junior DIP and (B) Granting Related Relief* [Docket No. 1288] (the "Settlement Order"; and the Settlement and Support Agreement attached as Exhibit 1 to the Settlement Order, the "Settlement Agreement")).

[4]    The *Interim Order (I) Authorizing (A) Postpetition Financing and (B) the Use of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Prepetition Lenders; and (IV) Granting Related Relief* [Docket No. 2739] (the "Interim Amended Junior DIP Order").

[5]    The *Final Order (I) Authorizing (A) Postpetition Financing and (B) the Use of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Prepetition Lenders; and (IV) Granting Related Relief* [Docket No. 2887] (the "Final Amended Junior DIP Order," and together with the Settlement Order and the Interim Amended Junior DIP Order, the "Junior DIP Orders").

1974, as amended ("ERISA") or Section 414(b), (c), (m) or (o) of the Internal Revenue Code of

1986, as amended ("IRC"), and any of their respective managed funds or accounts, any of their

respective lenders or investors, and, in each case of the foregoing, each of their respective former,

current, or future, shareholders, equity holders, owners, members, managers, employees,

representatives, officers, limited or general partners, directors, agents, professionals, successors,

affiliates, or permitted assignees) (collectively with the Purchaser, the "Purchaser Group") shall

be responsible for any Interests, including in respect of, based on, relating to, or arising under,

without limitation, the following: (i) any labor, collective bargaining, or employment agreements;

(ii) any mortgages, deeds of trust, or security interests; (iii) any intercompany loans and receivables

between one or more of the Sellers and any Debtor; (iv) any pension, multiemployer (as such term

is defined in Section 3(37) or Section 4001(a)(3) of ERISA), health or welfare plan participation

or benefit trust, compensation or other employee benefit plans, agreements, practices and programs

(including any Employee Benefit Plan) of or related to any of the Debtors or any of the Debtors'

Affiliates or predecessors or any current or former employees of any of the foregoing, including,

without limitation, any pension plan of any of the Debtors or any multiemployer plan to which the

Debtors have at any time contributed to or had any liability or potential liability; (v) the Debtors'

operation of the Business or cessation thereof; (vi) any litigation involving one or more of the

Debtors; (vii) any other employee, worker's compensation, occupational disease or unemployment

or temporary disability related claim, including, without limitation, claims that might otherwise

arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil

Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the Multi-Employer Pension

Plan Amendments Act of 1980, including all amendments thereto, (f) the Worker Adjustment and

Retraining Notification Act of 1988 or any similar state or local law ("WARN"), other than

Liabilities arising resulting from the Purchaser's breach of the obligations set forth in Section 6.9(g) of the ECHN APA, (g) the Americans with Disabilities Act of 1990, (h) Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the IRC and of any similar state law (collectively, "<u>COBRA</u>") other than Liabilities arising resulting from the Purchaser's breach of the obligations set forth in section 6.9 of the ECHN APA, (i) the National Labor Relations Act, (j) the Age Discrimination and Employment Act of 1967 and Age Discrimination in Employment Act, as amended, (k) state harassment, discrimination, or retaliation laws, (l) state unemployment compensation laws or any other similar state laws, or (m) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors, or relating to any wages, benefits, employment, or termination of employment with any or all Debtors or any of their predecessors; (viii) any Environmental Claims or Liabilities arising under any Environmental Laws, Environmental Permits, or any Environmental Notice to the extent arising out of any actions or omissions of the Debtors relating to Environmental Law at any time prior to the applicable Closing Date (except to the extent such Environmental Claims or Liabilities are exacerbated by the Purchaser after the Closing, in which case the Purchaser shall only be responsible for the proportional increase, if any, in Liabilities resulting from the Purchaser's actions or deliberate or knowing inactions); (ix) any product liability law; (x) any antitrust laws; (xi) any tax statutes or ordinances related to an Excluded Asset or that arise out of the consummation of the Transactions except for Transfer Taxes, including, without limitation, the IRC; and (xii) any Excluded Liabilities set forth in section 2.4 of the ECHN APA.

      W.    **<u>Sale Free and Clear and Continuation of Existing Approvals Required by the Purchaser</u>**.  The Purchaser expressly negotiated for the protection of obtaining the ECHN Sale

Transaction Assets free and clear of all Interests (other than the Permitted Liens), including, without limitation, any potential successor liability claims (other than the Assumed Liabilities).  The total consideration to be provided under the ECHN APA reflects the Purchaser's reliance on this Sale Order to provide it, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, with title to and possession of the ECHN Sale Transaction Assets free and clear of all Interests of any kind or nature whatsoever (including, without limitation, any potential successor liability claims (other than the Assumed Liabilities and Permitted Liens)).  The Purchaser would not have entered into the ECHN APA and would not consummate the ECHN Sale Transaction if the sale and/or transfer, as applicable, of the ECHN Sale Transaction Assets to the Purchaser and the assumption and assignment of the Assigned Contracts to the Purchaser by the Debtors were not free and clear of all Interests of any kind or nature whatsoever (other than the Assumed Liabilities and the Permitted Liens), as contemplated by this Sale Order, or if the Purchaser would, or in the future could, be liable for any of the Interests, including, without limitation, rights or claims based on any successor, transferee, derivative, or vicarious liabilities. The Purchaser would not have entered into the ECHN APA and would not consummate the ECHN Sale Transaction if the Purchaser would not be authorized, as of the Closing Date, to operate under or renew any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the ECHN Sale Transaction Assets (subject, in each case, to the terms and conditions of the ECHN APA and the MPT Agreement); if such licenses, permits, registrations, and governmental authorizations or approvals would not be deemed to have been transferred to the Purchaser as of the Closing Date; or if existing licenses or permits applicable to the Business would not remain active and in place for the Purchaser's benefit until either new licenses and permits are obtained or existing licenses and permits are transferred.

X.      **No Successor, Transferee, or Similar Liability**.  Except for the Assumed

Liabilities and the Permitted Liens, as expressly set forth in the ECHN APA or this Sale Order,

the Purchaser has not expressly or impliedly assumed any obligation of the Debtors, or any other

party, with respect to the Interests and the Excluded Liabilities, whether at law or in equity,

whether by payment, setoff, recoupment, or otherwise, directly or indirectly, and whether from the

ECHN Sale Transaction Assets or otherwise, including, without limitation, based on successor,

transferee, derivative, or vicarious liability.

Y.      **No Consolidation, Merger, or De Facto Merger**.  The ECHN Sale Transaction

described by the Transaction Documents does not amount to a consolidation, merger, or de facto

merger of the Purchaser and any of the Debtors and/or any of the Debtors' estates.

Z.      **No Continuity**. There is no continuity between the Purchaser and any of the

Debtors.  The Purchaser is not holding itself out to the public as a continuation of any of the

Debtors or their respective estates, businesses, or operations.  The Purchaser is not a mere

continuation of any of the Debtors or their respective estates, businesses, or operations.  There is

no common identity between any of the Debtors and the Purchaser.   The Purchaser does not

constitute a successor or a successor in interest to any of the Debtors or their estates.

AA.     **Assumption and Assignment of the Assigned Contracts**.  The Assumption and

Assignment Procedures approved pursuant to the Bidding Procedures Order are integral to the

ECHN APA, do not constitute unfair discrimination, are in the best interests of the Debtors, their

estates and creditors, and all other parties in interest, and are based on the reasonable exercise of

sound business judgment by the Debtors.  At the Closing, and pursuant to section 365 of the

Bankruptcy Code and this Sale Order, the Debtors shall assume and, subject to the terms in the

ECHN APA, assign to the Purchaser, and Purchaser shall take assignment from the Debtors of, the Assigned Contracts.

BB.     **Cure Costs**.  On or before the Closing Date, and subject to section 5.3 of the ECHN APA, the Purchaser shall pay the Determined Cure Costs for each Assigned Contract up to the applicable Cure Cost Cap and the Sellers shall pay any Excess Cure Costs for each Assigned Contract (that is, those Cure Costs that exceed the applicable Cure Cost Cap).  Accordingly, the Debtors or the Purchaser, as applicable, will have, to the extent necessary, (i) cured any default existing prior to the Closing with respect to the Assigned Contracts, and (ii) provided compensation, if any, to each counterparty to an Assigned Contract for any actual pecuniary loss to such party resulting from a default prior to the Closing with respect to the Assigned Contract with such counterparty, all within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code.

CC.     **Assigned Contracts**.  Pursuant to section 365(f) of the Bankruptcy Code, each Assigned Contract required to be assumed and assigned under the ECHN APA shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser, in accordance with their respective terms, notwithstanding any provision in such contract or other restrictions prohibiting its assignment or transfer.  No section of any of the Assigned Contracts that would directly or indirectly prohibit, restrict, or condition the assumption or assignment of any of the Assigned Contracts or would permit termination or modification of such Assigned Contracts, or rights and obligations thereunder, by a party other than the Debtors, on account of assignment of such shall have any force or effect in connection with the ECHN Sale Transaction Assets.

DD.    **Assumption and Assignment**.  The assumption and assignment of the Assigned Contracts (i) are necessary to sell the ECHN Sale Transaction Assets to the Purchaser, (ii) allow the Debtors to sell the ECHN Sale Transaction Assets to the Purchaser as a going concern, (iii) limit the losses suffered by counterparties to the Assigned Contracts, and (iv) maximize the recoveries to other creditors of the Debtors by limiting the number of claims against the Debtors' estates by avoiding the rejection of the Assigned Contracts.  For these reasons, the Debtors have exercised sound business judgment in assuming and assigning the Assigned Contracts and such assumption and assignment is in the best interests of the Debtors' estates.

EE.    **Adequate Assurance of Future Performance**.  Counterparties to the Assigned Contracts were provided with the Assignment Notice and had the opportunity to request and review information with respect to the Purchaser's adequate assurance of future performance (*see* Docket No. 3176) and were required to file any objections to the Purchaser's ability to provide adequate assurance of future performance as contemplated under sections 365(b)(l)(C), 365(b)(3) (to the extent applicable) and 365(f)(1) of the Bankruptcy Code (each, an "Adequate Assurance Objection") on or prior to October 23, 2025 at 4:00 p.m. (prevailing Central Time).  Counterparties to Assigned Contracts that failed to timely file an Adequate Assurance Objection are hereby forever barred from objecting to the assumption and assignment of Assigned Contracts on the grounds of a failure to provide adequate assurance of future performance.  Based on evidence adduced at the Sale Hearing and based on the record in these chapter 11 cases, to the extent necessary, the Debtors have satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(l)(A), 365(b)(l)(B), 365(b)(l)(C), 365(b)(3) (to the extent applicable) and 365(f) of the Bankruptcy Code, in connection with the sale and assumption and assignment of the Assigned Contracts to the extent provided under the ECHN APA.  Accordingly, subject to

payment of the Cure Costs, the Assigned Contracts may be assumed by the Debtors and assigned to the Purchaser as provided under the ECHN APA and this Sale Order.

FF.  **Sale Order Required by the Purchaser.**  Entry of this Sale Order approving the ECHN APA is a requirement of the ECHN APA and such requirement is a reasonable and appropriate condition precedent to the Purchaser's consummation of the ECHN Sale Transaction.

GG.  **Property of the Estates**.  The ECHN Sale Transaction Assets constitute property of the Debtors' estates and title thereto is vested in the Sellers' estates within the meaning of section 541(a) of the Bankruptcy Code.  The Debtors have all title, interest, and/or rights in the ECHN Sale Transaction Assets required to transfer and to convey the ECHN Sale Transaction Assets to the Purchaser, as required by the ECHN APA.

HH.  **Corporate Authority**.  Subject to the entry of this Sale Order, (i) the Debtors have full corporate power and authority to perform all of their obligations under the Transaction Documents, and the Debtors' prior execution and delivery of, and performance of their obligations under, the Transaction Documents is hereby ratified, (ii) the Debtors have all of the corporate power or applicable organizational power and authority necessary to consummate the ECHN Sale Transaction, (iii) the Debtors have taken all corporate or applicable organizational actions necessary to authorize, approve, execute, and deliver the Transaction Documents and to consummate the ECHN Sale Transaction, except for the actions required to satisfy the closing conditions expressly provided in the Transaction Documents, and (iv) no consents or approvals are required to consummate the ECHN Sale Transaction or otherwise perform the obligations under the Transaction Documents, except for the consents or approvals required to satisfy the closing conditions expressly provided herein or therein.

II.     **Sale in Best Interests**.  The relief requested in the Motion and set forth in this Sale Order is in the best interests of the Debtors, their respective creditors, estates, and all other parties in interest in the Debtors' chapter 11 cases.

JJ.     **Prompt Consummation**.  To maximize the value of the ECHN Sale Transaction Assets, it is essential that the ECHN Sale Transaction, including the transfer of the MPT Real Property, occur within the timeframe set forth in the ECHN APA and Bidding Procedures.  Time is of the essence in consummating the ECHN Sale Transaction.  Accordingly, there is cause to lift the stays established by Bankruptcy Rules 6004 and 6006 with regards to the ECHN Sale Transaction and the assignment of the Assigned Contracts.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      **Motion Is Granted**.  The Motion and the relief requested therein, including, without limitation, approval of the terms of the ECHN APA, substantially in the form attached hereto as **Exhibit A**, as well as the Debtors' entry into and performance under the ECHN APA, and consummation of the transactions contemplated under the Transaction Documents, including the sale of the Transferred Assets to the Purchaser and the transfer of the MPT Real Property to the Purchaser is GRANTED and APPROVED, as set forth herein.

2.      **Objections Overruled**.  Except as stated otherwise herein, all objections to, or responses or reservation of rights regarding, the relief requested in the Motion, the entry of this Sale Order, or the relief granted herein, including, without limitation, any objections to the assumption or assignment of the Assigned Contracts (including Cure Costs related thereto) or relating to the cure of any defaults under any of the Assigned Contracts or to the assumption and assignment of any of the Assigned Contracts to the Purchaser by the Debtors, that have not been withdrawn, waived, settled, or adjourned as provided in Paragraph 21 below or otherwise, or that

24

have not otherwise been resolved pursuant to the terms hereof are hereby DENIED and OVERRULED on the merits with prejudice.  All Persons that failed to timely object, or withdrew their objections, to the Motion or the entry of this Sale Order are deemed to consent to the relief granted herein for all purposes, including, without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code.  Any objections to the entry of this Sale Order or to the relief granted herein that were not timely filed are hereby forever barred.  No appeal, motion to reconsider, or similar pleading has been filed with respect to the Bidding Procedures Order, and the Bidding Procedures Order is a final order of this Court, has not been vacated, withdrawn, rescinded, or amended and remains in full force and effect.

3.      **Notice**.  Notice of the Motion, the Sale Hearing, and the assumption and assignment of Assigned Contracts was adequate, appropriate, fair, and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, the Local Bankruptcy Rules and the Bidding Procedures Order, and as such no further or other notice is required.

4.      **Approval and Authorization**.  The sale of the Transferred Assets and the transfer of the MPT Real Property to the Purchaser on the terms and conditions contained in the Transaction Documents, including, without limitation, the Closing of the ECHN Sale Transaction as required by the ECHN APA and the MPT Agreement, is hereby approved in all respects pursuant to sections 105(a), 363(b), 363(f), 363(m), and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006.  Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtors are authorized to perform all obligations under and make all payments required by the Transaction Documents as and when due thereunder without further order of this Court.  The Debtors, the Purchaser, and each of their respective officers, employees, and agents are hereby authorized to (a) execute the

Transaction Documents, including the ECHN APA and the MPT Agreement, and any prior execution of such agreements, documents, and instruments, including the Transaction Documents, is hereby ratified, (b) perform all obligations under the Transaction Documents, to consummate each of the foregoing, including, without limitation, deeds, assignments, and other instruments of transfer, and to consummate the ECHN Sale Transaction and the transfer of the MPT Real Property to the Purchaser, and any prior performance of such obligations or any prior consummation of such ECHN Sale Transaction is hereby ratified, (c) assume and assign the Assigned Contracts to the Purchaser and pay their respective portion, as applicable, of the Cure Costs associated therewith, as set forth in the ECHN APA, and (d) take all other and further actions as may be reasonably necessary to consummate and implement the ECHN Sale Transaction and to perform all obligations under the Transaction Documents and the consummation thereof, without any further corporate action or order of this Court.  The Purchaser shall not be obligated to proceed with the Closing under the ECHN APA until all conditions precedent to its obligation to do so thereunder, including the transfer of the MPT Real Property, have been satisfied or waived by the Purchaser in accordance with the terms of the ECHN APA.

5.     **No Sub Rosa Plan**.  The sale of the ECHN Sale Transaction Assets, including, without limitation, the assignment of the Assigned Contracts, the sale of the Transferred Assets, and the transfer of the MPT Real Property, pursuant to the Transaction Documents outside a chapter 11 plan neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of the Debtors' subsequent chapter 11 plan.  Neither the Transaction Documents nor the ECHN Sale Transaction constitutes a sub rosa chapter 11 plan.

6.     **Valid Transfer**.   As of the Closing, the consummation of the ECHN Sale Transaction shall effect a legal, valid, and enforceable sale and a full and complete general

assignment, conveyance, and transfer of the ECHN Sale Transaction Assets to the Purchaser, and

shall vest the Purchaser with all legal, equitable, and beneficial right, title, and interest in and to

the ECHN Sale Transaction Assets free and clear of all Interests of any kind or nature whatsoever.

The Transaction Documents, including the ECHN APA and the MPT Agreement, are valid and

binding contracts between the Debtors and the Purchaser (with respect to the ECHN APA) and the

Debtors and MPT (with respect to the MPT Agreement), and shall be enforceable pursuant to their

terms.  The Transaction Documents and the ECHN Sale Transaction itself, as well as the

consummation thereof, shall be specifically enforceable against and binding upon (without posting

any bond) the Debtors and their respective Affiliates and subsidiaries and such parties' successors

and assigns, the Debtors' estates, all creditors thereof (whether known or unknown), all holders of

equity interests in any Debtor, holders of Interests in, against, or on all or any portion of the ECHN

Sale Transaction Assets, MPT, all non-Debtor parties to the Assigned Contracts, the Purchaser and

its respective successors and assigns, any chapter 11 trustee appointed in these chapter 11 cases or

any chapter 7 trustee appointed upon a conversion of these chapter 11 cases to cases under chapter

7 of the Bankruptcy Code, and shall not be subject to rejection or avoidance by the foregoing

parties or any other Person.

       7.    **<u>Free and Clear</u>**.  Except as expressly provided for in the ECHN APA, the MPT

Agreement, or this Sale Order, pursuant to sections 105(a), 363(b), 363(f), 365(b), and 365(f) of

the Bankruptcy Code, the Debtors are authorized and directed to transfer and/or facilitate the

transfer, as applicable, of the ECHN Sale Transaction Assets to the Purchaser and, upon the

Closing, other than the Purchaser's assumption of the Assumed Liabilities and the Purchaser's

obligations under the ECHN APA and the Assigned Contracts, the Purchaser shall have and take

title to and possession of the ECHN Sale Transaction Assets free and clear of and shall have no

obligation with respect to all Interests (other than the Assumed Liabilities and the Permitted Liens) of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative, or vicarious liabilities, de facto merger, continuation or continuity, or any similar theories under applicable state or federal law or otherwise.  All holders of Interests fall within one or more of the subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Interests attach to the net proceeds ultimately received by the Debtors and attributable to the ECHN Sale Transaction Assets against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force, and effect, and in the same order of priority that such Interests now have against the ECHN Sale Transaction Assets or their proceeds as of Closing, subject to any rights, claims, and defenses the Debtors or their estates, as applicable, may possess with respect thereto, in addition to any limitations on the use of such proceeds pursuant to any provision of this Sale Order and the Junior DIP Orders.  This Sale Order: (a) is and shall be effective as a determination that, other than Assumed Liabilities, the Permitted Liens, or as otherwise provided herein, upon the applicable Closing in accordance with the ECHN APA, all claims of any kind or nature whatsoever existing as to ECHN Sale Transaction Assets, including, but not limited, to any tax liability, real property liability, equipment or fixture liens, environmental liability, employment or unemployment liability, regulatory liability, or tort liability, prior to the applicable Closing have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected, with such Interests and liens attaching in order of priority to the proceeds of the ECHN Sale Transaction, and (b) is and shall be binding upon and shall authorize all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units,

governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the ECHN Sale Transaction Assets conveyed to the Purchaser. All recorded Interests against the ECHN Sale Transaction Assets from their records, official and otherwise, shall be deemed stricken upon the Closing in accordance with the ECHN APA and the terms of this Sale Order without the need for further action on the part of either the Purchaser or the Seller. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtors are authorized and directed to sell the ECHN Sale Transaction Assets free and clear of any liens, claims, and/or Interests (other than the Assumed Liabilities and the Permitted Liens).

8.     **Deemed Consent**. Those holders of Interests or claims with respect to the ECHN Sale Transaction Assets who did not object (or who ultimately withdrew their objections, if any) to the ECHN Sale Transaction are deemed to have consented to this Sale Order pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Interests or claims who did object that have an interest in the ECHN Sale Transaction Assets fall within one or more of sections 363(f)(1), 363(f)(3), 363(f)(4), or 363(f)(5) of the Bankruptcy Code and are therefore adequately protected by having their Interests or claims that constitute interests in the ECHN Sale Transaction Assets, if any, attach solely to the proceeds of the ECHN Sale Transaction ultimately attributable to the property in which they have an interest, in the same order of priority and with the same validity, force, and effect that such holders had prior to the ECHN Sale Transaction, subject to any rights, claims and defenses of the Debtors or their estates, as applicable, in addition to any limitations on the use of such proceeds pursuant to any provision of this Sale Order and the Junior DIP Orders.

9.      **Release of Interests**.  Any and all Persons that have filed a financing statement, mortgage, mechanic's lien, *lis pendens*, or other document or agreement evidencing an Interest against or in the ECHN Sale Transaction Assets shall deliver to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases, and/or any other similar documents necessary for the purpose of documenting all Interests that such Person has against or in the ECHN Sale Transaction Assets. For any Person who has not delivered such termination statements to the Debtors prior to the Closing, (a) the Debtors and/or the Purchaser are hereby authorized to execute and file such statements, instruments, releases, and/or other similar documents on behalf of such Person with respect to the ECHN Sale Transaction Assets, (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order that, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests of any kind or nature against or in the ECHN Sale Transaction Assets, and (c) the Purchaser may seek in this Court, or any other court of appropriate jurisdiction, to compel the appropriate parties to execute termination statements, instruments of satisfaction, releases, and/or other similar documents with respect to all Interests that such Person has against or in the ECHN Sale Transaction Assets.  This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office. Notwithstanding the foregoing, the provisions of this Sale Order authorizing the sale, transfer, and/or assignment, as applicable, of the ECHN Sale Transaction Assets free and clear of all Interests shall be self-executing, and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.

10.    **Surrender of ECHN Sale Transaction Assets**.  All Persons that are presently or on the Closing Date may be in possession of some or all of the ECHN Sale Transaction Assets are directed to surrender possession of such ECHN Sale Transaction Assets to the Purchaser as of the Closing Date.

11.    **Injunction**.  All Persons are hereby prohibited and enjoined from taking any action that would adversely affect or interfere with, or that would be inconsistent with, the ability of the Debtors to sell and transfer the ECHN Sale Transaction Assets to the Purchaser in accordance with the terms of the Transaction Documents or this Sale Order.  Except as expressly permitted by the ECHN APA with respect to Assumed Liabilities, Permitted Liens, or this Sale Order, all Persons (and their respective successors and assigns), including, without limitation, all holders of claims or Interests, lenders, debt security holders, governmental, administrative agencies, tax and regulatory authorities, federal, state, and local officials, parties to executory contracts and unexpired leases, creditors, contract counterparties, customers, landlords, licensors, employees and former employees, litigation claimants, pension plans, labor unions, trade creditors, private or public payors, and other Persons and their respective successors or assigns holding Interests of any kind or nature whatsoever against or in the Debtors or the ECHN Sale Transaction Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of the Debtors' chapter 11 cases, whether imposed by agreement, understanding, law, equity, or otherwise), arising under or out of, in connection with, or in any way relating to, the Debtors, the operation of the Debtors' businesses prior to the Closing, the ECHN Sale Transaction Assets, or the transfer of the ECHN Sale Transaction Assets to the Purchaser (including, without limitation, any rights or claims based on any successor, transferee, derivative,

or vicarious liabilities), shall be and hereby are forever barred, estopped, and permanently restrained and enjoined from (a) asserting, prosecuting, or otherwise pursuing any Interests against the Purchaser, any of its Affiliates, their past or present respective officers, directors, members, managers, partners, agents, principals, representatives, employees, independent contractors, and shareholders (or equivalent), and any of their respective representatives, agents, predecessors, successors, designees, or assigns, the property of the foregoing, and the ECHN Sale Transaction Assets transferred to the Purchaser or interests of the Debtors in such ECHN Sale Transaction Assets (other than the Assumed Liabilities and the Permitted Liens) and (b) recovering from the Purchaser, any of its Affiliates, their past or present respective officers, directors, members, managers, partners, agents, principals, representatives, employees, independent contractors, and shareholders (or equivalent), and any of their respective representatives, agents, predecessors, successors, designees, or assigns, any claim with respect to the ECHN Sale Transaction Assets which any Person had solely against the Debtors or any of the Debtors' subsidiaries, affiliates, directors, officers, agents, representatives, employees, investors, owners, partners, or joint venturers.  Following the Closing, no holder of an Interest against the Debtors shall interfere with the Purchaser's title to or use and enjoyment of the Debtors' former interests in the ECHN Sale Transaction Assets, including, without limitation, taking any of the following actions with respect to or based on any Interest relating to the ECHN Sale Transaction Assets or the transfer of the ECHN Sale Transaction Assets to the Purchaser (other than Assumed Liabilities and the Permitted Liens): (a) commencing or continuing in any manner any action, recoupment, or other proceeding against the Purchaser or its successors or assigns, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Purchaser or its successors or assigns, assets, or properties; (c) creating, perfecting, or enforcing

any Interest against the Purchaser, its successors or assigns, assets (including the Transferred Assets), or properties (including the MPT Real Property); (d) asserting any Interest as a setoff, right of subrogation, or recoupment of any kind against any obligation due Purchaser or its successors or assigns: (e) commencing or continuing any action in any manner or place that does not comply or is inconsistent with the provisions of this Sale Order or the agreements or actions contemplated or taken in respect thereof; (f) interfering with, preventing, restricting, prohibiting, or otherwise enjoining the consummation of the ECHN Sale Transaction; or (g) enforcing any provision of any Assigned Contract that prohibits, restricts or conditions, or which purports to terminate or modify, or permits a party other than the Debtors to terminate or modify, any such Assigned Contract, or any right or obligation under such Assigned Contract, because of the assumption and/or assignment of such Assigned Contract by the Debtors to the Purchaser.  For the avoidance of doubt, and without limiting the generality of the foregoing or the operability of any other relief obtained pursuant to this Sale Order, any provision in an Assigned Contract, any other document, or any applicable law that purports to prohibit, restrict, modify or otherwise impair assignment of the Assigned Contracts or the Purchaser's ability to utilize the ECHN Sale Transaction Assets in Purchaser's business is hereby void and of no force and effect with respect to the ECHN Sale Transaction, including without limitation any provision that (a) terminates or modifies any right or obligation of the Purchaser under such Assigned Contract; (b) cross-defaults to or from any other lease or executory contract that is not an Assigned Contract; (c) contains operating covenants or "go-dark" provisions that would purport to terminate or modify any Assigned Contract before assumption and/or assignment to the Purchaser; (d) requires a third party's consent prior to assignment of the Assigned Contract to the Purchaser; or (e) restricts the Purchaser's use or assignment of any licenses or similar permits if transferred.

12.    **General Assignment**.  As of the Closing, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the ECHN Sale Transaction Assets and/or a bill of sale or assignment transferring indefeasible title and interest in the ECHN Sale Transaction Assets, including the Transferred Assets, the Assigned Contracts, and the MPT Real Property, to the Purchaser.  Each and every federal, state, and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the ECHN Sale Transaction and to reflect the effectiveness of the ECHN Sale Transaction.

13.    **Elimination of Consent Rights**.  Each person or entity who holds an alleged approval or consent right or anti-assignment provision (including a provision that purports to give termination rights to a contract counterparty on account of a sale, disposition, transfer, or closure by the Debtors of the Debtors' property or assets) contained in the ECHN Sale Transaction Assets (collectively, the "Consent Rights") will be (a) forever barred from objecting to the transfer, sale, and assignment of the Debtors' right, title, and interest in, to and under the ECHN Sale Transaction Assets to be sold in connection with the ECHN Sale Transaction, free and clear of all Interests (other than Assumed Liabilities or Permitted Liens), including any Consent Rights; (b) deemed to consent to and approve the transfer, sale, and assignment of the Debtors' right, title, and interest in, to and under such ECHN Sale Transaction Assets free and clear of all Interests (other than the Assumed Liabilities or Permitted Liens); and (c) deemed to waive any termination right arising from the sale, disposition, transfer or closure by the Debtors of the Debtors' property or assets.

14.    **No Successor, Transferee, or Similar Liability**.  Except as may be expressly set forth in the ECHN APA, the Purchaser, its Affiliates, and any of their past or present respective officers, directors, members, managers, partners, agents, principals, representatives, employees,

independent contractors, and shareholders (or equivalent) and any of their respective representatives, agents, predecessors, successors, designees, or assigns (collectively, the "Purchaser Released Parties") shall not be deemed, as a result of the consummation of the ECHN Sale Transaction or otherwise, to be (a) a successor of, successor employer of, successor entity of, to have successorship obligations relating to, or to otherwise be deemed a successor, to the Debtors or the Debtors' estates, (b) a party to a de facto merger or consolidation of the Purchaser and the Debtors or the Debtors' respective predecessors or Affiliates, or (c) a mere continuation or substantial continuations of the identity, business, enterprises, or operations of any of the Debtors, including the Sellers, or their respective predecessors or Affiliates.  Except as expressly set forth in the ECHN APA with respect to the Assumed Liabilities, the Purchaser Released Parties shall not assume, or be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their respective estates, or any of their predecessors or Affiliates. Without limiting the generality of the foregoing, and except as specifically provided for in the ECHN APA, the Purchaser shall not be liable for any claims against the Debtors (whether known or unknown, foreseen or unforeseen, legal or equitable, matured or unmatured, contingent or non-contingent, disputed or non-disputed, direct or indirect, liquidated or unliquidated, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, allowed or disallowed, noticed or unnoticed, recorded or unrecorded, material or non-material, statutory or non-statutory, and asserted or unasserted) as of the Closing, now existing or hereafter arising, under the laws of the United States, any state, territory, or possession of the United States, the District of Columbia, or any other country or foreign jurisdiction, other than as expressly provided for in the ECHN APA.

15.    **Good Faith of the Purchaser**. The ECHN Sale Transaction specified in the ECHN APA is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code.  As such, the Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.  Accordingly, if any or all of the provisions of this Sale Order are hereafter reversed, modified, or vacated by a subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of the ECHN Sale Transaction, including, without limitation, the assumption and assignment of the Assigned Contracts, any sale or transfer under the ECHN APA, or obligation or right granted pursuant to the terms of this Sale Order.  Notwithstanding any reversal, modification, or vacatur of this Sale Order, any actions taken by the Purchaser or the Debtors pursuant to the terms of this Sale Order prior to the effective date of any such reversal, modification, or vacatur shall be governed in all respects by the original provisions of this Sale Order and the ECHN APA, as applicable.

16.    **No Avoidance of the ECHN APA**.  None of the Debtors, the Purchaser, nor their respective representatives and Affiliates have engaged in any conduct that would cause or permit the ECHN APA or the ECHN Sale Transaction to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.  Accordingly, the ECHN APA and the ECHN Sale Transaction shall not be avoidable under section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of the ECHN APA or the ECHN Sale Transaction.  Specifically, the Purchaser has not acted in a collusive manner with any person or entity and the Purchase Price was not controlled by any agreement among bidders.

17.     **Assumption and Assignment of Contracts**.   The Debtors' assumption and assignment of the Assigned Contracts is hereby APPROVED pursuant to Bankruptcy Code section 365.  All requirements of sections 365(b) and 365(f) of the Bankruptcy Code have been satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Purchaser, of each Assigned Contract.  The Purchaser has demonstrated adequate assurance of future performance of each Assigned Contract within the meaning of section 365 of the Bankruptcy Code.   All counterparties of the Assigned Contracts that did not timely file an objection to the Assignment Notice are deemed to consent to the assumption and assignment by the Debtors of their Assigned Contract to the Purchaser and to have waived any defaults or breaches thereunder (other than the Cure Costs discussed herein), and the Purchaser shall enjoy all of the rights and benefits under each such Assigned Contract as of the Closing Date without the necessity of obtaining such counterparty's consent to the assumption or assignment thereof.

18.     **Satisfaction of Defaults**.  All defaults or other obligations of the Debtors under the Assigned Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) as to which no objections were interposed and remain pending as of the date of this Sale Order are deemed satisfied by the payment of the proposed amount necessary, if any, to cure all monetary defaults, if any, under such Assigned Contract in those amounts set forth in the Assignment Notice, which was served in compliance with the Bidding Procedures Order, and which were satisfied, or shall be satisfied as soon as practicable.

19.     **Cure Costs**.  The Cure Costs designated in the Assignment Notice are deemed the amounts necessary to "cure" (within the meaning of Bankruptcy Code section 365(b)(1)) all "defaults" (within the meaning of Bankruptcy Code section 365(b)) under the Assigned Contracts

listed thereon.  The Purchaser's or the Debtors' (as applicable in accordance with the terms of the ECHN APA) payment of Cure Costs in accordance with the terms of the ECHN APA, and the Purchaser's promise to perform the obligations under the Assigned Contracts after the Closing Date, constitute adequate assurance of future performance.  For all Assigned Contracts for which an Assignment Notice was served, the Purchaser or the Debtors, as applicable (pursuant to the terms of section 5.3 of the ECHN APA), are authorized and directed to pay all Cure Costs required to be paid by such parties pursuant to the ECHN APA, upon the later of (a) the Closing Date, or (b) for any Assigned Contract for which an objection has been filed to the assumption and assignment of such agreement or the Cure Costs relating thereto and such objection remains pending as of the date of this Sale Order (a "Cure Dispute"), within ten (10) business days of the resolution of such objection by settlement or order of this Court.

20.     **Cure Dispute Resolution**.  Any non-Debtor counterparty to an Assigned Contract that has not filed an objection on or before the deadline as set forth in the relevant Assignment Notice, or received an informal extension by the Debtors, shall be barred from objecting or asserting monetary or non-monetary defaults with respect to any such Assigned Contract other than the applicable amount set forth in the Assignment Notice, and such Assigned Contract shall be deemed assumed by the Debtors and assigned to the Purchaser on the Closing Date.  To the extent that any Cure Dispute cannot be consensually resolved by the applicable parties, whether before or after the Closing Date, such Assigned Contracts shall be assumed and assigned only upon satisfactory resolution of the Cure Dispute, to be determined in the Purchaser's reasonable discretion.  To the extent a Cure Dispute exists, the Assigned Contracts may be conditionally assumed and assigned, subject to the consent of the Purchaser, pending a resolution of the Cure Dispute by agreement of the parties or after notice and a hearing.  If a Cure Dispute is not

satisfactorily resolved, the Purchaser may determine that such Assigned Contracts should not be included on their schedule of Assigned Contracts and should be rejected and not assigned, in which case the Purchaser will not be responsible for any Cure Costs to the contract counterparty. The Debtors may then seek to reject the applicable contract or lease pursuant to section 365 of the Bankruptcy Code.

21. **Determination of Cure Costs**. Unless a counterparty to any Assigned Contract has filed a timely objection to the validity of the Cure Amount as determined by the Debtors (any such objection, a "Cure Objection"), which remains subject to an unresolved Cure Dispute as of the entry of this Sale Order, the Cure Costs set forth on the Assignment Notice shall constitute findings of this Court and shall be final and binding on the counterparties to the Assigned Contracts and their successors and designees upon the Closing and shall not be subject to further dispute or audit based on performance prior to the time of assumption and assignment, irrespective of the terms and conditions of such Assigned Contracts. Each counterparty to an Assigned Contract (other than a counterparty who filed a timely Cure Objection) shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Purchaser or its property (including, without limitation, the ECHN Sale Transaction Assets), any default arising prior to or existing as of the Closing, or any counterclaim, defense, recoupment, setoff, or any other Interest asserted or assertable against the Debtors (except as otherwise provided herein), and (b) imposing or charging against the Purchaser or its Affiliates, any accelerations, assignment fees, increases, or any other fees or charges as a result of the Debtors' assumption and assignment to the Purchaser of the Assigned Contracts in connection with the ECHN Sale Transaction approved by this Sale Order. To the extent a counterparty to any of the Assigned Contracts received notice of the Debtors' proposed Cure Costs and fails to file a Cure Objection by the applicable deadline, such party shall

be deemed to have (a) consented to the assumption and assignment of the applicable Assigned

Contract and the payment of the Cure Costs provided in the Assignment Notice and (b) waived

any right to assert or collect any other cure cost or enforce any default that may arise or have arisen

prior to or as of the Closing.

22.     **Payment of Cure Costs**.  With respect to the Assigned Contracts, subject to the

terms of the ECHN APA, and subject to the entry of this Sale Order, Purchaser shall pay the

Determined Cure Cost for each Assigned Contract up to the applicable Cure Cost Cap and the

Sellers shall pay any Excess Cure Costs for each Assigned Contract (that is, the Cure Costs that

exceed the applicable Cure Cost Cap).  The Sellers are hereby authorized to pay any Excess Cure

Costs whether before or at Closing, in accordance with the terms of the ECHN APA.  The

Purchaser's promise to perform the obligations under the Assigned Contracts arising after their

assumption and assignment to the Purchaser shall constitute adequate assurance of future

performance within the meaning of sections 365(b) and 365(f)(2) of the Bankruptcy Code.

23.     **Effect of Assumption and Assignment**.  On the Closing Date, subject in all

respects to the terms of this Sale Order, the Purchaser shall be deemed to be substituted for the

Sellers (and/or any other Debtor, to the extent any of them hold any rights, title, or interests in any

of the Assigned Contracts) as a party to the applicable Assigned Contracts, which shall be deemed

valid and binding, in full force and effect in accordance with their terms.  Other than with respect

to Assumed Liabilities, Purchaser shall have no liability or obligation for any (a) defaults or

breaches under any Assigned Contract that relate to acts or omissions that occurred in the period,

or otherwise arose, prior to the Closing Date, or (b) claims, counterclaims, offsets, setoffs, or

defenses (whether contractual or otherwise, including, any right of recoupment) with respect to

any Assigned Contract that relate to any acts or omissions that arose or occurred prior to the

Closing Date.  The failure of the Debtors or Purchaser to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions, or of the Debtors' or Purchaser's respective rights to enforce every term and condition of such Assigned Contract.  Upon the reasonable request of the Purchaser, all counterparties to the Assigned Contracts shall cooperate and expeditiously execute and deliver, and shall not charge the Debtors or Purchaser for, any instruments, applications, consents, or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the ECHN Sale Transaction.

24.  **Governmental Authorization to Effectuate Sale and Assignments**.  Except as otherwise specifically provided in this Sale Order, each and every federal, state, and governmental agency or department, and any other person or entity, is hereby directed to accept (a) any and all documents and instruments in connection with or necessary to consummate the ECHN Sale Transaction, subject to the payment of any filing fee or other fee imposed under non-bankruptcy law; and (b) this Sale Order as sufficient evidence of the transfer of right, title, and interest in, to, and under the ECHN Sale Transaction Assets.  Except as otherwise provided in this Sale Order, to the greatest extent available under applicable law upon the Closing, the Purchaser shall be authorized, as of the Closing, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors (including the Seller Permits) with respect to the ECHN Sale Transaction Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals (including the Seller Permits) are deemed to have been, and hereby are, deemed to be transferred to the applicable Purchaser as of the Closing.  To the extent any license or permit necessary for the operation of the ECHN Sale Transaction Assets (including the Seller Permits) is determined not to be an executory contract that may be assumed and assigned

under section 365 of the Bankruptcy Code, the Purchaser shall apply for and obtain any such necessary license or permit promptly after the Closing Date, and, to the extent practicable, such license or permit of the Debtors shall remain in place for the Purchaser's benefit until a new license or permit is obtained (or, in the case of licenses or permits of Debtors of which the assignment to the applicable Purchaser is pending as of the Closing Date (whether pursuant to a notice period that has not expired as of the Closing Date or a required consent from an applicable governmental authority that has not been received as of the Closing Date), shall transfer to the Purchaser upon the expiration of such notice period or the receipt of such consent; *provided*, *however*, that the foregoing shall not apply to any Medicare Provider Agreements (as defined below), the transfer of which is governed by Paragraph 26 of this Sale Order.  No governmental unit may revoke or suspend any lawful right, license, trademark, or other permission relating to the use of the ECHN Sale Transaction Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the ECHN Sale Transaction.  For the avoidance of doubt, the ECHN Sale Transaction authorized herein shall be of full force and effect, regardless of whether the Debtors or any of their affiliates lack good standing in any jurisdiction in which such entity is formed or is authorized to transact business.

25.     **Pre-Closing Accounts Receivable**.  From and after the Closing, the net collections from accounts receivable relating to the Sellers for the period prior to the Closing shall be treated as Net Proceeds (as defined in the Settlement Agreement), for purposes of Section 8.01 of the Settlement Agreement, and distributed in accordance with the Junior DIP Orders promptly upon receipt.

26.     **Provider Taxes**.  For the avoidance of doubt, any obligation to pay provider Taxes owed by Sellers for the period prior to Closing is not being assumed by the Purchaser, and the

Sellers are not obligated to pay any such provider Taxes as a condition to Closing the ECHN Sale

Transaction. The proceeds of the ECHN Sale Transaction shall be distributed in accordance with

the Junior DIP Orders and any payment of provider Taxes shall be made in accordance with the

Junior DIP Orders, with all parties reserving all rights as to the relative priority of such obligations

as compared to other obligations, including obligations to MPT. To the extent there is any dispute

regarding the allocation of proceeds of the ECHN Sale Transaction between secured creditors

following payment of the MPT Junior DIP Facility in tranche 2 of the Recovery Waterfall (as

defined in the Settlement Agreement), the Debtors will hold the sale proceeds in a segregated

account pending resolution of such dispute.

27. **Medicaid**. Notwithstanding the terms of the Medicaid provider agreement or any

other agreement, and any provision of Connecticut Medicaid statutes, regulations or sub-regulatory

guidance to the contrary, (a) the Purchaser shall have no liability with respect to any overpayments,

penalties, liabilities, or other obligations that arose under or relate to the Sellers' Medicaid provider

agreements and (b) no persons or entities may condition any payments to the Purchaser or the

issuance to the Purchaser of new licenses, certifications, new Medicaid provider agreements, or

other payor program agreements on the assumption or payment by the Purchaser of any such

liabilities.

28. **Medicare Provider Agreements**. Notwithstanding anything to the contrary in this

Sale Order or the ECHN APA, the following provisions apply to the Medicare provider agreements

with the Centers for Medicare & Medicaid Services (together with its applicable regional offices,

and Medicare Administrative Contractors, and other contractors or agents auditing or

administering the Medicare program, collectively, "CMS") for the Debtors (collectively,

the "Medicare Provider Agreements"):

a.      Other than the provisions of this Paragraph 26, neither this Sale Order nor the ECHN APA authorize any sale or transfer of any Medicare Provider Agreements of the Debtors, and the Medicare Provider Agreements are not among the ECHN Sale Transaction Assets to be conveyed in the Transaction Documents.

b.      The Purchaser may, but shall not be obligated to, apply to the CMS for recognition of a "change of ownership" ("CHOW") pursuant to 42 C.F.R. §§ 489.18 and 424.550, and applicable provisions of the Medicare Program Integrity Manual ("PIM") State Operation Manual ("SOM"), including but not limited to the procedures for such application in Chapter 10 of the PIM and Chapter 3 of the SOM.

c.      If CMS determines that, pursuant to applicable Medicare law, the Purchaser is qualified to serve as a Medicare provider and satisfies the requirements for recognition of a CHOW, CMS shall automatically assign the Medicare Provider Agreements to the Purchaser.

d.      To satisfy the requirement under 42 C.F.R. § 489.18 that the Purchaser assume all financial obligations associated with the Medicare Provider Agreements, the Purchaser, within five (5) business days following Closing, shall (i) pay $496.00 for known outstanding liabilities (the "Outstanding Amount") and (ii) pay $131,081 to be placed into escrow by CMS (the "Additional Overpayment Escrow") for payment of any overpayments or liabilities due to CMS, whether known or unknown, arising from or in connection with the Medicare Provider Agreements during the period on or before the Closing Date (the "Pre-Closing Date Period") for which the Purchaser would be liable under 42 C.F.R. § 489.18 and *United States v. Vernon Home Health*, 21 F.3d 693 (5th Cir. 1994) (collectively, the "Pre-Closing Obligations").  In addition, CMS shall be entitled to hold any underpayments owed by CMS under the Medicare Provider Agreements for the Pre-Closing Date Period (the "Pre-Closing Date Underpayments") and apply the value of such Pre-Closing Date Underpayments to the Pre-Closing Obligations.  Payment of the Outstanding Amount, application of funds from the Additional Overpayment Escrow, and the Pre-Closing Date Underpayments constitute the sole remedy against the Debtors and Purchaser for satisfaction of any Pre-Closing Obligations, and CMS will seek no payment from the Debtors or Purchaser beyond the Outstanding Amount, Additional Overpayment Escrow, and Pre-Closing Date Underpayments for the Pre-Closing Obligations.

e.      If the Purchaser fails to promptly pay all or any part of the Additional Overpayment Escrow, CMS shall have the right to recoup all Pre-Closing Obligations from payments otherwise due to the Purchaser at any time after CMS's assignment of the applicable Medicare Provider Agreements to the Purchaser.

f.      Upon CMS's completion of open cost reports audits relating to the Pre-Closing Date Period (the "Unaudited Cost Year Reports") and of any Reopened Cost Year Reports (as defined below), CMS shall first apply the amounts in the Additional Overpayment Escrow to any determined liabilities associated with such audits and

then recoup any remaining determined liabilities from Pre-Closing Underpayments. If after such application, any amount remains in the Additional Overpayments Escrow, it shall be released to, and constitute property of, the Purchaser, and if there are any remaining Pre-Closing Underpayments, such amounts shall be released to, and constitute property of, the Debtors.  CMS shall complete the audits of the Unaudited Cost Year Reports, the Debtors' Final Cost Reports (as defined below), and any Reopened Cost Year Report (as defined below) by the later of (i) nine (9) months from the Closing Date and (ii) thirty (30) days after issuance of the SSI DSH adjustment tables for the applicable cost year, but in no event more than one year from the Closing Date.

g.      Within 120 days after the Closing Date, the Debtors shall file a terminating cost report for all services provided through the Closing Date (the "Debtors' Final Cost Reports").

h.      The provisions herein providing for the payment of the Outstanding Amount and Additional Overpayment Escrow, along with the application of any Pre-Closing Underpayments, fully satisfies and constitutes a release of the Debtors' and Purchaser's Pre-Closing Obligations.

i.      Notwithstanding any other provision hereof, CMS may reopen and audit the Debtors' pre-Closing Date Medicare cost reports (the "Reopened Cost Year Reports") in the ordinary course for purposes of calculating any amounts due under the Medicare Provider Agreements for the Pre-Closing Date Period.  However, CMS shall not seek any further payments for the Reopened Cost Year Reports, other than from the Additional Overpayment Escrow and application of the Pre-Closing Underpayments.  Nothing in this Sale Order will preclude CMS from exercising its rights under applicable law to reopen any cost year report to adjust payment rates for any fiscal periods as part of adjustments in federal payment rates applicable to all similarly situated providers participating in Medicare. Notwithstanding anything contained herein to the contrary, the Purchaser and the Debtors shall retain all rights under applicable non-bankruptcy law to appeal the Debtors' pre-Closing Date Medicare cost reports and to continue ongoing appeals or make claims against CMS consistent with the rights each would have in the ordinary course (e.g., meaning in the case of the Purchaser, the rights of any party accepting assignment of a Medicare Provider Agreement pursuant to a CHOW).

j.      Nothing in this Sale Order waives or abrogates whatever rights, if any, CMS may have to recoup or offset against payments otherwise payable to the Purchaser in connection with the ECHN Sale Transaction Assets for periods after the Closing Date; *provided*, *however*, that such offsets, recoupments, demands, fines or penalties do not arise out of or relate to the Pre-Closing Date Obligations, except as otherwise provided above in subparagraph (e).

k.      On and after the Closing Date, nothing in this Sale Order shall relieve or be construed to relieve the Purchaser from complying with all procedures, rules, and

regulations of the Medicare program, and all plans of correction or other regulatory actions required by CMS.

l.    Except as set forth in this Paragraph 26, nothing in this Sale Order shall affect any right or obligation of CMS with respect to the regulatory assignment of the Medicare Provider Agreements, and CMS will process the assignment of the Medicare Provider Agreements in the ordinary course upon approval of any CHOW application submitted by the Purchaser.

m.    Nothing in this Sale Order releases, relates to, or limits any other claims that may be filed by the United States or any other federal entity, nor does it affect the rights and claims of any such federal entity. Further, nothing in this Sale Order shall bar the United States and its agencies from asserting any rights of setoff or recoupment that they may have or may acquire against any amounts now due, or which may become due, to the Debtors or their estates from any federal agency except as otherwise provided for in this Sale Order. All of the Debtors' rights and defenses thereto are preserved.

n.    The terms set forth in this paragraph regarding the Medicare Provider Agreements are subject to final approval by the United States. In the event the United States does not render such final approval within fourteen (14) days of the date of entry of this Order (or such later date consented to by the Debtors), the Debtors and the United States shall notify the Court, and the Court shall hold an emergency hearing to resolve the United States' objections to the sale of the Debtors' Medicare Provider Agreements free and clear of claims and Medicare obligations.

29.    **Ipso Facto Clauses Ineffective**. Upon the Debtors' assumption and assignment of the Assigned Contracts to the Purchaser pursuant to this Sale Order and the payment of the Cure Costs in accordance with this Sale Order and the ECHN APA, no default shall exist under any Assigned Contract and no counterparty to any such Assigned Contract shall be permitted to declare or enforce a default by the Debtors or the Purchaser thereunder or otherwise take action against the Purchaser as a result of any Debtor's financial condition, change in control, bankruptcy, or failure to perform any of its obligations under the applicable Assigned Contract. For the avoidance of doubt, and without limiting the generality of the foregoing or the operability of any other relief obtained pursuant to this Sale Order, any provision in an Assigned Contract that prohibits or conditions, whether directly or indirectly, the assignment of such Assigned Contract (including, without limitation, the granting of an Interest therein) or allows the counterparty thereto

to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon such assignment shall be deemed an unenforceable anti-assignment provision that is void and of no force and effect with respect to the ECHN Sale Transaction as approved by this Sale Order.  The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions or of the Debtors' or the Purchaser's right, as applicable, to enforce every term and condition of such Assigned Contract.

30.    **Binding Effect**.  This Sale Order and the ECHN APA shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the ECHN Sale Transaction Assets.  The terms and provisions of the Transaction Documents, the Bidding Procedures Order, and this Sale Order shall be binding in all respects upon the Debtors and their respective Affiliates and subsidiaries and such parties' successors and assigns, the Debtors' estates, all creditors thereof (whether known or unknown), all holders of equity interests in any Debtor, holders of Interests in, against, or on all or any portion of the ECHN Sale Transaction Assets, all non-Debtor parties to the Assigned Contracts, the Purchaser and its respective successors and assigns, and any and all third parties, notwithstanding any subsequent appointment of any trustee, examiners, "responsible persons" or other fiduciaries (collectively, the "Trustee") of the Debtors under any chapter of the Bankruptcy Code, as to which Trustee such terms and provisions likewise

47

shall be binding, and the ECHN APA (including the Assigned Contracts) and the MPT Agreement shall not be subject to rejection or avoidance under any circumstances. The post-closing obligations under the ECHN APA shall be unaffected and fully preserved, such that any successor, Trustee, or similar entity shall be obligated and required to comply with all post-Closing duties, obligations, and covenants set forth in the ECHN APA.

31.     **Release, Discharge, and Termination of Interests**. This Sale Order shall be effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing prior to the Closing have been unconditionally released, discharged, and terminated solely as to the ECHN Sale Transaction Assets (other than the Assumed Liabilities and the Permitted Liens), and that the conveyances described herein have been effected.

32.     **No Material Modifications**. The Transaction Documents may be modified, amended, or supplemented by the Debtors and the Purchaser, in a writing signed by such parties, and in accordance with the terms thereof, without further order of this Court; *provided*, that (a) any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates or its creditors, and (b) has been agreed to between the Sellers and the Purchaser (with respect to the Sellers, such consent not to be unreasonably withheld) and approved by the Prepetition Term Loan Administrative Agent. Any material modification, amendment, or supplement to the Transaction Documents adversely affecting the Debtors' estates must be filed on the docket and served on all interested parties, including the Purchaser. Interested parties shall have five (5) business days to file and serve on the Debtors, including the Sellers, and the Purchaser an objection to any such material modification, amendment, or supplement. If no objections are received within five (5) business days or the Court overrules such filed objections, the modified Transaction Documents shall be effective.

33.   **Subsequent Orders and Plan Provisions**.   Nothing contained in any chapter 11 plan of reorganization or liquidation confirmed in the Debtors' chapter 11 cases or any subsequent order of this Court, including, without limitation, (a) any order confirming any such chapter 11 plan, (b) any order authorizing the sale of assets of the Debtors pursuant to any section of the Bankruptcy Code, (c) any order approving wind-down or dismissal of any Debtor's chapter 11 case or any subsequent chapter 7 case, or (d) any order appointing a Trustee, shall change, supersede, abrogate, nullify, restrict, or conflict with the provisions of the ECHN APA, the Transaction Documents, or this Sale Order, or in any way prevent or interfere with the consummation or performance of the ECHN Sale Transaction.   The provisions of this Sale Order and the Transaction Documents (unless otherwise terminated pursuant to section 9.1 of the ECHN APA) shall survive entry of any of the orders enumerated in (a) – (d).

34.   **Failure to Specify Provisions**.   The failure to specify or include any particular provisions of the Transaction Documents in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of this Court that the ECHN APA, the Transaction Documents, and the ECHN Sale Transaction be authorized and approved in their entirety.

35.   **Automatic Stay**.   The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted solely to the extent necessary to (a) allow the Purchaser to deliver any notice provided for in the Transaction Documents, and (b) allow the Purchaser to take any and all actions permitted under the Transaction Documents in accordance with the terms and conditions thereof.   The automatic stay imposed by section 362 of the Bankruptcy Code shall be modified solely to the extent necessary to implement the preceding sentence, and this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

36. **Bankruptcy Rules Satisfied or Waived**.    The requirements set forth in Bankruptcy Rules 6004 and 6006 have been satisfied or are otherwise deemed to be waived. As provided by Bankruptcy Rule 9014, the terms of this Sale Order shall be effective and enforceable immediately upon entry and shall not be subject to stay provisions contained in Bankruptcy Rules 6004(h) and 6004(d). Time is of the essence in closing the ECHN Sale Transaction and the Debtors and the Purchaser intend to close the sale as soon as possible.

37. **Conflicts Between Sale Order and ECHN APA**. To the extent anything contained in this Sale Order conflicts with a provision in the Transaction Documents, this Sale Order shall govern and control. Notwithstanding the foregoing, nothing in this Sale Order shall modify or waive any closing conditions or termination rights in the ECHN APA, and all such conditions and rights shall remain in full force and effect in accordance with their terms. This Order shall not modify, amend, or supersede any provision of the Junior DIP Orders or the Settlement Agreement.

38. **Provisions Nonseverable and Mutually Dependent**. The provisions of this Sale Order and the Transaction Documents are non-severable and mutually dependent.

39. **Retention of Jurisdiction**. This Court shall retain exclusive jurisdiction to, even after any conversion of these chapter 11 cases to cases under chapter 7, among other things, (a) interpret, implement, and enforce the terms and provisions of the Transaction Documents, the Bidding Procedures Order, and this Sale Order, and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned to the Purchaser by the Debtors; or (b) adjudicate, if necessary, any and all disputes concerning or relating in any way to the ECHN Sale Transaction, the ECHN APA, the Bidding Procedures Order, this Sale Order, or the Transaction Documents. This Court retains jurisdiction to (a) compel delivery of the ECHN

Sale Transaction Assets; (b) protect the Purchaser and its assets, including the ECHN Sale Transaction Assets, against any Interests or successor or transferee liability and to enter orders, as appropriate, pursuant to sections 105(a), 363, or 365 (or other applicable sections) of the Bankruptcy Code necessary to transfer the ECHN Sale Transaction Assets and the Assigned Contracts to the Purchaser; (c) adjudicate all issues concerning pre-Closing Interests in and to the ECHN Sale Transaction Assets, if any, including the extent, validity, enforceability, priority, and nature of all such Interests; and (d) adjudicate any and all issues and/or disputes relating to the Debtors' right, title, or interest in the ECHN Sale Transaction Assets, the Motion, this Sale Order, or the Transaction Documents.  In the event this Court abstains from exercising or declines to exercise jurisdiction with respect to any matter referenced in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.  The Purchaser has standing to seek to enforce any terms of this Sale Order, the Bidding Procedures Order, and the Transaction Documents in this Court or any other court with competent jurisdiction.

40.      All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**# # # END OF ORDER # # #**

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Maegan Quejada (24105999)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:     (214) 981-3300
Facsimile:     (214) 981-3400
Email:         tom.califano@sidley.com
               rpatel@sidley.com
               mquejada@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839-5300
Facsimile:     (212) 839-5599
Email:         wcurtin@sidley.com
               pventer@sidley.com
               anne.wallice@sidley.com

*Attorneys to the Debtors*
*and Debtors in Possession*