## Exhibit I

**Financing Progress Letter**



# STATE OF RHODE ISLAND
# OFFICE OF THE ATTORNEY GENERAL

150 South Main Street • Providence, RI 02903
(401) 274-4400 • www.riag.ri.gov

*Peter F. Neronha*
*Attorney General*

October 8, 2025

**VIA EMAIL**

Ben Mingle, CEO
Centurion Foundation, Inc.
ben@centurionmail.org

**Re: Centurion – Prospect Condition Waiver**

Dear Mr. Mingle,

I am following up on the Attorney General's September 26, 2025, letter to you (the "**September 26 Letter**"). Capitalized terms used but not defined in this letter have the meanings ascribed to them in the September 26 Letter. For ease of reference, a copy of the September 26 Letter is attached.

As confirmed in the September 26 Letter, the Attorney General will partially waive or modify certain portions of Condition 12 in the Decision to facilitate your acquisition of the CharterCARE System, its continued operations, and its transition to non-profit status. The Attorney General's agreement requires, among other things, that a closing occurs by the end of October 2025. We also understand that Prospect has given you an October deadline for this transaction.

We have not received any substantive response or update from you since we sent the September 26 Letter.

Accordingly, the Attorney General by this letter requires that you provide the following information/responses in writing **by noon (ET) on Friday, October 10, 2025**:

1. What is the status of compliance with the two (2) conditions set forth in the September 26 Letter? Without limiting the scope of your response to this question,

    a. Has Prospect agreed to the terms of the first condition – "Reduction in Purchase Price Amount to the Prospect Medical Holdings Estate"? If yes, how has that been memorialized or how will it be memorialized? If not, what is the holdup?

    b. Have you reached agreement with counterparties as set forth in the second condition – "Deferral of Costs"? If so, with whom have you reached agreement? What are the terms? How have the agreements been memorialized? What's left to be agreed?

2. What is the status of your financing? Without limiting the scope of your response to this question,

    a. What must be accomplished to get to a closing and by whom?

    b. What is the timeline for doing so?

    c. Have you secured any additional financing (debt or otherwise), and if so, in what amount and from what source(s)?

    d. Have you secured, or do you intend to secure, an additional or different broker/underwriter for the bonds? If so, who and on what terms?

    e. Will an updated feasibility study be required? If so, what is the status of that study and its timing?

    f. Is there any restructuring of either or both the financing and transaction being contemplated? If so, provide details.

    g. Are you and RHIBEC aligned on timing and requirements for going to market for the bonds? If not, provide details.

Continued uncertainty concerning closing creates challenges to the health care system in Rhode Island, as, for example, doctors and other professionals seek alternatives to the CharterCARE System. Further, the challenges being faced by Prospect in its chapter 11 case, including its ability to cover losses at the CharterCARE System, add to this uncertainty and make a timely closing a necessity. Consequently, if you are not making significant positive progress toward a prompt closing, the State will need to explore alternatives given your inability to perform. I know you appreciate, understand and acknowledge this reality.

As in the past, we also request that you share this communication with Prospect immediately. If we do not receive confirmation that you have done so by noon (EST) tomorrow, we assume that you have no objection to the Attorney General forwarding a copy of this letter to Prospect.

We look forward to hearing from you.

Very truly yours,

PETER F. NERONHA
ATTORNEY GENERAL

Adi Goldstein
Deputy Attorney General
State of Rhode Island

cc:
Richard Beretta, Esq., Adler, Pollock & Sheehan, P.C. (via email: *rberetta@apslaw.com*)
Pat Rocha, Esq., Adler, Pollock & Sheehan, P.C. (via email: *procha@apslaw.com*)
David Wender, Esq., Eversheds-Sutherland (via email: *davidwender@eversheds-sutherland.com*)
Charles P. Sukurs, Hall Render (via email: *csukurs@hallrender.com*)
Andrew M. Troop, Esq., Pillsbury (via email: *andrew.troop@pillsburylaw.com*)