HUSCH BLACKWELL
Caleb T. Holzaepfel (TN BPR #33356)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
Email: caleb.holzaepfel@huschblackwell.com

Jeffrey C. Wisler (DE #2795)
CONNOLLY GALLAGHER LLP
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380

Counsel for Cigna Health and Life Insurance Company

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Prospect Medical Holdings, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 25-80002 (SGJ)<br>Jointly Administered<br><br>**Re: Docket No. 708, 1264, 3755** |

**PROTECTIVE LIMITED OBJECTION OF CIGNA TO NOTICE OF
DESIGNATION OF STALKING HORSE BIDDER AND PROPOSED SALE**

Cigna Health and Life Insurance Company and certain of its affiliates ("Cigna") hereby file this protective, limited objection to the *Notice of Designation of Stalking Horse Bidder* [Docket No. 3755] ("Notice") and the Waterbury Sale (defined below) contemplated thereby. In support thereof, Cigna respectfully states as follows.

**BACKGROUND**

1.  On November 11, 2025, the above-captioned debtors ("Debtors") filed the Notice, which included a copy of a draft Asset Purchase Agreement (the "APA") between the Debtors

and the Stalking Horse Bidder[1] for the sale of certain assets related to the Debtors' operations in Connecticut defined as the Waterbury Assets ("Waterbury Sale").

2. Cigna and the Debtors are parties to the following agreements[2] (jointly, the "Cigna Agreements"), pursuant to which the Debtors, through the Waterbury Hospital and related providers ("Facilities"), provide covered healthcare services to eligible participants within the Cigna Provider Network:

- Hospital Managed Care Agreement between Cigna Healthcare of Connecticut, Inc. and Waterbury Hospital, effective 6/1/05; as amended 8/1/24

- Health System Agreement between Cigna Healthcare of Connecticut, Inc. and Cardiology Associates of Greater Waterbury, P.C. dated effective 10/5/02, as amended 5/15/24.

3. The Cigna Agreements may be terminated without cause upon advance written notice, typically no less than sixty (60) days.

4. The Cigna Agreements may not be assigned without written consent from Cigna.

5. On February 18, 2025, the Debtors' filed the *Debtors' Motion for Entry of an Order (I)(A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Selection of Stalking Horse Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling Auction(s) and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, (II)(A) Authorizing the Sale of the Assets Free and Clear of All Encumbrances, and (B) Approving the Assumption and Assignment of the Assumed Contracts, and (III) Granting Related Relief* [Docket No. 708] seeking approval of the sale of all of the Debtors' assets in California and Connecticut ("Sales") to to-be-determined purchasers (each, a "Purchaser").

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Plan.
[2] Including all amendments thereto.

6. On March 19, 2025, this Court entered its *Order (I)(A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Selection of Stalking Horse Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling Auction(s) and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, (II)(A) Authorizing the Sale of the Assets Free and Clear of All Encumbrances, and (B) Approving the Assumption and Assignment of the Assumed Contracts, and (III) Granting Related Relief* [Docket No. 1264] ("Procedures Order"). The Procedures Order includes procedures for the assumption and assignment of certain of Debtors' executory contracts as part of the Sales.

7. No specific notice of contracts proposed to be assumed and assigned as part of the Waterbury Sale has yet been filed.[3] However, the APA requires the Debtors to assume and assign certain "Assigned Contracts" to the Purchaser as part of the Waterbury Sale.

8. The auction for the Waterbury Sale is scheduled to be held on November 17, 2025. It is expected that the Debtors will thereafter file a Notice of Successful Bidder. That Notice may include a preliminary list of contracts to be assumed and assigned as part of the Sale.

9. The hearing to approve the Waterbury Sale is scheduled to be held at 9:30 a.m. on November 18, 2025, effectively leaving no time for Cigna to prepare and file an objection to the Notice of Successful Bidder. In addition, a proposed order to approve the Waterbury Sale may not be filed until the eve of the Sale Hearing. Accordingly, Cigna files this protective objection to any disposition of the Cigna Agreements that the Notice of Successful Bidder and/or the proposed Sale Order may propose.

---

[3] The APA references the *Supplemental Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Costs* [Docket No. 2781] as the base list of Available Contracts. No Cigna Agreements are listed on that Supplemental Notice.

## **OBJECTION**

10. Cigna files this objection to assure that, should the Debtors elect to assume and assign either or both of the Cigna Agreements, the Debtors, *inter alia*, (i) specifically identify and designate such contracts prior to the entry of any order approving such assumption and assignment; and (ii) satisfy Debtors' cure obligations consistent with section 365 of the Bankruptcy Code.

A. Specific Notice of Disposition.

11. To the extent that the Debtors seek to assume and assign either or both of the Cigna Agreements, they must correctly identify such contracts, designate those contracts on a final basis as contracts proposed to be assumed and assigned as part of the Waterbury Sale, and provide Cigna with notice and a full and fair opportunity to be heard on such proposal. Pending such identification, designation, and notice, Cigna reserves all rights and objections. In the interim, no Sale Order should be entered that approves assumption and assignment of a generic, to-be-determined set of contracts (*e.g.* "Designated Contracts," "Assigned Contracts") that could include the Cigna Agreements.

B. Cure.

12. When a contract is assumed under section 365 of the Bankruptcy Code, the non-debtor third-party to that contract must be "made whole at the time of the debtor's assumption of the contract." *In re Entertainment, Inc.* 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). Accordingly, to the extent that the Debtors seek to assume and assign any or all of the Cigna Agreements, the Debtors must pay the full cure amounts based upon the actual amounts that are due on the date that the Cigna Agreements are assumed and assigned ("Effective Date"). See 11 U.S.C. § 365(b)(1).

13. Amounts due under the Cigna Agreements are based on, *inter alia*, healthcare claim payments made thereunder by Cigna to Debtors that are subsequently identified as excess payments that overpaid the Debtors for healthcare services or supplies (the "Overpayments").[4] Amounts due and owing to Cigna for Overpayments under the Cigna Agreements continue to accrue, and are subject to ongoing reconciliation. Prior to the Effective Date, Cigna has or will have made payments to the Debtors pursuant to Cigna Agreements that will be identified after the Effective Date as Overpayments. The amount of the Overpayment obligations due to Cigna cannot be determined prior to the Effective Date.

14. Any order permitting the assumption and assignment of any of the Cigna Agreements must direct that the Debtors fully pay all amounts due to Cigna under those contracts as of the Effective Date, as a condition precedent to such assumption and assignment.

C. <u>Adequate Assurance</u>.

15. To the extent that the Debtors seek to assume and assign any of the Cigna Agreements, they must provide Cigna with adequate assurance of any proposed assignee's future performance thereunder. *See* 11 U.S.C. § 365(b)(1)(C). Absent a fair, adequate and timely demonstration of adequate assurance, and the consent of Cigna, the Cigna Agreements cannot be assumed and assigned.

16. Adequate assurance information must be carefully reviewed and evaluated by Cigna in the context of, and consistent with, the terms and functions of the Cigna Agreements.[5]

---

[4] Overpayments ordinarily result from input errors, duplicate billing, coordination of benefits among multiple insurers, and participant eligibility changes. Overpayments are routine for healthcare providers and third-party payors, and are addressed in third-party payor contracts, including the Cigna Agreements. Typically, Overpayments are identified 60 to 90 days after the date that the healthcare provider was paid for a healthcare claim, but some Overpayments are not identified until several months thereafter.

[5] At a minimum, the Debtors must provide the name of the proposed Purchaser, whether that Purchaser is an affiliate of a current health plan competitor, and background of the Purchaser, including the identification of other entities they own in the acquired Facilities' market.

Both Cigna and its counsel will need adequate time prior to any assumption/assignment hearing to complete this review and evaluation. To the extent that any adequate assurance information provided is incomplete or otherwise insufficient, Cigna will need an opportunity to request and review supplemental information. Cigna fully reserves its right to withhold its consent to any proposed assignment.

17. WHEREFORE, Cigna respectfully requests that this Court: (i) decline to enter an order approving the assumption and assignment of an undefined set of contracts, (ii) approve the assumption and assignment of Cigna Agreements only to the extent consistent with the foregoing; and (iii) grant Cigna such additional relief as this Court deems just and equitable.

Dated: November 14, 2025　　　　　　　HUSCH BLACKWELL

　　　　　　　　　　　　　　　　　　　/s/Caleb T. Holzaepfel
　　　　　　　　　　　　　　　　　　　Caleb T. Holzaepfel (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　736 Georgia Avenue, Suite 300
　　　　　　　　　　　　　　　　　　　Chattanooga, TN 37402
　　　　　　　　　　　　　　　　　　　Telephone: (423) 266-5500
　　　　　　　　　　　　　　　　　　　Facsimile: (423) 266-5499
　　　　　　　　　　　　　　　　　　　Email: caleb.holzaepfel@huschblackwell.com

　　　　　　　　　　　　　　　　　　　Alejandra Garcia Castro
　　　　　　　　　　　　　　　　　　　State Bar No. 24131325
　　　　　　　　　　　　　　　　　　　1900 N. Pearl, Suite 1800
　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　Telephone: (214) 999-6100
　　　　　　　　　　　　　　　　　　　Facsimile: (214) 999-6170
　　　　　　　　　　　　　　　　　　　Email: Alejandra.garciacastro@huschblackwell.com

　　　　　　　　　　　　　　　　　　　and

CONNOLLY GALLAGHER LLP
Jeffrey C. Wisler (#2795)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
jwisler@connollygallagher.com

*Counsel for Cigna Health and Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system.

*/s/Caleb T. Holzaepfel*
Caleb T. Holzaepfel