**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) <br> Related to Dkt. No. 3857 |

**DECLARATION OF PAUL RUNDELL IN SUPPORT
OF THE DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) APPROVING A SETTLEMENT AGREEMENT WITH THE
CITY OF WATERBURY AND MPT PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019 AND (II) GRANTING RELATED RELIEF**

I, Paul Rundell, pursuant to section 1746 of title 28 of the United States Code hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1.  I am the Chief Restructuring Officer ("CRO") of Prospect Medical Holdings, Inc. ("PMH") and its current hospital-related debtor affiliates (collectively, the "HCo Debtors"), together with PHP Holdings, LLC ("PHPH") and its physician-related debtor affiliates (collectively, the "PCo Debtors"), and together with Chamber Inc., Ivy Holdings Inc., and Ivy Intermediate Holding Inc. (collectively, the "TopCo Debtors," and together with the HCo Debtors and PCo Debtors, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, and a Managing Director of Alvarez & Marsal North America, LLC ("A&M"), a turnaround management consulting firm. I have served as the CRO of the HCo Debtors since January 11, 2025 and as the CRO of the PCo Debtors since July 7, 2025.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

1

2. As CRO of the Debtors, I am familiar with and knowledgeable about the Debtors' day-to-day operations, business and financial affairs, and books and records, as well as the circumstances leading to the commencement of these chapter 11 cases. I submit this declaration (this "Declaration") in support of the *Debtors' Emergency Motion for Entry of an Order (I) Approving a Settlement Agreement With the City of Waterbury and MPT Pursuant to Federal Rule of Bankruptcy Procedure 9019 and (II) Granting Related Relief* (the "Settlement Motion")[2] filed contemporaneously herewith, which seeks approval of an order approving an agreement (as defined in the Settlement Motion, the "Settlement Agreement") between (i) the Debtors, (ii) the City of Waterbury, Connecticut (the "City of Waterbury"), and (iii) MPT of Waterbury PMH, LLC, a Delaware limited liability company ("MPT," and together with the Debtors and the City of Waterbury, the "Parties").

3. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors, my opinion based on experience, knowledge, and information concerning the Debtors' operations and financial condition, or from my discussions with the Debtors' advisors. If called upon to testify, I would and could testify competently to the facts set forth in this Declaration.

## THE WATERBURY HOSPITAL SETTLEMENT

4. The City of Waterbury, MPT, and the Debtors have reached an agreement to fully and finally resolve, compromise, and settle the disputes between them including, without limitation, any disputes arising out of or related to outstanding real property taxes, personal

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Settlement Motion.

2

property taxes, and water or sewage bills at the Waterbury Hospital, located at 64 Robbins Street, Waterbury, Connecticut 06708 ("Waterbury Hospital"), whether payable by the Debtors or MPT, as well as the tax appeal pending in the Connecticut State Court at Docket No. UWY-CV-23-6070051-S between the Debtors and the City of Waterbury (the "State Court Action").

5. The Debtors and their advisors engaged in an active marketing and sale process for Waterbury Hospital. The Debtors entered into a stalking horse agreement for the sale of Waterbury Hospital and its related medical facilities, and filed a notice of a successful bid for these assets.

**THE SETTLEMENT AGREEMENT SHOULD BE APPROVED**

6. I believe that the terms of the Settlement Agreement are fair and reasonable and the benefits of relieving the Debtors' estates of priority and secured tax liabilities outweighs the fractional costs borne by the Debtors to effectuate this settlement. Specifically, the Settlement Agreement will maximize distributions for all creditors by reducing priority and secured claims and avoiding further litigation, thereby preserving estate value. The Settlement Agreement resolves and reduces over $21.7 million dollars in asserted priority and secured claims against the Debtors by the City of Waterbury, including $18,470,573.95 in real property tax liabilities, $3,044,336.81 in personal property tax liabilities, and $214,058.43 in water and sewer bills asserted against the Debtors' estates. The Settlement Agreement resolves the ongoing State Court Action between the Debtors and the City of Waterbury, allowing the Debtors and their advisors to better focus on other pressing issues in these chapter 11 cases, including confirmation of a chapter 11 plan. Additionally, the Settlement Agreement provides clarity to the Debtors and bidders in connection with the Debtors' ongoing marketing and sale processes for the Waterbury Hospital and its related medical facilities.

7. The Settlement Agreement is the product of arm's-length negotiations among the Parties and I believe it 1) is well within the range of reasonableness for the Debtors to enter into

3

the Settlement Agreement, 2) represents a sound exercise of the Debtors' business judgment and 3) is in the best interests of the Debtors' estates.  Accordingly, I believe the Settlement Motion should be approved.

[*Remainder of the page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: November 17, 2025

*/s/ Paul Rundell*
Paul Rundell
Chief Restructuring Officer