BUCHALTER, a Professional Corporation
Jeffrey K. Garfinkle (Cal Bar No. 153496) Admitted Pro Hac Vice
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949-760-1121
Email:  jgarfinkle@buchalter.com

Attorneys for Creditors and Contract-Counterparties,
Altera Digital Health Inc. and Veradigm LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1] | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered) |

### ALTERA DIGITAL HEALTH INC.'S AND VERADIGM LLC'S LIMITED OPPOSITION AND RESERVATION OF RIGHTS TO DEBTORS' NOTICE OF DESIGNATION OF STALKING HORSE BIDDER AND NOTICE OF AUCTION AND SALE HEARING

Veradigm LLC ("Veradigm") and Altera Digital Health Inc., ("Altera"), successors in interest to Allscripts Healthcare, LLC, creditors and contract counterparties in the above-captioned Chapter 11 cases, hereby file this Limited Opposition and Reservation of Rights (the "Opposition") to the *Notice of Designation of Stalking Horse Bidder* [Dkt. 3755] and *Notice of Auction and Sale Hearing* [Dkt. 3756] filed by Prospect Medical Holdings, Inc. and its debtor affiliates (collectively, the "Debtors"). In support of this Opposition, Altera and Veradigm respectfully state as follows:

1. On January 11, 2025 (the "HCo Petition Date"), Prospect Medical Holdings, Inc. and its hospital-related debtor affiliates (collectively, the "HCo Debtors") each commenced their cases by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

BUCHALTER 106550650v3

1

2. On July 7, 2025 (the "PCo Petition Date"), PHP Holdings, LLC and its physician-related debtor affiliates (collectively, the "PCo Debtors" and, together with the HCo Debtors, "the Debtors") each commenced a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.[2]

3. Altera and Veradigm license a suite of healthcare-related software, including electronic health records ("EHR") solutions, to various Debtors, including the "Connecticut Debtors" ("CT Debtors").[3] Altera and Veradigm, through themselves and corporate affiliates, also provide related and ancillary services. Prior to the Petition Date, Altera and Veradigm, or their predecessors in interests, entered into certain agreements with the Debtors related to the installation of software and related services for the Debtors' EHR, including billing for patient services (collectively, the "Agreements"). As of the HCo Petition Date, Altera and Veradigm collectively are owed in excess of $6 million under the Agreements.

4. Certain of the CT Debtors utilize the Touchworks software suite, which is an ambulatory care system provided by Altera that does much the same as an in-hospital EHR system, but is generally utilized by providers in outpatient clinics and doctor's offices.[4] Prospect ECHN, Inc. utilizes Ventus Surgical Manager, which manages all aspects of a surgery, and Ventus Healthcare Scheduling, which schedules procedures and appointments.

5. Certain of the CT Debtors utilize the EHR System provided by Veradigm. That EHR systems equips the CT Debtors' clinicians with tools to manage patient data, document clinical encounters, order laboratory tests, streamline workflows, and support reporting and regulatory compliance. Certain of the CT Debtors utilize Veradigm's Practice Management software, which is designed to improve operational efficiency by streamlining scheduling, billing, claim processing, and patient flow coordination and allows the CT Debtors to focus more on

---

[2] Prior to the PCo Petition Date, on July 1, 2025, the sale of substantially all of the PCo Debtors' related assets and certain equity interests to Astrana Health, Inc. ("Astrana" and such sale, the "Astrana Sale") closed outside of bankruptcy.
[3] The CT Debtors include Prospect ECHN, Inc., Eastern Connecticut Health Network, and Prospect CT Management Services, Inc. d/b/a Medical Practice Partners ("Prospect CT Management").
[4] Altera's internal records indicated that over 300 unique users associated with the CT Debtors have logged into Touchworks over the last couple of months.

BUCHALTER 106550650v3

2

patient care. Finally, certain of the CT Debtors use the FollowMyHealth patient portal to enhance patient engagement.

6. On March 19, 2025, the Court entered an order approving certain procedures (the "Bidding Procedures") in connection with one or more sales of all or substantially all of the Debtors' assets in California (the "CA Sale") and Connecticut (the "CT Sale") [Docket No. 1264] (the "Bidding Procedures Order").[5]

7. Pursuant to the Bidding Procedures Order, on April 18, 2025, the Debtors filed the Cure Notice [Docket No. 1571], which sets forth the proposed cure amounts in connection with the potential assumption and assignment of certain executory contracts or unexpired leases to the successful bidder(s) in connection with the CA Sale and CT Sale.

8. The Cure Notice lists approximately 64 contracts between Veradigm and Altera for proposed assumption and assignment by the successful bidder(s). Due to the incomplete description of the contracts in the Cure Notice and the fact that the Cure Notice lists more than 6000 contracts in total across more than 150 pages, Altera and Veradigm have been unable to identify the listed Agreements between the Debtors and Altera and/or Veradigm. Accordingly, on May 2, 2025, the Movants filed their objection to the Cure Notice (the "Cure Objection") [Docket No. 1808]. As of the filing of this Opposition, the Cure Objection has not been resolved.

9. On August 28, 2025, Altera and Veradigm filed a Motion to Compel Payment of Administrative Claim and certain other relief (the "Motion to Compel Payment"). [Docket No. 3006]. Then, on October 20, 2025, Altera and Veradigm filed a Reply to the Debtors' Opposition to the Motion to Compel Payment. [Docket No. 3554]. As set forth in that Reply and the Supporting Declarations of Jay Adams (for Altera) and Bill Daniels (for Veradigm), post-bankruptcy and through October 20, 2025, Altera is owed $417,026.57 and Veradigm is owed $640,578.24.

---

[5] Debtors also sought to sell their assets related to their New Jersey, Rhode Island, and Pennsylvania operations. While Movants understand that the sales for the New Jersey and Rhode Island operations have closed, Debtors were forced to close the Pennsylvania hospitals and medical facilities and have now sought court permission to abandon certain of those facilities. To the extent Debtors utilize Movants' services and software for their Rhode Island and Pennsylvania operations in the post-petition period, Movants reserve all rights to compel payment for such administrative claims.

10. On September 15, 2025, Debtors filed the *Notice of Rejection of Executory Contracts* (the "Rejection Notice") [Docket No. 3137], which seeks to reject two contracts: (i) the IT Scope of Work/Order Form/Addendum dated 12/06/2021 between Prospect CT Management and Altera (the "TouchWorks Amendment"); and (ii) the IT Scope of Work/Order Form/Addendum Dated August 3, 2021 between Alta and Altera (the "Sunrise Amendment" and collectively with the TouchWorks Amendment, the "Rejected Amendments").

11. On September 29, 2025, Movants filed their objection to the Rejection Notice (the "Rejection Objection"). [Docket No. 3264]. As Altera and Veradigm explained in that objection, under applicable state law, the Rejected Amendments are integrated contracts that cannot be rejected (or assumed and assigned) separate from their associated master agreements. The TouchWorks Amendment and the Sunrise Amendment also contain explicit language relating the Rejected Amendments to their respective master agreements.

12. On October 24, 2025, this Court held a hearing on the Motion to Compel Payment. Near the conclusion of that hearing, the Debtors, Altera and Veradigm announced an interim agreement on the Motion to Compel. Pursuant to that agreement, the Debtors agreed to escrow (i) $171,810.52 for the benefit of Veradigm; and (ii) $366,587.93 for the benefit of Altera. The continued hearing on the Motion to Compel Payment is scheduled for November 18, 2025. Subsequent to the October 24 hearing, the Debtors remitted $171,810.52 to Veradigm. Altera has been advised by counsel for the Debtors that the Debtors have segregated and are holding in escrow $366,587.93 for the benefit of Altera.

13. On November 7, 2025, the Debtors filed a "Notice of Designation of Stalking Horse Bidder" [Docket No. 3755] for the "Waterbury Assets." The "Waterbury Assets" include Waterbury Hospital and the business associated with the Waterbury Hospital. A copy of the Asset Purchase Agreement ("APA") for the Waterbury Assets is attached to this Notice.

14. Under the APA (§ 2.1(j) and (k)), the Waterbury Asset purchaser is acquiring:

> "the Owned Intellectual Property, not including the Excluded IP, primarily used in the Business, including the Owned Intellectual Property set forth on Schedule 2.1(j), and all Intellectual Property licensed to any of the Seller Group under an Assigned Contract whether or not used in the operation of the Business; [and] "all Transferred Information Technology Systems.[6]" (emphasis added).

15. Based on the wording of "Transferred Information Technology Systems," it appears that the Debtors are purporting to sell licensed intellectual property rights granted by Altera and Veradigm without the concurrent assumption and assignment of the executory contracts under which the CT Debtors have use rights to Altera's and Veradigm's intellectual property. That is improper and unlawful.

16. Without assumption and assignment of underlying intellectual property license agreements, the Debtors cannot sell or transfer its rights to use Altera's and Veradigm's software and the related IT system. The law is clear on this point.

17. Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), cert. dismissed, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

---

[6] Under the APA, "Transferred Information Technology Systems" is defined as "all Information Technology Systems that are primarily used or held for use in, the Business and that are either (a) owned or purported to be owned by the Seller Group or (b) leased by or licensed to the Seller Group under an Assigned Contract, in each case, other than any Information Technology Systems included in the definition of Excluded Assets."

18. The Debtors cannot use section 363 as an end run around the restrictions contained in section 365 and the case law prohibiting the transferability of non-exclusive licenses to use copyrighted software.

## CONCLUSION

WHEREFORE, Altera and Veradigm respectfully requests that the Court deny the proposed transaction with respect to the Waterbury Assets to the extent it purports to transfer to the purchaser any intellectual property and accompanying use rights licensed by Altera or Veradigm. Altera and Veradigm reserve all rights to object to any proposed assumption and assignment of their contracts with the CT Debtors in connection with the proposed sale of the Waterbury Assets.

DATED: November 17, 2025

Respectfully submitted,

*/s/Jeffrey K. Garfinkle*
Jeffrey K. Garfinkle (Cal. Bar No. 153496) Admitted Pro Hac Vice
BUCHALTER, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: 213.760.1121
Email: jgarfinkle@buchalter.com

Attorneys for Veradigm LLC and Altera Digital Health Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 17, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

The foregoing document was also served via email to the following Parties:

Special Counsel to Debtors, Vince Slusher, Vincent Slusher, Law Office of Vincent Slusher 2121N. Akard Street, Suite 250, Dallas, Texas 75201, vince.slusher@proton.me

Counsel to the Debtor, Sidley Austin, LLP, 2021 McKinney Avenue, Suite 2000 Dallas, TX 75201, Attn: William E. Curtin (wcurtin@sidley.com), Anne G. Wallice (anne.wallice@sidley.com), and Vivian Li (vivian.li@sidley.com);

The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn: Elizabeth A. Young (elizabeth.a.young@usdoj.gov);

Counsel to the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Kris Hansen (krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com), and Gabe Sasson (gabesasson@paulhastings.com); and

Counsel to MPT, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Attn: Emil A. Kleinhaus (EAKleinhaus@wlrk.com); and KTBS Law LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067, Attn: Nir Maoz (NMaoz@ktbslaw.com).

                                                                */s/* Jeffrey K. Garfinkle
                                                                Jeffrey K. Garfinkle