Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Elizabeth Ziegler Young
for the United States Trustee
elizabeth.a.young@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| PROSPECT MEDCAL HOLDINGS, INC. et al., | § § § | Case No.   25-80002-SGJ-11 |
| | § § | (Jointly Administered) |
| *Debtors*. | § | |

## UNITED STATES TRUSTEE'S OBJECTION TO JOINT CHAPTER 11 PLAN OF PROSPECT MEDICAL HOLDINGS, INC. AND ITS DEBTOR AFFILIATES
(related to docket entry no. 2986)

TO THE HONORABLE STACEY G. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "**U.S. Trustee**"), submits this Objection (the "**Objection**") to the *Joint Chapter 11 Plan of Reorganization of Prospect Medical Holdings, Inc., and its Debtors Affiliates* (the "**Amended Plan,**" Docket Entry No. 2986) and would respectfully show as follows:

United States Trustee's Objection to Confirmation Page 1

## Summary

The United States Trustee adopts and incorporates by reference the arguments made in the United States Trustee's Objection to (1) *Debtors' Motion For Entry Of An Order (I) Approving The Adequacy Of The Disclosure Statement; (II) Approving The Solicitation Procedures In Connection With Confirmation Of The Plan; (Iii) Approving The Forms Of Ballots And Notices In Connection Therewith; (Iv) Scheduling Certain Dates With Respect Thereto; And (V) Granting Related Relief* and (2) *Disclosure Statement For The Joint Chapter 11 Plan Of Prospect Medical Holdings, Inc. And Its Debtor Affiliates* (the "**Disclosure Statement Objection**," Docket Entry No. 2322) and the United States Trustee's Supplemental Objection to the Disclosure Statement (the "**Supplemental Objection,**" Docket Entry No. 2811). Although the Debtors have, by the Amended Plan, adopted many of the concerns and objections raised by the United States Trustee, the Third-Party Release contained in the Amended Plan is still nonconsensual because the opt-out mechanism is not sufficient to convey knowing and voluntary consent.

## Factual Background

1. On March 23, 2025, the Debtors filed their original plan, disclosure statement and a solicitation motion.

2. After the filing of the Disclosure Statement Objection and the Supplemental Objection the Debtors filed the Amended Plan, which conformed the exculpation provision to what is permitted in the Fifth Circuit, added language preserving governmental police and regulatory powers, and clarified the Third Party Release does not extend to current and former patients who received the Patient Notice and to parties who have undeliverable addresses.

3. The Amended Plan still imposes the Third-Party Release upon all Holders of Claims and Interests unless they return an opt out form.

United States Trustee's Objection to Confirmation Page 2

4.  The Plan Supplement, filed on October 1, 2025, includes the Non-Released Parties Schedule, which specifically excludes all former directors and officers of the Debtors who were not serving in that capacity or otherwise employed by the Debtors on the Petition Date, in addition to many named individuals including Leonard Green & Partners[1]. [Docket Entry No. 3295-4, Exhibit D].

5.  Although the Amended Plan resolves most of the United States Trustee's Disclosure Statement Objections, the final issue of the opt-out third-party release remains.

## Argument and Authority

### Third Party Release

6.  The Amended Plan must be fair to all creditors and comply with the Bankruptcy Code and applicable law. Although the Amended Plan corrects some of the flaws of the original plan and the original disclosure statement, the Amended Plan is still flawed and unconfirmable because it imposes **non-consensual** third-party releases in violation of the express ruling of the Supreme Court in *Harrington v. Purdue Pharma L.P.,* 144 S. Ct. 2071, 2082-88 (2024).[2]

7.  The Plan purports to force the Third-Party Release[3] on creditors and non-voting equity unless they timely execute an opt-out, even if they do not or cannot vote on the Plan.

---

[1] https://www.budget.senate.gov/ranking-member/newsroom/press/private-equity-in-health-care-shown-to-harm-patients-degrade-care-and-drive-hospital-closures

[2] The U.S. Trustee files this objection to further preserve her appellate rights. The Office of the U.S Trustee has appealed a confirmation order, which used "opt outs," in *The Container Store Group, Inc.* (Case No. 24-90627). That appeal is before the United States District Court for the Southern District of Texas in Case No. 25-00618.

[3] For the purposes of this Objection, the term "Third-Party Release" means the release set forth in Article VIII section B of the Amended Plan

United States Trustee's Objection to Confirmation Page 3

8.  Consistent with the U.S. Trustee's position documented in the Disclosure Statement Objection, the U.S. Trustee opposes the use of the opt-out mechanism in the Plan because it does not satisfy the requirements to establish actual consent as defined under applicable state law. Absent voluntary and knowing consent, the Amended Plan's Third-Party Release is improper and renders the Amended Plan unconfirmable. *Harrington v. Purdue Pharma L.P.,* 144 S. Ct. 2071, 2082-88 (2024).

9.  The United States Trustee hereby renews her objection to the use of the opt-out procedures to bind creditors and non-voting equity because such procedures render the Amended Plan unconfirmable and adopts and incorporates, by reference, the arguments made in the Disclosure Statement Objection.

## Conclusion

10. Accordingly, for the foregoing reasons, the Court should deny confirmation of the Amended Plan.

WHEREFORE, the United States Trustee respectfully request this (i) deny confirmation of the Amended Plan and (ii) grant such other and further relief as it may deem just and proper.

DATED: November 17, 2025              Respectfully submitted,

                                                              LISA L. LAMBERT
                                                              UNITED STATES TRUSTEE

                                             */s/ Elizabeth Ziegler Young*
                                             Elizabeth Ziegler Young
                                             Trial Attorney
                                             Texas State Bar No. 24086345 (Also NY)
                                             Office of the United States Trustee
                                             1100 Commerce Street, Room 976
                                             Dallas, Texas  75242
                                             (214) 767-1247
                                             elizabeth.a.young@usdoj.gov

## Certificate of Service

     The undersigned counsel certifies that copies of the foregoing document were served on November 17, 2025 via ECF to those parties requesting service via ECF in this case.

                                             */s/ Elizabeth Ziegler Young*
                                             Elizabeth Ziegler Young