FILED

DEC 0 8 2025

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## ADDENDUM TO EMERGENCY LIMITED OBJECTION

**California Damages Cap Clarification, Administrative Priority, and Procedural Safeguards**

Movant, **Boshanda Kim Johnson, Trustee of The KJ Clann Private Equity & Trust for the Estate of Miss Whitney Kim Johnson**, respectfully submits this Addendum to further clarify and preserve rights in connection with the Emergency Limited Objection previously filed.

### I. Bankruptcy Code References

1. Movant expressly references **11 U.S.C. § 362(d)** to preserve the right to seek relief from the automatic stay should this Court decline to sustain the Limited Objection.
2. This ensures Movant remains procedurally prepared to liquidate claims in California state court, consistent with statutory standing under **CCP § 377.60** and damages measurement under **Civil Code § 3333**.

### II. Administrative Claim Priority

1. Pursuant to **11 U.S.C. § 503(b)**, wrongful death damages arising post-petition — including mishandling of remains, fraud, concealment, and statutory violations — constitute **administrative expenses.**
2. Such claims are entitled to **priority payment** before general unsecured creditors and must not be diluted or compromised by any reserve determination.

### III. California Damages Cap Clarification

1. Movant reiterates that **California Civil Code § 3333.2 (AB 35, 2023)** applies only to **non-economic damages in professional medical negligence cases**.
2. The statutory cap does **not** apply to:
   - Economic damages (lost support, funeral/burial expenses, caregiving value);
   - Fraud-based claims;
   - Concealment or statutory violations;
   - Mishandling of remains.
3. Movant requests the Court expressly recognize that all such damages remain **uncapped** under California law.

### IV. Procedural Safeguards

1. Movant requests that the Court expressly preserve Movant's right to seek **relief from stay under 11 U.S.C. § 362(d)** to liquidate claims in California state court if necessary.
2. Movant further requests confirmation that:
   - Any reserve is **interim only** and not binding on final claim allowance;
   - Administrative priority claims under **§ 503(b)** remain unaffected by reserve determinations;
   - Trustee authority and statutory standing are not impaired by any interim payment or reserve order.

### V. Relief Requested

Movant respectfully requests that the Court:

1. Incorporate this Addendum into the record of the Emergency Limited Objection;
2. Confirm that California's damages cap applies only to non-economic damages in medical malpractice cases, and that all other damages remain uncapped;
3. Recognize Movant's administrative priority claims under § 503(b);
4. Preserve Movant's right to seek relief from stay under § 362(d); and
5. Grant such other and further relief as the Court deems just and proper.

**Declaration Under Penalty of Perjury** Executed this 5th day of December 2025.

/s/ Boshanda Kim Johnson, Trustee