## **Exhibit A**

**Stipulation and Agreed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
BY AND AMONG THE DEBTORS AND THE PUTATIVE CLASS
REPRESENTATIVES REGARDING THE 401(K) SETTLEMENT**

This stipulation and agreed order (this "Stipulation and Agreed Order") is entered into by and among Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and Alan Zweben and Jessica Kline, individually, on behalf of a putative class of similarly situated participants in the Prospect Medical Retirement Savings Plan A ("401(k) Savings Plan"), and on behalf of the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

401(k) Savings Plan (the "Putative Class Representatives" and, together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, beginning on January 11, 2025 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court");

**WHEREAS**, prior to the Petition Date, the Debtors maintained a defined contribution plan for the benefit of all employees meeting the requirements of sections 401(a) and 401(k) of the Internal Revenue Code (the "401(k) Savings Plan"), and the Debtors historically matched a percentage of an employee's contribution to the 401(k) Savings Plan (such match, the "Employer Match");

**WHEREAS**, Debtors contend that due to liquidity shortfalls, the Employer Match was underfunded for certain years, and, as of the Petition Date, the Debtors estimated that they owed approximately $47,800,000 with respect to such match;

**WHEREAS,** on April 17, 2025, Alan Zweben, individually, on behalf of a putative class of similarly situated participants in the 401(k) Savings Plan, filed Proof of Claim No. 1722, asserting an unsecured, priority claim of $47,800,000 arising from the Debtors' failure to fund the Employer Match for the years 2022-2024 (the "Original Purported Class Claim");

**WHEREAS**, on October 8, 2025, the Putative Class Representatives filed the *Objection of Alan Zweben and Jessica Kline, on Behalf of the Prospect Medical Retirement Savings Plan A, and Individually, to Proposed Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and Debtor Affiliates* [Docket No. 3376] (the "Plan Objection"), asserting that the Debtors' chapter 11 plan would improperly prevent the Putative Class Representatives from pursuing ERISA fiduciary

2

breach claims for the unpaid Employer Match to the employees' 401(k) Savings Plan and seeking access to certain fiduciary liability insurance policies covering fiduciaries of the 401(k) Savings Plan ("Fiduciary Liability Policies");

**WHEREAS**, on October 29, 2025, Alan Zweben submitted Proof of Claim Number 2759, amending the Original Purported Class Claim (as amended, the "Purported Class Claim"), to only assert that a "portion" of the $47,800,000 claim is entitled to priority under section 507(a)(5) of the Bankruptcy Code;

**WHEREAS**, after the Debtors informed the Putative Class Representatives that they would be objecting to the Purported Class Claim, Debtors and Class Representatives engaged in good-faith discussions regarding the possibility of a global settlement that would allow current and former employees of the Debtors that may have claims arising from the Debtors' failure to fund the Employer Match for the years 2022-2024 (the "401(k) Claims" and such employees, the "401(k) Claimants"), if they choose, to opt to pursue recoveries for the 401(k) Claims solely under the Debtors' fiduciary breach insurance policies (such policies, the "Fiduciary Policies"), in exchange for the 401(k) Claimants' waiver of priority treatment under 11 U.S.C. § 507(a)(5) of their unsecured claims relating to the 401(k) Savings Plan pursuant to the Debtors' chapter 11 plan;

**WHEREAS**, the Parties further recognize that, as of the entry of this Stipulation and Agreed Order, 401(k) Claimants entitled to priority treatment other than the Putative Class Representatives are not entitled to pursue recoveries under the Fiduciary Policies until they receive notice and waive priority treatment of their unsecured claims; and

**WHEREAS,** the Parties believe that approval of this Stipulation and Agreed Order establishes a fair, efficient, and consensual mechanism for resolving the 401(k) Claims and Plan

3

Objection, creates a centralized forum for 401(k) Claimants to pursue recoveries, provides transparency to claimants evaluating their options, and is in the best interests of the Debtors' estates and creditors.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The Debtors shall revise the Plan to provide that 401(k) Claimants who do not opt out of pursuing recoveries for the 401(k) Claims solely under the Debtors' Fiduciary Liability Policies after receiving the 401(k) Claim Election Notice may pursue recovery under the Fiduciary Policies.

2. The Purported Class Representatives and each 401(k) Claimant who does not opt out of pursuing recoveries for the 401(k) Claims solely under the Debtors' Fiduciary Liability Policies irrevocably waive any and all priority treatment relating to their 401(k) Claims.

3. Notwithstanding the foregoing paragraph, if Debtors are unable to confirm and substantially consummate their proposed Plan of Reorganization, the claims of all 401(k) Claimants, including the Purported Class Representatives, shall be restored to their status immediately prior to entry of this Stipulation and Agreed Order.

4. Within ten business days of entry of this Stipulation and Agreed Order, the Debtors shall fund and distribute to all known holders of 401(k) Claims a personalized notice (the "401(k) Claim Election Notice"), substantially in the form attached hereto as **Exhibit 1**, advising 401(k) Claimants of (i) the settlement structure; (ii) their ability to opt out of pursuing recoveries for the 401(k) Claims solely under the Debtors' Fiduciary Liability Policies; (iii) the ability of holders of 401(k) Claims who do *not* opt out to pursue recoveries under the Fiduciary Liability Policies; (iv) the estimated priority and general unsecured claim of each 401(k) Claimant, based upon the

4

Debtors' books and records, and (v) the consequences of either election, including the waiver of priority treatment under Debtors' chapter 11 plan of such 401(k) Claimant's 401(k) Claim.

5. Promptly upon entry of this Stipulation and Agreed Order, the Purported Class Representatives shall withdraw the Plan Objection and file an amended proof of claim consistent with this Settlement, subject to reasonable prior review by the Debtors and the Official Committee of Unsecured Creditors.

6. The Debtors' claims, noticing, and solicitation agent, Omni Agent Solutions, Inc., is authorized to amend the Debtors' claims register to reflect the results of any 401(k) Claim Election Notice.

7. The terms of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

### # # # END OF ORDER # # #

**STIPULATED AND AGREED:**

*/s/ Thomas R. Califano*

| | |
|---|---|
| **SIDLEY AUSTIN LLP** | SIDLEY AUSTIN LLP |
| Thomas R. Califano (24122825) | William E. Curtin (admitted *pro hac vice*) |
| Rakhee V. Patel (00797213) | Patrick Venter (admitted *pro hac vice*) |
| Maegan Quejada (24105999) | Anne G. Wallice (admitted *pro hac vice*) |
| 2021 McKinney Avenue, Suite 2000 | 787 Seventh Avenue |
| Dallas, Texas 75201 | New York, New York 10019 |
| Telephone: (214) 981-3300 | Telephone: (212) 839-5300 |
| Facsimile: (214) 981-3400 | Facsimile: (212) 839-5599 |
| Email: tom.califano@sidley.com | Email: wcurtin@sidley.com |
| rpatel@sidley.com | pventer@sidley.com |
| mquejada@sidley.com | anne.wallice@sidley.com |

*Attorneys for the Debtors*
*and Debtors in Possession*

-and-

*/s/ Christopher Graver*

| | |
|---|---|
| **KELLER ROHRBACK, L.L.P.** | ULOTH, P.C. |
| Gary A. Gotto (admitted *pro hac vice*) | J. Douglas Uloth |
| Christopher Graver (admitted *pro hac vice*) | State Bar No. 20273700 |
| 3101 North Central Avenue, Suite 1400 | 400 E. Las Colinas Blvd, Ste 300-69 |
| Phoenix, Arizona 85012 | Irving, Texas, 75039 |
| Telephone: (602) 248-0088 | Telephone: (972) 573-9399 |
| Facsimile: (602) 248-2822 | Facsimile: (888) 780-5946 |
| Email: ggotto@kellerrohrback.com | Email: douguloth@ulothlaw.com |

*Attorneys for Alan Zweben, on behalf of*
*Prospect Medical Retirement Savings*
*Plan A, and Alan Zweben and Jessica Kline,*
*Individually*

**<u>Exhibit 1</u>**

**401(K) Election Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |
| | Rel. to Dkt. No. [●] |

**401(K) CLAIM ELECTION NOTICE**

Service Date: [●], 2025
Claimant(s): [●]
Priority Claim Amount: $[●]
General Unsecured Claim Amount: $[●]
Deadline to Respond: [●], 2025

**PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL BANKRUPTCY COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION. YOU HAVE NOT BEEN SUED.**

**YOU ARE BEING ASKED TO MAKE AN IMPORTANT CHOICE REGARDING YOUR CLAIM FOR UNMADE SAVINGS PLAN CONTRIBUTIONS BY FILLING OUT THE FORM BELOW**

**Why Are You Getting This Notice?**

You are receiving this Notice because you are or were a participant in the Prospect Medical Savings Plan A ("Savings Plan") and Prospect Medical Holdings, Inc. ("Prospect") failed to make matching contributions to your account in that plan.

**What is the Background of This Notice?**

Beginning on January 11, 2025, the debtors and debtors in possession on the above-captioned chapter 11 cases (collectively, the "Debtors"), including Prospect, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court").

In its Bankruptcy Court filings, Prospect acknowledged that, due to liquidity shortfalls, it had not made matching contributions to the Savings Plan for the years 2022 through 2024 and estimated the total amount of those contributions at $47.5 million. Many Savings Plan participants filed claims for those unmade contributions in the bankruptcy. Portions of those claims may be entitled to a priority for payment (a "Priority Claim") ahead of the rest of the claim for unmade contributions, which is a "General Unsecured

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

Claim." Set out above are, according to Debtors' records, the amount of your Priority Claim and General Unsecured Claim.

Alan Zweben, a participant in the Savings Plan, in addition to filing an individual Priority Claim, asserted a Claim on behalf of a purported class of all Savings Plan participants and on behalf of the Savings Plan itself.

The General Unsecured Claim for unmade contributions forms a small part of all general unsecured claims in the bankruptcy, and Debtors project that that Savings Plan participants would receive minimal recoveries as unsecured creditors.

However, the fiduciaries of Savings Plan A (including Prospect) were covered by fiduciary liability insurance that is not available to other Unsecured Creditors who do not have claims for breaches of fiduciary duty.

During the bankruptcy, the automatic stay has prevented the filing of a lawsuit against Prospect. The chapter 11 plan that Debtors originally proposed would have continued to prevent Savings Plan participants from filing any lawsuit seeking damages for the unmade matching contributions. Mr. Zweben and another Savings Plan participant, Jessica Kline, filed an objection to that aspect of the chapter 11 plan. Subsequently, their attorneys and attorneys for the Debtor reached a settlement of the objection.

As a result, on [●], 2025, the Court entered the *Stipulation and Agreed Order by and Among the Debtors and the Purported Class Representatives Regarding the 401(k) Settlement* [Docket No. [●]] (the "Stipulation and Agreed Order"), approving the Debtors' settlement with Alan Zweben and Jessica Kline (together, the "Purported Class Representatives"), individually, in their capacities as representatives of a proposed class (the "Purported Class") of similarly situated participants in the Savings Plan, holding claims arising from the Debtors' failure to fund employer match amounts for the years 2022-through 2024 (the "401(k) Claims"), and on behalf of the Savings Plan itself for those contributions

Pursuant to the Stipulation and Agreed Order, members of the Purported Class ("Purported Class Members") will be permitted to access the Debtors' fiduciary breach insurance policies and pursue recoveries for their 401(k) Claims solely from the amounts available under those policies. In exchange for the right to pursue their 401(k) Claims solely against the Debtors' fiduciary breach insurance policies, Purported Class Members irrevocably waive any claims for priority treatment of their claims under section 507(a)(5) of the Bankruptcy Code. The attorneys for Mr. Zweben and Ms. Kline, the firm of Keller Rohrback, L.L.P., intends to bring a Class Action seeking recovery from the fiduciary breach policies' proceeds once a Court-approved Plan of Reorganization has its Effective Date.

The Debtors are sending this notice to all known individuals who may have a 401(k) Claim. **By this notice (the "401(K) Claim Election Notice"), the Debtors are providing you the opportunity to *opt out of* pursuing your claim against the Debtors' fiduciary liability insurance policies.**

The Debtors have reviewed their books and records, including payroll and 401(k) contribution data, and based on those records, the Debtors have calculated the priority and general unsecured amounts of your asserted 401(k) Claim, which are listed above.

If you **OPT OUT**, you will not be able to pursue recovery from the Debtors' fiduciary liability insurance policies or be a member of the Purported Class. Your 401(k) Claim will be addressed individually under the Debtors' chapter 11 plan and you will not participate in any Purported Class recoveries. This means that, if you opt out, your recovery for the unmade matching contributions will be limited to the

amount distributed under the Plan of Reorganization on account of your Priority Claim, and a share of any assets distributed to Unsecured Creditors, which Debtors anticipate will not be significant.

If you **DO NOT OPT OUT,** you agree to join the Purported Class and waive any asserted or assertable priority treatment relating to your 401(k) Claim.  Your 401(k) Claim will be pursued solely through the Purported Class, including any potential recovery from the Debtors' fiduciary breach insurance policies.  You will not receive a separate priority distribution from the Debtors on account of your 401(k) Claim. It is anticipated that the Purported Class will be represented in the lawsuit on a contingency fee basis by a firm with substantial experience in ERISA breach of fiduciary litigation.  **THERE IS NO GUARANTEE THAT THE LAWSUIT WILL BE SUCCESSFUL OR THAT ANY PORTION OF YOUR 401(K) CLAIM WILL BE RECOVERED.**  Accordingly, by opting out you could potentially receive nothing with respect to your 401(k) Claim from the lawsuit, but also receive nothing under the Debtors' chapter 11 plan. On the other hand, although there is no guarantee of success in the lawsuit, you could potentially recover unmade matching contributions if the lawsuit is successful.

Accordingly, please select your response below:

> *Please indicate below if you opt out of the Purported Class. To opt **into** the Purported Class, **do nothing**. To opt **out of** the Purported Class, check the box below.*
>
> ☐ I elect to opt out of the Purported Class.  I understand my 401(k) Claim will be addressed individually under the Debtors' chapter 11 plan and I will not participate in any Purported Class recoveries.

To opt out of the Purported Class, you are required to sign and return this 401(K) Claim Election Notice with your response so that it is ***actually received*** by the Debtors' claims, noticing, and solicitation agent, Omni Agent Solution, Inc. ("Omni") no later than [●] (the "401(k) Claim Election Notice Response Deadline").  Complete, sign, and date this 401(k) Claim Election Notice and return it (with an original signature) to the following address:

> Prospect Medical Holdings, Inc.
> c/o Omni Agent Solutions, Inc,
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

If you have any questions regarding claims processing and/or if you wish to obtain a copy of the Stipulation and Agreed Order (and/or any other pleadings filed in these chapter 11 cases) you may do so by: (i) visiting the Debtors' restructuring website  at: https://omniagentsolutions.com/Prospect, (ii) calling (888) 550-3239 (Toll-Free) or (818) 510-3746 (International), and/or (iii) emailing ProspectInquiries@OmniAgnt.com.  Please note that Omni cannot advise you on whether to opt out of the Class.

Date: _____ 2025

Signature: _____

Printed Name: _____