# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF ANDREW TURNBULL
## IN SUPPORT OF THE DEBTORS' ENTRY INTO THE
## AMENDED AND RESTATED UPSIZE SUPERPRIORITY DIP TERM SHEET

I, Andrew Turnbull, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I submit this declaration (this "Declaration") in support of the Debtors' entry into the *Amended and Restated Upsize Superpriority DIP Term Sheet* (the "Amended DIP Term Sheet" and such supplemental financing, the "Third Supplemental MPT DIP"), which provides an additional $5 million in DIP financing and an additional incremental $25 million A/R Backstop Facility, and a $3 million PCo-based Facility (each as defined below).

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with the Debtors and their management team and advisors, my review of relevant documents and information concerning the Debtors' operations and financial affairs or my opinions based upon my experience and knowledge. I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

---

1   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

## BACKGROUND AND QUALIFICATIONS

3. I am a Managing Director in the Financial Restructuring Group at Houlihan Lokey Capital, Inc. ("Houlihan Lokey"). As a result of the work performed on behalf of the Debtors, I have acquired significant knowledge of the Debtors and their businesses and am familiar with the Debtors' financial affairs, debt structure, operations and related matters. The Houlihan Lokey team and I have further familiarized ourselves with the Debtors' day-to-day operations, organizational structure and books and records by reviewing key financial documents and engaging in discussions with members of the Debtors' management team and the Debtors' financial advisors. I am also generally familiar with the circumstances of: (i) the Debtors' DIP Credit Agreement[2] and modifications thereto; (ii) the 9019/Junior DIP Order; (iii) the Settlement and Support Agreement; and (iv) the Amended DIP Term Sheet.

## THE DEBTORS REQUIRE IMMEDIATE ACCESS TO THE THIRD SUPPLEMENTAL MPT DIP FACILITY

4. Based on discussions with the Debtors and their financial advisor, Alvarez & Marsal North America, LLC ("A&M"), I am generally familiar with the Debtors' current liquidity and liquidity forecast based on materials prepared by the Debtors' management team and A&M. Without access to the Third Supplemental MPT DIP Facility, the Debtors will be unable to finalize the ongoing sales process or emerge from chapter 11. The Debtors expect that the Third Supplemental MPT DIP will provide liquidity to advance and possibly complete the Connecticut Waterbury Sale Transaction, and, subject to available transaction options, the Rhode Island transaction. The Debtors will also require additional funding to emerge from chapter 11.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) Additional Postpetition Financing and (B) the Use of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Prepetition Lenders; and (IV) Granting Related Relief* [Docket No. 3882].

5.      The Debtors closed the California sale transaction on December 5, 2025. However, despite closing the California sale and transitioning the operations to the California purchaser, the Debtors have ongoing transition service obligations to the purchaser and require additional liquidity to meet such obligations. In addition to the California sale transaction, the Debtors are targeting closing the Connecticut ECHN Sale Transaction by January 1, 2026 and the Connecticut Waterbury Sale Transaction and the Rhode Island transaction by the end of January 2026, with the Rhode Island sale transaction subject to the *Second Stipulation and Agreed Order by and Among the Debtors and the State of Rhode Island Regarding the Debtors' Rhode Island Transfer Motion* [Docket No. 4110].

6.      In addition, based on my discussions with the Debtors and their advisors, it is my understanding that access to both the incremental A/R Backstop Facility and the PCo-based Facility is necessary for the Debtors to confirm a chapter 11 plan. These facilities, along with the Original Backstop Facility and the DIP Rolled Facility, provide the liquidity required to meet plan-related obligations and to support the Debtors' transition toward confirmation and emergence.

## THIRD SUPPLEMENTAL MPT DIP TERMS

7.      In addition to revisions to reflect the closing of the California sale transaction, the Amended DIP Term Sheet provides for (i) a delayed draw, secured new money term loan in an aggregate principal amount up to $5,000,000 (the "CT DIP Loan"), (ii) a delayed draw, secured new money term loan in an aggregate principal amount of up to $25,000,000 (the "A/R Backstop Facility"), and (iii) a single draw, secured new money term loan in an amount of $3,000,000 (the "PCo-based Facility"). The A/R Backstop Facility will be funded solely out of the proceeds (net of collection fees) of accounts receivables collected following the closing of the Waterbury, Manchester, and Rockville hospital sale transactions that are payable to MPT under Tranche 6 of the recovery Waterfall pursuant to the Plan in three draws.

8. Based on my experience in advising debtors in chapter 11 cases and distressed financial transactions, I believe that the terms of the Third Supplemental MPT DIP are reasonable and appropriate under the circumstances and reflect arm's-length negotiations between the Debtors and MPT.

9. It is my understanding that the Third Supplemental MPT DIP Facility will allow for the preservation, maintenance, and enhancement of the Debtors' going-concern value. The Third-Supplemental MPT DIP Facility is critical to sustain the Debtors' ongoing operations and sale processes, ability to provide post transaction transition services and support the pathway to emerge from chapter 11.

## CONCLUSION

10. Accordingly, based on my experience with debtor-in-possession financing transactions, as well as my involvement in the negotiation of the additional financing, I believe that given the current circumstances, the Third Supplemental MPT DIP Facility is the most favorable financing option available to the Debtors and is critical for the Debtors to continue operations, work towards finalizing the sales of the Debtors' assets, and support the Debtors on the path to emergence from chapter 11. The Third Supplemental MPT DIP Facility continues to be (a) the product of an arm's length, good-faith negotiation process, (b) represents the most favorable financing option available to the Debtors at this time, and (c) contains reasonable terms and conditions under the circumstances.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 11, 2025

                                                          */s/ Andrew Turnbull*
                                                          Andrew Turnbull
                                                          Managing Director
                                                          Houlihan Lokey, Inc.