## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered)<br>Rel. to Dkt. Nos. 3029 & [●] |

## ORDER ENFORCING THE ORDER
## (I) AUTHORIZING THE SALE OF THE CALIFORNIA ASSETS
## FREE AND CLEAR OF ALL ENCUMBRANCES, (II) APPROVING THE
## ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS,
## AND (III) GRANTING RELATED RELIEF

1.        Upon the motion ("Motion")[2] of Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") ordering NOR to (i) pay the outstanding funding obligations for which NOR is responsible under the Agreements; (ii) prefund the POs for Supported Supply Chain Contracts; (iii) ensure that the Alta Account does not go negative and maintains a cash reserve of $3.5 million; (iv) opening the New Account; and (v) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect.  The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

being able to issue a final order consistent with Article III of the United States Constitution; and

due and sufficient notice of the Motion having been given under the particular circumstances; and

it appearing that no other or further notice is necessary; and it appearing that the relief requested

in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties

in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The relief requested in this Motion is GRANTED as set forth herein.

2.      NOR is directed to pay $11,570,555 to the Debtors within three (3) days of entry

of this Order.

3.      NOR is directed to assume and pay the Assumed Liabilities, including any

outstanding post-petition accounts payable and payables relating to orders placed prior to Close

for the purchase of goods, materials, or services in the ordinary course of business by or on behalf

of the Seller.

4.      NOR is directed to being prefunding any orders placed under the Supported Supply

Chain Contracts prior to submitting any orders to the Supported Supply Chain Contracts.

5.      NOR is directed to either (a) immediately cease placing orders under the Excluded

Contracts or (b) begin prefunding any orders placed under the Excluded Contracts prior to

submitting any orders to the Excluded Contracts.  The Debtors in their sole discretion are

authorized, but not required, to reject any orders placed under the Excluded Contracts that have

not been prefunded and to make the Excluded Contracts unavailable to NOR absent the prefunding

of new orders.

6.      NOR shall fund the Alta Account weekly, ensuring a cash reserve of $3.5 million

is available at all times and the Alta Account otherwise never reaches a negative balance; *provided*

that, once the New Account is opened and no further claims or capitation disbursements are made from the Alta Account, NOR shall have no further obligations related to the Alta Account.

7.      NOR is directed to open the New Account as soon as reasonably practicable.

8.      NOR is directed to pay monetary sanctions, including the award of any professional fees and costs incurred as a result of NOR's breach of their obligations under the Agreements.

9.      Nothing in this Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances, and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

11.      Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the CA Sale Order and the California APA.

**# # # END OF ORDER # # #**

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Maegan Quejada (24105999)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:     (214) 981-3300
Facsimile:     (214) 981-3400
Email:          tom.califano@sidley.com
                rpatel@sidley.com
                mquejada@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839-5300
Facsimile:     (212) 839-5599
Email:          wcurtin@sidley.com
                pventer@sidley.com
                anne.wallice@sidley.com

*Attorneys to the Debtors*
*and Debtors in Possession*