**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **PROSPECT MEDICAL HOLDINGS, INC.,** *et al.*, | ) | **Case No. 25-80002 (SGJ)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |

**APPLICATION OF KIMBERLY GRANT DODGE a/k/a KIMBERLY DODGE FOR**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES**
**[Relates To Docket No. 4246]**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THIS APPLICATION WAS FILED. I YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Kimberly Grant Dodge a/k/a Kimberly Dodge (hereinafter "Dodge"), a post-petition creditor in the above-referenced, jointly-administered, bankruptcy proceedings, for her Application for Allowance and Payment of Administrative Expenses (the "Application"), states as follow:

**Facts Regarding Jurisdiction and Venue**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue of this proceeding and for this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      Bankruptcy Code Sections 503(b)(1)(A) and 507(a)(2) provide the statutory basis for the relief sought herein.

### Procedural Facts

5.      On January 11, 2025 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court.

6.      The Debtors' Chapter 11 bankruptcy cases are being jointly-administered.

7.      On December 15, 2025, the Debtors filed the *Notice of Entry of Confirmation Order* (the "Notice") (Docket No. 4246).  The Notice provides that the deadline to file requests for the payment of administrative expense claims for charges through the December 15, 2026 Confirmation Date is January 14, 2026 at 5:00 p.m., prevailing Central Time.

### Facts Regarding SCE

8.      On January 16, 2025, Kimberly Grant Dodge (hereinafter "Dodge") underwent right knee arthroplasty (hereinafter "knee replacement") which was performed by Colin Burgess, MD and Matthew Dolan, PA-C, was aided by various nurses, technicians and medical support personnel at the Prospect Manchester Hospital, Inc.

9.      At said date and time, Colin Burgess, MD was an employee, agent, apparent agent and/or servant of Prospect ECHN, Inc., Prospect Medical Holdings, Inc., Prospect Medical Group, Inc., and/or Prospect Manchester Hospital, Inc. and performed said surgery in the capacity and with the authority as such.

10.      At said date and time, Mattew Dolan, PA-C was an employee, agent, apparent agent and/or servant of Prospect ECHN, Inc., Prospect Medical Holdings, Inc., Prospect Medical Group, Inc., and/or Prospect Manchester Hospital, Inc. and performed said surgery in the capacity and

with the authority as such.

11.     At said date and time, various nurses, technicians and medical support personnel who were employees, agents, apparent agents and/or servants of Prospect ECHN, Inc., Prospect Medical Holdings, Inc., Prospect Medical Group, Inc., and/or Prospect Manchester Hospital, Inc., provided medical care and treatment to Dodge in such capacity and with the authority as such.

12.     During the right knee replacement surgery, Prospect Manchester Hospital, Inc., Prospect Medical Holdings, Inc., Prospect Medical Group, Inc., and/or Prospect ECHN, Inc., negligently provided Dr. Burgess a cemented femoral component instead of a press-fit femoral component which Dr. Burgess, PA Dolan, nurses, technicians and medical staff failed to recognize was the wrong component for Dodge.

13.     Dr. Burgess and PA Dolan negligently implanted the cemented femoral component into Dodge's right femur.

14.     As a result of the negligently implanted femoral component, the knee replacement failed and Dodge suffered emotional and physical pain and suffering, required otherwise avoidable additional medical care and treatment which included, but was not limited to, additional surgery to revise the right knee replacement, remove the negligently implanted component and implant an appropriate femoral component, additional physical therapy, medication, incapacity, and prolonged recovery.

15.     As a further result of the negligently provided and implanted femoral component, Dodge suffered an increase risk of premature failure of the new replacement components, loss of chance for future revision surgeries when the existing components degrade from expected wear, increased risk for future use and surgical complications, increased risk for future pain and suffering, reduced chance of successful revision surgeries in the future, additional medical care

and treatment and cost of same, and overall loss of use of her right lower extremity presently and in the future.

16.   Dodge seeks compensation for the professional medical negligence of Prospect ECHN, Inc., Prospect Manchester Hospital, Inc., Prospect Medical Holdings, Inc., Prospect Medical Group, Inc., Dr. Colin Burgess, Matthew Dolan, PA, and the nursing, technicians and medical personnel that participated in the medical care and treatment of Dodge on January 16, 2025.

17.   The post-petition injuries and damages related to the goods/services provided by Prospect ECHN, Inc., Prospect Medical Holdings, Inc., Prospect Medical Group, Inc., and/or Prospect Manchester Hospital, Inc., by and through their agents, apparent agents, servants and employees and the consequential injuries and costs associated with such are necessary expenses of preserving the Debtors' estates and are entitled to an administrative expense priority pursuant to § 503(b) of the Bankruptcy Code. *See In re Reading Co. v. .Brown,* 391 U.S. 471, 88 S.Ct. 1759, 20 L. Ed 2d. 751 (1968).

**WHEREFORE**, for the foregoing reasons, Dodge respectfully requests that this Court enter an Order:

A.   Setting aside a reserve (the "Reserve") of $1,500,000.00 (One Million Five Hundred Thousand Dollars) from which to compensate Dodge for her claims requested herein and thereafter, after proper liquidation of the amount of Dodge's injuries (the "Liquidated Claim");

B.   Directing the Debtors to immediately pay the Liquidated Claim from the Reserve; and

C.   Granting such other relief as is equitable and just allowed under law.

APPLICATION FOR ADMINISTRATIVE EXPENSES – PAGE 4

Dated:  January 13, 2026

/s/ Weldon L. Moore, III
Weldon L. Moore III, Esq. (TX 14380500)
Sussman & Moore, LLP
2911 Turtle Creek Blvd., Suite 1100
Dallas, Texas  75219
Telephone:  (214) 378-8270
Facsimile:  (214) 378-8290
E-mail: wmoore@csmlaw.net
*Counsel for Kimberly Grant Dodge a/k/a Kimbery Dodge*

## CERTIFICATE OF CONFERENCE

Pursuant to L.B.R. 9007-1(f) no conference was held because the number of responding parties are too numerous to contact prior to filing the Application.

/s/ Weldon L. Moore, III
Weldon L. Moore III, Esq. (TX 14380500)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 13, 2026, a true and correct copy of the foregoing *Application* was served electronically by the Court's ECF System on all parties receiving notice thereby and by electronic mail (email) upon the following:

Thomas R. Califano, Rakhee V. Patel, Maegan Quejada and Parker G. Embry
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Email: tom.califano@sidley.com, rpatel@sidley.com, mquejada@sidley.com, parker.embry@sidley.com
*Debtors' Counsel*

William E. Curtin, Patrick Venter, Anne G. Wallice and Jonathan W. Muenz
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Email: wcurtin@sidley.com, pventer@sidley.com, anne.wallice@sidley.com, jmuenz@sidley.com
*Debtors' Counsel*

James H. Billingsley
DUANE MORRIS LLP
200 Crescent Court, Suite 900
Dallas, Tesas 75201
Email: JBillingsley@duanemorris.com
*Debtors' Counsel*

Veronica A. Courtney
SIDLEY AUSTIN LLP
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Email: vcourtney@sidley.com
*Debtors' Counsel*

Dwight M. Francis
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2200 Ross Avenue, Suite 20th Floor
Dallas, Texas 75201
Email: dfrancis@sheppardmullin.com
*Debtors' Counsel*

Robert S. Friedman
Joshua I. Schlenger
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
30 Rockefeller Plaza, 39th Floor
New York, New York 10112
Email:  rfriedman@sheppardmullin.com, jschlenger@sheppardmullin.com
*Debtors' Counsel*

Alexandria Lattner
Alan H. Martin
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Email:  alattner@sheppardmullin.com, amartin@sheppardmullin.com
*Debtors' Counsel*

Craig J. Mariam
GORDON & REES
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101
Email:  cmariam@grsm.com
*Debtors' Counsel*

Jonathan E. Mitnick
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, California 09967
Email:  jemitnich@sidley.com
*Debtors' Counsel*

Steven J. Reisman
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, New York 10020-1605
Email:  sreisman@katten.com
*Debtors' Counsel*

Elizabeth A. Young
Office of the U.S. Trustee
1100 Commerce St, Ste 976 Dallas, TX 75242
Email: Elizabeth.a.young@usdoj.gov

**APPLICATION FOR ADMINISTRATIVE EXPENSES – PAGE 7**

Matthew Friedrick, Erez Gilad, Kris Hansen, John Iaffaldano, Emily Kuznick,
Charles Martin Persons, Jr., Gabriel E. Sasson and Kenneth Pasquale
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Email: matthewfriedrick@paulhastings.com, erezgilad@paulhastings.com,
krishansen@paulhastings.com, jackiaffaldano@paulhastings.com,
emilykuznick@paulhastings.com, kenpasquale@paulhastings.com
*Creditor Committee Counsel*

                                        /s/ Weldon L. Moore, III
                                        Weldon L. Moore, III