Porter Hedges LLP
M. Shane Johnson (TX 24083263)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email: sjohnson@porterhedges.com

    -and-

Hogan Lovells US LLP
Christopher R. Bryant (NY 3934973)
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 919-3100
(*Admitted Pro Hac Vice*)

*Attorneys for symplr Software LLC, HealthcareSource HR, Inc.,*
*API Healthcare Corporation and Cactus Software LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered) |

**APPLICATION FOR PAYMENT OF ADMINISTRATIVE**
**<u>EXPENSES AND RESERVATION OF RIGHTS</u>**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NOT MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

1

\\4124-5873-1364  v4

symplr Software LLC ("symplr"), HealthcareSource HR, Inc. ("HCS"), API Healthcare Corporation ("API"), and Cactus Software LLC ("Cactus", and together with symplr, HCS, and API, the "Applicants"), by and through their undersigned counsel, hereby request entry of an order allowing the payment of administrative expenses (this "Application") and respectfully state as follows:

1. On January 11, 2025, (the "Petition Date"), Prospect Medical Holdings, Inc. and certain of its subsidiaries (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (collectively, the "Cases") in the United States Bankruptcy Court for the Northern District of Texas (the "Court").

2. On December 15, 2025, the Debtors filed the *Notice of Entry of Confirmation Order* [Doc. No. 4246] which provides that the deadline for filing requests for payment of administrative expense claims arising on or after the Petition Date, through and including the confirmation date, is 5:00 p.m. (prevailing Central Time) on January 14, 2026.

3. The Applicants have numerous contracts with the Debtors which are listed below and which are more fully described in the proofs of claim listed below and filed in the Cases (together with any and all other contracts that may exist between the Debtors and Applicants but which are not listed below, collectively, the "Applicant Contracts"), which descriptions and related details are incorporated herein by reference:

| Applicant | Debtor | Proof of Claim No. | Contract Description[1] |
|---|---|---|---|
| symplr | Prospect CharterCARE, LLC | 365 | Master Services and License Agreement dated on or about January 12, 2025 |

---

[1] All contracts are as amended, renewed or reinstated from time to time, and include all exhibits, schedules and other attachments, initial or other order documents, order forms, purchase orders, technical requirements, data security terms, contracts, documents, instruments, statements of work, letter agreements, reinstatement orders, or otherwise, entered into and/or delivered by and/or between the parties.

\\4124-5873-1364 v4

| Applicant | Debtor | Proof of Claim No. | Contract Description[1] |
|---|---|---|---|
| Symplr | Prospect Waterbury, Inc. | 209 | Reinstatement Order dated on or about December 26, 2024, governed by the online Master Services and License Agreement found at https://www.symplr.com/terms |
| symplr | Prospect Medical Holdings, Inc. | 1878 | Credentialing & Consulting Services Service Agreement dated on or about September 9, 2020 |
| HCS | Prospect ECHN, Inc. | 145 | Reinstatement Order dated on or about December 20, 2024, governed by the online Master Services and License Agreement found at https://www.symplr.com/terms |
| HCS | Prospect Crozer, LLC | 1972 | Position Manager Agreement dated on or about February 9, 2009 |
| HCS | Prospect Medical Holdings, Inc. | 2013 | Software Master Subscription Agreement dated on or about September 30, 2019 |
| Cactus | Prospect Medical Holdings, Inc. | 1927 | Provider Management License and Services Agreement dated on or about October 9, 2020 |
| Cactus | Alta Hospitals System, LLC | 204 | Master License and Services Agreement Terms and Conditions dated on or about November 30, 2013 |
| API | Prospect Medical Holdings, Inc. | 1958 | Master Purchasing Agreement dated on or about June 2, 2019 |

4. The Applicants and/or their other affiliates have granted non-exclusive licenses and provided software, programs and related services to the Debtors and/or their affiliates in the ordinary course of business under the Applicant Contracts following the Petition Date for which the Debtors have not compensated the Applicants.

5. The Debtors have added Applicant Contracts to the "Deferred Decision Schedules" to supplements they have filed to their *Second Amended Joint Plan of Prospect Medical Holdings, Inc. and its Debtor Affiliates* (the "Plan") [Dkt. No. 4182], which was confirmed by the Court on December 15, 2025 [Dkt. No. 4230], and the Applicants have filed

3

certain cure objections which remain unresolved. Therefore, the aggregate post-petition amount owed by the Debtors under the Applicant Contracts is not known as of the filing of this Application, but the Applicants estimate such aggregate amount to be $1,530,70 for the period form the Petition Date through the Plan confirmation date. The Applicants will file one or more supplements to this Application at such time as the post-petition amounts owed by the Debtors under the Applicant Contracts become known and fixed.

6. In addition, in order to avoid the need for the Applicants to file additional administrative expense applications, the Applicants request that the Debtors be required to pay all subsequent, undisputed post-petition invoices of the Applicants for the period following the Plan confirmation date on or before the applicable due date of the invoice, or as otherwise required pursuant to the terms of the applicable Applicant Contract.

7. Section 503(b)(1)(A) of the Bankruptcy Code provides that the actual, necessary costs and expenses of preserving a debtor's estate shall constitute an administrative expense.

8. The post-petition services provided by the Applicants to the Debtors directly and substantially benefited the Debtors' estates by allowing the Debtors to continue to operate in the ordinary course and to preserve the value of their businesses and assets for the benefit of the Debtors, their estates, and their creditors. The post-petition services provided by the Applicants to the Debtors were and are actual, necessary expenses of preserving the Debtors' estates and are thus entitled to administrative expense priority.

9. The Applicants reserve their rights to amend, supplement, or otherwise modify this Application at any time, including at any applicable hearings. In addition, the Applicants reserve all of their rights under previously filed cure objections. Nothing in this Application shall

\\4124-5873-1364 v4

be deemed to modify or waive any general unsecured claims or rejection damages filed or to be filed by the Applicants in the Cases.

WHEREFORE, for the foregoing reasons, the Applicants respectfully request that this Court enter an Order (i) directing the Debtors to pay all post-petition amounts due to the Applicants for the period from the Petition Date through the Plan confirmation date, (ii) directing the Debtors to pay all post-petition amounts to the Applicants that have and/or will be billed by the Applicants in the ordinary course of business for the period following the Plan confirmation date on or before the applicable due date of the applicable post-petition invoice and/or as otherwise required under the Applicant Contract, and (iii) granting such other relief as the Court deems just and proper.

Dated: January 14, 2026

*/s/ M. Shane Johnson*
M. Shane Johnson
Porter Hedges LLP
M. Shane Johnson (TX 24083263)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email: sjohnson@porterhedges.com

-and-

Hogan Lovells US LLP
Christopher R. Bryant (NY 3934973)
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 919-3100
*(Admitted Pro Hac Vice)*

*Attorneys for symplr software LLC, HealthcareSource HR, Inc., API Healthcare Corporation and Cactus Software LLC*

5

\\4124-5873-1364  v4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 14, 2026, a true and correct copy of the foregoing *Application for Payment of Administrative Expenses and Reservation of Rights* was duly served via CM/ECF on all parties registered to receive such notice.

*/s/ M. Shane Johnson*
M. Shane Johnson

\\4124-5873-1364  v4