Keith M. Aurzada (TX Bar No. 24009880)
Dylan T.F. Ross (TX Bar No. 24104435)
Haley B. Bray (TX Bar No. 24143584)
**REED SMITH LLP**
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
Phone:  469.680.4200
Fax:  469.680.4299
Email: kaurzada@reedsmith.com
dylan.ross@reedsmith.com
hbray@reedsmith.com

*Attorneys for Siemens Healthcare Diagnostics Inc.
and Siemens Medical Solutions USA, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | § § § | Case No. 25-80002 (SGJ) |
| | § | (Jointly Administered) |
| Debtors. | § | |

**SIEMENS HEALTHCARE DIAGNOSTICS INC. AND SIEMENS MEDICAL SOLUTIONS USA, INC.'S LIMITED OBJECTION OF TO DEBTORS' NOTICE OF CLOSING OF ECHN SALE TRANSACTION**

[Relates to Docket No. 4349]

Siemens Healthcare Diagnostics Inc. ("**SHDI**") and Siemens Medical Solutions USA, Inc ("**SMS**," and collectively with SHDI, "**Healthineers**"), hereby submit this limited objection (the "**Objection**") to the *Notice of Closing of ECHN Sale Transaction* [Docket No. 4349] (the "**ECHN Sale Notice**")[2] filed by Prospect Medical Holdings, Inc. ("**Prospect**") and its affiliated co-debtors (collectively, the "**Debtors**"). In particular, Healthineers objects to the ECHN Sale Notice on the

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in the ECHN Sale Notice.

grounds that it purports to assume and assign a Healthineers contract as part of the ECHN Sale Transaction (defined below) that was the subject of a previous cure objection. In support of this Objection, Healthineers respectfully states as follows:

## I. BACKGROUND

### A. Healthineers Contracts with the Debtors

1. Healthineers is a market leader in medical diagnostics technology. Healthineers and the Debtors have a lengthy professional relationship and are party to numerous contracts under which Healthineers provides goods and services to the Debtors, including those necessary to perform coagulation and hemostasis laboratory services.

2. Healthineers provides hemostasis systems (the "*Equipment*") to hospitals and other medical sites, which are used to analyze blood coagulation. Pursuant to numerous purchase, equipment placement, and service agreement contracts (collectively, the "*Contracts*"), Healthineers provides the Debtors with the Equipment and the Debtors purchase the products needed to use and maintain the equipment from Healthineers (collectively, the "*Products*"). In connection with these Contracts, Healthineers also provides the necessary services and training to operate the Equipment (collectively, the "*Services*"). Among other things, the Contracts provide minimum annual purchase requirements for the Products and Services.

### B. The Debtors' Bankruptcy Cases

3. On January 11, 2025 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Northern District of Texas (the "*Court*"). The cases are jointly administered under Lead Case No. 25-80002.

4. On March 19, 2025, the Court entered the *Order (I)(A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) the Selection of Stalking Horse*

*Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling Auction(s) and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, (II)(A) Authorizing the Sale of the Assets Free and Clear of All Encumbrances, and (B) Approving the Assumption and Assignment of the Assumed Contracts, and (III) Granting Related Relief* [Docket No. 1264] (the "**Bidding Procedures Order**"), which approved certain procedures (the "**Bidding Procedures**") in connection with the sale of substantially all of the Debtors' assets in California (such assets, the "**CA Assets**" and such sale, the "**CA Sale**") and in Connecticut (such assets, the "**CT Assets**" and together with the CA Assets, the "**Assets**" and such sale, the "**CT Sale**" and together with the CA Sale, the "**Sales**").

5. On April 18, 2025, the Debtors filed a *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Docket No. 1571] (the "**Original Assumption Notice**"), which proposed to assume and assign numerous contracts with Healthineers. On May 2, 2025, Healthineers filed the *Limited Objection of Siemens Medical Solutions USA, Inc and Siemens Healthcare Diagnostics Inc. to Debtors' Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Docket No. 1782] (the "**Original Assumption Objection**") objecting to the Debtors' proposed assumption and assignment of the Healthineers contracts listed in the Original Assumption Notice on the basis that the contracts could not be reasonably identified from the Original Assumption Notice.

6. On September 18, 2025, the Debtors filed a *Notice of Designation of Stalking Horse Bidder* [Docket No. 3176] (the "**ECHN Stalking Horse**"), selecting ECHN Holdings, Inc ("**ECHN**

*Holdings*") to act as the stalking horse bidder for the sale of the Debtors ECHN assets in Connecticut (the "**ECHN Assets**" and such sale the "**ECHN Sale Transaction**").

7. On October 28, 2025, the Court entered the *Order (I) Authorizing the Sale of the ECHN Assets Free and Clear of All Encumbrances, (II) Approving the Assumption and Assignment of the Assigned Contracts, and (III) Granting Related Relief* [Docket No. 3627] (the "**ECHN Sale Order**"), approving the ECHN Sale Transaction.

8. On January 2, 2026, the Debtors filed the ECHN Sale Notice, which lists executory contracts that the Debtors intend to assume and assign as part of the ECHN Sale Transaction. Healthineers is listed as the contractual counterparty to a contract (the "**Proposed Assumed Contract**") identified in the ECHN Sale Notice as part of the ECHN Sale Transaction:

| Item # | Counterparty | Description of Contract | Cure Amounts |
|---|---|---|---|
| 1163 | SIEMENS HEALTHINEERS | IT Scope of Work / Order Form / Addendum Dated: 07/27/2021 | $0.00 |

9. The ECHN Sale Notice lists $0.00 as the proposed cure amount for the ECHN Agreement (the "**Proposed Cure Amount**"). *See*

10. On January 14, 2026, Healthineers filed its *Application for Allowance and Payment of Administrative Expenses* [Doc. 4443] (the "**Administrative Expense Application**"), seeking the allowance and payment of an administrative expense claim (the "**SMS Administrative Claim**"") by SMS against Debtor Prospect ECHN, Inc. (the "**ECHN Debtor**").

11. The ECHN Sale Notice does not provide a deadline to object to the assumption and assignment of the Proposed Assumed Contract. The Bidding Procedures provide that the deadline to object to assumption and assignment of executory contracts is by 4:00 pm (prevailing Central

- 4 -

Time) on the date that is fourteen (14) calendar days from the date of the service of the applicable cure schedule. Accordingly, the deadline for objections is January 16, 2026, by 4:00 pm (CT).

## II. LIMITED OBJECTION

12. While Healthineers does not oppose the proposed assumption and assignment of the Proposed Assumed Contract in principle, Healthineers hereby objects to the ECHN Sale Notice on the grounds that Healthineers previously objected to the assumption and assignment of the Proposed Assumed Contract, and this previous objection has not been resolved. In support of this Objection, Healthineers respectfully states as follows:

**A. Healthineers Previously Objected to the Assumption and Assignment of the Proposed Assumed Contract and the Grounds for Objection Have Not Been Resolved by the Debtors.**

13. The Code requires that "[i]f there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract . . ., the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default . . ." 11 U.S.C. § 365(b)(1)(A). A debtor must make the other party to the executory contract whole by curing all material defaults in past performance and by showing that the proposed assignee can perform under the contract following assumption. *Lifemark Hosp., Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters.)*, 304 F.3d 410, 438–39 (5th Cir. 2002); *In re Kemeta, LLC*, 470 B.R. 304, 324–25 (Bankr. D. Del. 2012). A debtor must ordinarily cure both monetary and non-monetary defaults in an executory contract. *In re Patriot Place, Ltd.*, 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013).

14. The Debtors previously sought to assume and assign the Proposed Assumed Contract as part of the CT Sale and proposed a cure amount of $0.00 in the Original Assumption Notice. *See* Original Assumption Notice, Ex. B-1, p. 80. In its Original Assumption Objection, Healthineers objected to the assumption and assignment of the Proposed Assumed Contract on the

grounds that the Original Assumption Notice was ambiguous and failed to provide enough information to allow Healthineers to determine cure amounts. Thereafter, Counsel to Healthineers requested copies of all the contracts included in the Original Assumption Notice, including the Proposed Assumed Contract. However, the contract date and description of the Proposed Assumed Contract do not match any of the contracts provided by Debtors' counsel.

15. Healthineers has been unable to precisely identify the Proposed Assumed Contract based on the information provided in either the Original Assumption Notice or the ECHN Sale Notice. Healthineers has multiple contracts with Debtor Prospect ECHN, Inc., and without more information, Healthineers cannot be certain which exact contract the Debtors intend to assume and assign. Accordingly, the Original Assumption Objection has not been resolved.

16. The ECHN Sale Notice proposes a cure amount of $0.00 for the Proposed Assumed Contract. *See* ECHN Sale Notice, Ex. B, p. 28.

17. The SMS Administrative Claim is for post-petition goods and services rendered to Debtor ECHN in an amount of $29,635.59.

18. Healthineers cannot determine what cure amount is owed until it has the requisite information to identify the Proposed Assumed Contract.

19. Healthineers is amenable to working with the Debtors to reconcile any such amounts due; however, Healthineers objects to the ECHN Sale Notice to the extent it seeks to cure the defaults under the Proposed Assumed Contract. If the Debtors intend for the Buyer to assume the Proposed Assumed Contract, then the amounts due and owing must be paid in full prior to assumption as required pursuant to 11 U.S.C § 365. Healthineers objects to the assumption of the Proposed Assumed Contract based upon any cure amount that does not include the total amount due and owing as of the date of assumption.

### III. RESERVATION OF RIGHTS

20. Nothing in this Objection is intended to be, or should be construed as, a waiver by Healthineers of any of its rights under the Contracts, the Bankruptcy Code, or applicable law. Healthineers expressly reserves all such rights, including, without limitation, the right to: (i) supplement this Objection or make such other and further objections to the proposed assumption and assignment on any and all grounds; (ii) modify the cure amount as additional amounts are determined to be owed under the Proposed Assumed Contracts; (iii) amend this objection to include cure amounts owed under any additional Contracts between Healthineers and the Debtors that may be identified; and (iv) assert any further objections as Healthineers deems necessary and appropriate.

### IV. CONCLUSION

21. Healthineers respectfully requests that the Court enter an order (i) conditioning the relief requested in the ECHN Sale Notice on the payment of a cure amount that is representative of all amounts due and owing under the Proposed Assumed Contract; and (ii) granting such further relief as the Court deems appropriate.

Dated: January 16, 2026  
      Dallas, TX

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Keith M. Aurzada*  
Keith M. Aurzada (TX Bar No. 24009880)  
Dylan T.F. Ross (TX Bar No. 24104435)  
Haley B. Bray (TX Bar No. 24143584)  
2850 N. Harwood Street, Suite 1500  
Dallas, TX 75201  
Telephone: (469) 680-4200  
Facsimile: (469) 680-4299  
E-mail: kaurzada@reedsmith.com  
dylan.ross@reedsmith.com  
hbray@reedsmith.com

*Attorneys for Attorneys for Siemens Healthcare Diagnostics Inc. and Siemens Medical Solutions USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in these cases on January 16, 2026. I further certify that a correct copy of the foregoing document was also served on the parties listed below via email pursuant to the Bidding Procedures Order:

Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, Teas 75201
Anne G. Wallice (anne.wallice@sidley.com)
Parker E. Embry (parker.embry@sidley.com)
William H. Cálix (William.calix@sidley.com)

*Counsel to the Debtors*

United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
Attn: Elizabeth A.Young (elizabeth.a.young@usdoj.gov)

*United States Trustee for the Northern District of Texas*

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Kris Hansen (krishansen@paulhastings.com)
Erez Gilad (erezgilad@paulhastings.com)
Gabe Sasson (gabesasson@paulhastings.com)

*Counsel to the Official Committee of Unsecured Creditors*

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street,
New York, NY 10019
Attn: Emil A. Kleinhaus (EAKleinhaus@wlrk.com)

-and-

KTBS Law LLP
1801 Century Park East, 26th Floor

- 9 -

Los Angeles, CA 90067
Attn: Thomas E. Petterson (tpatterson@ktbslaw.com)

*Counsel to MPT*

                                        */s/ Keith M. Aurzada*
                                        Keith M. Aurzada