**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered)<br>Rel. to Dkt. Nos. 3029, 4393<br>& [●] |

**ORDER ENFORCING THE ORDER
(I) AUTHORIZING THE SALE OF THE CALIFORNIA ASSETS
FREE AND CLEAR OF ALL ENCUMBRANCES, (II) APPROVING THE
ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS,
AND (III) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of Prospect Medical Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") ordering NOR to (i) pay the outstanding funding obligations for which NOR is responsible under the Agreements; (ii) prefund the POs for Supported Supply Chain Contracts; (iii) ensure that the Alta Account does not go negative and maintains a cash reserve of $3.5 million; (iv) opening the New Account; and (v) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

    1.    The relief requested in this Motion is GRANTED as set forth herein.

    2.    NOR is directed to pay $11.3 million to the Debtors within three (3) days of entry of this Order. The $11.3 million shall be composed of the following payments: (i) 5,423,000 to the PMH bank account and (ii) $6,801,000 to the Alta Account.

    3.    NOR is directed to assume and pay the Assumed Liabilities, including any outstanding post-petition accounts payable and payables relating to orders placed prior to the Closing for the purchase of goods, materials, or services in the ordinary course of business by or on behalf of the Seller, regardless of whether such payables were past due at the Closing.

    4.    NOR is directed to begin prefunding any orders placed under the Supported Supply Chain Contracts prior to submitting any orders to the Supported Supply Chain Contracts.

    5.    NOR is directed to either (a) immediately cease placing orders under the Excluded Contracts or (b) begin prefunding any orders placed under the Excluded Contracts prior to submitting any orders to the Excluded Contracts. The Debtors in their sole discretion are authorized, but not required, to reject any orders placed under the Excluded Contracts that have not been prefunded and to make the Excluded Contracts unavailable to NOR absent the prefunding of new orders.

6.　　NOR shall fund the Alta Account weekly, ensuring a cash reserve of $3.5 million is available at all times and the Alta Account otherwise never reaches a negative balance; *provided* that, once the New Account is opened and no further claims or capitation disbursements are made from the Alta Account, NOR shall have no further obligations related to the Alta Account.

7.　　NOR is directed to open the New Account as soon as reasonably practicable.

8.　　NOR shall show cause at a hearing to be held at [●] (CT) on [●], 2026, why an order should not be granted (i) finding and holding NOR in contempt of court; (ii) directing NOR to pay the Debtors an amount of money equal to the Debtors' actual expenses incurred in (a) addressing NOR's breach of its obligations under the Agreements and (b) bringing this Motion, payable within three (3) calendar days of presentment of an itemized list of expenses, and (iii) granting the Debtors such other and further relief as the Court deems just and proper under the circumstances.

9.　　NOR is judicially estopped from taking the legal position that Michael Sarian personal assets are unavailable or cannot be accessed to satisfy amounts owed by NOR pursuant to the California APA and the other Agreements.

10.　　If NOR breaches any one of the provisions in this Order or any other term in the Agreements, subject to the Court's availability, the Debtors shall be entitled to seek an emergency hearing on three (3) days' notice and NOR shall be deemed to have consented to the seeking of an emergency hearing on such timeline.

11.　　Nothing in this Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party

3

in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances, and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

13. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the CA Sale Order and the California APA.

### # # # END OF ORDER # # #

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Maegan Quejada (24105999)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
rpatel@sidley.com
mquejada@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: wcurtin@sidley.com
pventer@sidley.com
anne.wallice@sidley.com

*Attorneys to the Debtors
and Debtors in Possession*

5