Alejandra Garcia Castro (State Bar No. 24131325)
HUSCH BLACKWELL LLP
1900 N. Pearl, Suite 1800
Dallas, TX  75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170
Email: alejandra.garciacastro@huschblackwell.com

Jeffrey C. Wisler (DE #2795)
CONNOLLY GALLAGHER LLP
1201 N. Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380

Caleb T. Holzaepfel (TN BPR #33356)
(*Admitted Pro Hac Vice*)
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN  37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
Email:  caleb.holzaepfel@huschblackwell.com

Counsel for Cigna Health and Life Insurance Company

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Prospect Medical Holdings, Inc., *et al*.,<br><br>Debtors. | Chapter 11<br>Case No. 25-80002 (SGJ)<br>Jointly Administered<br><br>**Re: Docket No. 1264, 3383, 4480** |

**OBJECTION OF CIGNA TO NOTICE OF REJECTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Cigna Health and Life Insurance Company and certain of its affiliates (collectively, "Cigna") hereby object to the *Notice of Rejection of Executory Contracts and Unexpired Leases* [Docket No. 4480] (the "Rejection Notice"), and in support thereof, respectfully state as follows:

**BACKGROUND**

1. As of the Petition Date, Cigna and the above-captioned debtors ("Debtors") were parties to numerous agreements[1] (collectively, the "Payor Contracts") pursuant to which the

---

[1] Including all amendments thereto.

Debtors, through the healthcare facilities they operated ("Facilities"), provided covered healthcare services to eligible participants within the Cigna Provider Network.

2. The Payor Contracts may be terminated without cause only upon advance written notice, typically no less than sixty (60) days.

3. On October 28, 2025, this Court entered the *Order (I) Authorizing the Sale of the ECHN Assets Free and Clear of All Encumbrances, (II) Approving the Assumption and Assignment of the Assigned Contracts, and (III) Granting Related Relief* [Docket No. 3627] ("ECHN Order"). The ECHN Order did not direct the assumption and assignment of any Payor Contracts as part of the ECHN Sale but permitted such assumption and assignment by agreement of Cigna, the Debtors, and Manchester Memorial Hospital, Inc. (f/k/a ECHN Holdings, Inc.) (the "Purchaser"). ECHN Order, ¶ 33.

4. Cigna has only one Payor Contract ("Rockville Payor Contract") related to the Debtors' former Rockville and Manchester ECHN facilities ("ECHN Facilities"). By Letter Agreement dated December 22, 2025 ("Letter Agreement"), the Purchaser, Cigna, and the Debtors agreed to have the Rockville Payor Contract assumed and assigned as part of the ECHN Sale.

5. On December 15, 2025, the Court entered an order (the "Order") confirming the *Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and Its Debtor Affiliates*. Paragraph 192 of the Order requires the Debtors to provide Cigna with written notice of Debtors' decision to assume, assume and assign, or reject each of the Payor Contracts, no later than fifteen (15) days prior to the Effective Date of the Plan [Docket No. 4230].

6. On January 16, 2026, the Debtors filed the Rejection Notice. Through the Rejection Notice, the Debtors seek to reject certain contracts specified therein as of January 15, 2026.

7. The Rejection Notice includes eighteen (18) listings (collectively, the "Cigna Listings") that reference Cigna. The Cigna Listings are descriptions of documents that are not executory contracts, (*e.g.*, "Managed Care Plan," "Extension of Termination Notice"). None of the Cigna Listings specifically identify any active Payor Contracts; however, all Cigna Listings reference "Rockville" and/or "ECHN."

## **OBJECTION**

8. To the extent that the Rejection Notice could be construed to apply to any Cigna Payor Contracts, Cigna objects because, *inter alia*, (i) the Payor Contract related to Rockville and ECHN has already been assumed and assigned; (ii) the Cigna Listings in the Rejection Notice are not executory contracts, and (iii) the Rejection Notice proposes retroactive rejection.

A. <u>Contracts Have Already Been Assumed and Assigned</u>.

9. Pursuant to the Letter Agreement, the Debtors have already assumed and assigned the Rockville Payor Contract – the only Cigna Payor Contract related to the ECHN Facilities. Thus, to the extent that any of the Cigna Listings in the Rejection Notice were intended to identify Payor Contracts related to the ECHN Facilities, that Payor Contract has already been assumed and assigned.

B. <u>Identification of Contracts to Be Rejected</u>.

10. The Bankruptcy Code gives debtors the right to reject executory contracts. 11 U.S.C. § 365(a). However, the Bankruptcy Code does not give debtors the right to reject contracts without adequate and definitive notice.

3

11. The Cigna Listings in the Rejection Notice do not describe executory contracts. The Cigna Listings are references to "Managed Care Plan," "Extension of Termination Notice," etc. None of the Cigna Listings identify any Payor Contracts. Thus, the Rejection Notice provides no notice of the proposed rejection of any Payor Contracts.

12. To the extent that the Debtors intend to reject any Payor Contracts, the Debtors must provide complete and accurate descriptions thereof and provide Cigna with notice and an opportunity to be heard thereon.

C. Retroactive Rejection of Contracts.

13. The Rejection Notice proposes that the effective date of rejection ("Effective Date") be January 15, 2026, effectively proposing the retroactive rejection of contracts. To the extent that the Rejection Notice is intended and deemed to identify any Payor Contracts, Cigna objects to the proposed retroactive rejection thereof.

14. First, the rejection of any Payor Contracts could significantly impact patients at the Facilities, and the failure to provide adequate and definitive notice of such rejection will put those patients at risk.

15. Rejection of any Payor Contracts will sever those Payor Contracts from the respective Facilities as of the Effective Date, and thus retroactively sever those Facilities from Cigna's Provider Network. This severance will have a significant and immediate effect on, among others: (i) those patients who have recently received, are awaiting, or are receiving ongoing treatment at the Facilities because the Facilities are currently Cigna in-network providers under the patients' healthcare insurance policies; and (ii) persons covered under Cigna healthcare insurance policies who may be contemplating treatment at the Facilities and have already received or are awaiting pre-authorization. Adequate, advance, and definitive notice of

4

any severance of the Facilities from the Cigna Provider Network must be provided in order to ensure that patients and other covered individuals are smoothly transitioned from those Facilities and are not economically prejudiced through no fault of their own. It is for these reasons – the protection of third parties – that the Payor Contracts require a minimum of sixty (60) days' notice prior to any termination thereof.

16. Second, retroactive rejection of Payor Contracts is inconsistent with the Plan Confirmation Order. That Order required at least fifteen (15) days' notice prior to any rejection of the Payor Contracts.

17. Finally, *nunc pro tunc* rejection is "the exception to the general rule that rejection is effective upon entry" of the order approving rejection. *Stonebriar Mall L.P. v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Colo. 2003). "[O]nly in exceptional circumstances . . . will the court adopt a retroactive date." *Id.* (internal citation omitted).

18. The Rejection Notice fails to allege any "exceptional circumstances." Further, because the Debtors seek equitable relief, the Court should consider the potential impact on non-debtor parties. Here, rejection of any Payor Contracts will cause sudden or retroactive severance of the Payor Contracts from the Facilities.

19. The Debtors seek extraordinary equitable relief without exceptional circumstances. More importantly, the relief sought creates the potential for significant harm to non-debtor parties. Equity and the interests of non-debtor counterparties demand that, if any Payor Contracts are to be rejected, Cigna receive adequate, advance, and definitive notice so that patients can be advised accordingly.

WHEREFORE, Cigna respectfully requests that this Court (i) deny rejection of any Payor Contracts except as consistent with the foregoing; and (ii) grant Cigna such additional relief as this Court deems just and equitable.

Dated: January 30, 2026                HUSCH BLACKWELL LLP

*/s/ Alejandra Garcia Castro*
Alejandra Garcia Castro (State Bar No. 24131325)
1900 N. Pearl, Suite 1800
Dallas, TX  75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170
Email: alejandra.garciacastro@huschblackwell.com

and

Caleb T. Holzaepfel (TN BPR #33356)
736 Georgia Avenue, Suite 300
Chattanooga, TN  37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
Email:  caleb.holzaepfel@huschblackwell.com

and

CONNOLLY GALLAGHER LLP
Jeffrey C. Wisler (#2795)
1201 North Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
jwisler@connollygallagher.com

Counsel for Cigna Health and Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system.

                                          */s/ Alejandra Garcia Castro*
                                          Alejandra Garcia Castro