

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed February 10, 2026

_____
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered) |

## STIPULATION AND AGREED ORDER BY AND AMONG
## THE DEBTORS AND THE STATE OF CONNECTICUT
## ALLOWING AND RECLASSIFYING PROVIDER TAX CLAIMS

This stipulation and agreed order (this "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the State of Connecticut ("Connecticut" and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

## RECITALS

**WHEREAS**, beginning on January 11, 2025 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court");

**WHEREAS,** the Debtors own and operate Manchester Memorial Hospital, Rockville General Hospital, and Waterbury Hospital in Connecticut, the associated real property for which was owned by Medical Properties Trust, Inc. ("MPT") or affiliates thereof;

**WHEREAS,** pursuant to Connecticut General Statutes § 12-263q, Connecticut assesses a provider tax (the "Provider Tax") on hospitals in Connecticut's state healthcare system, including Manchester Memorial Hospital, Rockville General Hospital, and Waterbury Hospital;

**WHEREAS**, Connecticut timely filed the following proofs of claim against the Debtors (the "Prepetition Provider Tax Claims") for unpaid prepetition Provider Taxes:

- Proof of Claim No. 196 against Debtor Prospect Manchester Hospital, Inc, asserting $47,163,551.50 on account of unpaid Provider Taxes, $25,418,065.69 of which is asserted as a secured claim and the remainder of which is asserted as a priority tax claim pursuant to section 507(a)(8) of the Bankruptcy Code;

- Proof of Claim No. 340 against Debtor Prospect Waterbury, Inc. asserting $64,396,005.04 on account of unpaid Provider Taxes, $39,507,826.26 of which is asserted as a secured claim and the remainder of which is asserted as a priority tax claim pursuant to section 507(a)(8) of the Bankruptcy Code;

- Proof of Claim No. 78 against Debtor Prospect Rockville Hospital, Inc. asserting $16,191,104.92 on account of unpaid Provider Taxes, $8,859,727.91 of which is asserted as a secured claim and the remainder of which is asserted as a priority tax claim pursuant to section 507(a)(8) of the Bankruptcy Code; and

- Each of the foregoing claims were also asserted against Debtor Prospect Medical Holdings pursuant to a prepetition settlement agreement between the Debtors and Connecticut (*see* Proofs of Claim No. 2593, 2594, 2595).

**WHEREAS,** Connecticut maintains that the Prepetition Provider Tax Claims were properly asserted as, and that any Provider Tax that has arisen or that will arise postpetition (the "Postpetition Provider Tax Claims", and together with the Prepetition Provider Tax Claims, the "Provider Tax Claims") are, priority tax claims under section 507(a)(8) of the Bankruptcy Code,

6

secured claims (as applicable) or administrative expense claims (as applicable), and that as such, the Provider Tax Claims are senior to other priority and/or secured claims asserted against the Debtors' Connecticut operations;

**WHEREAS**, the Debtors and MPT dispute Connecticut's assertions with respect to such Provider Tax Claims;

**WHEREAS**, the Debtors have previously challenged whether the Prepetition Provider Tax Claims were properly asserted as priority tax claims [Docket No. 3596], and in such filing, the Debtors reserved all rights with respect to arguing at a later date that any Postpetition Provider Tax Claims should be reclassified as general unsecured claims;

**WHEREAS,** MPT reserved the right to argue that its prepetition claims were senior to the Provider Tax Claims under "the Bankruptcy Code's priority scheme and applicable non-bankruptcy law" [Docket No. 1287, Exhibit 1 at 21];

**WHEREAS,** the proceeds of the Debtors' asset sales are not expected to exceed the outstanding balance of the DIP financing facilities provided by MPT and are thus not expected to provide a meaningful recovery to priority tax claims or other secured claims, including the Provider Tax Claims;

**WHEREAS,** the Court has approved the Debtors' sale of Waterbury Hospital to UCHCFC Waterbury Health Corp. [Docket No. 3963] (the "<u>Waterbury Sale</u>");

**WHEREAS,** MPT's consent was required to transfer the real property associated with Waterbury Hospital;

**WHEREAS,** the treatment of the Provider Tax Claims as set forth in this Stipulation was a material component of the Debtors' agreement to support the Waterbury Sale and MPT's agreement to the transfer of its real property as part of the Waterbury Sale;

**WHEREAS,** Waterbury Hospital provides critical services to the residents of Connecticut and absent the Waterbury Sale, Waterbury Hospital may have been forced to shut down;

7

**WHEREAS,** in recognition of the foregoing and to facilitate the Waterbury Sale, the parties have reached a resolution on the treatment of the Provider Tax Claims;

**WHEREAS,** the Waterbury Sale and the resolution of the Provider Tax Claims as set forth in this Stipulation support Connecticut's mission to provide access to quality health care for its residents.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. Upon the closing of the Waterbury Sale, the Provider Tax Claims (whether incurred before or after the closing of the Waterbury Sale) will be allowed as General Unsecured Claims, as defined in the *Second Amended Joint Chapter 11 Plan of Prospect Medical Holdings, Inc., and its Debtor Affiliates* (the "Plan") [Docket No. 4182] and shall receive the treatment set forth in the Plan for General Unsecured Claims.

2. For the avoidance of doubt, this Stipulation does not address any proofs of claim not relating to the Provider Tax Claims filed by Connecticut, and all parties' rights are reserved with respect to any other such proofs of claim.

3. In the event that the Waterbury Sale does not close, this agreement shall be null and void.

4. The terms and conditions of this Stipulation will be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Stipulation.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

**# # # END OF ORDER # # #**

8

Dated: February 9, 2026
Dallas, Texas

| | |
|---|---|
| */s/ Thomas R. Califano* | |
| **SIDLEY AUSTIN LLP** | SIDLEY AUSTIN LLP |
| Thomas R. Califano (24122825) | William E. Curtin (admitted *pro hac vice*) |
| Rakhee V. Patel (00797213) | Patrick Venter (admitted *pro hac vice*) |
| Maegan Quejada (24105999) | Anne G. Wallice (admitted *pro hac vice*) |
| 2021 McKinney Avenue, Suite 2000 | 787 Seventh Avenue |
| Dallas, Texas 75201 | New York, New York 10019 |
| Telephone: (214) 981-3300 | Telephone: (212) 839-5300 |
| Facsimile: (214) 981-3400 | Facsimile: (212) 839-5599 |
| Email: tom.califano@sidley.com | Email: wcurtin@sidley.com |
| rpatel@sidley.com | pventer@sidley.com |
| mquejada@sidley.com | anne.wallice@sidley.com |

*Attorneys for the Debtors
and Debtors in Possession*

-and-

| | |
|---|---|
| */s/ Megan W. Wasson* | |
| **HERBERT SMITH FREEHILLS KRAMER (US) LLP** | **VARTABEDIAN HESTER & HAYNES LLP** |
| Kenneth H. Eckstein (admitted *pro hac vice*) | Jeff. Prostok |
| Adam C. Rogoff (admitted *pro hac vice*) | State Bar No. 1635200 |
| Megan W. Wasson (admitted *pro hac vice*) | Emily S. Chou |
| 1177 Avenue of the Americas | State Bar No. 24006997 |
| New York, NY 10036 | 301 Commerce Street, Suite 3635 |
| Tel: 212-715-9100 | Fort Worth, Texas 76102 |
| Fax: 212-715-8000 | Tel: 817-214-4990 |
| Email: Kenneth.eckstein@hsfkramer.com | Email: jeff.prostok@vhh.law |
| adam.rogoff@hsfkramer.com | Email: emily.chou@vhh.law |
| megan.wasson@hsfkramer.com | |

*Counsel for the State of Connecticut*