**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered)<br>Rel. to Dkt. Nos. 3006, 3337 & 3554 |

**DECLARATION OF KAREN ENFIAJIAN PADILLA IN SUPPORT OF
DEBTORS' OBJECTION TO VERADIGM AND ALTERA DIGITAL HEALTH INC.'S
(1) MOTION TO COMPEL PAYMENT OF ADMINISTRATIVE CLAIM; (2) MOTION
TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS
OR, IN THE ALTERNATIVE, MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

I, Karen Enfiajian Padilla, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I submit this declaration (this "Declaration") in support of the *Debtors' Objection to Veradigm and Altera Digital Health Inc.'s (1) Motion to Compel Payment of Administrative Claim; (2) Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, Motion for Relief from the Automatic Stay* [Docket No. 3337] (the "Objection"), which seeks denial of *Veradigm and Altera Digital Health Inc.'s (1) Motion to Compel Payment of Administrative Claim; and (2) Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, Motion for Relief From the Automatic Stay* [Docket No. 3006] (the "Motion")[2] filed by Veradigm and Altera Digital Health, Inc. (the "Movants"). By the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Objection or Motion, as applicable.

Motion, the Movants seek to compel payment of all post-petition amounts claimed by Movants and assumption or rejection of the underlying agreements or to lift the automatic stay to allow the Movants to terminate the underlying agreements.

2. On October 20, 2025, the Movants filed *Veradigm and Altera Digital Health Inc.'s Reply to Debtors' Objection to (1) Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, Motion for Relief From the Automatic Stay* [Docket No. 3554] (the "Reply").

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with the Debtors and their management team and advisors, discussions between the Debtors and the Movants, my review of relevant documents and information concerning the Debtors' operations and financial affairs or my opinions based upon my experience and knowledge. I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

## BACKGROUND AND QUALIFICATIONS

4. I am currently employed by NOR Healthcare Systems Corp. ("NOR"), with a title of Vice President, IT and Deputy Chief Information Officer. Prior to my employment by NOR, I was Chief Information Officer of Prospect Medical Holdings, Inc., in which capacity I supervised and oversaw the Information Technology Department of Prospect Medical Holdings, Inc. (together with its debtor affiliates in the above captioned chapter 11 cases as debtors and debtors in possession, the "Debtors" and, the Debtors and their non-Debtor affiliates, collectively, the "Company" or "Prospect") during these Chapter 11 proceedings.

5.      Prior to commencing my employment with NOR in December 2025 after NOR purchased certain assets from the Debtors, I was employed by Prospect Medical Holdings, Inc. for approximately 15 years, approximately three of which I served as the Chief Information Officer. Through that experience, I have familiarized myself with the Debtors' operations and information technology systems.

## EVENTS LEADING UP TO THE DISPUTE BETWEEN THE MOVANTS AND THE DEBTORS

### A.  The Agreements

6.      On April 18, 2025, the Debtors filed the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Docket No. 1571] (the "Original Assumption Notice").  At that time, the Movants objected to the Agreements that were listed on the exhibits attached to the Original Assumption Notice as Exhibits A-1 and Exhibit B-1, noting that the listed cure amount of $0 was incorrect, and the Agreements involved software licenses that are not transferable without the Movants' consent.

7.      There are three Agreements at issue.  Two of these agreements are with Altera: (1) the "Sunrise Surgical Care Agreement," which serves the California and Connecticut facilities, and (2) the "Touchworks Master Agreement," which includes an amendment to the Touchworks Master Agreement (the "TouchWorks Amendment") and serves the ECHN facilities in Connecticut.  The third agreement is with Veradigm (the "FollowMyHealth Portal Agreement," and together with the Sunrise Surgical Care Agreement and the Touchworks Master Agreement and Touchworks Amendment, the "Agreements").  The FollowMyHealth Portal Agreement relates to the Debtors' ECHN facilities.

8.      The Sunrise Surgical Care Agreement was never implemented in the California and Connecticut facilities.  Despite this fact, Altera continues to bill the Debtors for those services.

9. Further, although the Touchworks Master Agreement services were implemented at ECHN, the Touchworks Amendment (which provided a system upgrade to the Touchworks Master Agreement services) was never implemented in ECHN. In fact, instead of the system upgrade, ECHN continues to utilize a product formerly owned by Altera but which it sold to Veradigm. The Debtors continue to pay Veradigm for the services actually being used, while Altera bills the Debtors for the upgrade which was never installed.

10. Moreover, the Movants are billing the Debtors both at ECHN and Waterbury for these upgraded services which are being provided in connection with a separate agreement at Waterbury Hospital. Although the Movants indicate that the Touchworks Master Agreement and Touchworks Amendment upgraded services are used by 72 users, those upgraded services are actually used in connection to Waterbury Hospital and arise from a separate agreement that Waterbury Hospital entered into with Connecticut Physicians' Services, LLC (d/b/a National Physician Services, or "NPS") on June 18, 2009 and amended on June 18, 2019. Despite paying for these services at Waterbury Hospital, the Debtors are being billed for the same services at ECHN.

11. Altera billed, and now seeks to compel payment of through their Motion, $483,483.87.[3] The Debtors dispute approximately $446,000 of that amount. Approximately $344,252 of the $446,000 disputed amount relates to the Touchworks Amendment upgraded services that were never provided at ECHN. Approximately $97,000[4] of the disputed amount relates to unimplemented services under the Sunrise Surgical Care Agreement. The Debtors paid,

---

[3] The Movants state in the Reply that they are withdrawing $50,438.64 of their claim under the Sunrise Surgical Care Agreement for now.

[4] Of this $97,000, approximately $84,000 is related to services provided at the Astrana facilities. It is my understanding that pursuant to that Asset Purchase Agreement and Astrana Sale Transaction, those services and amounts will be paid by the buyer in that transaction.

and continue to pay, the recurring undisputed amount of $38,000 to Altera for services actually provided pursuant to the Agreements.

12. The Debtors dispute certain amounts claimed by Veradigm due to serious malfunctions of the patient portal provided under the FollowMyHealth Agreement. The defects experienced by the Debtors and documented with Movants included, but were not limited to: (i) key patient information failed to cross from the patient portal to the Practice Management system, causing erroneous patient records in the Practice Management system; (ii) Mobile copayment function charged patients when no copayment was due; (iii) Mobile copayment system didn't update payments to Practice Management system; and (iv) double booking of appointments. In short, the services did not work as intended under the FollowMyHealth Agreement, and the Debtors were deprived of the FollowMyHealth Agreement's benefits.

[*Remainder of Page Intentionally Left Blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 11, 2026

*/s/ Karen Enfiajian Padilla*
Karen Enfiajian Padilla
Vice President, IT and Deputy Chief Information Officer
NOR Healthcare Systems Corp.