The Law Office of Vincent P. Slusher
Vincent P. Slusher (00785480)
2121 N. Akard St., Suite 250
Dallas, Texas 75201
Telephone:     (214) 478-5926
Email:     vince.slusher@proton.me

*Conflicts Counsel for the HCo and PCo Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br><br>(Jointly Administered)<br><br>Rel. to Dkt. No. 4488 |

**DEBTORS' OBJECTION TO SUPPLEMENT TO VERADIGM LLC AND ALTERA DIGITAL HEALTH INC.'S (1) MOTION TO COMPEL PAYMENT OF ADMINISTRATIVE CLAIM; AND (2) MOTION TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") submit this objection (this "Objection") to the *Supplement to Veradigm LLC and Altera Digital Health Inc.'s (1) Motion to Compel Payment of Administrative Claim; and (2) Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, Motion for Relief from the Automatic Stay* [Docket No. 4488] (the "Supplement").[2] In support of this Objection, the Debtors respectfully state as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Supplement, as applicable.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a), 503(b), and 1141(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure 9013 and 9014 (the "Bankruptcy Rules"), Local Bankruptcy Rule for the Northern District of Texas 9014-1 (the "Local Bankruptcy Rules"), and the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures").

3. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Supplement in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. Beginning on January 11, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

5. Since prior to the Petition Date, Veradigm LLC ("Veradigm") and Altera Digital Health Inc. ("Altera" and together with Veradigm, the "Movants") provided certain services (the "Services") to certain Debtors as governed by the applicable agreements (collectively, the "Agreements").

2

6. On August 28, 2025, the Movants filed *Veradigm and Altera Digital Health Inc.'s (1) Motion to Compel Payment of Administrative Claim; and (2) Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, Motion for Relief from the Automatic Stay* [Docket No. 3006] (the "Admin Motion"). On October 6, 2025, the Debtors filed the *Debtors' Objection to Veradigm and Altera Digital Health Inc.'s (1) Motion to Compel Payment of Administrative Claim; and (2) Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, Motion for Relief from the Automatic Stay* [Docket No. 3337]. On October 20, 2025, the Movants filed *Veradigm and Altera Digital Health Inc.'s Reply to Debtors' Objection to (1) Motion to Compel Payment of Administrative Claim; and (2) Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, Motion for Relief from the Automatic Stay* [Docket No. 3554].

7. On October 24, 2025, November 18, 2025, and the Confirmation Hearing (as defined below), the Court held hearings on the Admin Motion, each of which were continued.

8. On December 12, 2025, the Court held the hearing on confirmation of the Debtors' chapter 11 plan (the "Confirmation Hearing"). On December 15, 2025, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and its Debtor Affiliates* [Docket No. 4230] (the "Confirmation Order"). The Confirmation Order established the administrative claims bar date as January 14, 2026 (the "Administrative Claims Bar Date").

9. On January 14, 2026 (the Administrative Claims Bar Date), the deadline to file any administrative claims expired.

10. On January 16, 2026, the Movants filed the Supplement. The Supplement purports to seek new relief as it relates to unauthorized third-party use in connection with the Agreements

3

(the "New Claims") "in accordance with the Plan's administrative claim process". *See* Supplement.

11. As indicated by various pleadings filed with the Court by the Debtors and the Movants, the parties disagree as to what the allowed amount of the Movants' administrative claim that was filed prior to the Administrative Claims Bar Date (the "Disputed Administrative Claim") should be. Accordingly, the value of the Disputed Administrative Claim is the main issue pending with respect to the Admin Motion before the Court.

12. On January 21, 2026, the Admin Motion was set for hearing with the Court on February 19, 2026.

**OBJECTION**

**I.    The New Claims Were Not Properly Pleaded.**

13. The Movants' attempt to add the New Claims via a supplemental pleading was improper. The Supplement fails to satisfy rule 9007-1(d) of the Local Bankruptcy Rules and Federal Rule of Bankruptcy Procedure 9013 as it relates to the New Claims, as the Movants did not sufficiently describe the New Claims with particularity; instead, the Movants simply added references to the New Claims at the end of the Supplement without setting forth the required particularized grounds or relief or otherwise complying with applicable bankruptcy law. Specifically, Federal Rule of Bankruptcy Procedure 9013 requires that a motion "state with particularity the grounds therefor" and "set forth the relief or order sought." The Movants' passing reference to purported new claims does not identify the legal basis, amount, factual predicate, or specific relief sought. Such vague and undeveloped assertions do not constitute a properly pleaded motion for relief.

14. Accordingly, the Court should disallow the New Claims in their entirety and determine that they may not be asserted in connection with the Admin Motion.

4

**II.     The New Claims Are Time-Barred.**

15.     Not only were the New Claims improperly introduced, but the New Claims were introduced after the Administrative Claims Bar Date of January 14, 2026, as set by the Confirmation Order.

16.     Administrative claims bar dates are strictly enforced to ensure finality and permit reliance by debtors' estates and creditors. A party seeking to assert a new administrative claim after the expiration of an administrative claims bar date must demonstrate ground sufficient to permit the late filing under applicable bankruptcy law. *See, e.g., In re Taco Bueno Rests., Inc.*, 606 B.R. 289, 303 (Bankr. N.D. Tex. 2019) (noting that the debtors were entitled to look at the court's docket to understand the universe of administrative-expense claims were timely filed and denying administrative priority).

17.     The Movants, through the Supplement or otherwise, have neither sought nor established satisfaction of any standard applied under applicable bankruptcy law to justify an untimely filing or request of an administrative claim. Therefore, the Supplement does not comply with the administrative claims procedures established pursuant to the Confirmation Order and cannot serve as a substitute for a properly and timely filed administrative claim. Accordingly, the New Claims are barred from receiving administrative priority absent further relief from the Court.[3]

18.     Permitting the Movants to inject new theories of administrative liability at the end of a supplemental filing—without proper notice, without a motion satisfying Federal Rule of Bankruptcy Procedure 9013, and after the Administrative Claims Bar Date—would undermine the

---

[3] To the extent the Movants contend the Supplemental Pleading merely "supplements" the Admin Motion, the Debtors disagree; it is in substance an attempted amendment that seeks to introduce an entirely new claim. An amendment that introduces a new and independent theory of recovery (with administrative priority) after the Administrative Claims Bar Date cannot be asserted without separate Court approval, which the Movants have not attempted to do. To the extent the Movants subsequently seek such approval or to the extent the Court permits the New Claims to proceed, the Debtors reserve all rights related to the New Claims.

5

finality of the Confirmation Order and prejudice other creditors who relied upon the claims process established under the Plan.

19.    Accordingly, because the New Claims were not timely asserted, they should be disallowed by the Court in their entirety and the Court should determine that they may not be asserted in connection with the Admin Motion.

[*Remainder of the page intentionally left blank*]

**CONCLUSION**

For all of the reasons set forth herein, the Debtors respectfully request that the Court disallow the New Claims in their entirety, determine that they may not be asserted in connection with the Admin Motion, and order any further relief as is just and proper.

Dated: February 17, 2026
Dallas, Texas

        /s/ *Vincent P. Slusher*
The Law Office of Vincent P. Slusher
Vincent P. Slusher (00785480)
2121 N. Akard St., Suite 250
Dallas, Texas 75201
Telephone:    (214) 478-5926
Email:    Vincent.slusher@proton.me

*Conflicts Counsel for the HCo and PCo
Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on February 17, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Vincent P. Slusher*
Vincent P. Slusher