David L. Curry, Jr.
Texas Bar No. 24065107
Kelley K. Edwards
Texas Bar No. 24129017
**OKIN ADAMS BARTLETT CURRY LLP**
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: (713) 228-4100
Fax: (346) 247-7158

**Counsel to Movant**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | § | Case No. 25-80002 (SGJ) |
|  | § |  |
| Debtors. | § | (Jointly Administered) |
|  | § |  |

**MOTION OF LISA BROWN TO ALLOW AMENDMENT OF INFORMAL PROOF
OF CLAIM FOR PUTATIVE CLASS OF CLAIMANTS, OR, IN THE
ALTERNATIVE, TO ALLOW LATE FILING OF CLASS PROOF OF CLAIM**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no more than 24 days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than 24 days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Lisa Brown, in her capacity as lead plaintiff for the putative class of claimants identified

below, ("Brown" or "Claimant"), creditors and parties in interest in the above referenced cases,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

file this *Motion of Lisa Brown to Allow Amendment of Informal Proof of Claim for Putative Class of Claimants, or, In the Alternative, to Allow Late Filing of Class Proof of Claim* (the "Motion") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") filed by Prospect Medical Holdings, Inc. ("PMHI"), and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession (collectively, the "Debtors"). In support of the Motion, Movants respectfully state as follows:

## RELIEF REQUESTED

1. As set forth herein, Claimant requests that the Court enter an order recognizing Claimant as having timely filed an informal proof of claim in the Chapter 11 Cases. Claimant asserts that the Debtors had actual knowledge of Claimant's claims as indicated by the Debtors in pleadings filed with this Court. Alternatively, Claimant requests leave to file a Proof of Claim, on behalf of the Putative Class (defined herein), notwithstanding the passage of the Bar Date established by this Court.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are §§ 105(a) and 362(d)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure Rules 4001(a) and 9014 (the "Bankruptcy Rules"), Rule 4001-1(a) of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules"), and Section J.33 of the *Procedures for Complex Cases in the Northern District of Texas*, effective February 6, 2023 (the "Complex Case Procedures").

4905-0654-4273, v. 3

## BACKGROUND

### A.    Claimants Pre-Petition Litigation

5.      On or about November 16, 2019, plaintiff, Lisa Brown ("Brown" or "Claimant"), filed suit (the "Class Action Litigation") against debtor, Prospect Crozer, LLC d/b/a Crozer Health ("Prospect Crozer") asserting claims for herself and on behalf of all others similarly situated (with Brown, the "Putative Class") in The Court of Common Pleas of Delaware County, Pennsylvania.[2] Claimant alleged through the Class Action Litigation that Prospect Crozer had wrongfully disclosed confidential Personally Identifying Information and/or Protected Health Information of the Putative Class and sought damages.

6.      Prospect Crozer was properly served in the Class Action Litigation on December 14, 2023, and, on February 15, 2024, made a formal appearance through counsel, Luke McLoughlin of Duane Morris, LLP ("Duane Morris").

7.      Litigation continued in the Class Action Litigation until January 15, 2025, when Prospect Crozer filed its "Notice" indicating the commencement of these Chapter 11 Cases.

### B.    The Bankruptcy Cases

8.      The Debtors' Chapter 11 Cases commenced on a rolling basis beginning on January 11, 2025, with Prospect Crozer filing its chapter 11 petition on January 12, 2025. (collectively, the "Petition Dates").

9.      On January 29, 2025, the Debtors filed their *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Duane Morris LLP as Special Counsel for the Debtors, Effective as of the Petition Date* [ECF # 311] (the "Special Counsel Application"). In support of the Special Counsel Application, the Debtors alleged that Duane Morris had served

---

[2] The Class Action Litigation is styled as *Brown v. Prospect Crozer, LLC d/b/a Crozer Health*, CV-2023-009917.

4905-0654-4273, v. 3

as primary corporate and litigation counsel to Prospect Crozer on a number of matters pre-petition (as defined in the Special Counsel Application, the "DM Representative Matters"). *Special Counsel Application*, p. 6. The Debtors further noted that, while certain of the DM Representative Matters would be stayed pursuant to the automatic stay under section 362 of the Bankruptcy Code, many of the matters "may and will proceed such that the services of [Duane Morris] will be needed." *Id*. at p. 8. The Class Action Litigation was specifically identified in the Special Counsel Application as a DM Representative Matter requiring Duane Morris's services. *Id*. at p. 7.

10.     The Debtors, individually, filed the Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("SOFA") on March 13, 2025. In response to SOFA Question 7, requiring the identification of "legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits," debtor Prospect Crozer listed the Class Action Litigation as "Pending." Nevertheless, it does not appear that Prospect Crozer scheduled any claim related to the Class Action Litigation.[3]

11.     On February 21, 2025, the Debtors filed a motion (the "Bar Date Motion") seeking entry of an order establishing deadlines for the filing of Proofs of Claims in these Chapter 11 Cases. An Affidavit of Service [ECF # 832] relating to the Bar Date Motion was filed by the Debtors' noticing agent on February 8, 2025. Neither the Claimant nor proposed class counsel is noted as having been served with a copy or other notice of the Bar Date Motion.

12.     On March 19, 2025, the Court entered its order (the "Bar Date Order") approving the Debtors' revised, proposed form of notice (the "Bar Date Notice") and setting deadlines for filing Proofs of Claim. Per the Bar Date Order, Proofs of Claim for non-governmental entities

---

[3] Significant portions of the Debtors' Schedules are redacted, however, while the Debtors identified a number of claims as relating to "litigation," "threatened litigation," or "tax litigation," none of the accompanying descriptions appear to describe the Class Action Litigation. Similarly, it does not appear that the Claimant was identified as a creditor in Prospect Crozer's Schedules.

4905-0654-4273, v. 3

were due on or before 4:00 p.m. (prevailing Central Time) on April 18, 2025.

13.      Relating to the Bar Date Order and Bar Date Notice, the Debtors' noticing agent filed the following proofs of service:  Affidavit of Service [ECF # 1369] on March 26, 2025; Affidavit of Service [ECF # 1567] on April 18, 2025; Affidavit of Supplemental Service [ECF # 1568] on April 18, 2025; Affidavit of Supplemental Service [ECF # 1608] on April 23, 2025; and an Affidavit of Service [ECF # 3589] on October 23, 2025.  Neither the Claimant nor proposed class counsel is noted as having been served with a copy of the Bar Date Order or the Bar Date Notice.

**C.      Settlement Discussions relating to the Class Action Litigation Continue**

14.      As a result of an apparent miscommunication, the Claimant and proposed class counsel understood that the claims asserted in the Class Action Litigation were being addressed outside of these Chapter 11 Cases.  Indeed, as indicated above, other than a single Notice filed in the Class Action Litigation, neither Claimant nor proposed class counsel were served with pleadings, hearing dates, or other notices in these Chapter 11 Cases.

15.      Unaware of the applicable bar dates, having not received notices related thereto, proposed class counsel, Gerard Stranch, initiated settlement discussions relating to the Class Action Litigation during the spring of 2025, with negotiations fruitfully continuing through the end of the year.  On December 1, 2025, and again on December 8, 2025, Mr. Stranch followed-up on settlement discussions by email to special counsel to the estate, McLoughlin.[4]

16.      On December 10, 2025, McLoughlin replied by email with a settlement counter-offer noting that "[w]ith plan confirmation approaching, we have been authorized increase [*sic*]

---

[4] Attached hereto as **Exhibit A** is a true and correct copy of the email chain between Stranch and McLoughlin beginning December 1, 2025, and continuing through December 17, 2025.

our proposal with the aim of resolving this in a final, accelerated resolution." Exhibit A[5], p.2.

Negotiations continued by email with Stranch providing a revised settlement offer by email on

December 11, 2025, which McLoughlin acknowledged by email dated December 14, 2025. Upon

information and belief, this settlement offer made on behalf of the putative class was for an amount

that is within applicable insurance limits.

17.     On January 9, 2026, McLoughlin contacted Stranch and for the first time indicated

the Bar Date Order and applicable deadlines.  Noting that Claimant had not filed a Proof of Claim,

either individually or on behalf of the proposed class, the Debtors took the position that the claim

was time barred.

**BASIS FOR RELIEF REQUESTED**

**A.     Amendment of Informal Claim**

18.     Courts have held that pre-bar date filings by a creditor can be treated as an "informal

proof of claim that can be amended after the bar date to conform with, *inter alia*, the requirements

of Rule 3001(a) of the Federal Rules of Bankruptcy Procedure." *In re Garza*, 222 F. App'x 350,

351-352 (5th Cir. 2007).  The Fifth Circuit has adopted a five-part test to determine when a creditor

has filed an informal proof of claim: "(1) the claim must be in writing; (2) the writing must contain

a demand by the creditor on the debtor's estate; (3) the writing must evidence an intent to hold the

debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based

upon the facts of the case, allowance of the claim must be equitable under the circumstances." *In

re Nikoloutsos*, 199 F.3d 233, 236 (5th Cir. 2000).

19.     In determining whether a writing satisfies these standards, the Fifth Circuit "has

---

[5] On March 11, 2026, Claimant filed her *Emergency Motion of Lisa Brown to File Exhibit Under Seal*
(the "Motion to File Under Seal")(ECF # 4811), requesting to file Exhibit A to this Motion under seal.
Once the Motion to File Under Seal is granted, Claimant will supplement Exhibit A to this Motion.

6

taken a liberal posture" and has "held that knowledge of the creditor's claim within the period for filing Proofs of Claim as set by the Court was sufficient basis for later amendment." *Hous. Bluebonnet, L.L.C. v. JPMorgan Chase Bank (In re Hous. Bluebonnet, L.L.C.)*, 586 B.R. 837, 850 (S.D. Tex. 2018).

20.     Here, as noted above, Claimant commenced the Class Action Litigation – filing a complaint for damages against Prospect Crozer -- prior to the Petition Dates.  Thus, the asserted claim is: (i) in writing; (ii) the writing contains a demand by the creditor upon Prospect Crozer; and (iii) the writing evidences an intent to hold Prospect Crozer liable for the claim.

21.     Further, while the Claimant's complaint in the Class Action Litigation has not been filed in these Chapter 11 Cases, both the Special Counsel Application and Prospect Crozer's SOFA specifically identify the claim and the pending Class Action Litigation.  These filings are sufficient to establish knowledge of the creditor's claim within the period for filing Proofs of Claims.  *See id*. ("Although Appellees did not comply with every aspect of bankruptcy law procedure, 'that is true every time a creditor relies on an informal proof of claim as opposed to a formal one.'")

22.     Lastly, allowance of the putative class claim in this instance is equitable under the facts of these Chapter 11 Cases. First, as noted herein, Claimant lacked notice of the applicable bar dates or the proceedings related thereto.  Further, there will be no prejudice to the Debtors' estates or their creditors, as, upon information and belief, the claims asserted in the Class Action Litigation are covered and payable under an insurance policy of the Debtors that is not available to satisfy other creditors' claims.  Upon information and belief, settlement within the range set forth in prior negotiations will be within applicable policy limits of this policy.

23.     Claimant therefore respectfully requests that this Court treat Claimant as having filed an informal proof of claim and allow amendment of the same.

7

**B.      Alternative, Claimants Request Leave to File a Claim on Behalf of the Putative Class After the Bar Date.**

24.      Alternatively, and for much the same reason, Claimant requests leave to file a proof of claim on behalf of the putative class after the applicable Bar Date.  Again, while the Debtors filed a Notice in the Class Action Litigation noting the commencement of these Chapter 11 Cases, neither the Claimant nor proposed class counsel, each of whom were known to the Debtors, were provided notices regarding the Bar Date Motion, the Bar Date Order, or the applicable bar dates established therein.  While counsel could have obtained such notices by entering an appearance in these Chapter 11 Cases on behalf of Claimant or the putative class, such failure may be excused under the circumstances.  Again, proposed class counsel mistakenly understood that the claims asserted in the Class Action Litigation were being excluded from the Chapter 11 Cases and such misunderstanding was seemingly confirmed given the lack of notices relating to proceedings in these cases.  As also noted above, the balance of equities under these circumstances support allowing Claimant to late file a claim on behalf of the putative class.

25.      For these reasons, to the extent that the Court declines to treat Claimant as having filed an informal proof of claim, Claimant respectively requests leave to file such claim notwithstanding the passage of the applicable bar date.

### CONCLUSION

26.      For all the foregoing reasons, Claimant respectfully request that this Court grant the relief requested in the Motion, enter an order, substantially in the form attached hereto, authorizing the amendment of Claimant's informal proof of claim or, alternatively, allowing Claimant's Proof of Claim to be filed after the passage of the Bar Date,  and grant Claimant such relief as this Court deems just and proper.

4905-0654-4273, v. 3

Respectfully submitted this 11th day of March, 2026.

**OKIN ADAMS BARTLETT CURRY LLP**

By: */s/ Kelley K. Edwards*
David L. Curry, Jr.
Texas Bar No. 24065107
Email: dcurry@okinadams.com
Kelley K. Edwards
Texas Bar No. 24129017
Email: kedwards@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: (713) 228-4100
Fax: (346) 247-7158

4905-0654-4273, v. 3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2026, a true and correct copy of the foregoing document was electronically filed in the above captioned case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and a copy was served on the parties who receive notice via the Court's ECF notification system.

4905-0654-4273, v. 3