The Law Office of Vincent P. Slusher
Vincent P. Slusher (00785480)
2121 N. Akard St., Suite 250
Dallas, Texas 75201
Telephone: (214) 478-5926
Email: vince.slusher@proton.me

*Counsel to the Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Wind-Down Debtors. | (Jointly Administered) |

## PLAN ADMINISTRATOR'S OBJECTION TO MOTION OF LISA BROWN TO ALLOW AMENDMENT OF INFORMAL PROOF OF CLAIM FOR PUTATIVE CLASS OF CLAIMANTS, OR, IN THE ALTERNATIVE, TO ALLOW LATE FILING OF CLASS PROOF OF CLAIM

The Plan Administrator for the wind-down estates of Prospect Medical Holdings, Inc. and certain of its affiliates (collectively, prior to the effective date of their chapter 11 plan, the "Debtors" and currently, the "Wind-Down Debtors") submit this objection (this "Objection") to the *Motion of Lisa Brown to Allow Amendment of Informal Proof of Claim for Putative Class of Claimants, or, in the Alternative, to Allow Late Filing of Class Proof of Claim* [Docket No. 4812] (the "Motion" and the claims referenced in the Motion, the "New Claims").[2] In support of this Objection, the Plan Administrator respectfully states as follows:

---

[1] A complete list of each of the Wind-Down Debtors in these chapter 11 cases may be obtained on the website of the Wind-Down Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Wind-Down Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

[2] Capitalized terms used but not defined herein shall have the meaning given them in the Motion.

**JURISIDICTION AND VENUE**

1.      The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a), 502(b), and 1141(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b) (the "Bankruptcy Rules"), Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules"), and the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures").

3.      The Plan Administrator confirms its consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

4.      Beginning on January 11, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court (such cases, these "Chapter 11 Cases").

5.      On February 21, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Filing Proof of Claim; (II) Approving Form and Manner for Filing Proofs of Claim; (III) Approving the Notice of Bar Dates; and (IV) Granting Related Relief* [Docket No. 763] (the "Bar Date Motion").  On March 19, 2025, the Court entered the *Order (I) Setting Bar*

*Dates for Filing Proofs of Claim; (II) Approving Form and Manner for Filing Proof of Claim; (III) Approving the Notice of Bar Dates; and (IV) Granting Related Relief* [Docket No. 1262] (the "Bar Date Order").

6. The Bar Date Order set a General Bar Date as April 18, 2025 (the "General Bar Date").

7. On December 12, 2025, the Court held the hearing on confirmation of the Debtors' chapter 11 plan (the "Confirmation Hearing"). On December 15, 2025, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and its Debtor Affiliates* [Docket No. 4230] (the "Confirmation Order").

8. On March 6, 2026, the Debtors filed the *Notice of Occurrence of Effective Date of Second Amended Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4791]. Accordingly, on March 6, 2026 (the "Effective Date"), the Effective Date of these Chapter 11 Cases occurred.

9. On March 11, 2026, the Claimant filed the Motion.

## **OBJECTION**

**I.     The New Claims Are Time-Barred.**[3]

10. The New Claims were introduced approximately one year after the General Bar Date and are therefore time-barred and should be disallowed in their entirety.

11. Bar dates are strictly enforced to ensure finality and permit reliance by debtors' estates and creditors. As indicated by the Motion, the Claimant was aware of these Chapter 11 Cases—notwithstanding that fact, as further evidenced by the fact that a notice of these Chapter 11 Cases was filed with the court of the underlying Class Action Litigation, the Claimants failed

---

[3]     To the extent applicable, the Plan Administrator restates any arguments made in other sections of this Objection, which are incorporated by reference in Section I of this Objection.

to timely filed a proof of claim by the General Bar Date in accordance with the Bar Date Order. Since the Claimant had notice of these Chapter 11 Cases, it was the Claimant's obligation to comply with the relevant deadlines, which it failed to do.  Fifth Circuit courts have held that upon mere *constructive* notice of a bankruptcy filing, creditors are on notice as to all matters in the bankruptcy and have a duty to monitor the docket.  *See In re Profco, Inc.*, 339 B.R. 614, 618 (Bankr. S.D. Tex. 2005) (internal citations omitted) (a creditor with constructive or inquiry notice "ignores the proceedings to which the notice refers at its own peril").  The Claimant failed to provide any proper justification of the delayed filing of the Motion, especially in light of the fact that, as noted in the Motion, the Claimants were explicitly told about the Bar Date Order on January 9, 2026 but waited over two months from that point to file the Motion.

12.     Accordingly, because the New Claims were not timely asserted, they should be disallowed by the Court in their entirety.

**II.     The Claimant Does Not Satisfy the Requirements of an Informal Proof of Claim.**[4]

13.     The Claimant attempts to assert the New Claims well after the General Claims Bar Date by arguing that the New Claims were filed as an informal proof of claim.  However, as noted by the Claimant, a finding of an informal proof of claim requires the satisfaction of a five-part test as adopted by the Fifth Circuit:  "(1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances." *In re Nikoloutsos*, 199 F.3d 233, 236 (5th Cir. 2000).

---

[4]   To the extent applicable, the Plan Administrator restates any arguments made in other sections of this Objection, which are incorporated by reference in Section II of this Objection.

14.     The New Claims clearly fail the test.  For example, as admitted by the Claimant in the Motion, the Claimant did not file the New Claims with the Court in these Chapter 11 Cases. Additionally, allowing the New Claims to proceed approximately one year after the General Bar Date (notwithstanding the fact that the Claimant had notice of these Chapter 11 Cases), via the Motion that was filed over two months after being explicitly told about the Bar Date Order, would not be equitable under the circumstances and would render the Bar Date Order meaningless. Accordingly, the New Claims do not satisfy the requirements of an informal proof of claim.

**III.     The Claimant Should Not Be Granted Leave to File the New Claims After the General Bar Date.** [5]

15.     The Claimant's request for leave to file the New Claims after the General Bar Date should be denied.   The General Bar Date deadline expired approximately one year ago. The Claimant had notice of these Chapter 11 Cases and had a duty to monitor the docket in these Chapter 11 Cases.  The Claimant's failed to satisfy its obligations and duties as it relates to these Chapter 11 Cases, including complying with the General Bar Date in a timely manner. Additionally, the Claimant admitted that it was explicitly told about the Bar Date Order and the applicable deadlines on January 9, 2026.  However, the Claimant did not file the Motion for over two months after that point in time.

16.     Given when the New Claims actually arose, coupled with the fact that the Claimant had notice of these Chapter 11 Cases, and therefore of the General Bar Date, the Claimant cannot credibly argue that it did not believe that it needed to file the necessary documents with respect to the New Claims.  This type of argument—whether attributable to ignorance or misunderstanding of law or fact—has long been rejected by courts. *See In re Lehman Bros.*, 433 B.R. at 127 ("Parties

---

[5]     To the extent applicable, the Plan Administrator restates any arguments made in other sections of this Objection, which are incorporated by reference in Section III of this Objection.

are held to a high standard of care and only the slightest flexibility is available for 'rights lost because they have been slept on.'") (citation omitted); *In re Best Prods. Co.,* 140 B.R. 353, 359 (Bankr. S.D.N.Y. 1992) ("Even ignorance of one's own claim does not constitute excusable neglect."); *In re Investors & Lenders, Ltd.*, 169 B.R. 546, 551 (Bankr. D. N.J. 1994) ("Generally, courts have not found excusable neglect when the reason for the delay was merely ignorance or misconstruction of the rules of procedure."); *In re Hopkins*, 326 B.R. 42, 46 (Bankr. W.D.N.Y. 2005) ("Ignorance of the law does not constitute excusable neglect"). Courts have rejected these types of arguments because they fundamentally disregard the critical function served by claims bar dates in the context of chapter 11 case administration. *See In re New Century TRS Holdings, Inc.*, 465 B.R. 38 (Bankr. D. Del. 2012) ("The establishment and enforcement of a bar date for filing claims furthers the policy of finality designed to protect the interests of a debtor and his diligent creditors and the expeditious administration of the bankruptcy case. Furthermore, to allow the debtor to be continually pursued by his creditors ad infinitum . . . would be to sanction a form of slow torture contrary to the spirit and purposes of the bankruptcy laws.") (citations and quotations omitted). The understanding that a timely proof of claim filing was necessary was well within the Claimant's reasonable control.

17. The balance of equities weighs in favor of denying the Claimant's request for leave to file a tardy proof of claim. Permitting the Claimant to assert the New Claims via a proof of claim at this stage in these Chapter 11 Cases (*i.e.*, after the Effective Date) would undermine the finality of the Bar Date Order and these Chapter 11 Cases more generally and prejudice other creditors who relied upon the claims process established by the Court.

18. The Claimant has neither sought nor established satisfaction of any standard applied under applicable bankruptcy law to justify an untimely filing of a proof of claim.

6

The Claimant's inexcusable delay should not be rewarded; accordingly, the Claimant should not be permitted assert the New Claims, which arose prior to the Petition Date, to be asserted after the Effective Date. The Claimant's request for leave to file the New Claims should be denied.

[*Remainder of the page intentionally left blank*]

## **CONCLUSION**

For all of the reasons set forth herein, the Plan Administrator respectfully requests that the Court disallow the New Claims in their entirety, determine that they may not be asserted in connection with the Motion, and order any further relief as is just and proper.

Dated:  April 6, 2026
Dallas, Texas

/s/ Vincent P. Slusher

The Law Office of Vincent P. Slusher
Vincent P. Slusher (00785480)
2121 N. Akard St., Suite 250
Dallas, Texas 75201
Telephone:    (214) 478-5926
Email:          Vincent.slusher@proton.me

*Counsel to the Plan Administrator*

**<u>Certificate of Service</u>**

I certify that on April 6, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Vincent P. Slusher*
Vincent P. Slusher